UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:                                                                       Case No.: 25-11009-dsj

Manhattan Country School,                                      Chapter 11
a/k/a Manhattan Country School, Inc.,

                   Debtor.
-----------------------------------------------------X

**EMERGENCY MOTION FOR THE ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO SECTION 364(d) OF THE BANKRUPTCY CODE (A) AUTHORIZING THE DEBTOR TO OBTAIN DEBTOR-IN-POSSESSION FINANCING (B) GRANTING SECURITY INTERESTS AND PRIORITY CLAIMS, (C) APPROVING AGREEMENT RELATING TO THE FOREGOING (D) GRANTING RELATED RELIEF, AND (E) SCHEDULING A FINAL HEARING ON THE MOTION PURSUANT TO BANKRUPTCY RULE 4001(C)**

TO:    THE HONORABLE DAVID S. JONES,
         UNITED STATES BANKRUPTCY JUDGE

MANHATTAN COUNTRY SCHOOL a/k/a MANHATTAN COUNTRY SCHOOL, INC. (the "**Debtor**") a not for profit education corporation duly organized and existing under the laws of the State of New York, debtor and debtor-in-possession in the above-captioned Chapter 11 case, files this emergency motion (the "**Motion**") seeking the entry of an Order pursuant to section 105 and section 364(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "**Bankruptcy Code**") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (a) authorizing the Debtor to obtain debtor-in-possession financing, (b) granting a superpriority security interest, (c) approving the agreements related to the foregoing, and (d) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

**PRELIMINARY STATEMENT**

1. In order to provide the Debtor with the necessary funding to prevent the school operated by the Debtor from having to <u>immediately close its doors</u> prior to the end of the school year and give the Debtor the ability to attempt to reorganize its debts through Chapter 11, Casa Laxmi Foundation (the "**DIP Lender**") has agreed to provide the Debtor with debtor-in-possession financing pursuant to Post-Petition Loan and Security Agreements (this "**Post-Petition Loan and Security Agreements**"), copies of which are attached hereto as <u>Exhibit "A"</u>. Therefore, the Debtor requests that the Court authorize it to obtain post-petition financing on a superpriority basis from the DIP Lender pursuant to the Post-Petition Loan & Security Agreements.

**JURISDICTION & VENUE**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On May 16, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor is a not-for-profit corporation with its principal place of business at 150 West 85th Street, New York, New York (the "**Property**")[1]. Since 1966 the Debtor has operated a K-8 school reflecting the vision of the Civil Rights Movement where students are

---

[1] The Debtor acquired the Property from West 85th Street Owner LLC, an entity wholly owned and controlled by the Debtor, just prior to commencing this Bankruptcy Case.

2

taught in a community with no racial majority and broad economic diversity. The Debtor has 79 employees and has 250 students enrolled in its program and if the relief sought herein is not granted the Debtor would almost assuredly have to immediately lay off all of its employees and close the doors of the school, since at this time the Debtor has insufficient funds to meet its payroll obligations.

## RELIEF REQUESTED

5. By this Motion, the Debtor respectfully requests the entry of interim and final orders pursuant to sections 105 and 364(d) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014 (a) granting authority for the Debtor to obtain secured debtor-in-possession financing, (b) granting a superpriority security interest, (c) approving the Post-Petition Loan and Security Agreements, and (d) granting related relief.

## THE NEED FOR FINANCING

6. At this point, the Debtor has insufficient funds to meet its present payroll obligations and to meet its operational needs on a going forward basis.

7. The Debtor believes, in its business judgment, that continuing operating and successfully confirming a Chapter 11 plan will provide the greatest return to creditors, its employees, and the children that benefit from its educational services.

8. Accordingly, the Debtor seeks authority to enter into the Post-Petition Loan and Security Agreements with the DIP Lender to ensure that sufficient financing will be available to fund the Debtor's payroll and operational obligations and needs while it proceeds to reorganize through this Chapter 11 case.

## SUMMARY OF THE DIP FACILITY

9. As set forth in more detail in the Post-Petition Loan and Security Agreements, the loan from the DIP Lender contains the following pertinent terms:

BORROWER: MANHATTAN COUNTRY SCHOOL a/k/a MANHATTAN COUNTRY SCHOOL INC.

LOAN COMMITMENT: $8,000,000.00 in the aggregate.

USE OF PROCEEDS: The proceeds of the Loan shall be used to finance the Borrower's continued operations during the Chapter 11 Case.

INTEREST: 12.00% per annum on principal.

MATURITY: $2 million DIP Facility: the earlier of (i) 6 months from the date hereof, or (ii) confirmation of the Debtor's plan of reorganization.

$6 million DIP Facility: The date set forth in the Debtor's confirmed plan of reorganization.

If this case is converted to a case under Chapter 7 both agreements provide that the total unpaid balance will become immediately due and payable.

LIENS AND PRIORITY CLAIMS: Priority lien on the Collateral.

COLLATERAL: All of the Debtor's present and after-acquired real and personal, tangible and intangible, property, assets and undertakings, including, but not limited to, the real property commonly known as 150 West 85th Street, New York, New York; New York County, Block 1215, Lot 53.

