UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:                                               Case No.: 25-

Manhattan Country School,                            Chapter 11
a/k/a Manhattan Country School, Inc.,

        Debtor.
-----------------------------------------------------X

## DECLARATION OF KIRAN KULKARNI

Kiran Kulkarni, pursuant to 28 U.S.C. § 1746, hereby deposes and says:

1. I am the Chairman of the Board of Trustees of Manhattan Country School a/k/a Manhattan Country School, Inc., (the "**Debtor**") a not for profit education corporation duly organized and existing under the laws of the State of New York, and as such I am familiar with the facts and circumstances herein. I am also the Chief Executive Officer of the Casa Laxmi Group, a not-for-profit organization which includes Casa Laxmi Foundation, Inc., a 501(c)(3) entity incorporated in Florida, USA.

2. I offer this Declaration in support of Debtor's motion (the "**Motion**") seeking the entry of an Order (a) authorizing the Debtor to obtain debtor-in-possession financing, (b) granting a superpriority security interest, (c) approving the agreements related to the foregoing, and (d) granting related relief.

3. The Debtor is a not-for-profit corporation with its principal place of business at 150 West 85th Street, New York, New York (the "**Property**"). Since 1966 the Debtor has operated a K-8 school reflecting the vision of the Civil Rights Movement where students are taught in a community with no racial majority and broad economic diversity. The Debtor has 79 employees and has 250 students currently enrolled in its program and if the relief sought herein is not granted the Debtor would almost assuredly have to immediately lay off all of its

employees and close the doors of the school, merely four weeks away from the end of current school year, since at this time the Debtor has insufficient funds to meet its payroll obligations.

4. As such it is critical that the Debtor obtain the financing necessary to meet its payroll needs and operational expenses for the next four months while the Debtor utilizes Chapter 11 to reorganize.

5. In working with the Debtor's prior board of directors over the past three months I was involved in the Debtor's numerous attempts to obtain financing, both unsecured and secured as well as donations. None of these attempts were successful and the reason for this was simple – it was clear to everyone that we approached that the Debtor was not only insolvent but about to close its doors. The only reason it hadn't ceased operations already was because the Debtor had used loan funds obtained from certain members of the prior board of directors which, combined with the use of student deposits for the upcoming school year, allowed Debtor to make its payroll obligation and operational needs. Using student deposits from the upcoming school year to pay for operating expenses is a standard practice in this industry. The deposit amounts for the upcoming school year used to keep the Debtor operational during the past three months is $912,337 which was clearly insufficient to sustain operations.

6. The **only** financing that was available is the financing offered by the DIP Lender[1] which requires superpriority status and given the Debtor's current situation, the Debtor believes the terms are reasonable and provide the Debtor the ability to reorganize through Chapter 11.

---

[1] All capitalized terms not specifically defined herein are to be given the meanings ascribed to them in the Debtor's Motion.

7. Currently, the Debtor's Property is encumbered by two secured mortgage liens, both of which are held by Flushing Bank and both of which would be primed by the financing sought herein – a first position mortgage with an approximate balance of $24 million, and a second position mortgage with an approximate balance of $3.5 million, for total balance of $27.5 million.

8. However, as is set forth in the appraisal attached hereto as Exhibit "1", the Property has a fair market value of $38 million leaving Flushing Bank an equity cushion of approximately $10.5 million to ensure that Flushing Bank's secured liens are adequately protected.

9. Based on the above the Debtor respectfully requests that this Court grant the Debtor's request for interim superpriority financing in the amount of $2,000,000.00 to fund the Debtor's payroll and operational needs for the next four months, and subsequently, on a final basis grant the Debtor's request for an additional $6,000,000.00.

10. The amount of $2,000,000 for the next four months is based on aggressive cost cutting during this period. For example, Debtors payroll and benefit expense during March 2025 was approximately $635,000 and in July 2025 the same is expected to go down to $493,000. Further, the Debtor owns and operates a farm in Roxbury, NY which costs about $1,000,000 per year to operate. I have been engaged in negotiating a lease arrangement for the farm with two reputable organizations in New York and expect to conclude the transaction with one of them which could eliminate this $1,000,000 expense to the Debtor while maintaining its partial use for Debtor's students. Had it not been for such bold initiatives, the Debtor would require as much as $3,700,000 to survive the next four months.

11. The above monetary requirement for the next four months assumes that no payments will be made to Flushing Bank during this period. Considering the significant equity cushion in the Property, Debtor believes that payments are unnecessary and would otherwise prevent the Debtor from obtaining necessary funds from the DIP Lender to remain operational.

12. The Debtor has not previously sought similar relief in this Court or any other court.

I declare under the penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.

WHEREFORE, it is respectfully requested that the Debtor's Motion be granted in all respects.

Dated: May 16, 2025
Brampton, Ontario, Canada

Kiran Kulkarni
Chairman, Board of Directors
Manhattan Country School a/k/a
Manhattan Country School, Inc.