UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
In re:                                              Case No.: 25-11009-dsj

Manhattan Country School,                           Chapter 11
a/k/a Manhattan Country School, Inc.,

                          Debtor.
---------------------------------------------------X


**INTERIM ORDER (1) AUTHORIZING DEBTOR-IN-POSSESSION TO OBTAIN FINANCING, GRANTING SUPERPRIORITY SECURITY INTERESTS PURSUANT TO 11 U.S.C. §§ 361 AND 364(d) and (2) GIVING NOTICE OF FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)(2) AND (c)(2)**

      This matter is before the Court on the Motion (the "**Motion**") of Manhattan Country School a/k/a Manhattan Country School, Inc. (the "**Debtor**") a not for profit education corporation duly organized and existing under the laws of the State of New York, debtor and debtor-in-possession in the above-captioned Chapter 11 case, requesting entry of an Order pursuant to section 105 and section 364(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "**Bankruptcy Code**") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (a) authorizing the Debtor to obtain debtor-in-possession financing, (b) granting a superpriority security interest, (c) approving the agreements related to the foregoing, and (2) giving notice of a final hearing pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2).

      Based upon this Court's review of the Motion and all matters brought to the Court's attention at the interim hearing held on May __, 2025, pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) (the "**Interim Hearing**"), and after due deliberation and consideration, the Court makes the following findings of fact and conclusions of law

applicable to the financing sought by Debtor from DIP Lender (to the extent any findings of fact constitute conclusions of law, they are adopted as such, and *vice versa*):

THE COURT HEREBY FINDS AND DETERMINES for the purpose of this Order:

A. On May 16, 2025 (the "**Petition Date**"), Debtor filed with this Court a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code and is continuing to operate its school as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed herein.

B. Debtor is engaged in operating an educational institution.

C. An immediate and ongoing need exists for Debtor to obtain financing to continue the operation of its school as debtor-in-possession under Chapter 11 of the Bankruptcy Code, to minimize the disruption of Debtor's educational programs currently serving 250 children, and to allow the Debtor to meet its payroll and operational needs. Despite diligent efforts, Debtor has been unable to obtain financing in the form of unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense or solely in exchange for the grant of a special administrative expense priority pursuant to Section 364(c)(1) of the Bankruptcy Code; the Debtor is unable to obtain financing in the form of credit secured by liens that are junior to existing liens on property of the estate pursuant to Sections 364(c)(2) and (c)(3) of the Bankruptcy Code.

D. Debtor has requested that DIP Lender provide a DIP Loan in the amount of up to $8,000,000.00.

E. DIP Lender is willing to provide the DIP Loan, upon the terms and conditions set forth herein and in certain Post-Petition Loan and Security Agreements to be entered into by Debtor and DIP Lender, copies of which are attached to the Motion as Exhibit "A" (the "**Post-Petition Loan and Security Agreement**").

F. A condition to the willingness of DIP Lender to establish the DIP facility is that, as security for the prompt payment of the DIP Loan, all interest, fees, expenses and the charges, if any, at any time payable by Debtor under the Post-Petition Loan and Security Agreements, DIP Lender receive a superpriority security interest in and lien upon all of the Debtor's present and after-acquired real and personal, tangible and intangible, property, assets and undertakings, including, but not limited to, the real property commonly known as 150 West 85th Street, New York, New York; New York County, Block 1215, Lot 53. (the "**Collateral**").

G. Debtor requested in the Motion, pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2), that the Court hold the Interim Hearing to consider authorizing Debtor to (i) obtain, on an interim basis, DIP Loans for meeting its payroll and operational needs.

H. Good cause has been shown for the entry of this Order authorizing the Debtor to obtain credit extensions pursuant to the Post-Petition Loan & Security Agreement as hereinafter provided pending a final hearing on the Motion pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) (the "**Final Hearing**"). Debtor's need for financing of the type afforded by the Post-Petition Loan and Security Agreements is immediate and critical. Entry of this Order will minimize disruption of Debtor's operations, will preserve the assets of Debtor's estate and is in the best interests of Debtor, the children it serves, its creditors and its estate. The terms of the proposed

financing appear fair and reasonable, reflect Debtor's exercise of business judgment and are supported by reasonably equivalent value and fair consideration.

I.      Based upon the record presented at the Interim Hearing, it appears that the Post-Petition Loan and Security Agreements and this Interim Order have been negotiated in good faith and at arm's length between Debtor, on the one hand, and the DIP Lender, on the other.

J.      This Court has jurisdiction to enter this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding, as defined in 28 U.S.C. § 157(b)(2).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1.      <u>Grant of Motion; Authorization of Interim Financing</u>. The Motion is hereby granted and Debtor is hereby authorized (i) to execute and deliver the Post-Petition Loan and Security Agreements in substantially the form annexed to the Motion; (ii) to obtain a DIP loan in accordance with the Post-Petition Loan and Security Agreements up to an aggregate principal amount outstanding at any time not to exceed $8,000,000.00, and to incur any and all liabilities and obligations thereunder and to pay all interest, fees, expenses, if any, and other obligations provided for under the Post-Petition Loan and Security Agreements; and (iii) to satisfy all conditions precedent and perform all obligations hereunder and thereunder in accordance with the terms hereof and thereof; <u>provided</u>, <u>however</u>, that, pending the Final Hearing and subject to all of the terms and conditions in the Post-Petition Loan and Security Agreements, Debtor may immediately obtain up to $1,000,000.00 which has, and is secured by, a superpriority

security interest in and lien upon all of the Debtor's present and after-acquired real and personal, tangible and intangible, property, assets and undertakings, including, but not limited to, the Collateral.

