Brian S. Lennon
Stuart R. Lombardi
Betsy L. Feldman
Joseph R. Brandt
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
In re:                                                          :        Chapter 11
:
Manhattan Country School,                          :
a/k/a Manhattan Country School, Inc.,        :        Case No. 25-11009 (DSJ)
:
                              Debtor.                      :
:
---------------------------------------------------------x

## DEBTOR'S EMERGENCY MOTION TO CONVERT
## THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7

The debtor and debtor-in-possession in the above-captioned case (the "Debtor") hereby

submits this emergency motion (this "Motion"), pursuant to sections 105(a), 1112(a), and 1112(b)

of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, substantially

in the form attached hereto as **Exhibit A** (the "Order"), converting the Debtor's chapter 11 case to

a case under chapter 7.  In support of this Motion, the Debtor respectfully states as follows:

### PRELIMINARY STATEMENT

1.        Despite the significant efforts of the Debtor, its Board of Trustees (the "Board"),

and its advisors, the Debtor was unable to obtain debtor-in-possession ("DIP") financing on terms

agreeable to Flushing Bank (the Debtor's prepetition secured lender and holder of the mortgage

on the Debtor's schoolhouse) that would permit it to pay its teachers and staff through the summer, maintain the School and Farm (each as defined below), and conduct a value maximizing sale process in this chapter 11 case for the benefit of all creditors and stakeholders. Unfortunately, the Debtor is left with no choice but to seek the conversion of this case to chapter 7.

2.      As further described below, the Debtor entered this chapter 11 case under the control of a proposed insider DIP lender. The flaws in that insider DIP lender's financing proposal were quickly exposed, and the Court denied the proposal on two separate occasions. See Docket Nos. 14, 32. Following the second denial, and upon the request of an association of parents and caregivers of current School students (the "Parents Association"), the members of the Board controlled by the insider DIP lender resigned. The Board was immediately reconstituted with five new voting members—each the parent or caregiver of a current student—and one *ex officio* member—the School's Interim President. Under the guidance of its new Board and new advisors, the Debtor: (i) opened constructive lines of communication with its various stakeholders, including Flushing Bank and the Local 2110, UAW labor union (which represents members of the School's faculty); and (ii) launched an expedited and robust outreach process to obtain DIP financing in the amount of approximately $3 million that would permit it to remain in chapter 11 and avail itself of the tools available to chapter 11 debtors.

3.      For the reasons stated on the record at the hearing on June 13, 2025, Flushing Bank did not agree to any of the DIP financing proposals obtained by the Debtor through this process, leaving the Debtor with no choice but to file this Motion and seek conversion of this chapter 11 case to a case under chapter 7. The Debtor respectfully requests that the Court enter the Order converting this case to chapter 7 no sooner than Monday, June 16, the presentment date for the Motion. Between now and the presentment date, the Debtor will attempt to resolve any issues

raised by the Office of the United States Trustee, Flushing Bank, the Parents Association, the Local 2110, UAW labor union, or any other party with respect to the Order. In the event that any issue cannot be consensually resolved, the Debtor will request a hearing on the Motion.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this district of these cases and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

5.      The legal predicates for the relief requested herein are sections 105(a), 1112(a), and 1112(b) of the Bankruptcy Code.

## BACKGROUND

### A.      The Manhattan Country School

6.      The Debtor owns and operates the Manhattan Country School, a not-for-profit, private pre-K through eighth grade school located at 50 West 85th Street, New York, NY 10024 (the "School"). Since its founding during the Civil Rights Movement, the School has been committed to social justice and has educated a student body with broad economic diversity and no racial majority—achievements made possible by its sliding-scale tuition model. The School's 60th anniversary would have been next year.

7.      The Debtor also owns and operates an approximately 200-acre farm property located at 3536 New Kingston Mountain Road, Roxbury, NY 12474 (the "Farm"). The Farm is an integral part of the School's curriculum, as it offers students an opportunity to study ecology, earth science, and other agricultural sciences in a hands-on setting outside of the classroom. At the Farm, students spend time tending the farm grounds, caring for animals, and studying both traditional and contemporary life in New York's Catskills region. Indeed, certain School

graduation requirements are tied to Farm activities, including milking a cow and managing barn chores.

