UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                          :

In re:                                          :         Chapter 11

Manhattan Country School,                    :
a/k/a Manhattan Country School, Inc.,         :         Case No. 25-11009 (DSJ)

              Debtor.                           :

------------------------------------------------------------x

## ORDER CONVERTING DEBTOR'S
## CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7

Upon the emergency motion (the "Motion") of the debtor and debtor in possession in the above-captioned case (the "Debtor"), requesting entry of an order (this "Order") converting the Debtor's chapter 11 case to a case under chapter 7 [ECF No. 43],[1] all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore:

---

[1]     Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Effective as of the date this Order is entered (the "Conversion Date"), this chapter 11 case shall be converted to a case under chapter 7 of the Bankruptcy Code.

3. The Debtor shall:

    (a) on or before seven (7) days of the Conversion Date, turn over to the chapter 7 trustee all records and property of the estate under their custody and control as required by rule 1019(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

    (b) within fourteen (14) days of the Conversion Date, as required by Bankruptcy Rule 1019(e), file a schedule of unpaid debts incurred after the Petition Date and before the Conversion Date, which schedule shall include the name and address of each creditor holding any such debt; and

    (c) within thirty (30) days of entry of the Conversion Date, as required by Bankruptcy Rule 1019(e), file and send a final report and account to the Office of the United States Trustee for the Southern District of New York.

4. Upon the Debtor's turnover of all records and property of the estate under its custody and control to the chapter 7 trustee as required by paragraph 3(a) hereof, the chapter 7 trustee shall continue to preserve all financial and operational books and records, emails, and other financial and operational documents relating to the Debtor's business that were in the Debtor's possession prior to such turnover. The chapter 7 trustee shall not destroy or otherwise abandon any such documents or records without seeking authorization from this Court. The chapter 7 trustee shall make best efforts to preserve access to payroll and benefits information for the Debtor's employees and any computer programs that are necessary to maintain school records and transcripts and other documents that may be needed by parents transitioning students to other schools.

5. The Debtor or the chapter 7 trustee, as applicable, is authorized to abandon, sell, and take any other actions necessary to preserve the well-being of, and/or rehome, the livestock on the Farm, provided, however, that upon the appointment of a chapter 7 trustee, such shall be subject to the consent of the chapter 7 trustee (not to be unreasonably withheld).

6. The Debtor and its employees shall retain the right to access the premises of the School and the Farm in the ordinary course until the latest to occur of: (i) June 30, 2025; (ii) the appointment of a chapter 7 trustee; and (iii) such other time as may be agreed to by the Debtor and the chapter 7 trustee (the "Access Period"), provided, however, that upon the appointment of a chapter 7 trustee, such shall be subject to the consent of the chapter 7 trustee (not to be unreasonably withheld). During the Access Period and, upon the appointment of a chapter 7 trustee, subject to the consent of the chapter 7 trustee (not to be unreasonably withheld), the Debtor and its employees are permitted to remove personal property that is not owned by the Debtor from the School, including classroom and other materials and items belonging to teachers and staff, classroom decorations, student artwork, papers and projects, and School archival material such as newspaper articles and yearbooks, provided, however, that the Debtor and its employees shall not be permitted to remove from the School any personal property owned by Darkhei Noam (the "Darkhei Noam Property"). The Darkhei Noam Property shall only be removed from the School by Darkhei Noam in coordination with the chapter 7 trustee. Further, the Debtor and its employees shall be permitted to remove perishable foods on the School premises and donate them as they see fit to avoid spoilage, provided, however, that upon the appointment of a chapter 7 trustee, such shall be subject to the consent of the chapter 7 trustee (not to be unreasonably withheld).

7. Nothing in this Order or the conversion of this chapter 11 case to a case under chapter 7 of the Bankruptcy Code shall affect or modify the terms of any order of this Court (or

any documents related thereto) entered during this chapter 11 case, and all rights and remedies in connection with such orders shall be preserved in their entirety.

8. The Board is hereby relieved from any further obligation with respect to this chapter 11 case. Upon the entry of this Order, each member of the Board shall be deemed to have resigned from the Board effective as of June 15, 2025 at 11:59PM (EST).

9. Notwithstanding the *Notice of Appearance and Request for Service of all Pleadings and Documents* [Docket No. 36] filed by Willkie on June 4, 2025, Willkie is hereby relieved from any further obligation to represent the Debtor in this chapter 11 case.

10. RK Consultants LLC is hereby relieved from any further obligation to advise the Debtor in this chapter 11 case but may, at its option and the option of the chapter 7 trustee, seek to be retained by the chapter 7 trustee, with all parties reserving their rights to object.

Dated: New York, New York
      June 18, 2025

                                    *s/ David S. Jones*
                                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE