Presentment Date: July 10, 2025 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: July 7, 2025 at 4:00 p.m. (Prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

*Proposed Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                              :
In re:                           :       Chapter 7
                                :
MANHATTAN COUNTRY SCHOOL,    :       Case No. 25-11009 (DSJ)
                                :
                   Debtor.       :
                                :
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS ATTORNEYS FOR THE CHAPTER 7 INTERIM TRUSTEE PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that upon the application of Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of the estate of the debtor in the above-captioned case, the undersigned will present for signature to the Honorable David S. Jones, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York, on **July 10, 2025 at 12:00 Noon** (the "Presentment Date"), the attached proposed order authorizing the Trustee to employ and retain Togut, Segal & Segal LLP as his attorneys (the "Proposed Order").

**PLEASE TAKE FURTHER NOTICE THAT** responses and objections, if any, to the Proposed Order must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name and address of the objecting party, the

nature of the claim or interest of such party, the basis for the objection and the specific grounds thereof and include, where appropriate, proposed language to be inserted in the Proposed Order to resolve any such objection.

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, must also be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, with a hard copy delivered directly to the Chambers of the Honorable David S. Jones, and shall be served by e-mail upon:  (i) Togut, Segal & Segal LLP, proposed attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and Brian Kreutter, Esq. (bkreutter@teamtogut.com);  (ii) the United States Trustee for the Southern District of New York, One Bowling Green, Room 534, New York, New York 10014-1408, Attn: Andy Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov);  and (iii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be actually received by all of them no later than **4:00 P.M., on July 7, 2025 (Prevailing Eastern Time)** (the "Objection Deadline").

*[Remainder of page left intentionally blank]*

**PLEASE TAKE FURTHER NOTICE THAT** if no objections to the entry of

the Proposed Order are timely filed and served on or before the Objection Deadline, the

Proposed Order may be entered by the Court.

DATED:  June 26, 2025
        New York, New York

<div style="margin-left:40%">

ALBERT TOGUT,
Not Individually But Solely in His
Capacity as Chapter 7 Interim Trustee
By His Proposed Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

</div>

To:    The Debtor;
       The United States Trustee;  and
       All Parties Having Filed a Notice of Appearance

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

*Proposed Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
In re:                                                       :          Chapter 7
                                                             :
MANHATTAN COUNTRY SCHOOL,                                    :          Case No. 25-11009 (DSJ)
                                                             :
                              Debtor.                        :
                                                             :
-------------------------------------------------------------x

### CHAPTER 7 INTERIM TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS HIS ATTORNEYS PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in my capacity as the Chapter 7 Interim Trustee (the "Trustee") of the estate (the "Estate") of Manhattan Country School, (the "Debtor"), hereby makes this application (the "Application") for an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing Togut, Segal & Segal LLP (the "Togut Firm") to serve as his attorneys in the above-captioned Chapter 7 case (the "Chapter 7 Case"). In support of this Application, the Trustee submits the Affidavit of

Neil Berger, a member of the Togut Firm, annexed hereto as **Exhibit A** (the "<u>Berger</u>
<u>Affidavit</u>"), and respectfully states:

<div align="center"><u>**JURISDICTION AND VENUE**</u></div>

1.     The United States Bankruptcy Court for the Southern District of
New York (the "<u>Court</u>") has jurisdiction over this Application pursuant to 28 U.S.C.
§ 1334 and the *Amended Standing Order of Reference* for the Southern District of New
York, dated January 31, 2012 (the "<u>Amended Standing Order</u>").  This is a core
proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to
28 U.S.C. §§ 1408 and 1409.

2.     The relief sought herein is based upon section 327(a) of the
Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

<div align="center"><u>**BACKGROUND**</u></div>

3.     On May 16, 2025, (the "<u>Petition Date</u>"), the Debtor filed a voluntary
petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

4.     Pursuant to an Order of the Court dated June 18, 2025, (the
"<u>Conversion Date</u>") [Docket No. 49], the Debtor's case was converted to a case under
Chapter 7 of the Bankruptcy Code.

5.     On June 18, 2025, Albert Togut was appointed as the Chapter 7
Interim Trustee of the Debtor;  he duly qualified and is acting as Interim Trustee herein.

6.     The Debtor's schedules of assets and liabilities and the docket in
the Chapter 7 Case disclose that the Estate has interests in various assets, including, but
not limited to, real and personal property and Estate causes of action.

