Presentment Date:   July 17, 2025 at 12:00 Noon (prevailing Eastern Time)
Objection Deadline:   July 14, 2025 at 4:00 p.m. (prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
*Proposed Attorneys for the Chapter 7 Interim Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
                                                        :
In re:                                                  :        Chapter 7
                                                        :
MANHATTAN COUNTRY SCHOOL,                               :        Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,                   :
                                                        :
                          Debtor.                       :
                                                        :
--------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF ORDER
AUTHORIZING CHAPTER 7 INTERIM TRUSTEE TO RETAIN
PHILLIPS NIZER LLP AS HIS SPECIAL REAL ESTATE COUNSEL**

**PLEASE TAKE NOTICE** that upon the application (the "Application")[1] of

Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim

Trustee (the "Trustee") of the estate of Manhattan Country School, a/k/a Manhattan

Country School, Inc. (the "Debtor"), the undersigned will present for signature to the

Honorable David S. Jones, United States Bankruptcy Judge, at the United States

Bankruptcy Court, One Bowling Green, New York, New York, on **July 17, 2025 at 12:00**

**Noon** (the "Presentment Date"), the proposed order annexed as **Exhibit A** to the

Application (the "Proposed Order"), authorizing the Trustee to employ and retain

Phillips Nizer LLP as his special real estate counsel in connection with the Trustee's sale

of the Debtor's real property.

---

[1]   Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the
      Application.

**PLEASE TAKE FURTHER NOTICE THAT** responses and objections, if any, to the Proposed Order must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name and address of the objecting party, the nature of the claim or interest of such party, the basis for the objection and the specific grounds thereof and include, where appropriate, proposed language to be inserted in the Proposed Order to resolve any such objection.

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, must also be filed with the Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Court's case filing system and by all other parties in interest, with a hard copy delivered directly to the Chambers of the Honorable David S. Jones, and served by email upon: (i) Togut, Segal & Segal LLP, proposed attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com), and Brian Kreutter, Esq. (bkreutter@teamtogut.com);  (ii) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004, Attn: Andy Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov); and (iii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be actually received by all of them no later than **4:00 P.M. (prevailing Eastern Time) on July 14, 2025** (the "Objection Deadline").

*[Remainder of page left intentionally blank.]*

**PLEASE TAKE FURTHER NOTICE THAT** if no objections to the entry of

the Proposed Order are timely filed and served on or before the Objection Deadline, the

Proposed Order may be entered by the Court.

DATED:  July 3, 2025
           New York, New York

                                  ALBERT TOGUT, not individually but solely
                                  in his capacity as Chapter 7 Interim Trustee,
                                  By His Proposed Attorneys,
                                  TOGUT, SEGAL & SEGAL LLP
                                  By:

                                  */s/ Neil Berger*
                                  NEIL BERGER
                                  BRIAN KREUTTER
                                  One Penn Plaza, Suite 3335
                                  New York, New York 10119
                                  (212) 594-5000

To:    Debtor;
        United States Trustee;  and
        All Parties Having Filed a Notice of Appearance

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

*Proposed Attorneys for Albert Togut,*
*Not Individually but Solely in*
*His Capacity as Chapter 7 Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                :

In re:                          :      Chapter 7
                                :

MANHATTAN COUNTRY SCHOOL,    :      Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,  :
                                :

               Debtor.      :

                                :
-------------------------------------------------------------------x

## APPLICATION FOR AN ORDER AUTHORIZING
## THE CHAPTER 7 INTERIM TRUSTEE TO RETAIN
## PHILLIPS NIZER LLP AS HIS SPECIAL REAL ESTATE COUNSEL

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

        Albert Togut, not individually but solely in his capacity as the Chapter 7

Interim Trustee (the "Trustee") of the estate (the "Estate") of Manhattan Country

School, a/k/a Manhattan Country School, Inc. (the "Debtor"), hereby makes this

application (the "Application") for an order, substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"), pursuant to sections 327(a) and 328(a) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for

the United States Bankruptcy Court for the Southern District of New York (the "Local

