Hearing Date: **August 5, 2025 at 10:00 a.m. (Prevailing Eastern Time)**
Objection Deadline: **July 29, 2025 at 4:00 p.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

*Proposed Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*As Chapter 7 Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                :
In re:                  :      Chapter 7
                :
MANHATTAN COUNTRY SCHOOL,      :      Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,  :
                :
          Debtor.      :
                :
-------------------------------------------------------------------x

### NOTICE OF HEARING TO CONSIDER CHAPTER 7 INTERIM TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF JOHN McDANIEL AS CARETAKER OF DEBTOR'S FARM

**PLEASE TAKE NOTICE** that the Court will consider the attached

*Application for an Order Authorizing the Employment of John McDaniel as Caretaker of*

*Debtor's Farm* (the "Application")[1] of Albert Togut, not individually but solely in his

capacity as the Chapter 7 Interim Trustee (the "Trustee") of the estate of Manhattan

Country School, a/k/a Manhattan Country School, Inc. (the "Debtor"), at a hearing

before the Honorable David S. Jones, United States Bankruptcy Judge, in his Chambers

at the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, New York, New York 10004-1408 on **August 5, 2025, at 10:00 a.m.**

**(prevailing Eastern Time)** (the "Hearing").

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held via Zoom for Government.  Those wishing to participate in the Hearing must register for an appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be entered no later than August 4, 2025, at 4:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Application must also be filed with the Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Court's case filing system and by all other parties in interest, with paper copies delivered directly to Bankruptcy Judge Jones' Chambers and be served by email upon:  (i) Togut, Segal & Segal LLP, proposed attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com), Brian Kreutter, Esq. (bkreutter@teamtogut.com);  (ii) the United States Trustee for the Southern District of New York, One Bowling Green, Room 534, New York, NY 10004-1408, Attn: Andrew Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov);  and (iii) any other parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be received no later than **July 29, 2025, at 4:00 p.m. (prevailing Eastern Time)**.  Objections not timely served and filed may not be considered by the Court.

*[Remainder of Page Intentionally Left Blank.]*

**PLEASE TAKE FURTHER NOTICE** if no objections are received prior to

the Objection Deadline, the Court may cancel the Hearing and enter the proposed

order attached to the Application without holding the Hearing.

Dated:  July 9, 2025
New York, New York

                              Respectfully submitted,
                              ALBERT TOGUT, not individually but
                              solely in his capacity as Chapter 7 Interim
                              Trustee
                              By His Proposed Attorneys,
                              TOGUT, SEGAL & SEGAL LLP
                              By:

                              /s/ Neil Berger
                              NEIL BERGER
                              BRIAN KREUTTER
                              One Penn Plaza, Suite 3335
                              New York, New York 10119
                              (212) 594-5000
                              neilberger@teamtogut.com
                              bkreutter@teamtogut.com

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

*Proposed Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                                                     :
In re:                                                               :        Chapter 7
                                                                     :
MANHATTAN COUNTRY SCHOOL,                                            :        Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,                                :
                                                                     :
                              Debtor.                                :
                                                                     :
-------------------------------------------------------------------x

### CHAPTER 7 INTERIM TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF JOHN McDANIEL AS CARETAKER OF DEBTOR'S FARM

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of the estate (the "Estate") of Manhattan Country School, a/k/a Manhattan Country School, Inc. (the "Debtor"), by his proposed attorneys, Togut, Segal & Segal LLP, hereby makes this application (the "Application") for an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment of John McDaniel ("McDaniel") as caretaker to care for and maintain the Debtor's real property used as a farm located at 3536 New Kingston Mountain Road, Roxbury, New York and the buildings,

equipment and other property that are located there (collectively, the "Farm") *nunc pro tunc* to June 24, 2025.

In support of this Application, the Trustee submits the Declaration of Neil Berger, a partner of Togut, Segal & Segal LLP (the "Togut Firm"), annexed hereto as **Exhibit B** (the "Berger Declaration"), and respectfully states:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* for the Southern District of New York, dated January 31, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The bases for relief are sections 105(a) and 363(b) of the Bankruptcy Code.

