| | |
|---|---|
| TOGUT, SEGAL & SEGAL LLP<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>Neil Berger<br>Eitan Blander<br>Brian Kreutter<br><br>*Proposed Attorneys for Albert Togut,*<br>*not Individually but Solely in his Capacity*<br>*as Chapter 7 Interim Trustee* | CERTILMAN BALIN ADLER<br>& HYMAN, LLP<br>90 Merrick Avenue<br>East Meadow, New York 11554<br>Telephone: (516) 296-7000<br>Richard J. McCord, Esq.<br>Robert D. Nosek, Esq.<br><br>*Attorneys for U.S. Bank National Association,*<br>*as Trustee, and Flushing Bank* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
: 
In re: : Chapter 7
: 
MANHATTAN COUNTRY SCHOOL, : Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC., :
: 
Debtor. :
:
------------------------------------------------------------------------x

## STIPULATION AND AGREED ORDER
## IN AID OF SALE OF COLLATERAL

This stipulation (the "Stipulation") is entered into by and between Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of the estate (the "Estate") of Manhattan Country School, a/k/a Manhattan Country School, Inc. (the "Debtor") in the above-captioned case (the "Chapter 7 Case"), Flushing Bank ("Flushing"), and U.S. Bank National Association, solely in its capacity as Trustee for the Series 2016 Bonds, and as directed by Flushing as beneficial owner of 100% of the Series 2016 Bonds, (the "Bond Trustee," with Flushing, the "Secured Creditors," and collectively with the Trustee, the "Parties"):

**WHEREAS,** on May 16, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS,** on June 18, 2025 (the "Conversion Date"), the Bankruptcy Court entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; and

**WHEREAS,** on June 18, 2025, the Trustee was appointed as the Chapter 7 Interim Trustee of the Debtor; he accepted his appointment, duly qualified, and is acting as interim Trustee herein.; and

**WHEREAS,** the Debtor and/or its wholly owned subsidiary, West 85th Street Owner LLC (the "Owner Subsidiary"), is the owner of real property located at 150 West 85th Street a/k/a 150/156 West 85th Street, New York, New York; Borough: Manhattan, Block: 1215, Lot: 53 (the "Schoolhouse"); and

**WHEREAS,** Flushing is the owner and holder of those certain Series 2016 Bonds dated April 7, 2016 (the "Series 2016 Bonds") and a related note (the "Issuer Note") regarding loan agreement dated April 1, 2016, pursuant to which the Owner Subsidiary borrowed a principal amount of $22,000,000 (the "Issuer Loan") from Build NYC Resource Corporation (the "Bond Issuer"); and

**WHEREAS,** the Debtor guaranteed the Owner Subsidiary's obligations under the Issuer Loan pursuant to a Guaranty Agreement dated as of April 1, 2016 (the "Guaranty"); and

**WHEREAS,** the Series 2016 Bonds and the Issuer Note are secured by a Mortgage and Security Agreement (Acquisition Loan) recorded against the Schoolhouse in the secured principal amount of $14,676,616.00 and a Mortgage and Security Agreement (Building Loan) recorded against the Schoolhouse in the secured principal amount of $7,323,384.00, each

2

dated as of April 1, 2016 (as the same may have been amended, restated, supplemented, or otherwise modified from time to time, collectively, the "Trustee Mortgage"), delivered by the Owner Subsidiary to the Secured Creditors; and

**WHEREAS,** Flushing is the owner and holder of that certain restated note dated February 6, 2019 (the "Restated Credit Note") regarding a credit line loan issued by Flushing to the Debtor and Owner Subsidiary in the principal amount of $2,999,999 (the "Credit Line Loan"); and

**WHEREAS,** the Credit Line Loan is secured by a consolidated mortgage recorded against the Schoolhouse in favor of Flushing pursuant to a Credit Line Mortgage Consolidation and Modification Agreement executed on or about February 6, 2019 (as the same may have been amended, restated, supplemented, or otherwise modified from time to time, the "Consolidated Mortgage"); and

**WHEREAS,** the Secured Creditors assert that both the Consolidated Mortgage and Trustee Mortgage were perfected and recorded prior to the Petition Date; and

**WHEREAS,** the Secured Creditors assert that both the Restated Credit Note and the Series 2016 Bonds are also secured by pre-Petition Date perfected and recorded senior liens against additional personal property owned by the Debtor (collectively, with the Schoolhouse, the "Collateral"); and

**WHEREAS**, the Secured Creditors assert that the Consolidated Mortgage has second priority on the Collateral junior to the Trustee Mortgage; and

**WHEREAS,** the Secured Creditors assert that as of the Petition Date, the principal amount currently due under the Issuer Loan is not less than approximately $[21,000,000], plus accrued interest and fees; and

3

**WHEREAS,** the Secured Creditors assert that as of the Petition Date, the principal amount currently due under the Credit Line Loan is not less than approximately $[2,999,999], plus accrued interest and fees; and

**WHEREAS,** the Trustee has and will retain professionals to assist in his administration of the Estate and the sale of the Collateral for the benefit of the Secured Creditors and other Estate stakeholders; and

**WHEREAS,** the Parties agree that it is in the best interests of the Secured Creditors and the Debtor's Estate for the Trustee to use his best efforts to sell the Collateral.

