TOGUT, SEGAL & SEGAL LLP
*Attorneys for the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
                                                          :
In re:                                                    :    Chapter 7
                                                          :
MANHATTAN COUNTRY SCHOOL,                                 :    Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,                     :
                                                          :
                            Debtor.                       :
                                                          :
------------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPOINTING METRO BENEFITS, INC. TO SERVE AS INDEPENDENT PLAN ADMINISTRATOR TO ADMINISTER AND WIND DOWN THE DEBTOR'S 403(B) PLAN AND RELIEVING THE TRUSTEE FROM OBLIGATIONS PURSUANT TO 11 U.S.C. § 704(A)(11)

**PLEASE TAKE NOTICE** that upon the application (the "<u>Application</u>")[1] of

Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the

"<u>Trustee</u>") of the estate of Manhattan Country School, a/k/a Manhattan Country

School, Inc. (the "<u>Debtor</u>"), the undersigned will present for signature to the Honorable

David S. Jones, United States Bankruptcy Judge, at the United States Bankruptcy Court,

One Bowling Green, New York, New York, on **August 7, 2025 at 12:00 Noon** (the

"<u>Presentment Date</u>"), the proposed order annexed as **<u>Exhibit A</u>** to the Application (the

"<u>Proposed Order</u>"), authorizing the appointment of Metro Benefits, Inc. to serve as the

independent plan administrator of the Debtor's defined contribution 403(b) savings

plan, known as the Manhattan Country School 403(b) DC Plan ("<u>403(b) Plan</u>"), and

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application.

relieving the Trustee and his professionals from any responsibilities regarding the 403(b) Plan pursuant to 11 U.S.C. § 704(a)(11).

**PLEASE TAKE FURTHER NOTICE THAT** responses and objections, if any, to the Proposed Order must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name and address of the objecting party, the nature of the claim or interest of such party, the basis for the objection and the specific grounds thereof and include, where appropriate, proposed language to be inserted in the Proposed Order to resolve any such objection.

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, must also be filed with the Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Court's case filing system and by all other parties in interest, with a hard copy delivered directly to the Chambers of the Honorable David S. Jones, and served by email upon: (i) Togut, Segal & Segal LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com), and Brian Kreutter, Esq. (bkreutter@teamtogut.com);  (ii) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004, Attn: Andy Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov);  and (iii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be actually received by all of them no later than **4:00 P.M. (prevailing Eastern Time) on August 5, 2025** (the "Objection Deadline").

*[Remainder of page left intentionally blank.]*

**PLEASE TAKE FURTHER NOTICE THAT** if no objections to the entry of

the Proposed Order are timely filed and served on or before the Objection Deadline, the

Proposed Order may be entered by the Court.

DATED:  July 22, 2025
         New York, New York

ALBERT TOGUT, not individually but solely
in his capacity as Chapter 7 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000


To:    Debtor;
       United States Trustee;  and
       All Parties Having Filed a Notice of Appearance

Togut, Segal & Segal LLP
*Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x
                                                    :
In re:                                              :        Chapter 7
                                                    :
MANHATTAN COUNTRY SCHOOL,                           :        Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,               :
                                                    :
                    Debtor.                         :
                                                    :
---------------------------------------------------------------------x

### CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPOINTING METRO BENEFITS, INC. TO SERVE AS INDEPENDENT PLAN ADMINISTRATOR TO ADMINISTER AND WIND DOWN THE DEBTOR'S 403(B) PLAN AND RELIEVING THE TRUSTEE FROM OBLIGATIONS PURSUANT TO 11 U.S.C. § 704(A)(11)

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

        Albert Togut, not individually but solely in his capacity as the Chapter 7

Trustee (the "Trustee") of the of the estate (the "Estate") of Manhattan Country School,

a/k/a Manhattan Country School, Inc. (the "Debtor"), by his attorneys Togut, Segal &

Segal LLP (the "Togut Firm") hereby submits this application (the "Motion") for an

order (the "Order") substantially in the form annexed hereto as **Exhibit "A"** authorizing

the appointment of Metro Benefits, Inc. ("Metro") to serve as the independent plan

administrator of the Debtor's defined contribution 403(b) savings plan, known as the

Manhattan Country School 403(b) DC Plan ("403(b) Plan"), and relieving the Trustee

and his professionals from any responsibilities regarding the 403(b) Plan pursuant to 11

U.S.C. § 704(a)(11).  In support of this Motion, the Trustee respectfully submits the

Declaration of David M. Lipkin, F.S.A., MSPA, of Metro, attached hereto as **Exhibit "B"**

(the "Declaration").  In further support of this Motion, the Trustee respectfully

represents:

## RELIEF REQUESTED

1.      The Trustee respectfully requests entry of the Order (a) authorizing

the appointment of Metro as the independent fiduciary and administrator of the 403(b)

Plan, and (b) relieving the Trustee from any obligation to administer the 403(b) Plan.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider the Motion pursuant to 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States

District Court for the Southern District of New York*, dated January 31, 2012.

