Presentment Date: August 7, 2025 at 12:00 p.m. (ET)
Objection Deadline: August 4, 2025 at 4:00 p.m. (ET)

| | |
|---|---|
| TOGUT, SEGAL & SEGAL LLP | PAUL, WEISS, RIFKIND, WHARTON & |
| One Penn Plaza, Suite 3335 | GARRISON LLP |
| New York, New York 10119 | 1285 Avenue of the Americas |
| (212) 594-5000 | New York, NY 10019 |
| Neil Berger | (212) 373-3000 |
| Brian Kreutter | Barry Langman |
| | |
| *Attorneys for Albert Togut,* | *Attorneys for Darkhei Noam* |
| *not Individually but Solely in his Capacity* | |
| *as Chapter 7 Interim Trustee* | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
: 
In re: : Chapter 7
: 
MANHATTAN COUNTRY SCHOOL, : Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC., :
: 
Debtor. :
: 
------------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER
REJECTING AMENDED FACILITY USE AGREEMENT**

**PLEASE TAKE NOTICE** that the undersigned, on behalf of Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of the estate of Manhattan Country School, will present the attached *Stipulation and Agreed Order Rejecting Amended Facility Use Agreement* (the "Stipulation and Agreed Order") to the Honorable David S. Jones, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in his Chambers at One Bowling Green, Courtroom 701, New York 10004-1408, at **12:00 p.m. (prevailing Eastern Time) on August 7, 2025 at 12:00 p.m.**

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, to the Stipulation and Agreed Order must be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, with a hard copy delivered directly to the Chambers of the Honorable David S. Jones, and shall be served by e-mail upon: (i) Togut, Segal & Segal LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and Brian W. Kreutter, Esq. (bkreutter@teamtogut.com); (ii) Paul Weiss, Rifkind, Wharton, & Garrison LLP, attorneys for Darkhei Noam, 1285 Avenue of the Americas, New York, New York 10019, Attn: Barry Langman, Esq. (blangman@paulweiss.com); (iii) the United States Trustee for the Southern District of New York, Alexander Custom House, One Bowling Green, Suite 534, New York, New York 10004, Attn: Andrew Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov); and (iv) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be actually received by all of them no later than **4:00 P.M. (prevailing Eastern Time), on August 4, 2025** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE THAT** if no objections are received prior to the Objection Deadline, the Court may enter the Stipulation and Agreed Order without a hearing.

DATED:  New York, New York
          July 28, 2025

                              Albert Togut, not individually but solely in his capacity as Chapter 7 Interim Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
BRIAN W. KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

2

| | |
|---|---|
| TOGUT, SEGAL & SEGAL LLP<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>Neil Berger<br>Brian Kreutter<br><br>*Attorneys for Albert Togut,*<br>*not Individually but Solely in his Capacity*<br>*as Chapter 7 Interim Trustee* | PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(212) 373-3000<br>Barry Langman<br><br>*Attorneys for Darkhei Noam* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
            :
In re:            :    Chapter 7
            :
MANHATTAN COUNTRY SCHOOL,            :    Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,            :
            :
        Debtor.            :
            :
------------------------------------------------------------------------ x

**STIPULATION AND AGREED ORDER REJECTING**
**AMENDED FACILITY USE AGREEMENT**

This stipulation (the "Stipulation") is entered into by and between Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of the estate (the "Estate") of Manhattan Country School, a/k/a Manhattan Country School, Inc. (the "Debtor") in the above-captioned case, and Darkhei Noam, a not-for-profit corporation ("Darkhei Noam", and the Trustee, the "Parties"):

**WHEREAS,** on May 16, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS,** on June 18, 2025 (the "Conversion Date"), the Court entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code (the "Conversion Order"); and

**WHEREAS,** on June 18, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor; he is duly qualified and is acting as Interim Trustee herein; and

**WHEREAS,** the Debtor and/or its wholly owned subsidiary, West 85th Street Owner LLC, is the owner of real property located at 150 West 85th Street a/k/a 150/156 West 85th Street, New York, New York (the "Schoolhouse"); and

