**Presentment Date: September 15, 2025 at 12:00 p.m. (ET)**
**Objection Deadline: September 12, 2025 at 4:00 p.m. (ET)**

| | |
|---|---|
| TOGUT, SEGAL & SEGAL LLP<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>Neil Berger<br>Brian Kreutter<br><br>*Attorneys for Albert Togut,*<br>*not Individually but Solely in his Capacity*<br>*as Chapter 7  Trustee* | LEVY RATNER, P.C.<br>80 Eighth Avenue, 8th Floor<br>New York, NY 10011<br>Ryan J. Barbur<br><br>*Attorneys for Local 2110 UAW* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MANHATTAN COUNTRY SCHOOL, | : | Case No. 25-11009 (DSJ) |
| a/k/a MANHATTAN COUNTRY SCHOOL, INC., | : | |
| | : | |
| Debtor. | : | |

------------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION AND
### AGREED ORDER REJECTING UNION CONTRACTS

**PLEASE TAKE NOTICE** that the undersigned, on behalf of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate of Manhattan Country School, will present the attached *Stipulation and Agreed Order Rejecting Union Contracts* (the "Stipulation and Agreed Order") to the Honorable David S. Jones, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in his Chambers at One Bowling Green, Courtroom 701, New York 10004-1408, at **12:00 p.m. (prevailing Eastern Time) on September 15, 2025 at 12:00 p.m.**

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, to the Stipulation and Agreed Order must be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing

system and by all other parties in interest, with a hard copy delivered directly to the Chambers of the Honorable David S. Jones, and shall be served by e-mail upon:

(i) Togut, Segal & Segal LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and Brian W. Kreutter, Esq. (bkreutter@teamtogut.com); (ii) Levy Ratner, P.C., attorneys for Local 2110 UAW, 80 Eighth Avenue, 8th Floor, New York, NY 10011, Attn: Ryan J. Barbur, Esq. (rbarbur@levyratner.com); (iii) the United States Trustee for the Southern District of New York, Alexander Custom House, One Bowling Green, Suite 534, New York, New York 10004, Attn: Andrew Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov); and (iv) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be actually received by all of them no later than **4:00 P.M. (prevailing Eastern Time), on September 12, 2025** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE THAT** if no objections are received prior to the Objection Deadline, the Court may enter the Stipulation and Agreed Order without a hearing.

DATED:   New York, New York
         September 4, 2025

>                               Albert Togut, not individually but solely in his
>                               capacity as Chapter 7 Trustee,
>                               By His Attorneys,
>                               TOGUT, SEGAL & SEGAL LLP
>                               By:
>
>                               */s/ Neil Berger*
>                               NEIL BERGER
>                               BRIAN W. KREUTTER
>                               One Penn Plaza, Suite 3335
>                               New York, New York 10119
>                               (212) 594-5000
>                               neilberger@teamtogut.com
>                               bkreutter@teamtogut.com

2

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter

*Attorneys for Albert Togut,
Not Individually But Solely in His Capacity
as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MANHATTAN COUNTRY SCHOOL, | : | Case No. 25-11009 (DSJ) |
| a/k/a MANHATTAN COUNTRY SCHOOL, INC., | : | |
| | : | |
| Debtor. | : | |
| | : | |

------------------------------------------------------------------------x

## STIPULATION AND AGREED ORDER REJECTING UNION CONTRACTS

This stipulation (the "Stipulation") is entered into by and between Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of Manhattan Country School, a/k/a Manhattan Country School, Inc. (the "Debtor") in the above-captioned case, and Local 2110 UAW (the "Union", and with the Trustee, the "Parties").

