**Presentment Date:  October 2, 2025 at 12:00 p.m. (Eastern Time)**
**Objection Deadline:    September 29, 2025 at 4:00 p.m. (Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
*Attorneys for the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Eitan Blander

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x
                                                 :

In re:                                   :      Chapter 7
                                                :

MANHATTAN COUNTRY SCHOOL,     :      Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,  :
                                                :

                     Debtor.       :

--------------------------------------------------------------------- x

### NOTICE OF PRESENTMENT OF TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING ABANDONMENT OF DONATED FUNDS ACCOUNT

**PLEASE TAKE NOTICE** that upon the application (the "Application")[1] of

Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the

"Trustee") of the estate of Manhattan Country School, a/k/a Manhattan Country

School, Inc. (the "Debtor"), the undersigned will present for signature to the Honorable

David S. Jones, United States Bankruptcy Judge, at the United States Bankruptcy Court,

One Bowling Green, New York, New York, on **October 2, 2025 at 12:00 Noon** (the

"Presentment Date"), the proposed order annexed as **Exhibit A** to the Application (the

"Proposed Order"), authorizing the abandonment of two bank accounts containing

restricted donated funds (the "Donated Funds Accounts") to the authorized employee

representative of such accounts (the "Authorized Employee Representative").

---

[1]   Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application.

**PLEASE TAKE FURTHER NOTICE THAT** responses and objections, if any, to the Proposed Order must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name and address of the objecting party, the nature of the claim or interest of such party, the basis for the objection and the specific grounds thereof and include, where appropriate, proposed language to be inserted in the Proposed Order to resolve any such objection.

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, must also be filed with the Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Court's case filing system and by all other parties in interest, with a hard copy delivered directly to the Chambers of the Honorable David S. Jones, and served by email upon: (i) Togut, Segal & Segal LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com), and Eitan Blander, Esq. (eblander@teamtogut.com);  (ii) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004, Attn: Andy Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov);  and (iii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be actually received by all of them no later than **4:00 P.M. (prevailing Eastern Time) on September 29, 2025** (the "Objection Deadline").

*[Remainder of page left intentionally blank.]*

**PLEASE TAKE FURTHER NOTICE THAT** if no objections to the entry of

the Proposed Order are timely filed and served on or before the Objection Deadline, the

Proposed Order may be entered by the Court.

DATED:  September 9, 2025
         New York, New York

                                        ALBERT TOGUT, not individually but solely
                                        in his capacity as Chapter 7 Trustee,
                                        By His Attorneys,
                                        TOGUT, SEGAL & SEGAL LLP
                                        By:

                                        */s/ Neil Berger*
                                        NEIL BERGER
                                        EITAN BLANDER
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        (212) 594-5000


To:    Debtor;
       United States Trustee;  and
       All Parties Having Filed a Notice of Appearance

*Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- x
                                          :
In re:                                    :       Chapter 7
                                            :
MANHATTAN COUNTRY SCHOOL,       :       Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,  :
                                            :
                      Debtor.            :
                                            :
-----------------------------------------------------------------------x

## TRUSTEE'S APPLICATION FOR AN ORDER
## AUTHORIZING ABANDONMENT OF DONATED FUNDS ACCOUNT

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

        Albert Togut, not individually but solely in his capacity as the Chapter 7

Trustee (the "Trustee") of the of the estate (the "Estate") of Manhattan Country School,

a/k/a Manhattan Country School, Inc. (the "Debtor"), by his attorneys Togut, Segal &

Segal LLP (the "Togut Firm"), hereby submits this application (the "Application") for

entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed

Order"), pursuant to sections 105(a), 541(b)(1) and (d), and 554(a) of title 11 of the

United States Code, as amended (the "Bankruptcy Code"), Rule 6007(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6007-1(a) of the

Local Rules for the United States Bankruptcy Court for the Southern District of New

York (the "Local Rules"), authorizing the abandonment of two bank accounts

containing restricted donated funds (the "Donated Funds Accounts") to the authorized

employee representative of such accounts (the "Authorized Employee Representative").

In support of this Application, the Trustee respectfully submits the declaration of Neil Berger, Esq., annexed hereto as **Exhibit B** (the "Berger Declaration").

In further support of the Application, the Trustee, by and through his undersigned counsel, respectfully states:

### PRELIMINARY STATEMENT[1]

The Debtor is a not-for-profit corporation that operated a private school for Pre-K through 8th grade students in Manhattan (the "School") from 1966 until the Conversion Date.  After filing for Chapter 11 relief in May 2025, the Debtor continued School operations for approximately three weeks.  Parents and other community members donated funds to the Debtor for the specific and restricted purpose of funding payroll until the school semester ended on June 6, 2025.  The Debtor's Chapter 11 case converted to a case under Chapter 7 on June 16, 2025.

The Debtor used the Donated Funds Accounts to hold and disburse donations that the Debtor received.  The funds currently in the Donated Funds Accounts were funded through the $80,000 Donation, the grantor of which expressly stated that the funds be used for "staff payments."

The Trustee has determined that the restricted donated funds in the Donated Funds Accounts are not property of the Debtor's Estate pursuant to Bankruptcy Code sections 541(b)(1) and (d).  The Trustee has further concluded that continued control of the Donated Funds Accounts does not benefit the Estate and is burdensome to the Estate.

The Trustee seeks approval of the Court to abandon the Donated Funds Accounts to the Authorized Employee Representative:  Princess Lyles, the former

---

[1] Capitalized terms used but not defined in this Preliminary Statement shall have the meaning ascribed in the sections that follow.

2

President of the School and the Debtor's primary representative during the bankruptcy case.  The Authorized Employee Representative was the authorized representative of the Debtor with control of the Donated Funds Accounts as of the Conversion Date.  The Authorized Employee Representative has agreed to take responsibility for the Donated Funds Accounts and to disburse the restricted donated funds to school staff consistent with the donor's request.

## JURISDICTION AND VENUE

1.        This United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* for the Southern District of New York, dated January 31, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        The statutory predicates for the relief sought herein are sections 105(a), 541(b)(1) and (d), and 554(a) of the Bankruptcy Code, Bankruptcy Rule 6007(a), and Local Rule 6007-1(a).

## BACKGROUND

### I.        The Debtor's Bankruptcy Case

3.        The Debtor is a not-for-profit corporation that operated the School from 1966 until the Conversion Date (defined below).  The Debtor is registered as a charitable organization under the New York Not-for-Profit Corporation Law.

4.        On May 16, 2025, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

5.        Following the Petition Date, the Debtor continued School operations for approximately three weeks.  Parents and other community members

donated funds to the Debtor to fund payroll until the school semester ended on June 6, 2025.

6.      Pursuant to an Order of the Court dated June 18, 2025 [Docket No. 49] (the "Conversion Date"), the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code.

7.      On June 18, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor [Docket No. 50];  he duly qualified and is acting as Trustee herein.

## II.    The Donated Funds Accounts

8.      Prior to the Conversion Date, the Debtor used a checking account ending in *6199 and a savings account ending in *0160 at Chase Bank (the "Donated Funds Accounts") primarily to hold and disburse donations that the Debtor received.

9.      As of the Conversion Date, the Authorized Employee Representative was the authorized signatory with control of the Donated Funds Accounts on behalf of the Debtor.

10.      As of June 30, 2025, the balance on hand in the Donated Funds Accounts was approximately $81,400.  Almost the entirely of this amount was funded through a $80,000 donation made in June 2025 by an anonymous donor through FIDELITY Charitable, with the express designation that it be used for "staff payments" (the "Donation").  A copy of email correspondences with FIDELITY Charitable regarding the charitable nature and designated purpose of the Donation is attached hereto as **Exhibit C**.

11.      The Authorized Employee Representative has provided to the Trustee a proposal (the "Proposal") for the specific intended uses of the funds in the Donated Funds Accounts consistent with the Donation—primarily payment of

4

outstanding post-petition wage claims, reimbursement of out-of-pocket expenses, and payment of retirement contributions obligations owed to former employees of the School (the "Former Employees").[2]  A copy of the Proposal is attached hereto as **Exhibit D.**  The Authorized Employee Representative has agreed to disburse the funds to and on behalf of the Former Employees pursuant to the Proposal once the Donated Funds Accounts are abandoned to them.

## RELIEF REQUESTED

12.    The Trustee seeks entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order") authorizing the abandonment of the Donated Funds Accounts to the Authorized Employee Representative.  The Trustee respectfully submits that the relief requested herein and the abandonment of the Donated Funds Accounts is reasonable and represents an appropriate exercise of his sound business judgment.

## BASIS FOR RELIEF

13.    Pursuant to section 541 of the Bankruptcy Code, property of the estate excludes "any power that the debtor may exercise solely for the benefit of an entity other than the debtor," 11 U.S.C. § 541(b)(1), as well as "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . ."  11 U.S.C. § 541(d).  Similarly, the estate does not include property containing "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law. . . ."  11 U.S.C. § 541(c)(2).

14.    Under New York law, a charitable organization may not apply funds donated for a specific purpose for other purposes inconsistent with the donor's

---

[2]    Approximately $40,000 will be paid to TIAA on account of retiree benefits that are due and payable to the fund that administers such benefits.

directions.  *See, e.g., In re Diocese of Buffalo, N.Y.,* 2025 WL 1684315, at *2 (Bankr.

W.D.N.Y. June 6, 2025) ("Under New York law, a charitable corporation must honor a

donor's direction and intention. Thus, 'it has been widely recognized that the stated

purpose for which the donation was made constitutes a binding restriction as to the use

of the donation.'") (quoting 18 NY JUR. 2d *Charities* § 26 (2011));  *see also Saint Joseph's*

*Hospital v. Bennett*, 281 N.Y. 115, 123 (1939) ("[A charitable corporation] may not,

however, receive a gift made for one purpose and use it for another, unless the court

applying the *cy pres* doctrine so commands.").

15.     The funds in the Donated Funds Accounts were donated for the

specific purpose of funding employee compensation and benefits and are therefore

restricted from being used for other purposes, including payment of general creditors of

the Debtor.  "[A]lthough gifts to a charitable organization do not create a trust in the

technical sense, where a purpose is stated a trust will be implied."  *Lefkowitz v.*

*Lebensfeld*, 68 A.D.2d 488, 496, 417 N.Y.S.2d 715 (1st Dept. 1979).  The Trustee has

determined that the funds contained in the Donated Funds Accounts are being held in

trust for the benefit of the Former Employees and cannot be administered for the benefit

of the Estate under nonbankruptcy law.

16.     Section 554 of the Bankruptcy Code provides a mechanism by

which property deemed "burdensome" or of "inconsequential value and benefit" to a

debtor's estate may be abandoned.  *See* 11 U.S.C. § 554.

17.     Section 554(a) of the Bankruptcy Code provides that a trustee "after

notice and hearing . . . may abandon any property of the estate that is burdensome to

the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C.

§ 554(a);  *see also In re Grossinger's Associates*, 184 B.R. 429, 432 (Bankr. S.D.N.Y 1995).  A

trustee's power to abandon property is discretionary and is "bounded only by that of

the court." *In re Interpictures, Inc.*, 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994). Courts commonly apply the business judgment standard in reviewing a trustee's decision to abandon assets of inconsequential value and benefit to its estate. *See, e.g.*, *In re Partsearch Techs., Inc.*, Case No. 10282 (MG), 2011 WL 10620313, at *2 (Bankr. S.D.N.Y. Apr. 21, 2011) (authorizing the abandonment of de minimis assets pursuant to disposition procedures to the extent determined in reasonable business judgment that a sale of the assets is not practical or economically efficient); *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 585 (Bankr. S.D.N.Y. 2016) (authorizing abandonment of personalty in connection with the rejection of a related aircraft lease).

18. The Trustee has determined that the cost and effort associated with maintaining the Donated Funds Accounts and/or disbursing the funds to the Former Employees renders the accounts burdensome to the Estate. Alternatively, if the Trustee were to seek to disburse the funds in the Donated Funds Accounts to the Former Employees consistent with the intended purpose of the Donation, it would require the Trustee and his professionals to incur additional time and expenses in complying with payroll and tax regulations. Indeed, ADP TotalSource, Inc., the Debtor's payroll provider, terminated its client services agreement with the Debtor pursuant to a *Consent Order* approved by the Bankruptcy Court on July 9, 2025 [Docket No. 64].

19. By abandoning the Donated Funds Accounts to the Authorized Employee Representative, the Trustee will avoid incurring continued costs in connection with maintaining or administering Donated Funds Accounts, with limited corresponding benefit to the Estate.

20. Additionally, the Authorized Employee Representative has agreed to disburse the funds in the Donated Funds Accounts to the Former Employees consistent with the Proposal. The Authorized Employee Representative has expressly

consented to entry of the Proposed Order, as evidenced her signatures affixed to the Proposed Order.

21.     The Trustee respectfully submits that ample cause has been established to conclude that the Donated Funds Accounts are burdensome to the Estate and that the Trustee has demonstrated sound business judgment in support of abandonment.

22.     Local Rule 6007-1 requires that notice of a proposed abandonment describe the property to be abandoned, state the reason for the proposed abandonment and identify the entity to whom the property is proposed to be abandoned, unless the Court orders otherwise.  The Trustee has described in this Application the Donated Funds Accounts to be abandoned, and to whom it will be abandoned.  The Trustee submits that this Application satisfies the requirements of Local Rule 6007-1.

**WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

23.     The Trustee also requests that the Court waive any applicable stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Trustee seeks in this Application is necessary to preserve value for the Estate by avoiding the unnecessary administrative costs and expenses of administering accounts in which the Estate has no equitable interest.  Accordingly, the Trustee respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent applicable to the relief sought herein.

## NOTICE

24.     Notice of this Application will be served upon:  (i) the United States Trustee;  (ii) the Debtor, by its authorized representative;  (iii) the Authorized Employee Representative;  (iv) the Former Employees;  (v) all known creditors of the Debtor;  and (vi) all parties who have filed a Notice of Appearance in this case.  The Trustee respectfully submits that under the relevant circumstances, no other or further notice need be given.

## PRIOR REQUEST

25.     No previous request for the relief sough therein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, The Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, granting the relief sought in this Application and such other and further relief as may be just and proper.

DATED:  New York, New York
            September 9, 2025

ALBERT TOGUT, *not individually but solely in his capacity as the Chapter 7 Trustee,*
By his Attorneys,
TOGUT, SEGAL & SEGAL LLP,
By:

*/s/ Neil Berger*
NEIL BERGER
A Member of the Firm
One Penn Plaza - Suite 3335
New York, New York 10119
(212) 594-5000

9

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
                                                  :

In re:                                   :        Chapter 7
                                                  :
MANHATTAN COUNTRY SCHOOL,        :        Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,   :
                                                  :
                          Debtor.        :
                                                  :
---------------------------------------------------------------------- x

**ORDER AUTHORIZING**
**ABANDONMENT OF DONATED FUNDS ACCOUNTS**

      Upon the application (the "Application")[1] of Albert Togut, not

individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the of

the estate (the "Estate") of Manhattan Country School, a/k/a Manhattan Country

School, Inc. (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut

Firm"), for entry of an order (this "Order"), pursuant to sections 105(a), 541(b)(1) and

(d), and 554(a) of the Bankruptcy Code, Bankruptcy Rule 6007(a), and Local Rule 6007-

1(a), authorizing the abandonment of the Donated Funds Accounts to the Authorized

Employee Representative; and upon the declaration of Neil Berger, annexed as **Exhibit**

**B** to the Application; and it appearing that the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this

proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and it appearing that good and sufficient notice of this Application and the

opportunity for a hearing to consider this Application was appropriate under the

circumstances of the Chapter 7 Case and that no other or further notice need be given;

and after due deliberation and sufficient cause appearing therefor,

---

[1]    All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the
    Application.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is hereby granted to the extent set forth herein.

2.      The Donated Funds Accounts maintained at Chase Bank with account numbers ending *0160 and *6199 are abandoned to the Authorized Employee Representative pursuant to section 554 of the Bankruptcy Code, effective as of the date of this Order.

3.      The Authorized Employee Representative shall disburse the funds consistent with the Proposal and in doing so, they shall not be liable or responsible to the Estate or any third party.  For the avoidance of doubt, any stay under section 362 of the Bankruptcy Code shall be deemed modified to allow the Authorized Employee Representative to disburse the funds in the Donated Funds Accounts pursuant to the Proposal.

4.      The Trustee and his retained professionals are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order, and he and the Togut Firm may sign such documents as may be necessary or appropriate to effectuate the relief granted in this Order.

5.      To the extent applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is waived regarding any abandonment conducted in accordance with this Order.

6.      This Order is immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction for all matters arising from or related to the

interpretation, implementation, or enforcement of this Order.

Dated:   October __, 2025
       New York, New York

                                _____
                                THE HONORABLE DAVID S. JONES
                                UNITED STATES BANKRUPTCY JUDGE

Agreed to by:

/s/ *Princess Lyles*
Princess Lyles
Proposed Authorized Employee Representative

## Exhibit B

### Berger Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

In re:                                                                    :        Chapter 7
                                                                          :
MANHATTAN COUNTRY SCHOOL,                                                 :        Case No. 25-11009 (DSJ)
a/k/a MANHATTAN COUNTRY SCHOOL, INC.,                                     :
                                                                          :
                                    Debtor.                               :
                                                                          :
------------------------------------------------------------------------x

## DECLARATION OF NEIL BERGER, ESQ.
## IN SUPPORT OF TRUSTEE'S APPLICATION FOR AN ORDER
## AUTHORIZING ABANDONMENT OF DONATED FUNDS ACCOUNTS

I, Neil Berger, Esq., hereby declare under penalty of perjury, pursuant to

section 1746 of title 28 of the United States Code, as follows:

1.      I am a partner of the law firm of Togut, Segal & Segal LLP

(the "Togut Firm"), counsel to of Albert Togut, not individually but solely in his

capacity as the Chapter 7 Trustee (the "Trustee") of the of the estate (the "Estate") of

Manhattan Country School, a/k/a Manhattan Country School, Inc. (the "Debtor").[1]  I

submit this declaration in support of the Trustee's application for an order authorizing

the abandonment of the Donated Funds Accounts pursuant to sections 105(a), 541(b)

and (d), and 554(a) of the Bankruptcy Code (the "Application").

2.      I have reviewed the Application.  To the best of my knowledge,

information and belief, all statements in the Application are true and correct.  The

statements set forth herein are based upon my personal knowledge and my privileged

communications with the Trustee.

3.      Prior to the Conversion Date, the Debtor used a checking account

ending in *6199 and a savings account ending in *0160 maintained at Chase (the

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
      Application.

"<u>Donated Funds Accounts</u>") in connection with School operations to hold and disburse donations that the Debtor received.

4.      As of the Conversion Date, the Authorized Employee Representative was an authorized signatory with control of the Donated Funds Accounts on behalf of the Debtor.  The Authorized Employee Representative is Princess Lyles, the former President of the School and the primary representative of the Debtor during the bankruptcy case.

5.      As of June 30, 2025, there was approximately $81,400 in funds in the Donated Funds Accounts.  Almost the entirely of this amount was funded through a restricted $80,000 donation made in June 2025 by an anonymous donor through FIDELITY Charitable, with the express designation that it be used for "staff payments" (the "<u>Donation</u>").  A copy of email correspondences with FIDELITY Charitable regarding the charitable nature and designated purpose of the Donation is attached to the Motion as **Exhibit C**.

6.      The Authorized Employee Representative has provided to the Trustee a proposal (the "<u>Proposal</u>") for the specific intended uses of the funds in the Donated Funds Accounts consistent with the Donation—payment of outstanding post-petition wage claims, reimbursement of out-of-pocket expenses, and payment of retirement contributions obligations owed to former employees of the School (the "<u>Former Employees</u>").  A copy of the Proposal is to the Motion as **Exhibit D.**  The Authorized Employee Representative has agreed to disburse the funds to and on behalf of the Former Employees pursuant to the Proposal once the Donated Funds Accounts are abandoned to them.

7.      The funds in the Donated Funds Accounts were donated for the specific purpose of funding payroll and employee benefits and are therefore restricted

from being used for other purposes, including payment of general creditors of the Debtor.   The Trustee has determined that the funds contained in the Donated Funds Accounts are being held in trust for the benefit of the Former Employees and cannot be administered for the benefit of the Estate under nonbankruptcy law.

8.      The Trustee has determined that the cost and effort associated with maintaining the Donated Funds Accounts and/or disbursing the funds to the Former Employees renders the accounts burdensome to the Estate.  Alternatively, disbursement of the funds in the Donated Funds Accounts by the Trustee to the Former Employees consistent with the intended purpose of the Donation would require the Trustee and his professionals to incur additional time and expenses in complying with payroll and tax regulations.  Indeed, ADP TotalSource, Inc., the Debtor's payroll provider, terminated its client services agreement with the Debtor pursuant to a *Consent Order* approved by the Bankruptcy Court on July 9, 2025 [Docket No. 64].

9.      By abandoning the Donated Funds Accounts to the Authorized Employee Representative, the Trustee will avoid incurring continued costs in connection with maintaining or administering Donated Funds Accounts with limited corresponding benefit to the Estate.

10.     Additionally, the Authorized Employee Representative has agreed to disburse the funds in the Donated Funds Accounts to the Former Employees consistent with the Proposal.  The Authorized Employee Representative has expressly consented to entry of the Proposed Order, as evidenced by her signature affixed to the Proposed Order.

11.     Based upon the foregoing and what is set forth in the Application, the Trustee has concluded that the Donated Funds Accounts are burdensome to the Estate and should be abandoned to the Authorized Employee Representative.

3

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  September 9, 2025
New York, New York

/s/ Neil Berger
NEIL BERGER

## Exhibit C

**Correspondence Regarding Donation**



**From:** **Eitan Blander** eblander@teamtogut.com
**Subject:** Re: Manhattan Country School - $ 80 K charitable contribution - gameplan - plus other 403b planning topics
**Date:** August 5, 2025 at 6:42 PM
**To:**

---

---------- Forwarded message ---------
From: **Ruben Ortiz** <rjortiz57@gmail.com>
Date: Mon, Jun 16, 2025 at 4:12 PM
Subject: Re: Fidelity Charitable Message REF# W971402-06JUN25
To: Grants <Grants@fmr.com>
Cc: Princess Lyles <plyles@manhattancountryschool.org>

Hello,

Please find below the answers to your questions. Please let me know if you need anything further or have any additional questions.

**Additional information regarding this donation.**

Designation: Staff payments.

Grant Amount: $80,000.00

Grant acknowledgment: Remain anonymous

**PLEASE ANSWER ALL OF THE FOLLOWING QUESTIONS BELOW:**

1.   The individual referenced in the special purpose (is / is not) employed by the charity. Correct. Is not employed by MCS.

2.   This individual (was / was not) hired through a formal selection process. Correct. Not employed by MCS.

3.   The donor (does / does not) have control over this selection process. The donor does not have control over this selection process.

4.   The salary expenses (are / are not) included in the charity's budget. These are budget expenses and grants help offset our operating expenses.

5.   The individual's salary is determined by: (provide a detailed description of the process) The mass majority of our staff and their salaries and benefits are determined by the interview process, application and local market for school based staff.

6.   (Insert title of the individual or group) is responsible for making the salary determination for the year. Maiya Jackson (Head of School) & Princess Lyles (President)

7.   The individual (will / will not) receive a salary if this donation is not made. This grant supports the overall staff of Manhattan Country and not one individual.

8.   Funds that are granted in excess of the predetermined salary amount

are: (provide a detailed description of where excess funds are applied).
These funds are used to fund payroll and employee related benefits.

9.   This grant (is / is not) benefiting the donor or a related party. Correct. It is
not.

10. This grant is 100% tax deductible. No one is receiving goods or services
in connection with this grant. Yes, correct.


Thank you,

Ruben


On Mon, Jun 16, 2025 at 1:58 PM Grants <Grants@fmr.com> wrote:

Dear Colleague,


A Fidelity Charitable® donor is considering a potential grant to your organization.
Fidelity Charitable® is an independent, 501(c)(3) public charity that operates a
donor-advised fund program exclusively for charitable purposes.


Fidelity Charitable policies require reviewing all grant recommendations to ensure
that grants are used exclusively for proper charitable purposes. In order for us to
proceed with the recommendation additional information is needed.


**Additional information regarding this donation.**

Designation: Staff payments.

Grant Amount: $80,000.00

Grant acknowledgment: Remain anonymous


**PLEASE ANSWER ALL OF THE FOLLOWING QUESTIONS BELOW:**

1. The individual referenced in the special purpose (is / is not) employed by the
   charity.
2. This individual (was / was not) hired through a formal selection process.
3. The donor (does / does not) have control over this selection process.
4. The salary expenses (are / are not) included in the charity's budget.
5. The individual's salary is determined by: (provide a detailed description of the
   process)
6. (Insert title of the individual or group) is responsible for making the salary
   determination for the year.
7. The individual (will / will not) receive a salary if this donation is not made.
8. Funds that are granted in excess of the predetermined salary amount are:
   (provide a detailed description of where excess funds are applied)
9. This grant (is / is not) benefiting the donor or a related party.

10. This grant is 100% tax deductible. No one is receiving goods or services in connection with this grant.

**\*Please provide your name and title with the organization if you are able to confirm this information\***

If you have any questions, please contact a Fidelity Charitable representative on 800-952-4438, option 4, Monday through Friday, 8:30 a.m. to 5 p.m. Central time, and reference the following number: W971402-06JUN25

Thank you,

**FIDELITY Charitable**

800-952-4438, Option 4 I Two Destiny Way, WF2F I Westlake, TX  76262

Enroll to receive grants faster and safely with Electronic Funds Transfer. Sign up

<image002.png>

Any discussion of federal income tax contained in this email is not

intended or written to be used for the purpose of avoiding IRS Penalties.

## Exhibit D

## Proposal

| Person/ Entity | What is owed | Notes | | Zelle |
|---|---|---|---|---|
| Jenna | $1,395 | Consulting | | |
| Nikki Berryman | $16,440 | Consulting and Coaching stipends | | |
| Ilene Green | $1,000 | Consultant- psychologist services May | | |
| Adam | $1,478.62 | 35.72 hours for June time | | |
| John Mc Daniel | $3,000 | Through May 2025 | | |
| TIAA 5/30 | $13,633.17 | Retirement | | |
| TIAA 6/17 | $16,901.30 | Retirement | | |
| Caroline Biggers | $150.00 | 3 hours of work | | |
| Anna Sobel | $1,283.57 | 30 hours June 16-June 30 | 1500 reduced by $216.43 based on cash on hand | |
| Jenny Eugenio | $2,461.60 | June 16-June 30  50% | Multipled the daily rate by the percentage indicated for the days worked | |
| Andrew Hume | $1,850.95 | June 16-June 30  50% | Multipled the daily rate by the percentage indicated for the days worked | |
| Maiya Jackson | $3,600.00 | June 16-June 30  50% | Multipled the daily rate by the percentage indicated for the days worked | |
| Princess Lyles | $3,365.40 | June 16-June 30  50% | Multipled the daily rate by the percentage indicated for the days worked | ███████ |
| Ruben Ortiz | $4,667.68 | June 16-June 22  & 24 100% | Multipled the daily rate by the percentage indicated for the days worked | |
| Jeff Gomez | $2,600.00 | June 16-June 30 50% | Multipled the daily rate by the percentage indicated for the days worked | |
| Alisa Soriano | $2,731.60 | June 16-June 30 50% | Multipled the daily rate by the percentage indicated for the days worked | |
| Taina Coleman | $2,884.60 | June 16-June 30  50% | Multipled the daily rate by the percentage indicated for the days worked | |
| Maiya Jackson reimbursement | $400 | Paid to staff due to late payroll | | |
| Taina Coleman reimbursement | $200.00 | Paid to staff due to late payroll | | |
| Jasmine Bailey Reimbursement | $170.00 | Fees due to late past payrolls | | |
| Diwa Reimbursement | $1,053.00 | Fees due to late past payrolls | | |
| Alisa Soriano reimbursement | $150.00 | Paid to staff due to late payroll | | |
| | | | | |
| | $81,416 | | | |