REPRESENTATIONS AND WARRANTIES: Limited customary representations and warranties for a transaction of this nature.

COVENANTS: Limited customary covenants for a transaction of this nature.

EVENTS OF DEFAULT: Customary events of default for a transaction of this nature.

Parties in interest are encouraged to review the Post-Petition Loan and Security Agreements in detail. To the extent of any differences between this summary and the Post-

Petition Loan and Security Agreements, the Post-Petition Loan and Security Agreements control.

## BASIS FOR RELIEF

10. Section 364(d) of the Bankruptcy Code provides as follows:

> (d)(1) The court, after notice and a hearing, may authorize the obtaining of creditor the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if –
>
> (A) the trustee is unable to obtain such credit otherwise; and
> (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

11 U.S.C. § 364(a) through (d)(1).

11. Here, as is set forth in the declaration of Kiran Kulkarni submitted herewith (the "Kulkarni Dec."), the Debtor, on numerous occasions, has unsuccessfully sought financing in order to continue its operations. The DIP Lender was the only entity willing to step in and provide the required financing, but as a condition to provide this financing the DIP Lender requires that this financing be secured on a superpriority basis.

12. In this situation satisfying the standards of section 364 of the Bankruptcy Code, a debtor does not need to seek credit from every possible source. Rather, it should make a reasonable effort to seek other sources of credit of the type set forth in sections 364. See *In re Snowshoe Co.*, 789 F. 2d 1085, 1088 (4th Cir. 1986) (finding that trustee had demonstrated good faith effort that credit was not available without granting of senior liens: "the statute imposes no duty to seek credit from every possible lender before concluding that such credit is unavailable").

13. Here, the Debtor respectfully submits that the efforts undertaken by the Debtor to obtain unsecured financing and/or financing secured by a junior lien satisfy the requirements of Section 364(d)(1)(A).

14. Furthermore, with respect to Section 364(d)(1)(B)'s requirement that the Debtor provide adequate protection to any secured creditor, the Debtor submits that the large equity cushion provides such protections for the Debtor's secured creditors.

15. "Equity cushion has been defined as the value of the property above the amount owed to the creditor with a secured claim, that will shield the interest from loss due to any decrease in the value of the property during the time the automatic stay remains in effect." *In re Dunes Casino Hotel*, 69 B.R. 784, 794 (Bankr. D.N.J. 1986) (internal citations omitted).

16. Here, the Debtor's Property has a fair market value of $38 million, whereas the secured liens encumbering the Property total $27.5 million at most (approximately $24 million owed on the senior secured lien, and approximately $3,500,000.00 owed to the junior secured lien, both of which are held by Flushing Bank, leaving an equity cushion of approximately $10.5 million. Kulkarni Dec. at ¶7-8 and Exhibit "1".

17. Finally, the Debtor believes that the terms and conditions of the Post-Petition Loan and Security Agreements are fair and reasonable and the proposed financing is necessary to support the ongoing operations of the Debtor. The Debtor believes that the proposed Post-Petition Loan and Security Agreements are the best (and only) financing available under the circumstances, are on better terms than other lenders were willing to offer, and is well within the exercise of sound business judgment. Based on the foregoing, the Debtor requests that the Court authorize it to enter into the Post-Petition Loan and Security

Agreements and to obtain superpriority postpetition financing from the DIP lender pursuant to the terms contained therein.

### Interim Approval of the DIP Facility Should be Granted

18. Bankruptcy Rule 4001(c) provides that a final hearing on a motion to obtain postpetition credit pursuant to section 364 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after the service of such motion. Fed. R. Bankr. P. 4001(c)(2). Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to a debtor's estate. Id.

19. Here, The Debtor believes, in its business judgment, that continuing operating and successfully confirming a Chapter 11 plan will provide the greatest return to creditors, its employees, and the children that benefit from its educational services.

20. However, the Debtor has an urgent and immediate need for cash to continue to operate its school. Without sufficient cash to meet its payroll and operational needs, the Debtor will be forced to immediately layoff its employees, close its doors, and cease operations.

21. Accordingly, pursuant to Bankruptcy Rule 4001(c), the Debtor requests that the Court conduct a preliminary expedited hearing as soon as the Court's schedule permits (the "**Interim Hearing**") for the entry of an interim order (the "**Interim Order**") authorizing the Debtor to obtain advances for payroll and operational needs for the next four months under the Post-Petition Credit Loan and Security Agreements in an amount or amounts not to exceed $2,000,000.00 pending a final hearing on the Motion (the "**Final Hearing**").

22.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully request the entry of interim and final orders pursuant to Sections 105 and 364(d) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014 (a) granting authority for the Debtor to obtain secured debtor-in-possession financing, (b) granting a superpriority security interest, (c) approving the Post-Petition Loan and Security Agreements and all other documents related thereto and (d) granting related relief.

Dated: May 16, 2025
Garden City, New York

*(signature)*

Peter K. Kamran, Esq.
Lester Korinman Kamran & Masini, P.C.
*Counsel for the Debtor*
600 Old Country Road, Suite 330
Garden City, New York 11530
(516) 357-9191
pkamran@lesterfirm.com