2. Execution and Delivery of Post-Petition Loan and Security Agreements. Upon execution and delivery thereof, the Post-Petition Loan and Security Agreements shall constitute valid and binding obligations of Debtor, enforceable against Debtor in accordance with their terms.

3. DIP Liens. Subject to the provisions hereof, all credit extensions, together with all interest, fees and other charges, if any, at any time or times payable by Debtor to DIP Lender in connection therewith or otherwise pursuant to the Post-Petition Loan and Security Agreements (the "**DIP Obligations**") shall be, and hereby are, secured by first position superpriority security interests and liens in favor of DIP Lender with respect to the Collateral.

4. Repayment. The DIP Obligations shall be due and payable, and shall be paid, as and when provided in the Post-Petition Loan and Security Agreements and as provided herein, without offset or counterclaim. In no event shall Debtor be authorized to offset or recoup any amounts owed, or alleged owed, by DIP Lender to Debtor against any of the DIP Obligations unless and to the extent expressly otherwise agreed to in writing by DIP Lender.

5. Preservation of Rights Granted Under This Order.

(a) There shall not be entered in this Chapter 11 case or in any successor case any order that authorizes the obtaining of credit or the incurrence of indebtedness by Debtor (or any trustee or examiner) that is (i) secured by a security, mortgage or

collateral interest or lien on all or any part of the Collateral that is senior to the Post-Petition Loan and Security Agreements.

(b) If this Chapter 11 case is dismissed, converted or substantively consolidated, then neither the entry of this Order nor the dismissal, conversion or substantive consolidation of this Chapter 11 case shall affect the rights of DIP Lender under the Post-Petition Loan and Security Agreements or this Order, and all of the respective rights and remedies thereunder of DIP Lender shall remain in full force and effect as if this Chapter 11 case had not been dismissed, converted, or substantively consolidated. If an order dismissing this Chapter 11 case, or converting this case to a Chapter 7, is at any time entered, such order shall provide (in accordance with Sections 105 and 349 of the Bankruptcy Code) that (i) the DIP Liens granted to and conferred upon the DIP Lender shall continue in full force and effect and shall maintain their superpriorities as provided in this Order until all DIP Obligations shall have been paid and satisfied in full (and that such DIP Liens shall, notwithstanding such dismissal or conversion, remain binding on all interested parties) and (ii) this Court shall retain jurisdiction, notwithstanding such dismissal or conversion, for the purpose of enforcing the DIP Liens referred to herein.

6. <u>Automatic Perfection of DIP Liens</u>. The DIP Liens shall be deemed valid, binding enforceable and perfected upon entry of this Order. DIP Lender shall not be required to file any UCC-1 financing statements, mortgages, deeds of trust, security deeds, notices of lien or any similar document or take any other action in order to validate the perfection of the DIP Liens. If DIP Lender shall, in its discretion, choose to file any such mortgages, deeds of trust, security deeds or UCC-1 financing statements, or take any

other action to validate the perfection of any part of the DIP Liens, Debtor and its respective officers and directors are directed to execute any documents or instruments as DIP Lender shall reasonably request, and all such documents and instruments shall be deemed to have been filed or recorded at the time and on the date of entry of this Order.

7. <u>Service of Order</u>. On or before _____, 2025, Debtor shall mail, by first class mail, a copy of this Order, the Motion (and all exhibits attached to the Motion), and a notice of the Final Hearing, to all secured creditors, to counsel for DIP Lender, the U.S. Trustee, the 20 largest unsecured creditors of Debtor at their respective last known addresses, and all parties who have filed requests for notices under Rule 2002 of the Bankruptcy Rules, and shall file a certificate of service regarding same with the Clerk of the Court on or before _____, 2025. Such service shall constitute good and sufficient notice of the Final Hearing.

8. <u>Final Hearing</u>. The Final Hearing shall be held at \_\_\_ a.m., on _____, 2025, at the United States Bankruptcy Court for the Southern District of New York.

9. <u>Objection Deadline</u>. Objections to any provision of this Order or the Motion shall be filed with the Court, and concurrently served upon the Office of the United States Trustee for the Southern District of New York and counsel for Debtor, Lester Korinman Kamran & Masini, P.C. 600 Old Country Road, Suite 330, Garden City, New York 11530, Attention: Peter K. Kamran, Esq., in each case so that such objections or responses are filed on or before 5:00 p.m., prevailing Eastern time on _____, 2025.

10. **Inconsistencies**. To the extent that any provisions in the Post-Petition Loan and Security Agreements are inconsistent with any of the provisions of this Order, the provisions of this Order shall govern and control.

Dated: New York, New York
_____, 2025

                                                  _____
                                                  Hon. David S. Jones
                                                  United States Bankruptcy Judge