**B.**     **The Events Leading to This Chapter 11 Case**

8.      In 2015, ten years prior to the filing of this case, the School sold its longtime schoolhouse on East 96th Street and purchased a bigger building on the Upper West Side, its current location, with plans to double its enrollment.  However, when the COVID-19 pandemic hit a few years later, enrollment at the School dropped, as it did at many schools across New York City.  The School quickly faced financial challenges.

9.      These challenges culminated in a foreclosure action commenced by Flushing Bank in October 2024.  In the months that followed, the Debtor's attempts to consensually resolve the foreclosure action with Flushing Bank failed.  Just prior to the Petition Date, the Debtor surrendered control of its Board to three individuals associated with an outside organization, the Casa Laxmi Foundation, in exchange for the foundation's agreement to fund the Debtor's reorganization.

**C.**     **This Chapter 11 Case**

10.      On May 16, 2025, the Debtor commenced this chapter 11 case in order to: (i) obtain the Casa Laxmi Foundation's promised rescue financing, which—it emerged after the Casa Laxmi Foundation had taken control of the Board—would take the form of a DIP financing loan (the "Casa Laxmi DIP"), contingent upon the Casa Laxmi DIP priming Flushing Bank's existing lien on the schoolhouse; and (ii) pursue its restructuring.  At the hearing on May 20 and, for a second time at the hearing on May 30, the Court denied the Debtor's entry into the Casa Laxmi DIP, noting the lack of independence between the Debtor and the Casa Laxmi Foundation (both of whom, at that time, were apparently represented by the same counsel), and the Debtor's inability

- 4 -

to show that the proposed insider DIP financing transaction was entirely fair.  Moreover, Flushing Bank refused to consent to the Casa Laxmi DIP priming its existing lien.

11.    On June 1, upon the request of the Parents Association, each of the members of the Board, who were associated with the Casa Laxmi foundation and responsible for the filing of this chapter 11 case, resigned from the Board.  The Board was immediately reconstituted with five new voting members and one *ex officio* member, each of whom is a parent of a student.[1]  The *ex offico* member is the School's Interim President.

12.    With its new leadership and counsel in place, the Debtor quickly turned its efforts to obtaining DIP financing that would allow it to remain in chapter 11, run a value maximizing sale process for the schoolhouse and other assets, and wind down in a manner that minimizes harm and disruption for the School's teachers and students.

**D.    The Debtor's Efforts to Obtain DIP Financing**

13.    On May 30, the Debtor and its advisors commenced a broad outreach process for immediate DIP financing.  Specifically, the Debtor and its advisors contacted approximately twelve potential lenders active in the debtor-in-possession financing market and received four preliminary indications of interest.  Ultimately, the Debtor received two written proposals from third-party lenders willing to provide DIP financing on a senior secured basis—both conditioned on the lender receiving a consensual priming lien on the schoolhouse, and the immediate launch of a court-supervised sale process.  The Debtor negotiated the proposals with each of the potential

---

[1]    Prior to the governance change, the former Board agreed to withdraw the Debtor's then pending *ex parte* application to convert this case to a chapter 7, which the Debtor, under the control of the former Board, had filed immediately following the second denial of the Casa Laxmi DIP.  See Docket Nos. 33, 34.

lenders, which resulted in improved terms and proposals that the Debtor and its Board were ultimately positioned to pursue.

14.     In parallel with negotiating with interested third-party lenders, and in light of potential lenders requiring Flushing Bank's consent to priming as a condition to lending, the Debtor maintained discussions with Flushing Bank throughout the process concerning both Flushing Bank's willingness to provide postpetition financing or consent to the priming of its existing lien.  Indeed, the Debtor facilitated multiple joint calls between Flushing Bank and the potential lenders.

15.     Unfortunately, on June 12, Flushing Bank informed the Debtor that not only would Flushing Bank not consent to the priming of its existing lien on the School on the proposed terms, but it also would not provide the Debtor with minimal new capital to remain in chapter 11, pay its faculty and staff, run a value maximizing sale process for the School, and wind down in a manner that minimizes harm and disruption for teachers and students.  Moreover, each of the potential DIP lenders informed the Debtor that it would not be willing to extend DIP financing subject to a priming fight with Flushing Bank.

**E.     The Decision to Convert**

16.     In light of its inability to timely obtain DIP financing, on June 12, the Board voted for the Debtor to seek conversion of this chapter 11 case to a case under chapter 7.  Counsel for the Debtor previewed for the Court the Debtor's filing of this Motion at the hearing on June 13.

**RELIEF REQUESTED**

17.     The Debtor seeks entry of the Order, pursuant to sections 105(a), 1112(a), and 1112(b) of the Bankruptcy Code, converting this chapter 11 case to a case under chapter 7.  For the reasons set forth herein, the Debtor submits that the requested relief, under the current

circumstances of this case, is necessary and in the best interest of the Debtor, its estate, creditors,

stakeholders, and other parties in interest and should, therefore, be granted.

## BASIS FOR RELIEF

18.     The Debtor submits that, pursuant to section 1112(a) of the Bankruptcy Code, it

may convert this chapter 11 case to a chapter 7 case as a matter of right.  See H.R. Rep. No. 95-595,

1st Sess. 405 (1977) ("Subdivision (a) gives the debtor an absolute right to convert a voluntarily

commenced chapter 11 case in which the debtor remains in possession to a liquidation case");

S. Rep. No 95-989, 95th Cong., 2d Sess. 117 (1978) (same); see also Tex. Extrusion Corp. v.

Lockheed Corp. (In re Tex. Extrusion Corp.), 844 F.2d 1142, 1161 (5th Cir. 1988) ("A debtor has

the absolute right to convert [its] Chapter 11 case to a Chapter 7 case. . . .").  Moreover, only three

exceptions would preclude the Debtor from exercising that right: "(1) the [D]ebtor is not a debtor

in possession; (2) [this] case was originally commenced as an involuntary case under [chapter 11];

or (3) [this] case was converted to a case under [chapter 11] other than on the [D]ebtor's request."

See 11 U.S.C. § 1112(a).  None of these exceptions are applicable to this case.

19.     Even if the Court determines that the Debtor does not have an absolute right under

section 1112(a) to convert this chapter 11 case, as certain courts in this district and others have

held,[2] cause to covert this case to chapter 7 exists under section 1112(b)(1).  See 11 U.S.C. §

1112(b)(1) ("[O]n request of a party in interest, and after notice and a hearing, the court shall

convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11],

whichever is in the best interests of creditors and the estate, for cause unless the court determines

that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of

---

[2]     See In re Giuliani, 661 B.R. 493, 500 (Bankr. S.D.N.Y. 2024); see also Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 372 (2007).; Kearney v. Unsecured Creditors Comm. (In re Kearney), 625 B.R. 83, 86 (10th Cir. 2021); In re Johnson, 546 B.R. 83, 167 (Bankr. S.D. Ohio 2016); Monroe Bank & Tr. v. Pinnock, 349 B.R. 493, 497 (E.D. Mich. 2006); In re Adler, 329 B.R. 406, 408-10 (Bankr. S.D.N.Y. 2005).

creditors and the estate."). See also In re Giuliani, 661 B.R. at 500 ("Having determined that Mr. Giuliani does not have an absolute right to convert, the Court must determine the appropriate path here given the competing requests for relief. In assessing that question, the Court turns to Section 1112(b), which sets out the relevant standard.").

20.    Section 1112(b) provides a list of 16 items that constitute "cause," including the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Courts are also free to consider other factors. See In re Tornheim, 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995) ("The factors listed in section 1112(b) are not exhaustive, and the Bankruptcy Code affords a bankruptcy court wide discretion to determine if cause exists. The bankruptcy court can consider other factors that may arise, and use its equitable powers to reach a proper result.") (citation modified).

21.    Here, cause exists to convert this chapter 11 case to a chapter 7 case because the Debtor is administratively insolvent, rendering it impossible for the Debtor to propose, prosecute, and reorganize its business pursuant to, a chapter 11 plan. See In re 3 Ram, Inc., 343 B.R. 113, 117–18 (Bankr. E.D. Pa. 2006) ("While no longer an enumerated ground under amended § 1112, conversion or dismissal of a Chapter 11 bankruptcy case is appropriate where the court finds that the proposed plan is not feasible and that a feasible plan is not possible."). Despite the significant efforts by the Debtor, its Board, and its advisors, the Debtor was unable to obtain DIP financing. And thus, the Debtor does not have funds to meet its near-term administrative obligations, including payroll. Although up until this point the Debtor has timely made payroll with generous donations from the School community, the Debtor will not have funds to pay wages and benefits obligations incurred beyond June 16.

22.    Therefore, the Debtor submits that expeditiously converting this chapter 11 case to a case under chapter 7 is warranted and necessary.  The Debtor understands that the Office of the United States Trustee does not oppose the Debtor's request to convert this chapter 11 case, subject to its review of the Order.

### NO PRIOR REQUEST

23.    No previous motion for the relief sought herein has been made to this Court or any other Court.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter the Order granting the

relief requested in the Motion and such other and further relief as is just and proper.


Dated: June 13, 2025
New York, New York

WILLKIE FARR & GALLAGHER LLP


By: */s/ Brian S. Lennon*　　　　　　　 _
　　Brian S. Lennon
　　Stuart R. Lombardi
　　Betsy L. Feldman
　　Joseph R. Brandt
　　787 Seventh Avenue
　　New York, New York 10019
　　Telephone:  (212) 728-8000
　　Facsimile:  (212) 728-8111
　　blennon@willkie.com
　　slombardi@willkie.com
　　bfeldman@willkie.com
　　jbrandt@willkie.com

　　*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
Manhattan Country School,                 :
a/k/a Manhattan Country School, Inc.,     :    Case No. 25-11009 (DSJ)
                                          :
                Debtor.                   :
                                          :    Docket No. __
----------------------------------------------------------x
```

## ORDER CONVERTING DEBTOR'S
## <u>CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7</u>

Upon the emergency motion (the "<u>Motion</u>") of the debtor and debtor in possession in the above-captioned case (the "<u>Debtor</u>"), requesting entry of an order (this "<u>Order</u>") converting the Debtor's chapter 11 case to a case under chapter 7, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore:

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Effective as of the date this Order is entered (the "<u>Conversion Date</u>"), this chapter 11 case shall be converted to a case under chapter 7 of the Bankruptcy Code.

3.      The Debtor shall:

> (a)      on or before seven (7) days of the Conversion Date, turn over to the chapter 7 trustee all records and property of the estate under their custody and control as required by rule 1019(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>");
>
> (b)      within fourteen (14) days of the Conversion Date, as required by Bankruptcy Rule 1019(e), file a schedule of unpaid debts incurred after the Petition Date and before the Conversion Date, which schedule shall include the name and address of each creditor holding any such debt; and
>
> (c)      within thirty (30) days of entry of the Conversion Date, as required by Bankruptcy Rule 1019(e), file and send a final report and account to the Office of the United States Trustee for the Southern District of New York.

4.      Upon the Debtor's turnover of all records and property of the estate under its custody and control to the chapter 7 trustee as required by paragraph 3(a) hereof, the chapter 7 trustee shall continue to preserve all financial and operational books and records, emails, and other financial and operational documents relating to the Debtor's business that were in the Debtor's possession prior to such turnover. The chapter 7 trustee shall not destroy or otherwise abandon any such documents or records without seeking authorization from this Court.

5.      The Debtor is authorized to abandon, sell, and take any other actions necessary to preserve the well-being of, and/or rehome, the livestock on the Farm.

6.      The Debtor and its employees shall retain the right to access the premises of the School and the Farm in the ordinary course until the latest to occur of: (i) June 20, 2025; (ii) the

2

appointment of a chapter 7 trustee; and (iii) such other time as may be agreed to by the Debtor and the chapter 7 trustee.

7.       Nothing in this Order or the conversion of this chapter 11 case to a case under chapter 7 of the Bankruptcy Code shall affect or modify the terms of any order of this Court (or any documents related thereto) entered during this chapter 11 case, and all rights and remedies in connection with such orders shall be preserved in their entirety.

8.       The Board is hereby relieved from any further obligation with respect to this chapter 11 case.  Upon the entry of this Order, each member of the Board shall be deemed to have resigned from the Board effective as of June 15, 2025 at 11:59PM (EST).

9.       Notwithstanding the *Notice of Appearance and Request for Service of all Pleadings and Documents* [Docket No. 36] filed by Willkie on June 4, 2025, Willkie is hereby relieved from any further obligation to represent the Debtor in this chapter 11 case.

10.      RK Consultants LLC is hereby relieved from any further obligation to advise the Debtor in this chapter 11 case.


Dated: _____, 2025
         New York, New York

                                              _____
                                              HONORABLE DAVID S. JONES
                                              UNITED STATES BANKRUPTCY JUDGE

3