7.     The Trustee has determined that the assistance of experienced legal
counsel is necessary to assist in the marshaling and liquidation of property of the Estate
and his investigation of the Debtor's affairs.

<div align="center">2</div>

**<u>RELIEF REQUESTED</u>**

8.      This Application is made pursuant to section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Bankruptcy Rule 2014-1 (the "<u>Local Bankruptcy Rules</u>") for authority to retain the Togut Firm in connection with the administration of the Chapter 7 Estate.

9.      The Trustee submits that the retention of the Togut Firm under the terms described herein is appropriate under Bankruptcy Code section 327(a), which empowers the Trustee, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

10.      The attorneys employed by the Togut Firm are duly admitted to practice before this Court and in the State of New York, and are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code, and are qualified to act as attorneys in the above-mentioned matters, all as more particularly set forth in the Berger Affidavit.  In reaching that conclusion, the Togut Firm has reviewed the Debtor's petition and supporting schedules, statements and lists, the docket for the Chapter 7 Case, the claims register for this case, and the Debtor's creditor matrix.  The list of interested parties that the Togut Firm has reviewed is annexed to the Berger Affidavit as **<u>Exhibit 1</u>**.

11.      The Trustee seeks to retain the Togut Firm because the firm's practice is highly specialized and is limited, almost exclusively, to matters pending in the Court.  The Togut Firm has acted in a professional capacity in numerous Chapter 7 cases, representing the interests of trustees, as well as individual secured and unsecured creditors.

12.     The Togut Firm has also represented me as trustee in many real estate cases, including: *In re Peggy Nestor*, Case No. 23-10627 (MEW), involving my efforts to sell a multi-million dollar townhouse in New York City;  *In re Hello Newman, Inc.,* Case No. 16-12910 (SCC), involving my sale of a multi-million dollar townhouse in New York City pursuant to a plan;  *In re Weintraub*, Case No. 11-15499 (JLG), involving my sale of a multi-million dollar cooperative apartment in New York City;  *In re 313 W. 77 Street Tenants Corp*., Case No. 03-15522 (SCC), involving my sale of a cooperative apartment building between West End Avenue and Riverside Drive in New York City pursuant to a plan;  and *In re Kingston Square Associates, et al.,* Case No. 96-44962 (TLB), involving apartment complexes in New York, New Jersey, Pennsylvania and Florida that were subject to mortgage claims of approximately $400 million and in which unsecured creditors were paid 100% pursuant to a confirmed Chapter 11 plan.

13.     The legal services which the Trustee seeks to have the Togut Firm perform include, but are not limited to, the following legal services (the "Services"):

     a.   assist in obtaining control over, and accounting for, property of the Estate;

     b.   assist in sales of property of the Estate;

     c.   assist in the retention of other professionals as needed by me;

     d.   investigating the financial affairs of the Debtor and initiating appropriate avoidance actions, if any;  and

     e.   taking all necessary actions to protect and preserve my interests, as Trustee, and the interests of the Estate, including, without limitation:  (i) the commencement and prosecution of actions and contested matters that I deem necessary;  (ii) negotiations concerning litigation in which I or the Estate are involved;  and (iii) review and analyze all claims filed against the Estate and initiating and litigating claim objections where a purpose would be served.

4

14.     The Togut Firm shall be employed under a general retainer.  The rates to be charged will be the standard billing rates charged by the Togut Firm for rendering similar services in bankruptcy cases, such as the Debtor's case.  The billing rates of the Togut Firm currently range from $315 to $1,830 per hour.  Those rates are adjusted annually.  Additionally, the Togut Firm will seek reimbursement for actual and necessary out-of-pocket expenses incurred in connection with the retention of its professional services.

15.     The Togut Firm has agreed that all compensation to be received from the Estate shall only be pursuant to written application in accordance with sections 330, 331 and 506(c) of the Bankruptcy Code, and shall be subject to further Order(s) of this Court.

16.     The Trustee asked that the Togut Firm begin to provide legal services in this case on June 18, 2025 to, among other things, review and analyze pleadings filed in this case, to communicate with numerous parties in interest and to begin to protect interests in favor of the Estate.  As a result, Applicant respectfully requests that the retention of the Togut Firm be effective as of June 18, 2025, which is the first date on which the Togut Firm provided legal services in this case.

17.     Notice of the pre-fixed order has been given pursuant to Local Bankruptcy Rule 9013-2(b).

18.     No previous application for the relief sought herein has been made to this or any other Court.

5

**WHEREFORE**, the Trustee respectfully requests that he be authorized to employ the Togut Firm as his attorneys in this case, and that such other and further relief be granted as is just and proper.

DATED:  New York, New York
        June 26, 2025

                                        */s/ Albert Togut*
                                        ALBERT TOGUT
                                        *Not Individually but Solely in his*
                                        *Capacity as the Chapter 7 Interim Trustee*
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        (212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

*Proposed Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                          :
In re:                                    :        Chapter 7
                                          :
MANHATTAN COUNTRY SCHOOL,                 :        Case No. 25-11009 (DSJ)
                                          :
                        Debtor.           :
                                          :
-----------------------------------------------------------x

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK )

## ATTORNEY AFFIDAVIT

NEIL BERGER, being duly sworn, deposes and says that:

        1.        I am an attorney and counselor at law admitted to practice in this

Court, and am a member of the firm of Togut, Segal & Segal LLP (the "Togut Firm"),

which maintains its law offices at One Penn Plaza, New York, New York.[1]

        2.        To the best of my knowledge, the members and associates of the

Togut Firm have not represented and have had no business, professional or other

connection with Manhattan Country School (the "Debtor") or any of the Debtor's

creditors, except that the Togut Firm may have represented certain creditors of the

Debtor in other cases in matters unrelated to the Debtor and its Estate.  In reaching this

---

[1]    Capitalized terms that are not defined herein have the defined meanings ascribed to them in the
       Trustee's application to retain the Togut Firm.

conclusion, the Togut Firm reviewed the Debtor's Petition, Schedules of Assets and
Liabilities, Statement of Financial Affairs, creditor matrix, the case docket in this case,
and the claims register for this case. A schedule of the parties in interest reviewed by
the Togut Firm is annexed hereto as **Exhibit 1**.

3.    As of the date hereof, and while the Togut Firm serves as counsel
for the Chapter 7 Interim Trustee (the "<u>Trustee</u>"), it will not represent any creditor of
the Debtor in connection with the Chapter 7 Case.

4.    The Togut Firm did not become the attorney for the Trustee in this
case at the suggestion of or through the Debtor or any representative of the Debtor.

5.    By reason of the foregoing, I believe that the members and
associates of the Togut Firm are disinterested persons, and the Togut Firm does not
represent or hold any interests adverse to the interests of the Estate with respect to the
matters upon which the Togut Firm will serve as attorneys for the Trustee, and I know
of no reason why the Togut Firm cannot act as attorneys for the Trustee herein.

6.    Consistent with the standards of sections 330 and 331 of the
Bankruptcy Code, compensation will be sought at the Togut Firm's customary billing
rates which currently range from $315 to $1,830 per hour. In January of each year, the
Togut Firm adjusts its hourly billing rates and therefore its rates may increase during
the pendency of this case. Reimbursement of disbursements will also be sought.

7.    The Trustee asked that the Togut Firm begin to provide legal
services in this case on June 18, 2025 to, among other things, conduct diligence and
advise numerous parties in interest of the Trustee's rights and obligations. As a result,

the Togut Firm respectfully requests that the retention of the Togut Firm be effective as

of June 18, 2025, which is the first date on which the Togut Firm provided legal services

in this case.

*/s/ Neil Berger*
NEIL BERGER

SWORN TO before me this
26th day of June, 2025.

*/s/ Cynthia Juliano*
CYNTHIA JULIANO

## EXHIBIT 1

**Bankruptcy Judges for the Southern District of New York**

1. CECELIA G. MORRIS
2. DAVID S. JONES
3. JAMES L. GARRITY, JR.
4. LISA G. BECKERMAN
5. MARTIN GLENN
6. MICHAEL E. WILES
7. SEAN H. LANE
8. JOHN P. MASTANDO III
9. PHILIP BENTLEY
10. KYU Y. (MIKE) PAEK

**Chambers' Staff (ALL JUDGES SDNY)**

1. DEANNA ANDERSON
2. ELLA EPSTEIN
3. AILEEN RAMIA
4. HELIN AZIZOGLU
5. CHANTEL BARRETT
6. PATRICK MORLEY
7. WILL JAGIELLO
8. TAYLOR FOGG
9. GREG WHITE
10. VANESSA ASHMEADE
11. MIRA HAQQANI
12. BRIAN MCELROY
13. WILLIE RODRIQUEZ
14. ZACHARY SIPALA
15. NATASHA FISHER
16. YONG CUI
17. LYNDA CALDERON
18. KATE CHRISTENSEN
19. VINCENT PUZAK
20. OYIN FALANA
21. LIZA EBANKS
22. CHRISTINE AZZARO
23. ALANA LYMAN
24. SEAN JOHANNSEN
25. MARIA RODRIQUEZ-CASTILLO
26. REEMA LATEEF
27. WILLIAM SCHARTZ
28. JIAWEI LIN
29. FRANCES FREDERICKS
30. TESSA PTUCHA
31. TRACEY MERCADO
32. VANESSA ASHMEADE

33. GRAHAM FISHER
34. BRYAN GARCIA
35. JACQUELINE DEPIEROLA
36. LORRAINE ECHEVARRIA
37. ALEXANDRA TROMBITAS

## Clerk of Court and Deputy for the Southern District of New York

1. VITO GENNA, CLERK OF THE COURT

## Debtor

1. MANHATTAN COUNTRY SCHOOL

## Creditors

1. STAPLES, INC.
2. COREY BLAY
3. NIXON PEABODY LLP.
4. DAVIS WRIGHT TREMAINE LLP
5. THE JANE GROUP
6. NEXUS TECHNOLOGIES, LLC
7. AINSWORTH INC.
8. ALL RESTORATION INC
9. AMERICAN EXPRESS TRAVEL
10. APPLE FINANCIAL
11. BLACKBAUD (SAAS)
12. CARIOCA SPORTS CLUB & PRODUCTIONS
13. DARKHEI NOAM
14. MANHATTAN COUNTRY SCHOOL PARENTS AND CAREGIV
15. ALAN ALTSHULER
16. ALLIANT INS SERVICES
17. AMERICAN NATIONAL
18. DE LAGE LANDEN FINANCIAL
19. BEEHIVE PRESS
20. C2STAFFING SOLUTIONS
21. CCS
22. LOCAL 2110, TECHNICAL, OFFICE AND PROFESSION
23. US BANK NATIONAL ASSOCIATION, AS TRUSTEE
24. AINSWORTH INC.
25. ALEX GREYSTOKE
26. ALLIANT RETIREMENT SRVCS
27. ANNA SOBEL
28. ASSURED ENVIORNMENTS
29. BEN JACOFF
30. CANON FINANCIAL
31. CELL MECHANIC INC

32. CHEFSWAREHOUSE
33. CORPORATE CREATIONS INT'L
34. CTSI
35. CORPORATION COUNSEL OF THE CITY OF NEW YORK
36. DAVID FAGAN
37. DRUIDE INFORMATIQUE INC.
38. ECO-INVESTIGATORS BK LLC
39. FISHER BROTHERS MANAGEMENT CO LLC
40. FRETTA REITZES CONSULTING
41. HEALTH REWARDS RETRO
42. CMB CONSULTING
43. CORPORATE POWER INC
44. CYDELLE BERNLIN
45. DA DAVIDSON
46. DAVIS WRIGHT TREMAINE LLP.
47. DUALFUEL
48. ENZO CLINICAL LABS
49. FLUSHING BANK
50. FRONTSTREAM
51. HR DIRECT
52. CONSULTING AND TESTING SRVCS
53. CSC
54. DAKOM SERVICE INC
55. DISTRICT CENTRAL STATION LLC
56. DARKHEI NAOM
57. F&J ASSIGNING INC
58. FOLLETT SCHOOL SOLUTIONS
59. GLEASON & KOATZ LLP
60. IBERIAN ELECTRIC
61. ICCS
62. JAMIE BIG SHOT EVANS
63. LOVE YOU LIKE, LLC
64. MANHATTAN PLACEMENTS
65. NARDA SKOV, MPH
66. NONPROFITHR
67. NEXUS TECHNOLOGIES, LLC
68. PAUL WILLIAMS
69. RENEE WATSON
70. ROE INTRIERI
71. INRESONANCE INC
72. KEN HORNBECK
73. M. THOMAS LANGAN
74. MICHELE SOLA
75. NIKKOLAS SMITH
76. NYSAIS
77. PITNEY BOWLS LEASING

78. RHYR POWELL
79. ROGER MINTZ, CPA LLC
80. INTERNAL REVENUE SERVICE
81. KODELY (ALOKA LLC)
82. MAIYA JACKSON
83. NIKOLE HANNAH-JONES
84. NYSAIS OPERATIONS
85. OFC & PROF UN LOCAL 210 UAW
86. RECIEVABLES CONTROL CORP
87. ROBERT J. MILLER & ASSOC
88. RUBICON WEST LLC
89. RUVNA, INC.
90. SCHOOL SPECIALTY
91. STAPLES
92. THE JANE GROUP
93. TOGETHERHOOD LLC
94. TRANE US INC.
95. US BANK NATIONAL ASSOCAIATION
96. US BANK
97. WEAVER AND TIDWELL
98. BRIAN S . LENNON
99. SAVVAS LEARNING COMPANY
100.    SCHULTE ROTH & ZABEL LLP
101.    STAPLES BUSINESS ADVANTAGE THOMAS RIGGLEMA
102.    THINK FORWARD FINANCIAL GROUP
103.    TOM HAYNIE
104.    US BANK/FLUSHING BANK
105.    WOLTERS KLUWER
106.    ROY J LESTER
107.    SCHOLASTIC
108.    SHERWIN WILLIAMS
109.    TELCO EXPERTS
110.    TIAA RETO
111.    TOTAL FIRE PROTECTION
112.    ULTIMATE IMPRESSIONS
113.    APPLE INC.
114.    IRS
115.    DAKON SERVICE INC.
116.    FISCHER LOAN

## District Court Judges for the Southern District of New York

1. RONNIE ABRAMS
2. VINCENT L. BRICCETTI
3. NAOMI REICE BUCHWALD
4. ANDREW L. CARTER
5. JESSICA G. L. CLARKE

6.  JOHN P. CRONAN
7.  GEORGE B. DANIELS
8.  KATHERINE POLK FAILLA
9.  PAUL G. GARDEPHE
10. CHARLES S. HAIGHT
11. ALVIN K. HELLERSTEIN
12. LEWIS A. KAPLAN
13. JOHN G. KOELTL
14. VICTOR MARRERO
15. ALISON J. NATHAN CIRCUIT JUDGE SITTING BY DESIGNATION
16. LORETTA A. PRESKA
17. EDGARDO RAMOS
18. JENNIFER L. ROCHON
19. LORNA G. SCHOFIELD
20. LOUIS L. STANTON
21. ARUN SUBRAMANIAN
22. LAURA TAYLOR SWAIN
23. JEANNETTE A. VARGAS
24. KIMBA M. WOOD
25. RICHARD M. BERMAN
26. VERNON S. BRODERICK
27. VALERIE E. CAPRONI
28. KEVIN CASTEL
29. DENISE L. COTE
30. PAUL A. CROTTY
31. PAUL A. ENGELMAYER
32. JESSE M. FURMAN
33. MARGARET M. GARNETT
34. PHILIP M. HALPERN
35. DALE E. HO
36. KENNETH M. KARAS
37. LEWIS J. LIMAN
38. COLLEEN MCMAHON
39. J. PAUL OETKEN
40. JED S. RAKOFF
41. JENNIFER H. REARDEN
42. NELSON S. ROMAN
43. CATHY SEIBEL
44. SIDNEY H. STEIN
45. RICHARD J. SULLIVAN CIRCUIT JUDGE SITTING BY DESIGNATION
46. ANALISA TORRES
47. MARY KAY VYSKOCIL
48. GREGORY H. WOODS

## Magistrate Judges for the Southern District of New York

1.  STEWART D. AARON
2.  KIM P. BERG
3.  SARAH L. CAVE

4.  VALERIE FIGUEREDO
5.  GABRIEL W. GORENSTEIN
6.  GARY R. JONES
7.  ANDREW E. KRAUSE
8.  ROBERT W. LEHRBURGER
9.  JUDITH C. MCCARTHY
10. BARBARA MOSES
11. SARAH NETBURN
12. KATHARINE H. PARKER
13. VICTORIA REZNIK
14. HENRY J. RICARDO
15. GARY STEIN
16. ROBYN F. TARNOFSKY
17. ONA T. WANG
18. JENNIFER E. WILLIS

**U.S. Attorney's Office for the Southern District of New York**

1.  JAY CLAYTON, US Attorney

**United States Trustee for the Southern District of New York (and Key Staff Members)**

1.  ALABA OGUNLEYE
2.  AMANDA D. CASSARA
3.  ANDREA B. SCHWARTZ
4.  ANDY VELEZ-RIVERA
5.  ANNIE WELLS
6.  DANIEL RUDEWICZ
7.  GREG M. ZIPES
8.  ILUSION RODRIGUEZ
9.  LINDA A. RIFFKIN
10. MADELEINE VESCOVACCI
11. MARK BRUH
12. MARY V. MORONEY
13. NADKARNI JOSEPH
14. PAUL K. SCHWARTZBERG
15. RACHEL E. SIEGEL
16. SHARA CORNELL
17. SYLVESTER SHARP
18. TARA TIANTIAN
19. VALENTINA VLASOVA

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                           :

In re:                                :         Chapter 7

                                         :

MANHATTAN COUNTRY SCHOOL,    :         Case No. 25-11009 (DSJ)

                                         :

                     Debtor.        :

                                       :
-------------------------------------------------------------x

### ORDER AUTHORIZING THE EMPLOYMENT
### AND RETENTION OF TOGUT, SEGAL & SEGAL LLP
### AS ATTORNEYS FOR THE CHAPTER 7 INTERIM TRUSTEE
### PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

Upon the application (the "Application")[1] of Albert Togut, not

individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee")

of the estate of Manhattan Country School (the "Debtor") for entry of an order (this

"Order"), pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and

Local Rule 2014-1, approving the retention of Togut, Segal & Segal LLP (the Togut

Firm") as his attorneys, *nunc pro tunc* to June 18, 2025;  and upon the affidavit of Neil

Berger, Esq., a member of the Togut Firm (the "Berger Affidavit"), annexed to the

Application as **Exhibit A**;  and it appearing that the Court has jurisdiction to consider

the Application;  and it appearing that the relief requested in the Application is in the

best interests of the Trustee and the Estate;  and it appearing that the members, counsel

and associates of the Togut Firm who will be engaged in this Chapter 7 Case are duly

admitted to practice before this Court;  and the Court being satisfied, based on the

representations made in the Application and the Berger Affidavit, that the Togut Firm

represents or holds no interest adverse to the Estate and is disinterested under

---

[1]   Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Application.

section 101(14) of the Bankruptcy Code;  and it appearing that due and appropriate

notice of the Application has been given under the circumstances of this Chapter 7

Case;  and it appearing that no other or further notice need be provided;  and good and

sufficient cause appearing therefor, it is hereby

       **ORDERED**, that the Application is granted to the extent provided herein;

and it is further

       **ORDERED**, that in accordance with section 327(a) of the Bankruptcy

Code, the Trustee is hereby authorized to retain the Togut Firm as his bankruptcy

counsel to perform the services described in the Application, *nunc pro tunc* to June 18,

2025;  and it is further

       **ORDERED**, that the Togut Firm shall apply for compensation and

reimbursement in accordance with the procedures set forth in sections 330, 331 and

506(c) of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders

of the Court, the Guidelines established by the United States Trustee, and such other

procedures as may be fixed by order of this Court;  and it is further

       **ORDERED**, that prior to any increases in the Togut Firm's rates, the

Togut Firm shall file a supplemental declaration with the Court and provide ten (10)

business days' notice to the Debtor, counsel to the United States Trustee, and any party

that files a Notice of Appearance in this Chapter 7 Case, which supplemental

declaration shall explain the basis for the requested rate increases in accordance with

section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has

consented to the rate increase.  The United States Trustee retains all rights to object to

any rate increase on all grounds including, but not limited to, the reasonableness

standard provided for in section 330 of the Bankruptcy Code, and all rates and rates

increases are subject to review by the Court;  and it is further

**ORDERED**, that to the extent this Order is inconsistent with the

Application, this Order shall govern;  and it is further

**ORDERED**, that the Trustee and the Togut Firm are authorized to take all

actions necessary to effectuate the relief granted pursuant to this Order in accordance

with the Application;  and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the

Application, this Court retains exclusive jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

DATED:  New York, New York
       July __, 2025

 

                       _____
                       HONORABLE DAVID S. JONES
                       UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
By:

*/s/ Andrew Velez-Rivera*
ANDREW VELEZ-RIVERA, ESQ.
TRIAL ATTORNEY

3