Rules"), authorizing Phillips Nizer LLP ("Phillips Nizer") to serve as his special real

estate counsel in the above-captioned Chapter 7 case (the "Chapter 7 Case"). In support

of this Application, the Trustee respectfully submits the declaration of Marc A. Landis, a partner of Phillips Nizer, annexed hereto as **Exhibit B** (the "Landis Declaration"), and respectfully states:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the "Amended Standing Order of Reference" for the Southern District of New York, dated January 31, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

### I.      The Chapter 7 Case

3.      On May 16, 2025, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

4.      Pursuant to an Order of the Court dated June 18, 2025 [Docket No. 49], the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code.

5.      On June 18, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor [Docket No. 50], he duly qualified and is acting as Interim Trustee herein.

6.      The Debtor's schedules of assets and liabilities and the docket in the Chapter 7 Case disclose that the Estate has interests in various assets, including, but not limited to, real property including a school located in New York City and a farm located in Roxbury, New York.

## II.   The Properties

7.      The Debtor, through a special purpose wholly-owned entity, owns a building that was utilized as a school (the "School Building") located at 150 West 85th Street, New York, New York 10024.

8.      The Debtor also owns property that was utilized as a farm (the "Farm", collectively, with the School Building, the "Properties") located at 3536 New Kingston Mountain Road, Roxbury, New York 12474.

9.      The Properties constitute property of the Estate that may be sold by the Trustee.

10.     The Trustee has begun the process of identifying real estate brokers and purchasers for the Properties, and he has concluded that he requires the assistance of special real estate counsel to assist in the negotiation of the contracts of sale and to represent him at the sale closings of the Properties, approvals of which will be sought by separate applications.

## RELIEF REQUESTED

11.     The Trustee seeks entry of an order, substantially in the form of the Proposed Order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Trustee to retain and employ Phillips Nizer as his special real estate counsel to assist him with the sale of the Properties.

## BASIS FOR RELIEF

12.     The Trustee has chosen, subject to Court approval, Phillips Nizer to serve as his special real estate counsel because that firm has previously represented the Trustee as real estate counsel in other bankruptcy cases, and the firm's considerable experience in New York real estate transactions.

3

13.     As set forth in the Landis Declaration, Phillips Nizer's real estate practice is diverse, substantial and wide-ranging.  Its real estate lawyers work closely with property owners, institutional and entrepreneurial real estate investors, developers of affordable housing projects and brownfield sites, banks and other real estate lending institutions, commercial landlords and tenants, corporate owner-occupants and high net worth families and individuals.  Phillips Nizer is skilled at handling sophisticated and unique transactions, as well as traditional real estate purchase and sale transactions.

14.     Phillips Nizer maintains offices in New York City, and the partners of Phillips Nizer, as well as counsel to and associates of that firm, who may be employed in this Chapter 7 Case, are members in good standing of the Bar of the State of New York and the United States District Court for the Southern District of New York.

15.     As set forth in the Landis Declaration, Phillips Nizer is willing to represent the Trustee and render the necessary real estate-related professional services required by the Trustee to administer this Chapter 7 Case.

## PHILLIPS NIZER'S DISINTERESTEDNESS

16.     To the best of the Trustee's knowledge, the partners, counsel and associates of Phillips Nizer do not have any connection with or any interest adverse to the Debtor, its creditors or any other party in interest, or its respective attorneys and accountants, except as may be set forth in the Landis Declaration.

17.     More specifically, as set forth in the Landis Declaration, Phillips Nizer, its partners, counsel and associates:

(i)     are not creditors or insiders of the Debtor;

(ii)    are not and were not, within two years before the Petition Date, trustees, officers or employees of the Debtor;  and

4

(iii)    do not have an interest materially adverse to the
interests of the Trustee, the Estate or of any class of
creditors by reason of any direct or indirect relation-
ship to, connection with, or interest in the Debtor, or
for any other reason.

18.    Except as may be set forth in the Landis Declaration, Phillips Nizer
has represented to the Trustee that it has not represented and will not represent any
parties other than the Trustee in this Chapter 7 Case or in connection with any matters
that would be adverse to the Trustee arising from, or related to, this Chapter 7 Case.  A
list of the interested parties that was reviewed by Phillips Nizer is annexed to the
Landis Declaration as **Exhibit 1**.

19.    Based on the Landis Declaration, the Trustee believes Phillips Nizer
is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy
Code.  The Trustee has been informed that Phillips Nizer will conduct an ongoing
review of its files to ensure that no disqualifying circumstances arise, and if any new
relevant facts or relationships are discovered, the firm will supplement its disclosure to
this Court.

## PROFESSIONAL COMPENSATION

20.    Pursuant to section 328(a) of the Bankruptcy Code, the Trustee may
retain Phillips Nizer on any reasonable terms and conditions.  The Trustee respectfully
submits that the most reasonable terms and conditions are the hourly rates charged by
Phillips Nizer to the Trustee and other clients on a daily basis in a competitive market
for legal services.  Therefore, the Trustee and Phillips Nizer have agreed that the firm
will be paid its customary hourly rates for services rendered that are in effect from time
to time, as set forth in the Landis Declaration, and that it will be reimbursed according
to the firm's customary reimbursement policies.

21.     Pursuant to section 330(a)(1)(A) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with this Chapter 7 Case.  Phillips Nizer's current hourly rates and reimbursement policies are what the general marketplace for legal services pays the firm in other matters every day and are reasonable.  Phillips Nizer's current hourly rates range from $495 to $985 for partners and senior counsel, $575 to $725 for counsel, $425 to $545 for associates, and $215 to $530 for paraprofessionals and law clerks.

22.     Phillips Nizer has agreed that all compensation to be received from the Estate shall only be pursuant to written application in accordance with sections 330, 331 and 506(c) of the Bankruptcy Code, and shall be subject to further Order(s) of this Court.

23.     The Trustee asked that Phillips Nizer begin to provide legal services in this case on June 26, 2025 to, among other things, review pleadings filed in this case, communicate with the Trustee and his proposed attorneys Togut, Segal & Segal LLP, and analyze documents concerning the Properties.  As a result, Applicant respectfully requests that the retention of Phillips Nizer be effective as of June 26, 2025, which is the first date on which the firm provided legal services in this case.

## NOTICE

24.     Notice of this Application has been given to:  (i) the United States Trustee for the Southern District of New York;  and (ii) all parties who have filed a Notice of Appearance in this Chapter 7 Case.  The Trustee respectfully submits, under the circumstances, no other or further notice need be given.

## NO PRIOR REQUEST

25.     No previous application for the relief sought herein has been made to this or any other court.

6

## <u>CONCLUSION</u>

**WHEREFORE**, the Trustee respectfully requests entry of an Order,

substantially in the form attached hereto as **<u>Exhibit A</u>**, authorizing the Trustee to retain

and employ Phillips Nizer as his special real estate counsel, together with such other

and further relief as is just and proper.

DATED:  New York, New York
         July 3, 2025

ALBERT TOGUT, not individually but solely
in his capacity as the Chapter 7 Interim Trustee
By His Proposed Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

## EXHIBIT A

### Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
                          :

In re:                             :       Chapter 7
                          :

MANHATTAN COUNTRY SCHOOL,     :       Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,  :
                          :

              Debtor.         :
                          :
----------------------------------------------------------------------x

### ORDER AUTHORIZING THE CHAPTER 7 INTERIM TRUSTEE TO RETAIN PHILLIPS NIZER LLP AS HIS SPECIAL REAL ESTATE COUNSEL

Upon consideration of the application (the "<u>Application</u>")[1] of Albert

Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the

"<u>Trustee</u>") of the estate of Manhattan Country School, a/k/a Manhattan Country

School, Inc. (the "<u>Debtor</u>"), for entry of an order pursuant to Bankruptcy Code sections

327(a) and 328(a), Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing the Trustee

to retain and employ Phillips Nizer LLP ("<u>Phillips Nizer</u>") to serve as his special real

estate counsel in this case; and upon the declaration of Marc A. Landis, Esq., a partner

of Phillips Nizer (the "<u>Landis Declaration</u>"), attached to the Application as **Exhibit B**;

and it appearing that the Court has jurisdiction to consider the Application; and it

appearing that the relief requested in the Application is in the best interests of the

Trustee and the Estate; and the Court being satisfied, based on the representations

made in the Application and the Landis Declaration, that Phillips Nizer represents or

holds no interest adverse to the Estate and is disinterested under section 101(14) of the

Bankruptcy Code; and it appearing that due and appropriate notice of the Application

has been given under the circumstances of this Chapter 7 Case; and it appearing that

---

[1]    Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Application.

no other or further notice need be provided;  and good and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that in accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Trustee is hereby authorized to retain Phillips Nizer as his special real estate counsel to perform the services described in the Application *nunc pro tunc* to June 26, 2025;  and it is further

**ORDERED**, that Phillips Nizer shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330, 331 and 506(c) of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the United States Trustee, and such other procedures as may be fixed by order of this Court;  and it is further

**ORDERED**, that not less than ten (10) business days prior to implementing any increases in the rates set forth in the Application and the Landis Declaration, Phillips Nizer shall file and provide notice to the Debtor, the United States Trustee and any party that files a notice of appearance in the Chapter 7 Case, a supplemental declaration with the Court which explains the basis for the rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicates whether the Trustee has received notice of and approved the proposed rate increase;  and it is further

**ORDERED,** that the United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the

2

right to review any rate increase pursuant to Section 330 of the Bankruptcy Code;  and it is further

        **ORDERED**, that to the extent this Order is inconsistent with the Application, this Order shall govern;  and it is further

        **ORDERED**, that the Trustee and Phillips Nizer are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application;  and it is further

        **ORDERED**, that, notwithstanding any provision to the contrary in the Application, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED:  New York, New York
        July __, 2025

                                           _____
                                           HONORABLE DAVID S. JONES
                                           UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE,
By:

 /s/ *Andrew Velez-Rivera*
_____
ANDREW VELEZ-RIVERA, ESQ.
Trial Attorney

## EXHIBIT B

**Landis Declaration**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

*Proposed Attorneys for Albert Togut,*
*Not Individually But Solely in*
*His Capacity as Chapter 7 Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
                                     :

In re:                              :     Chapter 7
                                       :

MANHATTAN COUNTRY SCHOOL,     :     Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,  :
                                       :

                 Debtor.           :
                                       :
----------------------------------------------------------------------x

### DECLARATION OF MARC A. LANDIS IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE CHAPTER 7 INTERIM TRUSTEE TO RETAIN PHILLIPS NIZER LLP AS HIS SPECIAL REAL ESTATE COUNSEL

Pursuant to 28 U.S.C. § 1746, I, Marc A. Landis declare:

1.      I am the managing partner and the chair of the real estate practice of Phillips Nizer LLP ("<u>Phillips Nizer</u>"), and submit this declaration (the "<u>Declaration</u>") in support of the application (the "<u>Application</u>")[1] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "<u>Trustee</u>") of the estate of Manhattan Country School, a/k/a Manhattan Country School, Inc. (the "<u>Debtor</u>"), authorizing the Trustee to retain and employ Phillips Nizer as his special real estate counsel to assist the Trustee with his sale of the Properties on the terms and conditions set forth in the Application, and herein, and in compliance with Bankruptcy Code

---

[1]    Capitalized terms which are not defined herein shall have the meanings ascribed to them in the Application.

sections 327 and 328, Bankruptcy Rule 2014 and Local Rule 2014-1.  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2.      Phillips Nizer, which maintains a law office at 485 Lexington Avenue, New York, New York 10017, has had considerable experience in the acquisition, sale and financing of commercial and residential properties, the acquisition, development and preservation of affordable housing, commercial leasing matters, real estate financing transactions, loan workouts and foreclosures, architectural and construction agreements, and the representation of cooperative corporations and condominium associations.  Phillips Nizer and its professionals are well qualified to assist the Trustee regarding his sale of the Properties.

### DISINTERESTEDNESS

3.      I have reviewed:  the Debtor's petition, Schedules of Assets and Liabilities, Statement of Financial Affairs, creditor matrix, the case docket in this case and the claims register for this case.  A list of the interested parties that was reviewed by Phillips Nizer is annexed hereto as **Exhibit 1** (the "Interested Parties List").

4.      After having reviewed those documents and based on the conflicts search conducted to date by Phillips Nizer and described herein, to the best of my knowledge, neither Phillips Nizer, nor any partner, including myself, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors or any other parties-in-interest, or its respective attorneys and accountants, nor with the United States Trustee or any person employed by the United States Trustee, except as disclosed herein.

5.      Phillips Nizer is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Phillips Nizer, its partners, counsel and associates, except as disclosed herein:

(a)    are not creditors or insiders of the Debtor;

(b)    are not and were not, within two years before the
Petition Date, trustees, officers or employees of the
Debtor;  and

(c)    do not have an interest materially adverse to the
interest of the Trustee, the Estate or of any class of
creditors by reason of any direct or indirect
relationship to, connection with, or interest in, the
Debtor, or for any other reason.

6.    I am not related, and to the best of my knowledge, no attorney at
Phillips Nizer is related, to any United States Bankruptcy Judge in the Southern District
of New York or to the United States Trustee or any employee thereof.

7.    Pursuant to section 327(c) of the Bankruptcy Code, Phillips Nizer is
not disqualified from acting as the Trustee's special real estate counsel merely because it
may represent creditors and/or other parties-in-interest in matters unrelated to this
Chapter 7 Case.

8.    Phillips Nizer will periodically review its files during the pendency
of this Chapter 7 Case to ensure that no conflicts or other disqualifying circumstances
exist or arise.  If any new relevant facts or relationships are discovered or arise, Phillips
Nizer will use its reasonable efforts to identify any such further developments and will
promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

**PHILLIPS NIZER'S CONNECTIONS WITH PARTIES-IN-**
**INTEREST IN MATTERS UNRELATED TO THIS CHAPTER 7 CASE**

9.    Phillips Nizer and certain of its partners, counsel and associates
may have represented in the past, and may likely represent in the future, parties-in-
interest of the Debtor in connection with matters unrelated to the Debtor and the
Chapter 7 Case.  Phillips Nizer has reviewed the Interested Parties List for this case for
any connection Phillips Nizer may have to interested parties, and has found none.

3

10. In the event any new facts or relationships are subsequently discovered during the pendency of the Chapter 7 Case, Phillips Nizer will supplement this Declaration and file the same with the Court.

## SERVICES TO BE RENDERED

11. The Trustee seeks Court approval, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, to retain and employ Phillips Nizer as his special real estate counsel in connection with the Trustee's sale of the Properties. The Trustee requests that the Court approve this retention in accordance with Phillips Nizer's normal hourly rates and policies in effect when Phillips Nizer renders the services or incurs the expenses.

## PROFESSIONAL COMPENSATION

12. Subject to adjustments in the ordinary course, in accordance with the firm's billing practices, the rates to be charged by Phillips Nizer for services to be rendered to the Trustee shall be the same rates charged to other clients, which are currently in the range from $495 to $985 for partners and senior counsel, $575 to $725 for counsel, $425 to $545 for associates, and $215 to $530 for paraprofessionals and law clerks.

13. Phillips Nizer intends to apply for compensation for professional services rendered in connection with the Chapter 7 Case, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, further orders of this Court, and guidelines established by the United States Trustee on an hourly basis, plus reimbursement of actual and necessary expenses and other charges that the firm incurs.

14. Phillips Nizer will charge the Trustee at the hourly rates consistent with the rates it charges in other matters of this type. Phillips Nizer will promptly

4

advise the United States Trustee of any adjustments to its hourly rates when they are made.

15.     It is Phillips Nizer's policy to charge its clients for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, photocopying (10¢/page), witness fees, travel expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals" and telecopier charges.  Phillips Nizer will charge the Trustee for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and United States Trustee guidelines.

16.     No promises have been received by Phillips Nizer nor by any partner, counsel or associate thereof as to compensation in connection with the Chapter 7 Case other than in accordance with the provisions of the Bankruptcy Code.  Phillips Nizer has no agreement with any other entity to share with such entity any compensation received by Phillips Nizer in connection with the Chapter 7 Case.

17.     Phillips Nizer further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Phillips Nizer, or (b) any compensation another person or party has received or may receive.


*[Remainder of page left intentionally blank.]*


5

18.    I am the person who will be primarily responsible for the

representation of the Trustee in this Chapter 7 Case.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

DATED:  New York, New York
        July 3, 2025

                            /s/ Marc A. Landis
                            MARC A. LANDIS

<u>**EXHIBIT 1**</u>

<u>**Bankruptcy Judges for the Southern District of New York**</u>

1. CECELIA G. MORRIS
2. DAVID S. JONES
3. JAMES L. GARRITY, JR.
4. LISA G. BECKERMAN
5. MARTIN GLENN
6. MICHAEL E. WILES
7. SEAN H. LANE
8. JOHN P. MASTANDO III
9. PHILIP BENTLEY
10. KYU Y. (MIKE) PAEK

<u>**Chambers' Staff (ALL JUDGES SDNY)**</u>

1. DEANNA ANDERSON
2. ELLA EPSTEIN
3. AILEEN RAMIA
4. HELIN AZIZOGLU
5. CHANTEL BARRETT
6. PATRICK MORLEY
7. WILL JAGIELLO
8. TAYLOR FOGG
9. GREG WHITE
10. VANESSA ASHMEADE
11. MIRA HAQQANI
12. BRIAN MCELROY
13. WILLIE RODRIQUEZ
14. ZACHARY SIPALA
15. NATASHA FISHER
16. YONG CUI
17. LYNDA CALDERON
18. KATE CHRISTENSEN
19. VINCENT PUZAK
20. OYIN FALANA
21. LIZA EBANKS
22. CHRISTINE AZZARO
23. ALANA LYMAN
24. SEAN JOHANNSEN
25. MARIA RODRIQUEZ-CASTILLO
26. REEMA LATEEF
27. WILLIAM SCHARTZ
28. JIAWEI LIN
29. FRANCES FREDERICKS
30. TESSA PTUCHA
31. TRACEY MERCADO
32. VANESSA ASHMEADE

33. GRAHAM FISHER
34. BRYAN GARCIA
35. JACQUELINE DEPIEROLA
36. LORRAINE ECHEVARRIA
37. ALEXANDRA TROMBITAS

**Clerk of Court and Deputy for the Southern District of New York**

1. VITO GENNA, CLERK OF THE COURT

**Debtor**

1. MANHATTAN COUNTRY SCHOOL

**Creditors**

1. STAPLES, INC.
2. COREY BLAY
3. NIXON PEABODY LLP.
4. DAVIS WRIGHT TREMAINE LLP
5. THE JANE GROUP
6. NEXUS TECHNOLOGIES, LLC
7. AINSWORTH INC.
8. ALL RESTORATION INC
9. AMERICAN EXPRESS TRAVEL
10. APPLE FINANCIAL
11. BLACKBAUD (SAAS)
12. CARIOCA SPORTS CLUB & PRODUCTIONS
13. DARKHEI NOAM
14. MANHATTAN COUNTRY SCHOOL PARENTS AND CAREGIV
15. ALAN ALTSHULER
16. ALLIANT INS SERVICES
17. AMERICAN NATIONAL
18. DE LAGE LANDEN FINANCIAL
19. BEEHIVE PRESS
20. C2STAFFING SOLUTIONS
21. CCS
22. LOCAL 2110, TECHNICAL, OFFICE AND PROFESSION
23. US BANK NATIONAL ASSOCIATION, AS TRUSTEE
24. AINSWORTH INC.
25. ALEX GREYSTOKE
26. ALLIANT RETIREMENT SRVCS
27. ANNA SOBEL
28. ASSURED ENVIORNMENTS
29. BEN JACOFF
30. CANON FINANCIAL
31. CELL MECHANIC INC

32. CHEFSWAREHOUSE
33. CORPORATE CREATIONS INT'L
34. CTSI
35. CORPORATION COUNSEL OF THE CITY OF NEW YORK
36. DAVID FAGAN
37. DRUIDE INFORMATIQUE INC.
38. ECO-INVESTIGATORS BK LLC
39. FISHER BROTHERS MANAGEMENT CO LLC
40. FRETTA REITZES CONSULTING
41. HEALTH REWARDS RETRO
42. CMB CONSULTING
43. CORPORATE POWER INC
44. CYDELLE BERNLIN
45. DA DAVIDSON
46. DAVIS WRIGHT TREMAINE LLP.
47. DUALFUEL
48. ENZO CLINICAL LABS
49. FLUSHING BANK
50. FRONTSTREAM
51. HR DIRECT
52. CONSULTING AND TESTING SRVCS
53. CSC
54. DAKOM SERVICE INC
55. DISTRICT CENTRAL STATION LLC
56. DARKHEI NAOM
57. F&J ASSIGNING INC
58. FOLLETT SCHOOL SOLUTIONS
59. GLEASON & KOATZ LLP
60. IBERIAN ELECTRIC
61. ICCS
62. JAMIE BIG SHOT EVANS
63. LOVE YOU LIKE, LLC
64. MANHATTAN PLACEMENTS
65. NARDA SKOV, MPH
66. NONPROFITHR
67. NEXUS TECHNOLOGIES, LLC
68. PAUL WILLIAMS
69. RENEE WATSON
70. ROE INTRIERI
71. INRESONANCE INC
72. KEN HORNBECK
73. M. THOMAS LANGAN
74. MICHELE SOLA
75. NIKKOLAS SMITH
76. NYSAIS
77. PITNEY BOWLS LEASING

78. RHYR POWELL
79. ROGER MINTZ, CPA LLC
80. INTERNAL REVENUE SERVICE
81. KODELY (ALOKA LLC)
82. MAIYA JACKSON
83. NIKOLE HANNAH-JONES
84. NYSAIS OPERATIONS
85. OFC & PROF UN LOCAL 210 UAW
86. RECIEVABLES CONTROL CORP
87. ROBERT J. MILLER & ASSOC
88. RUBICON WEST LLC
89. RUVNA, INC.
90. SCHOOL SPECIALTY
91. STAPLES
92. THE JANE GROUP
93. TOGETHERHOOD LLC
94. TRANE US INC.
95. US BANK NATIONAL ASSOCAIATION
96. US BANK
97. WEAVER AND TIDWELL
98. BRIAN S . LENNON
99. SAVVAS LEARNING COMPANY
100.    SCHULTE ROTH & ZABEL LLP
101.    STAPLES BUSINESS ADVANTAGE THOMAS RIGGLEMA
102.    THINK FORWARD FINANCIAL GROUP
103.    TOM HAYNIE
104.    US BANK/FLUSHING BANK
105.    WOLTERS KLUWER
106.    ROY J LESTER
107.    SCHOLASTIC
108.    SHERWIN WILLIAMS
109.    TELCO EXPERTS
110.    TIAA RETO
111.    TOTAL FIRE PROTECTION
112.    ULTIMATE IMPRESSIONS
113.    APPLE INC.
114.    IRS
115.    DAKON SERVICE INC.
116.    FISCHER LOAN

## District Court Judges for the Southern District of New York

1. RONNIE ABRAMS
2. VINCENT L. BRICCETTI
3. NAOMI REICE BUCHWALD
4. ANDREW L. CARTER
5. JESSICA G. L. CLARKE

6.  JOHN P. CRONAN
7.  GEORGE B. DANIELS
8.  KATHERINE POLK FAILLA
9.  PAUL G. GARDEPHE
10. CHARLES S. HAIGHT
11. ALVIN K. HELLERSTEIN
12. LEWIS A. KAPLAN
13. JOHN G. KOELTL
14. VICTOR MARRERO
15. ALISON J. NATHAN CIRCUIT JUDGE SITTING BY DESIGNATION
16. LORETTA A. PRESKA
17. EDGARDO RAMOS
18. JENNIFER L. ROCHON
19. LORNA G. SCHOFIELD
20. LOUIS L. STANTON
21. ARUN SUBRAMANIAN
22. LAURA TAYLOR SWAIN
23. JEANNETTE A. VARGAS
24. KIMBA M. WOOD
25. RICHARD M. BERMAN
26. VERNON S. BRODERICK
27. VALERIE E. CAPRONI
28. KEVIN CASTEL
29. DENISE L. COTE
30. PAUL A. CROTTY
31. PAUL A. ENGELMAYER
32. JESSE M. FURMAN
33. MARGARET M. GARNETT
34. PHILIP M. HALPERN
35. DALE E. HO
36. KENNETH M. KARAS
37. LEWIS J. LIMAN
38. COLLEEN MCMAHON
39. J. PAUL OETKEN
40. JED S. RAKOFF
41. JENNIFER H. REARDEN
42. NELSON S. ROMAN
43. CATHY SEIBEL
44. SIDNEY H. STEIN
45. RICHARD J. SULLIVAN CIRCUIT JUDGE SITTING BY DESIGNATION
46. ANALISA TORRES
47. MARY KAY VYSKOCIL
48. GREGORY H. WOODS

## Magistrate Judges for the Southern District of New York

1.  STEWART D. AARON
2.  KIM P. BERG
3.  SARAH L. CAVE

4.  VALERIE FIGUEREDO
5.  GABRIEL W. GORENSTEIN
6.  GARY R. JONES
7.  ANDREW E. KRAUSE
8.  ROBERT W. LEHRBURGER
9.  JUDITH C. MCCARTHY
10. BARBARA MOSES
11. SARAH NETBURN
12. KATHARINE H. PARKER
13. VICTORIA REZNIK
14. HENRY J. RICARDO
15. GARY STEIN
16. ROBYN F. TARNOFSKY
17. ONA T. WANG
18. JENNIFER E. WILLIS

## U.S. Attorney's Office for the Southern District of New York

1.  JAY CLAYTON, US Attorney

## United States Trustee for the Southern District of New York (and Key Staff Members)

1.  ALABA OGUNLEYE
2.  AMANDA D. CASSARA
3.  ANDREA B. SCHWARTZ
4.  ANDY VELEZ-RIVERA
5.  ANNIE WELLS
6.  DANIEL RUDEWICZ
7.  GREG M. ZIPES
8.  ILUSION RODRIGUEZ
9.  LINDA A. RIFFKIN
10. MADELEINE VESCOVACCI
11. MARK BRUH
12. MARY V. MORONEY
13. NADKARNI JOSEPH
14. PAUL K. SCHWARTZBERG
15. RACHEL E. SIEGEL
16. SHARA CORNELL
17. SYLVESTER SHARP
18. TARA TIANTIAN
19. VALENTINA VLASOVA