## BACKGROUND

3.     On May 16, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

4.     Pursuant to an Order of the Court dated June 18, 2025 (the "Conversion Date") [Docket No. 49], the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

5.     On June 18, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor [Docket No. 50], he duly qualified and is acting as Interim Trustee herein.

6.     The Debtor's schedules of assets and liabilities and the docket in the Chapter 7 Case disclose that the Estate has interests in various assets, including, but not limited to, the approximately 200-acre Farm.

7.     The Trustee understands that the Debtor terminated the staff that worked at and/or maintained the Farm.

8.     The Trustee intends to retain a broker and sell the Farm.  Until such sale occurs, the Farm needs to be maintained.

9.     The Trustee has been informed that McDaniel has worked at the Farm since 1989 as Director, Educator and Consultant, and that he is intimately familiar with the Farm, including its equipment and buildings.

10.     The Debtor sold the animals that resided at the Farm (the "Animals") prior to the Conversion Date for a total price of $10,500 (the "Animal Sales Proceeds").  During the June 13, 2025 hearing in this case, Debtor's secured creditor Flushing Bank ("Flushing") abandoned and waived its secured interest in the Animals. [Docket No. 57, p. 37:12-16].

11.     Flushing has no objection to the Trustee's use of the Animal Sales Proceeds to employ McDaniel based on the terms set forth herein.  Thus, the Estate should have sufficient funds to pay McDaniel prior to the sale of the Farm.

## RELIEF REQUESTED

12.     This Application is made pursuant to sections 105(a) and 363(b) of the Bankruptcy Code for authority to employ McDaniel as caretaker in connection with the Trustee's administration of the Estate.

13.     The services which the Trustee seeks to have McDaniel perform include, but are not limited to, the services outlined in the McDaniel proposal that is annexed hereto as **Exhibit C** (the "Services"):

3

    a.   visit and inspect the Farm property to ensure there is no trespassing, theft or vandalism;

    b.   trim and mow the grass and perform other landscaping tasks as needed;

    c.   inspect the buildings and the utilities to ensure they are in proper working order;

    d.   pick up any mail and forward to the Trustee;

    e.   monitor the footage from the Farm's security cameras; and

    f.   perform basic maintenance tasks as needed.

14.    McDaniel would be paid $500 per month for the Services he performs as an independent contractor, and he will be reimbursed for reasonable expenses incurred in connection with the performance of his duties.  McDaniel would seek approval of any expenses in advance and provide documentation of such expenses to the Trustee.

15.    The Trustee asked McDaniel to provide services in this case as of June 24, 2025 to, among other things, maintain the Farm.  As a result, the Trustee respectfully requests that the employment of McDaniel be effective as of June 24, 2025, which is the first date on which McDaniel provided services in this case.[1]

16.    Because McDaniel is not being employed as a professional under § 327 of the Bankruptcy Code, he will not be required to submit fee applications pursuant to §§ 330 and 331 of the Bankruptcy Code.  Instead, he will submit monthly invoices to the Trustee.

---

[1]    The Farm is currently covered by an insurance policy procured by the Debtor prior to the Petition Date.

## EMPLOYING MCDANIEL AS CARETAKER OF THE FARM
## IS A SOUND EXERCISE OF THE TRUSTEE'S BUSINESS JUDGMENT

17.     Courts should give deference to a trustee's business judgment as to whether there is a good business reason to use estate assets pursuant to section 363(b) of the Bankruptcy Code . *See In re MF Glob. Inc.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015) (finding that "the business judgment of a trustee is entitled to great deference" in approving section 363 motion); *See also In re Chateaugay Corp.,* 973 F.2d 141, 144–45 (2d Cir.1992) (good business reason supported section 363 motion); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1072 (2d Cir.1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr.S.D.N.Y.2003) (standard is whether there is a good business reason to support section 363 motion).

18.     Moreover, courts afford deference to trustees' business judgment and decisions regarding the administration of estates. *See, e.g., In re Stubbs*, 565 B.R. 115, 128 (B.A.P. 6th Cir. 2017) ("Bankruptcy courts must, of course, adjudicate all necessary legal determinations within their jurisdiction, but defer to the legally valid, discretionary administrative decisions of Chapter 7 trustees as authorized under 11 U.S.C. § 704."); *In re Interiors of Yesterday, LLC*, No. 02-30563LMW, 2007 WL 419646, at *3–4 (Bankr. D. Conn. Feb. 2, 2007) (same).

19.     Additionally, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein.  Section 105(a) of the Bankruptcy Code codifies a bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20.     The Trustee has determined, in the exercise of his business judgment, that employing McDaniel as caretaker of the Farm is important to maintain the safety and value of the Farm pending a sale.  Indeed, delay or disruption in the maintenance of the Farm could negatively impact its sale value.

21.     The Trustee respectfully submits that given McDaniel's extensive experience and knowledge of the Farm, the proposed monthly compensation to be paid for the Services is an appropriate expenditure of Estate funds.

## WAIVER OF BANKRUPTCY RULE 6004(h)

22.     To successfully implement the foregoing, the Trustee requests that the Court enter an order providing that sufficient cause exists to dispense with the 14-day stay period under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## NOTICE

23.     Notice of this Application shall be given to:  (a) the United States Trustee for the Southern District of New York[2];  (b) McDaniel;  (c) counsel for the Debtor;  (d) counsel for Flushing;  (e) any party that has requested notice pursuant to Bankruptcy Rule 2002;  and (f) any other party entitled to notice pursuant to Rule 9013 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

24.     No prior request for the relief sought in this Application has been made to this or any other court.

---

[2]     The United States Trustee previewed this Application and has no objection to the relief sought herein.

6

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that he be authorized to

employ and compensate McDaniel as caretaker of the Farm in this case *nunc pro tunc* to

June 24, 2025, and that such other and further relief be granted as is just and proper.

Dated:  July 9, 2025
      New York, New York

                     Respectfully submitted,

                     ALBERT TOGUT, not individually but
                     solely in his capacity as Chapter 7 Interim
                     Trustee
                     By His Proposed Attorneys,
                     TOGUT, SEGAL & SEGAL LLP
                     By:

                     */s/ Neil Berger*
                     NEIL BERGER
                     BRIAN KREUTTER
                     One Penn Plaza, Suite 3335
                     New York, New York 10119
                     (212) 594-5000
                     neilberger@teamtogut.com
                     bkreutter@teamtogut.com

**<u>Exhibit A</u>**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
                                :

In re:                           :        Chapter 7

                                :

MANHATTAN COUNTRY SCHOOL,     :        Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,  :

                                :

              Debtor.        :

                                :

----------------------------------------------------------------------x

## ORDER AUTHORIZING EMPLOYMENT OF
## CARETAKER OF DEBTOR'S FARM

Upon the application (the "<u>Application</u>")[1] of Albert Togut, not

individually but solely in his capacity as the Chapter 7 Interim Trustee (the "<u>Trustee</u>")

of the estate of Manhattan Country School, a/k/a Manhattan Country School, Inc. (the

"<u>Debtor</u>"), for entry of an order (this "<u>Order</u>") authorizing the employment of John

McDaniel ("<u>McDaniel</u>") as caretaker of the Debtor's Farm *nunc pro tunc* to June 24, 2025,

pursuant to the terms set forth in the Application; and it appearing that this Court has

jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334

and the Amended Standing Order, and that consideration of the Application is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having considered the

Application during a hearing on August 5, 2025 (the "<u>Hearing</u>"); and it appearing that

good and sufficient notice of the Application and the Hearing having been given by the

Trustee; and no additional notice of the Application being necessary or required; and

the Court having considered the Application, the supporting Berger Declaration, and

any objections and responses filed in response to the Application; and the Court having

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

heard the Trustee, by his attorneys, and other parties in attendance during the Hearing,

the record of which is incorporated herein; and upon all of the prior pleadings and

proceedings herein; and it appearing that the relief requested by the Application is in

the best interests of the Estate, creditors, and other parties in interest; and after due

deliberation, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Application is granted to the extent set forth herein.

2.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the

Trustee is authorized to employ McDaniel as caretaker to perform the Services

described in the Application *nunc pro tunc* to June 24, 2025 in accordance with the terms

and conditions set forth in the Application.

3.      The Trustee is authorized to compensate McDaniel at the rate of

$500 per month so long as McDaniel performs the Services, without further order of the

Court.

4.      Notwithstanding Bankruptcy Rule 6004(h), the terms and

conditions of this Order are immediately effective and enforceable upon its entry.

5.      The Trustee is authorized to take all actions necessary to effectuate

the relief granted in this Order in accordance with the Application.

6.      The Court retains exclusive jurisdiction with respect to all matters

arising from or related to the implementation, interpretation, and enforcement of this

Order.

Dated: August __, 2025                    _____
                                          HONORABLE DAVID S. JONES
                                          UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

Berger Declaration

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

*Proposed Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x
                       :
In re:                      :     Chapter 7
                       :
MANHATTAN COUNTRY SCHOOL,    :     Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,  :
                       :
             Debtor.      :
                       :
---------------------------------------------------------------------x

### DECLARATION OF NEIL BERGER IN SUPPORT OF CHAPTER 7 INTERIM TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF JOHN McDANIEL AS CARETAKER OF DEBTOR'S FARM

Pursuant to 28 U.S.C. § 1746, I, Neil Berger declare:

1.      I am an attorney admitted to practice before this Court, and am a partner of Togut, Segal & Segal LLP (the "<u>Togut Firm</u>"), which maintains its law offices at One Penn Plaza, New York, New York.  The Togut Firm is the proposed attorneys for the Trustee (defined below).

2.      I submit this declaration (the "<u>Declaration</u>") in support of the application (the "<u>Application</u>")[1] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "<u>Trustee</u>") of the estate (the "<u>Estate</u>") of

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Manhattan Country School, a/k/a Manhattan Country School, Inc. (the "Debtor"), for
an order authorizing the employment of John McDaniel as caretaker of the Debtor's
Farm.

3.    Unless otherwise stated in this Declaration, I have personal
knowledge of the facts set forth herein.

4.    The Debtor has advised me that it has terminated the staff that
worked at and/or maintained the Farm.

5.    To ensure the continued maintenance of the Farm, Debtor's
management recommended that the Trustee employ McDaniel as caretaker.

6.    It is my understanding that McDaniel has worked at the Farm since
1989 as Director, Educator and Consultant, and that he is intimately familiar with the
Farm, including its equipment and buildings.

7.    After communicating with Debtor's management and McDaniel, I
believe that McDaniel is qualified to perform the Services, according to the terms and
conditions set forth in the Application, in a cost-effective and efficient manner.
McDaniel understands and he has agreed to perform the Services as an independent
contractor.

8.    The Debtor advised the Trustee that the Animals that were located
at the Farm were sold prior to the Conversion Date for a total price of $10,500 (the
"Animal Sales Proceeds").

*[Remainder of Page Intentionally Left Blank.]*

9.      Debtor's secured creditor Flushing has no objection to the Trustee's use of the Animal Sales Proceeds to compensate McDaniel for the Services that he will perform.

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED:  New York, New York
        July 9, 2025

                                        /s/ Neil Berger
                                        NEIL BERGER

## <u>Exhibit C</u>

McDaniel Proposal

**John McDaniel**
**Caretaker of the Manhattan Country School Farm**
**3536 New Kingston Mountain Road, Roxbury, NY 12474**

As the former MCS Farm Director, Educator and consultant since 1989, I propose the following duties to be carried out by me, at a minimum of two to three days per week. As I know the property and its buildings intimately, I understand what needs to be done and when.

- Visit and inspect the MCS Farm property to ensure there is no trespassing, theft or vandalism.
- Trim and mow the grass and perform other landscaping tasks as needed.
- Inspect the physical plant and the utilities to ensure they're in proper working order.
- Pick up any mail and forward to the proper recipients.
- Monitor the footage from security cameras.
- Perform any basic maintenance tasks as needed.

I would require $500. Per month to be paid as a 1099 subcontractor.