**NOW, THEREFORE,** as a result of good-faith, arm's length negotiations, and without the admission of any facts or conclusions, the Parties hereto stipulate and agree:

1. The Recitals set forth above are incorporated herein by reference.

2. Subject only to the terms set forth herein, this Stipulation shall become effective upon the date that it is "So Ordered" by the Bankruptcy Court (the "Effective Date").

3. Following the execution of this Stipulation by the Parties, the Trustee shall promptly seek approval of this Stipulation by the Bankruptcy Court. During the period between the execution by Parties and the date that this Stipulation is "So Ordered" by the Bankruptcy Court, the parties agree that this Stipulation shall constitute a binding agreement and that they shall do nothing contrary to the terms set forth herein.

4. The Secured Creditors each consent and agree to support the Trustee and his retained professionals taking such steps and doing such things as may be necessary to maximize the benefit to the Debtor's Estate by selling the Collateral pursuant to further order(s) of the Bankruptcy Court, free and clear of all liens, claims and encumbrances, with the Secured Creditors' respective secured claims and liens, and all other allowed liens, claims and

encumbrances attaching to the proceeds of the sale of the Collateral (the "Sale Proceeds") with the same validity, priority and extent as existed on the Petition Date.

5. Unpaid principal, interest and documented fees, including attorney fees, as provided for in the documents, judgments and instruments which evidence each of the Secured Creditors' claims and liens shall be accrued until, and be paid in accordance with the Bankruptcy Code and a further order of the Bankruptcy Court. For the avoidance of doubt, neither the Trustee nor the Estate shall make any distributions of Sale Proceeds to any creditors of the Debtor prior to entry of a further order of the Bankruptcy Court.

6. In consideration of the Trustee's time and effort needed to sell the Collateral, the Secured Creditors each hereby acknowledge that, pursuant to Bankruptcy Code section 506(c) and subject to the provisions of paragraph 7 below, the reasonable and necessary costs, commissions, compensation and other expenses incurred by the Trustee and his retained professionals in connection with the sale of the Collateral, including customary closing expenses and taxes associated with sale of the Collateral, are recoverable and senior to all other liens and interests, including the Secured Creditors' interests, in the Sale Proceeds (the "Sale Expenses"); provided however, the Secured Creditors' respective secured claims and liens shall otherwise retain the same validity, priority and extent as existed on the Petition Date.

7. Notwithstanding any of the foregoing, the Secured Creditors expressly reserve their rights to challenge the necessity or reasonableness of the Sale Expenses that the Trustee and his retained professionals seek to recoup from Sale Proceeds pursuant to Bankruptcy Code section 506(c). The Trustee and his retained professionals shall make written applications to the Bankruptcy Court pursuant to Bankruptcy Code sections 326, 330, 331 and 506(c) and the

Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for approval of their respective commissions, fees and expenses.

8. Upon entry of an Order approving this Stipulation, this Stipulation is immediately effective pursuant to F.R.B.P. 6004(h).

9. This Stipulation may not be modified or terminated, nor any of its provisions waived, except by a written agreement of the Parties that is approved by the Bankruptcy Court.

10. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors and assigns. Nothing in this Stipulation, whether express or implied, is intended to confer third-party beneficiary status or to otherwise confer any rights or remedies on any person or entity, other than the Parties and their predecessors, successors, assigns, affiliates and representatives as described herein. Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute either (a) a waiver of the Trustee's fiduciary duties to the Debtor and the Estate in this or any other case, or (b) his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties.

11. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, including any facsimile or "PDF" counterparts, and which together shall constitute one and the same agreement.

12. Each person signing this Stipulation represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of

this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.

13. The Parties represent and acknowledge that, in executing this Stipulation, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation.

14. No Party shall be deemed to be the drafter of this Stipulation for any purpose. Accordingly, this Stipulation shall be interpreted and construed in a neutral manner in accordance with the plain meaning of the language contained herein and shall not be presumptively construed against any Party.

*[Concluded on following page]*

15. The parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties regarding this Stipulation in accordance with applicable law.

Dated:  New York, New York
        June 26, 2025

| | |
|---|---|
| ALBERT TOGUT<br>*Not Individually But Solely in His*<br>*Capacity as Chapter 7 Interim Trustee*<br>By His Proposed Attorneys<br>TOGUT, SEGAL & SEGAL LLP<br>By:<br>*/s/ Neil Berger*<br>NEIL BERGER<br>A Member of the Firm<br>One Penn Plaza – Suite 3335<br>New York, New York 10119<br>(212) 594-5000 | U.S. BANK NATIONAL ASSOCIATION,<br>AS TRUSTEE, AND FLUSHING BANK<br>By their Attorneys<br>CERTILMAN BALIN ADLER & HYMAN, LLP<br>By<br>*/s/ Richard J. McCord*<br>RICHARD J. MCCORD<br>A Member of the Firm<br>90 Merrick Avenue, 9th Floor<br>East Meadow, NY 11554<br>(516) 296-7000 |

**SO ORDERED**

this 15th day of July, 2025
in New York, New York

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

8