3.      Venue of these cases and this Motion in this district is proper under

28 U.S.C. §§ 1408 and 1409.

4.      The legal predicates for the relief requested herein are sections

541(b)(7) and 704(a)(11) of title 11 of the United States Code (the "Bankruptcy Code"),

and [Sections 1002(16)(a), 1002(16)(B), and 1103(c)(1) of title 29 of the United States Code

("ERISA").]

## BACKGROUND

1.      On May 16, 2025, (the "Petition Date"), the Debtor filed a voluntary

petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

2.      Pursuant to an Order of the Court dated June 18, 2025 [Docket No.

49] (the "Conversion Date"), the Debtor's case was converted to a case under Chapter 7

of the Bankruptcy Code.

3. On June 18, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor [Docket No. 50]; he duly qualified and is acting as Trustee herein.

5. Prior to the Conversion Date, the Debtor operated a private school in the Upper West Side of Manhattan (the "School"). The Trustee has not operated the School nor any other aspects of the Debtor's businesses, and he has not made any contributions to, or withdrawals from, the 403(b) Plan.

## THE 403(b) Plan

6. On the Petition Date, the Debtor maintained the 403(b) Plan, a tax-sheltered retirement plan known as the Manhattan Country School 403(b) DC Plan. The 403(b) Plan is an "employee pension benefit plan" within the meaning of section 1002(2)(A) of ERISA, and is, therefore subject to regulation under ERISA.

7. The Trustee has learned that as of the date hereof, the balance on hand in the 403(b) Plan totals approximately $14.3 million and that 107 former employees of the Debtor are participants in the 403(b) Plan.

8. Pursuant to Bankruptcy Code section 541(b)(7) and section 1103(c)(1) of ERISA, the assets of a pension plan belong to the plan participants rather than the plan sponsor. As a result, the funds in the 403(b) Plan are not property of the Debtor's estate.[1]

9. Upon information and belief, Nancy K. Dickman, a former employee of the Debtor, was the administrator of the 403(b) Plan on the Conversion Date. As a result of the Debtor's termination of its workforce and the appointment of the Trustee, it is not clear whether or not Ms. Dickman is willing or able to administer

---

[1] The Trustee's retained accountants will review the 403(b) Plan assets as well as transactions between the Debtor and the 403(b) Plan to make certain none of the Debtor's assets are in the plan fund.

the 403(b) Plan because, among other things, she no longer has access to the Debtor's records. As a result, the Trustee has concluded that appointment of an independent fiduciary to serve as plan administrator to administer and wind down the 403(b) Plan is appropriate.

10.     Section 1002(16)(A) of ERISA provides that, in the absence of a named administrator, the "plan sponsor" acts as the plan administrator. Section 1002(16)(B) of ERISA provides that, in the case of a plan maintained by a single employer, as in this case, the "plan sponsor" is the "employer." Finally, Bankruptcy Code section 704(a)(11) provides that a debtor's bankruptcy trustee will serve as the plan administrator of any employee benefit plan (as defined in section 1002 of ERISA) for which the debtor, or any entity designated by the debtor, was serving as plan administrator of at the time the case was commenced. *See* 11 U.S.C. § 704(a)(11). As a result, the Trustee would be required to serve as the default plan administrator of the 403(b) Plan.

11.     As the default plan administrator of the 403(b) Plan, the Trustee would be charged with the administration of the 403(b) Plan and its assets in accordance with its terms (as set forth in the plan documents), and with applicable provisions of ERISA, regulations promulgated by the United States Department of Labor (the "DoL"), and the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"). These specialized duties would include: the duty to timely issue required reports to participants, the DoL, and the Internal Revenue Service (the "IRS"); addressing claims and appeals by participants regarding plan benefits; ensuring the proper disposition of plan assets; and compliance with ERISA, the Internal Revenue Code, and applicable non-Bankruptcy law.

12.     Discharging these responsibilities requires experience and expertise, and a significant expenditure of administrative time and expense, all in connection with a plan that no longer supports active employees.  Moreover, the assets of the 403(b) Plan are not property of the Debtor's Estate.  Consequently, the administrative expense associated with administering the 403(b) Plan would not create any corresponding benefits to the Debtor's Estate.

13.     The Trustee has concluded that it would be more efficient and practical for an experienced and independent fiduciary to administer and wind down the 403(b) Plan and he requests authority to appoint Metro for that purpose.  The appointment of an independent person will benefit the Debtor's Estate by eliminating the Trustee's need to devote significant administrative time and expense to administer the 403(b) Plan.

14.     Moreover, given the structure and cost to administer the 403(b) Plan, the Trustee believes that a person with expertise and experience in working with the DoL and with winding down employee plans is better suited to address the needs of the 403(b) Plan because neither the Trustee nor the Togut Firm have that experience or expertise.

## THE APPOINTMENT OF METRO

15.     The Trustee has previously retained Metro in other Chapter 7 cases to wind down employee benefit plans with success.  As a result of that prior experience, the Trustee has selected, subject to approval by the Court, Metro to serve as plan administrator of the 403(b) Plan.

16.     Annexed hereto as **Exhibit "B"** is the declaration of David M. Lipkin, F.S.A., M.S.P.A ("Lipkin"), a founding principal of Metro (the "Lipkin Declaration").  As set forth in the Lipkin Declaration and the resume annexed to it as

**Exhibit "1"**, Lipkin has extensive experience administering and winding down 401(k), 403(b), and pension plans, and working with the DoL and TIAA-CREF]in connection with those services. Moreover, Lipkin will be supported by the experienced Metro staff, which also has experience administering benefit and retirement plans.

17.     As set forth in the Lipkin Declaration, neither Lipkin nor Metro has any connections with the Debtor's creditors, this Court, the United States Trustee, or with the remaining participants of the 403(b) Plan. In reaching that conclusion, Lipkin has reviewed the lists of interested parties in this case and plan participants.[2] As a result, and notwithstanding that Metro is not being retained as a professional pursuant to Bankruptcy Code section 327, Metro is "disinterested" as that term is used in the Bankruptcy Code.

18.     Metro's proposed services and compensation as administer of the 403(b) Plan is annexed as **Exhibit "2"** to the Lipkin Declaration. The Debtor no longer operates, and its estate do not have the ability to compensate Metro for the services that it will perform. Consequently, Metro will be paid its projected fees of approximately $12,500 to $14,500 from the 403(b) Plan assets. Metro will provide written disclosure of its fees and expenses to the 403(b) Plan participants, the DoL, and all of the other parties that are required by applicable non-bankruptcy law to receive such notice.

19.     Moreover, given their extensive experience and knowledge concerning the 403(b) Plan, Metro anticipates that it will continue the services of TIAA-CREF, as needed, as the 403(b) Plan is wound down. Metro will also provide written disclosure of those services and costs.

---

[2]   The list of the participants of the 403(b) Plan has not been filed with this Motion to protect the personal identification information and financial interests of the plan participants.

20.     Finally, the Trustee believes that the appointment of Metro as administrator of the 403(b) Plan will allow the Trustee to concentrate his time and energy, as well as the limited resources of the Debtor's Estate, to the Trustee's on-going asset recovery and investigation efforts.

21.     The appointment of Metro will eliminate the need for the Trustee and his retained professionals to expend Estate resources attending to the 403(b) Plan administration and wind down pursuant to Bankruptcy Code section 704(a)(11). Consequently, the Trustee requests that the proposed Order discharge and relieve the Trustee and his professionals from any obligations and liability in connection with the 403(b) Plan.  Similar relief has been provided in this District.  *See, e.g., In re MVision Private Equity Advisers USA LLC*, Case No. 23-11792 (MG) (Bankr. S.D.N.Y. Feb. 2, 2024) (Order Appointing Metro Benefits Inc. as Administrator of Debtors' 401(k) Plan and Relieving Chapter 7 Trustee of Obligations Pursuant to 11 U.S.C. § 704(A)(11)) [Dkt. No. 22]; *In re Mynd Spa & Salon, Inc., et al.*, Case No. 20-10846 (SCC) (Bankr. S.D.N.Y. June 9, 2020) (same) [Docket No. 56].

## NOTICE

22.     The Trustee has served notice of this Motion upon (the "Notice Parties"):  (i) all of the known remaining participants of the 403(b) Plan;  (ii) the United States Trustee;  (iii) the DoL;  (iv) TIAA-CREF;  (v) the IRS;  (vi) the United States Attorney;  (vii) the Debtor, by its authorized representative;  and (viii) all parties that have filed a Notice of Appearance in these cases.  The Trustee respectfully submits that the cost and expense of serving this Motion upon all of the Debtor's known creditors and parties in interest is unwarranted, especially because the 403(b) Plan assets are not property of the Debtor's estate.  Based upon the foregoing, the Trustee respectfully requests that the Court find that the notice of this Motion provided by the Trustee is

good and sufficient under the circumstances.  Within seven business days after entry of

the Order, Metro will serve by electronic or regular mail to all of the Notice Parties (a) a

copy of the Order and (b) a notice providing contact information that the participants of

the 403(b) Plan can use to address questions regarding the 403(b) Plan.

## RESERVATION OF RIGHTS

23.     Nothing in this Motion should be construed as:  (a) an admission as

to the validity, priority, or character of any claim or other asserted right or obligation, or

a waiver or other limitation of the Trustee's or any other Party in interest's ability to

contest same on any ground permitted by bankruptcy or applicable non-bankruptcy

law;  (b) a promise to pay any claim;  (c) granting third party beneficiary status or

bestowing any additional rights on any third party;  or (d) being otherwise enforceable

by any third party.

## NO PRIOR REQUEST

24.     No previous request for the relief sough therein has been made to

this Court or any other court.

## CONCLUSION

25.     For the reasons set forth above, the Trustee respectfully requests

that the amended motion be granted in its entirety.

DATED:  New York, New York
        July 22, 2025

ALBERT TOGUT, *not individually but solely in
his capacity as the Chapter 7 Trustee,*
By his Attorneys,
TOGUT, SEGAL & SEGAL LLP,
By:

*/s/ Neil Berger*
NEIL BERGER
A Member of the Firm
One Penn Plaza - Suite 3335
New York, New York 10119
(212) 594-5000

8

**Exhibit A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
                                                          :
In re:                                                    :      Chapter 7
                                                          :
MANHATTAN COUNTRY SCHOOL,                                 :      Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,                     :
                                                          :
                    Debtor.                               :
                                                          :
------------------------------------------------------------------------x

### ORDER APPOINTING METRO BENEFITS, INC. AS ADMINISTRATOR OF DEBTOR'S 403(B) PLAN AND RELIEVING CHAPTER 7 TRUSTEE OF OBLIGATIONS PURSUANT TO 11 U.S.C. § 704(A)(11)

Upon the motion (the "Motion")[1] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee of the of the debtor in the above-captioned case (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order (this "Order") appointing Metro Benefits, Inc. ("Metro") as the administrator of the Debtor's defined contribution benefit plan known as the Manhattan Country School 403(b) DC Plan (the "403(b) Plan"), and (b) relieving the Trustee from any obligation concerning the 403(b) Plan pursuant to 11 U.S.C. (the "Bankruptcy Code") § 704(a)(11); and the Court having reviewed the Lipkin Declaration attached to the Motion; and it appearing that good and sufficient notice of the Motion was given by the Trustee and that under the relevant circumstances, no other or further notice of the Motion is necessary; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the relief being in the best interests of the Debtor's former employees, the Debtor's estate, its creditors, and other parties in interest; and it appearing that good and sufficient cause for the relief sought in the Motion exists, it is hereby:

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED**, that the Motion is granted to the extent provided herein; and it is further

**ORDERED**, that Metro is appointed as the plan administrator of the 403(b) Plan; and it is further

**ORDERED**, that the Trustee and the Togut Firm are authorized to execute any and all documents necessary to effectuate the appointment of Metro as the plan administrator of the 403(b) Plan; and it is further

**ORDERED**, that in discharging its duties as plan administrator of the 403(b) Plan, Metro shall comply with all applicable laws and regulations concerning the administration and wind down of the 403(b) Plan including, without limitation, DoL Field Assistance Bulletin 2014-1, and it shall provide written notice and disclosure of all fees and expenses associated with the administration and distribution of the assets of the 403(b) Plan to all of the participants of the 403(b) Plan, the DoL and all other persons who are entitled to notice(s) concerning the 403(b) Plan pursuant to applicable laws; and it is further

**ORDERED**, that neither the Trustee, his retained professionals nor the Debtor's estate shall have any liability or obligation to compensate or indemnify Metro in connection with its services and actions as plan administrator and fiduciary of the 403(b) Plan regardless of any provision of the 403(b) Plan and any other contract or agreement regarding the 403(b) plan; and it is further

**ORDERED**, that the Trustee and his retained professionals are relieved and released from any obligations to administer the 403(b) Plan and any liability regarding the 403(b) Plan, and the Trustee is deemed to have resigned from any positions that have been conferred upon him in connection with the 403(b) Plan pursuant to Bankruptcy Code section 704(a)(11); and it is further

**ORDERED**, that within seven business days after entry of this Order,

Metro shall serve by electronic or regular mail to all of the Notice Parties (a) a copy of

this Order and (b) a notice providing contact information that the participants of the

403(b) Plan may use to address questions regarding the 403(b) Plan;  and it is further

**ORDERED**, that entry of this Order is without prejudice to the rights of

the Trustee to seek other or further relief;  and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine

any and all matters arising from the interpretation and / or implementation of this

Order.

Dated:  New York, New York
          August ___, 2025

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**:
WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
By:

_/s/ Andy Velez-Rivera_____
ANDY VELEZ-RIVERA
TRIAL ATTORNEY

3

**Exhibit B**

Lipkin Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                  :
In re:                                                            :        Chapter 7
                                                                  :
MANHATTAN COUNTRY SCHOOL,                                         :        Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,                             :
                                                                  :
                                    Debtor.                        :
                                                                  :
------------------------------------------------------------------------

## DECLARATION OF DAVID M. LIPKIN
### IN SUPPORTOF APPOINTMENT OF METRO BENEFITS, INC.
### AS PLAN ADMINISTRATOR TO ADMINISTER DEBTOR'S 403(B) PLAN

Pursuant to 28 U.S.C. § 1746, I, David M. Lipkin, declare:

1.       I am a founding principal of Metro Benefits, Inc. ("Metro"), which

maintains a place of business at 8150 Perry Highway, Suite 311, Pittsburgh, PA 15237.

Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set

forth herein.

2.       I submit this declaration (the "Declaration") in support of the

Trustee's Motion (the "Motion") to appoint Metro as the independent plan

administrator to administer and wind down the Debtor's 403(b) Plan.

3.       Except as otherwise set forth herein, all statements in this

Declaration are based on my personal knowledge, familiarity with the Debtor's

employee benefit plan, and/or my review of relevant documents.  If I were called upon

to testify, I could and would testify competently to the facts set forth herein.[1]

4.       Metro is an independent, full-service consulting firm that provides

a wide array of 401(k) and 403(b) administration and actuarial services for qualified

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
Motion.

employee retirement benefit plans.  Metro's staff is managed by its professionally

credentialed founders, each of whom has extensive experience in providing complex

design, implementation and compliance for numerous retirement benefit plans or

clients ranging from small businesses to large corporations.

5.       As set forth in my resume annexed hereto as **Exhibit 1**, I have been

an enrolled actuary since 1980.  In addition, I am also:  a member and former term

President of the American Society of Pension Professionals and Actuaries ("ASPPA");  a

former Member of the Board of Directors of the American Retirement Association;  a

former Member of the ASPPA College of Pension Actuaries, Leadership Council;  and

the first editor of "ACOPA e-news publication for actuaries."

6.       I have qualified as an expert witness for several qualified plan

issues during the past 35 years, and worked as an independent fiduciary for more than

75 Department of Labor "orphan and abandoned plans."

7.       I have reviewed available materials concerning the Debtor's 403(b)

Plan and have spoken with the representatives of TIAA-CREF who have provided

services for the 403(b) Plan during the past decade.  Based upon that review of materials

and conversations, I am confident the Metro staff and I have the requisite experience

and skill to administer and wind down the 403(b) Plan for the benefit of its remaining

participants.  My staff and I also have the requisite experience working with the

Department of Labor and the Internal Revenue Service to address their respective

requirements in the wind down of the 403(b) Plan, and to prepare, file and issue all of

the forms, notices and reports that are required to wind down this plan.

8.       Metro may have rendered services to, and may continue to render

services to, or have other connections with, certain of the Debtor's creditors or other

parties-in-interest, or have interests adverse to such creditors or parties-in-interest, in

matters wholly unrelated to these cases beyond those specified below.  More specifically, Metro and its principals and employees may have had and may continue to have (i) unrelated business associations with certain of Debtor's creditors or other parties-in-interest, (ii) unrelated business associations with entities having interests adverse to such creditors or parties-in-interest, including providing similar services to companies whose creditors are also creditors of the Debtor, and (iii) investments in certain of the Debtor's creditors which are public companies and in companies whose creditors are also creditors of the Debtor.  However, in each case, and except as expressly set forth below, the association or investment, as the case may be, would be completely unrelated to these cases.  I have reviewed the list of interested parties in this case annexed hereto as **Exhibit 3** and the list of the remaining participants of the 403(b) Plan and believe that Metro is "disinterested" and does not have any connections with any of those parties.

9.      Metro and I understand that the Debtor is no longer operating and do not have the capacity to address Metro's projected fees and expenses for the services that it will provide, and that it will be paid from the assets of the 403(b) Plan.  Metro's proposal for its services and projected fees and expenses is annexed hereto as **Exhibit 2**. Throughout its tenure as the plan administer of the 403(b) Plan, Metro will provide written disclosure of its fees and expenses to the 403(b) Plan participants, the Department of Labor, and all of the other parties that are required by applicable non-bankruptcy law to receive such notice.  Given their extensive experience, I anticipate that TIAA-CREF will continue to provide services in the administration and wind down of the 403(b), and their fees and expenses will also be transparent and disclosed.

10.      Based upon all of the foregoing, it is respectfully request that Metro be appointed as the plan administrator of the Debtor's 403(b) plan.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the

foregoing is true and correct.

Dated:    Pittsburgh, Pennsylvania
          July 22, 2025

                              /s/ David M. Lipkin
                              DAVID M. LIPKIN
                              ACTUARY

## Exhibit 1

David M. Lipkin, FSA, MSPA
Metro Benefits, Inc.
Pittsburgh, PA
david@metrobenefits.com
(412) 847-7600

## Education:

BA, Hamilton College, Clinton NY, 1977 (Mathematics)

## Work Experience:

Actuary, Aetna Life & Casualty, Hartford, CT 1977 – 1983
Actuary, William M. Mercer, Pittsburgh, PA 1983 – 1986
Actuary and Founder, Metro Benefits, Pittsburgh PA 1986 – current

## Specific Training:

Founded and managed a regional TPA and actuarial firm (Metro Benefits, Inc., Pittsburgh PA)
- Oversaw operations and created procedures to properly and efficiently administer 401k and pension plans, using "best practices"
- Worked together with investment advisors and other professionals to bring required services to plan sponsors
- Served as Expert Witness on several qualified plan issues over the past 30 years
- Worked on over 100 "DOL orphan and abandoned" plans for over 2 decades as Independent Fiduciary

## Professional Organizations and Activities:

Fellow, Society of Actuaries, 1980 – current

Member, American Society of Pension Professionals and Actuaries ("ASPPA"), 1991 – current
- Government Affairs Committee co-chair, 4 years
- Member of the Board of Directors, 11 years
- Chairperson of Task Force to update and revise the ASPPA Code of Conduct, 2011
- President, 2013 – 2014

Member of the Board of Directors, American Retirement Association, 2015 – 2018

Member, ASPPA College of Pension Actuaries, Leadership Council, 2014 – 2018

First Editor of "ACOPA e-news publication for actuaries"

Speaker at national conferences and webcasts for ASPPA, the Society of Actuaries, and the National Institute of Pension Administrators, on topics including orphan plans, ethics, and technical issues.

**Exhibit 2**

METRO BENEFITS, INC.
PROPOSAL FOR MANHATTAN COUNTRY DAY SCHOOL 403 (B) PLAN TERMINATION
JULY 14, 2025
PREPARED BY DAVID M. LIPKIN, FSA

## PLAN FEE AND SERVICE SCHEDULE

The following outlines the fees for the administrative and consulting services which Metro Benefits, Inc. can provide on behalf of the plan to assume Trusteeship of the plan with the intention of terminating it efficiently and paying out all remaining participants.

### Services

1. Initial review of Plan
   a. Coordination of unpaid deposits
   b. Coordination with TIAA CREF to access accounts
   c. Preparation and distribution of a "Welcome" letter for plan participants


2. Coordination/Oversight of:
   - Final amendments for plan termination (If needed)
   - Distribution of plan benefits

      * Establishment of default IRA's for
        non-locatable/non-responding participants

      * Search for non-locatable and non-responsive participants,
        in accordance with US DOL FAB 2014-01.

3. Coordination/Oversight of Plan Compliance

   - 5500 Forms

4. Total Estimated Charges              $  12,500 - $ 14,500

   Notes:
   i.    Our actual charges will be based on our underlying hourly rates
   ii.   This time will include "pass-thru" charges, if any, from other professionals, including ERISA legal representation, if necessary
   iii.  The hourly rate for David Lipkin (Actuary/Consultant) is $ 380/hr.
   iv.   The hourly rates for his Assistants range from $ 100 – 185/hr.

## Exhibit 3

## Parties in Interest List

### Bankruptcy Judges for the Southern District of New York

1. CECELIA G. MORRIS
2. DAVID S. JONES
3. JAMES L. GARRITY, JR.
4. LISA G. BECKERMAN
5. MARTIN GLENN
6. MICHAEL E. WILES
7. SEAN H. LANE
8. JOHN P. MASTANDO III
9. PHILIP BENTLEY
10. KYU Y. (MIKE) PAEK

### Chambers' Staff (ALL JUDGES SDNY)

1. DEANNA ANDERSON
2. ELLA EPSTEIN
3. AILEEN RAMIA
4. HELIN AZIZOGLU
5. CHANTEL BARRETT
6. PATRICK MORLEY
7. WILL JAGIELLO
8. TAYLOR FOGG
9. GREG WHITE
10. VANESSA ASHMEADE
11. MIRA HAQQANI
12. BRIAN MCELROY
13. WILLIE RODRIQUEZ
14. ZACHARY SIPALA
15. NATASHA FISHER
16. YONG CUI
17. LYNDA CALDERON
18. KATE CHRISTENSEN
19. VINCENT PUZAK
20. OYIN FALANA
21. LIZA EBANKS
22. CHRISTINE AZZARO
23. ALANA LYMAN
24. SEAN JOHANNSEN
25. MARIA RODRIQUEZ-CASTILLO
26. REEMA LATEEF
27. WILLIAM SCHARTZ
28. JIAWEI LIN
29. FRANCES FREDERICKS
30. TESSA PTUCHA
31. TRACEY MERCADO
32. VANESSA ASHMEADE

33. GRAHAM FISHER
34. BRYAN GARCIA
35. JACQUELINE DEPIEROLA
36. LORRAINE ECHEVARRIA
37. ALEXANDRA TROMBITAS

## Clerk of Court and Deputy for the Southern District of New York

1. VITO GENNA, CLERK OF THE COURT

## Debtor

1. MANHATTAN COUNTRY SCHOOL

## Creditors

1. STAPLES, INC.
2. COREY BLAY
3. NIXON PEABODY LLP.
4. DAVIS WRIGHT TREMAINE LLP
5. THE JANE GROUP
6. NEXUS TECHNOLOGIES, LLC
7. AINSWORTH INC.
8. ALL RESTORATION INC
9. AMERICAN EXPRESS TRAVEL
10. APPLE FINANCIAL
11. BLACKBAUD (SAAS)
12. CARIOCA SPORTS CLUB & PRODUCTIONS
13. DARKHEI NOAM
14. MANHATTAN COUNTRY SCHOOL PARENTS AND CAREGIV
15. ALAN ALTSHULER
16. ALLIANT INS SERVICES
17. AMERICAN NATIONAL
18. DE LAGE LANDEN FINANCIAL
19. BEEHIVE PRESS
20. C2STAFFING SOLUTIONS
21. CCS
22. LOCAL 2110, TECHNICAL, OFFICE AND PROFESSION
23. US BANK NATIONAL ASSOCIATION, AS TRUSTEE
24. AINSWORTH INC.
25. ALEX GREYSTOKE
26. ALLIANT RETIREMENT SRVCS
27. ANNA SOBEL
28. ASSURED ENVIORNMENTS
29. BEN JACOFF
30. CANON FINANCIAL
31. CELL MECHANIC INC

32. CHEFSWAREHOUSE
33. CORPORATE CREATIONS INT'L
34. CTSI
35. CORPORATION COUNSEL OF THE CITY OF NEW YORK
36. DAVID FAGAN
37. DRUIDE INFORMATIQUE INC.
38. ECO-INVESTIGATORS BK LLC
39. FISHER BROTHERS MANAGEMENT CO LLC
40. FRETTA REITZES CONSULTING
41. HEALTH REWARDS RETRO
42. CMB CONSULTING
43. CORPORATE POWER INC
44. CYDELLE BERNLIN
45. DA DAVIDSON
46. DAVIS WRIGHT TREMAINE LLP.
47. DUALFUEL
48. ENZO CLINICAL LABS
49. FLUSHING BANK
50. FRONTSTREAM
51. HR DIRECT
52. CONSULTING AND TESTING SRVCS
53. CSC
54. DAKOM SERVICE INC
55. DISTRICT CENTRAL STATION LLC
56. DARKHEI NAOM
57. F&J ASSIGNING INC
58. FOLLETT SCHOOL SOLUTIONS
59. GLEASON & KOATZ LLP
60. IBERIAN ELECTRIC
61. ICCS
62. JAMIE BIG SHOT EVANS
63. LOVE YOU LIKE, LLC
64. MANHATTAN PLACEMENTS
65. NARDA SKOV, MPH
66. NONPROFITHR
67. NEXUS TECHNOLOGIES, LLC
68. PAUL WILLIAMS
69. RENEE WATSON
70. ROE INTRIERI
71. INRESONANCE INC
72. KEN HORNBECK
73. M. THOMAS LANGAN
74. MICHELE SOLA
75. NIKKOLAS SMITH
76. NYSAIS
77. PITNEY BOWLS LEASING

78. RHYR POWELL
79. ROGER MINTZ, CPA LLC
80. INTERNAL REVENUE SERVICE
81. KODELY (ALOKA LLC)
82. MAIYA JACKSON
83. NIKOLE HANNAH-JONES
84. NYSAIS OPERATIONS
85. OFC & PROF UN LOCAL 210 UAW
86. RECIEVABLES CONTROL CORP
87. ROBERT J. MILLER & ASSOC
88. RUBICON WEST LLC
89. RUVNA, INC.
90. SCHOOL SPECIALTY
91. STAPLES
92. THE JANE GROUP
93. TOGETHERHOOD LLC
94. TRANE US INC.
95. US BANK NATIONAL ASSOCAIATION
96. US BANK
97. WEAVER AND TIDWELL
98. BRIAN S . LENNON
99. SAVVAS LEARNING COMPANY
100.    SCHULTE ROTH & ZABEL LLP
101.    STAPLES BUSINESS ADVANTAGE THOMAS RIGGLEMA
102.    THINK FORWARD FINANCIAL GROUP
103.    TOM HAYNIE
104.    US BANK/FLUSHING BANK
105.    WOLTERS KLUWER
106.    ROY J LESTER
107.    SCHOLASTIC
108.    SHERWIN WILLIAMS
109.    TELCO EXPERTS
110.    TIAA RETO
111.    TOTAL FIRE PROTECTION
112.    ULTIMATE IMPRESSIONS
113.    APPLE INC.
114.    IRS
115.    DAKON SERVICE INC.
116.    FISCHER LOAN

## District Court Judges for the Southern District of New York

1. RONNIE ABRAMS
2. VINCENT L. BRICCETTI
3. NAOMI REICE BUCHWALD
4. ANDREW L. CARTER
5. JESSICA G. L. CLARKE

6.  JOHN P. CRONAN
7.  GEORGE B. DANIELS
8.  KATHERINE POLK FAILLA
9.  PAUL G. GARDEPHE
10. CHARLES S. HAIGHT
11. ALVIN K. HELLERSTEIN
12. LEWIS A. KAPLAN
13. JOHN G. KOELTL
14. VICTOR MARRERO
15. ALISON J. NATHAN CIRCUIT JUDGE SITTING BY DESIGNATION
16. LORETTA A. PRESKA
17. EDGARDO RAMOS
18. JENNIFER L. ROCHON
19. LORNA G. SCHOFIELD
20. LOUIS L. STANTON
21. ARUN SUBRAMANIAN
22. LAURA TAYLOR SWAIN
23. JEANNETTE A. VARGAS
24. KIMBA M. WOOD
25. RICHARD M. BERMAN
26. VERNON S. BRODERICK
27. VALERIE E. CAPRONI
28. KEVIN CASTEL
29. DENISE L. COTE
30. PAUL A. CROTTY
31. PAUL A. ENGELMAYER
32. JESSE M. FURMAN
33. MARGARET M. GARNETT
34. PHILIP M. HALPERN
35. DALE E. HO
36. KENNETH M. KARAS
37. LEWIS J. LIMAN
38. COLLEEN MCMAHON
39. J. PAUL OETKEN
40. JED S. RAKOFF
41. JENNIFER H. REARDEN
42. NELSON S. ROMAN
43. CATHY SEIBEL
44. SIDNEY H. STEIN
45. RICHARD J. SULLIVAN CIRCUIT JUDGE SITTING BY DESIGNATION
46. ANALISA TORRES
47. MARY KAY VYSKOCIL
48. GREGORY H. WOODS

## **Magistrate Judges for the Southern District of New York**

1.  STEWART D. AARON
2.  KIM P. BERG
3.  SARAH L. CAVE

4. VALERIE FIGUEREDO
5. GABRIEL W. GORENSTEIN
6. GARY R. JONES
7. ANDREW E. KRAUSE
8. ROBERT W. LEHRBURGER
9. JUDITH C. MCCARTHY
10. BARBARA MOSES
11. SARAH NETBURN
12. KATHARINE H. PARKER
13. VICTORIA REZNIK
14. HENRY J. RICARDO
15. GARY STEIN
16. ROBYN F. TARNOFSKY
17. ONA T. WANG
18. JENNIFER E. WILLIS

## U.S. Attorney's Office for the Southern District of New York

1. JAY CLAYTON, US Attorney

## United States Trustee for the Southern District of New York (and Key Staff Members)

1. ALABA OGUNLEYE
2. AMANDA D. CASSARA
3. ANDREA B. SCHWARTZ
4. ANDY VELEZ-RIVERA
5. ANNIE WELLS
6. DANIEL RUDEWICZ
7. GREG M. ZIPES
8. ILUSION RODRIGUEZ
9. LINDA A. RIFFKIN
10. MADELEINE VESCOVACCI
11. MARK BRUH
12. MARY V. MORONEY
13. NADKARNI JOSEPH
14. PAUL K. SCHWARTZBERG
15. RACHEL E. SIEGEL
16. SHARA CORNELL
17. SYLVESTER SHARP
18. TARA TIANTIAN
19. VALENTINA VLASOVA