**WHEREAS**, the Debtor and Darkhei Noam entered into an Amended Facility Use Agreement effective as of July 1, 2019, as amended by that certain Rider to Tenant Lease Agreement dated as of July 1, 2019 (as so amended, the "Existing Agreement"), providing Darkhei Noam with certain rights to use portions of the Schoolhouse on certain dates and times for religious services and other purposes, all as more fully described in the Existing Agreement; and

**WHEREAS**, the Debtor and Darkhei Noam entered into (i) that certain Memorandum of Understanding, dated March 28, 2023 (the "MOU"), pursuant to which, among other things, the term of the Existing Agreement was extended by five (5) years; and (ii) an amendment (the "Amendment") contemplated by the MOU, dated August 15, 2024, effectuating the terms of the MOU and setting forth certain other agreements between the Debtor and Darkhei Noam; and

**WHEREAS**, on June 19, 2025 the Trustee informed Darkhei Noam that, subject to limited access to remove the Darkhei Noam Property (as defined in the Conversion Order), Darkhei Noam would no longer have access to the Schoolhouse pursuant to the DN Contracts (as defined below); and

**WHEREAS,** the Parties agree that it is in their respective best interests for the Trustee to reject the Existing Agreement, the MOU, the Amendment and any other

2

agreements that are or may be in effect between them (collectively, the "DN Contracts").

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES:**

1. The Recitals set forth above are incorporated herein by reference.

2. This Stipulation shall be effective and enforceable immediately upon entry by the Court (the "Effective Date").

3. Following the execution of this Stipulation by the Parties, the Trustee shall promptly seek approval of this Stipulation by the Court. During the period between the execution by the Parties and the date that this Stipulation is "So Ordered" by the Court, the Parties agree that this Stipulation shall constitute a binding agreement and they shall do nothing contrary to the terms set forth herein.

4. The DN Contracts are rejected by the Trustee pursuant to Bankruptcy Code section 365, effective as of the Conversion Date.

5. Darkhei Noam retains the right to file a proof of claim against the Estate for or on account of rejection damages pursuant to the DN Contracts and section 365 of the Bankruptcy Code. To be timely, any claim by Darkhei Noam for rejection damages must be filed not later than the applicable bar date to be set in the bankruptcy case.

6. Upon entry of an Order approving this Stipulation, this Stipulation is immediately effective pursuant to F.R.B.P. 6004(h).

7. This Stipulation may not be modified or terminated, nor any of its provisions waived, except by a written agreement of the Parties that is approved by the Court.

8. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors and assigns. Nothing in

3

this Stipulation, whether express or implied, is intended to confer third-party beneficiary status or to otherwise confer any rights or remedies on any person or entity, other than the Parties and their predecessors, successors, assigns, affiliates and representatives as described herein.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, including any facsimile or "PDF" counterparts, and which together shall constitute one and the same agreement.

10. The Parties represent and acknowledge that, in executing this Stipulation, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation.

11. Each person signing this Stipulation represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party. Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties, nor a waiver of Darkhei Noam's rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

12. This Stipulation represents the Parties' mutual understandings and supersedes all prior agreements regarding the DN Contracts, whether in oral or written form.

13. No Party shall be deemed to be the drafter of this Stipulation for any purpose. Accordingly, this Stipulation shall be interpreted and construed in a

4

neutral manner in accordance with the plain meaning of the language contained herein and shall not be presumptively construed against any Party.

14. The Parties are authorized to take all actions necessary to effectuate the relief requested in this Stipulation.

15. The Parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties regarding this Stipulation in accordance with applicable law.

Dated: New York, New York
July 28, 2025

| | |
|---|---|
| ALBERT TOGUT<br>*Not Individually But Solely in His*<br>*Capacity as Chapter 7 Interim Trustee*<br>By His Attorneys<br>TOGUT, SEGAL & SEGAL LLP<br>By:<br>*/s/ Neil Berger*<br>NEIL BERGER<br>A Member of the Firm<br>One Penn Plaza – Suite 3335<br>New York, New York 10119<br>(212) 594-5000 | DARKHEI NOAM<br>By its Attorneys<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>By:<br><br>*/s/ Barry Langman*<br>BARRY LANGMAN<br>Counsel<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(212) 373-3000 |

**SO ORDERED**

this __ day of August, 2025
in New York, New York

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

5