**WHEREAS,** on May 16, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS,** on June 18, 2025 (the "Conversion Date"), the Court entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; and

1

**WHEREAS,** on June 18, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor; he duly qualified and is acting as Trustee herein; and

**WHEREAS,** prior to the Petition Date, the Debtor entered into a collective bargaining agreement with the Union effective as of March 14, 2022, as amended by a Memorandum of Agreement effective as of March 14, 2025 (as so amended, the "<u>Existing Agreement</u>"), setting forth the parties' rights and obligations, all as more fully described in the Existing Agreement; and

**WHEREAS,** the Trustee and the Union agree that it is in their respective best interests for the Trustee to reject the Existing Agreement and any other agreements that are or may be in effect between them (collectively, the "<u>Union Contracts</u>").

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES:**

1. The Recitals set forth above are incorporated herein by reference.

2. This Stipulation shall be effective and enforceable immediately upon entry by the Court.

3. Following the execution of this Stipulation by the Parties, the Trustee shall promptly seek approval of this Stipulation by the Court. During the period between the execution by the Parties and the date that this Stipulation is "So Ordered" by the Court, the Parties agree that this Stipulation shall constitute a binding agreement and they shall do nothing contrary to the terms set forth herein.

4. The Union Contracts are rejected pursuant to Bankruptcy Code section 365, effective as of the Conversion Date.

5. Nothing in this Stipulation terminates the Union's status as the exclusive bargaining representative of the bargaining unit members formerly employed by the Debtor. The Union retains the right to file proofs of claim against the Estate on behalf of the bargaining unit members, including, but not limited to, proofs of claim for

2

administrative expense claims under section 503(b) of the Bankruptcy Code and proofs of claim for or on account of rejection damages arising from the rejection of the Union Contracts pursuant to section 365 of the Bankruptcy Code. The Trustee's right to review and object to such claims are expressly reserved and are not waived. To be timely, any claim by the Union for rejection damages must be filed not later than the applicable bar date to be set in the bankruptcy case.

6. Upon entry of an Order approving this Stipulation, this Stipulation is immediately effective pursuant to F.R.B.P. 6004(h).

7. This Stipulation may not be modified or terminated, nor any of its provisions waived, except by a written agreement of the Parties that is approved by the Court.

8. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors and assigns. Nothing in this Stipulation, whether express or implied, is intended to confer third-party beneficiary status or to otherwise confer any rights or remedies on any person or entity, other than the Parties and their predecessors, successors, assigns, affiliates and representatives as described herein.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, including any facsimile or "PDF" counterparts, and which together shall constitute one and the same agreement.

10. The Parties represent and acknowledge that, in executing this Stipulation, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation.

3

11. Each person signing this Stipulation represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party. Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties, nor a waiver of the Union's rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

12. This Stipulation represents the Parties' mutual understandings and supersedes all prior agreements regarding the Union Contracts, whether in oral or written form.

13. No Party shall be deemed to be the drafter of this Stipulation for any purpose. Accordingly, this Stipulation shall be interpreted and construed in a neutral manner in accordance with the plain meaning of the language contained herein and shall not be presumptively construed against any Party.

14. The Parties are authorized to take all actions necessary to effectuate the relief requested in this Stipulation.

*[Remainder of Page Intentionally Left Blank]*

15. The Parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties regarding this Stipulation in accordance with applicable law.

Dated: New York, New York
September 4, 2025

| | |
|---|---|
| ALBERT TOGUT<br>Not Individually But Solely in His<br>Capacity as Chapter 7 Trustee<br>By His Attorneys<br>TOGUT, SEGAL & SEGAL LLP<br>By:<br>*/s/ Neil Berger*<br>NEIL BERGER<br>A Partner of the Firm<br>One Penn Plaza – Suite 3335<br>New York, New York 10119<br>(212) 594-5000 | LOCAL 2110 UAW<br>By Its Attorneys<br>LEVY RATNER, P.C.<br><br><br><br>*/s/ Ryan J. Barbur*<br>RYAN J. BARBUR<br>A Partner of the Firm<br>80 Eighth Avenue, 8th Floor<br>New York, NY 10011<br>(212) 627-8100 |

**SO ORDERED**

this __ day of _____, 2025
in New York, New York

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE