TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Anthony L. Greene

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                :

In re:                             :

                             :     Chapter 7

                             :     Case No. 25-11009 (DSJ)

MANHATTAN COUNTRY SCHOOL *et al.*,  :

                             :     (Jointly Administered)

        Debtors. [1]         :

                             :

-------------------------------------------------------------x

### CHAPTER 7 TRUSTEE'S *EX PARTE* APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NOTICE PROCEDURES UNDER RULES 2002 AND 6007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

        Albert Togut, not individually but solely in his capacity as the Chapter 7

Trustee of the estate of Manhattan Country School ("MCS") and the Chapter 7 Interim

Trustee (in such respective capacities, as applicable, the "Trustee") of the estate of West

85th Street Owner LLC ("Owner LLC," and, together, with MCS, the "Debtors"), by his

attorneys, Togut, Segal, & Segal LLP, respectfully submits this application (the

"Application") for entry of an order substantially annexed hereto as **Exhibit "A"** (the

"Proposed Order") establishing notice procedures pursuant to section 105(a) of title 11

of the United States Code (the "Bankruptcy Code") and Rules 2002(h) and (m) and

---

[1]    The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ);  and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

6007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In

support of this Application, the Trustee respectfully states:

## JURSIDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28

U.S.C. § 1334 and the M-431 Amended Standing Order of Reference from the United

States District Court for the Southern District of New York, dated January 31, 2012.  This

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this

district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The relief sought herein is based upon section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 2002(h) and (m) and 6007(a).

## BACKGROUND

3.      On May 16, 2025, MCS filed a voluntary petition for relief (the

"MCS Case") under Chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of New York (the "Court").

4.      On June 13, 2025, the MCS filed a motion to convert the Chapter 11

Case to a case under Chapter 7 of the Bankruptcy Code, which the Court approved by

an order dated June 18, 2025.

5.      On June 18, 2025, Mr. Togut was appointed as the Chapter 7

Interim Trustee of MCS;  he duly qualified and is acting as Trustee herein.

6.      Pursuant to an Order of the Court dated June 18, 2025 [Docket No.

49] (the "Conversion Date"), the Debtor's case was converted to a case under Chapter 7

of the Bankruptcy Code.

7.      On June 18, 2025, Mr. Togut was appointed as the Chapter 7

Interim Trustee of the Debtor [Docket No. 50];  he duly qualified and is acting as

Trustee herein.

8.      Following consultation with the United States Trustee and Flushing Bank, the Debtors' senior secured creditor regarding the Schoolhouse, on September 3, 2025, the Trustee filed a voluntary petition for relief under Chapter 7 of title 11 in the United States Bankruptcy Court for the Southern District of New York for Owner LLC (the "Owner LLC Case," and together with the MCS Case, the "Chapter 7 Cases") to facilitate his efforts to administer the Debtors' estates.

9.      On September 4, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of Owner LLC;  he duly qualified and is acting as Interim Trustee of Owner LLC.

10.      On September 12, 2025, the Court entered an order directing the joint administration of the Chapter 7 Cases for procedural purposes only [Docket No. 84].

11.      MCS is the sole member and 100% owner of Owner LLC.  Owner LLC is the fee simple owner of real property owned by Owner LLC located at 150 West 85th Street (Block 1215, Lot 53), New York, New York (the "Schoolhouse"), which MCS used to operate a private school in the Upper West Side of Manhattan.

12.      In the Schedules of Assets and Liabilities (the "Schedules") that were filed with their respective Petitions, MCS listed approximately ninety (90) unsecured creditors on Schedule E/F (the "Scheduled Creditors").  Owner LLC did not list any unsecured creditors on the Schedule E/F filed with its Petition.

13.       The Trustee respectfully submits that the cost and expense of serving copies of all motion papers pursuant to Rule 2002 and/or Rule 6007 to all known creditors of the Debtors, including all Scheduled Creditors, will be administratively burdensome and expenses for the Debtors' estates.

## RELIEF REQUESTED

14.     The Trustee seeks entry of an order, substantially in the form of the Proposed Order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(h) and (m) and 6007(a) authorizing notice procedures (such procedures, the "Notice Procedures"), and establishing that service of all notices required to be given by the Trustee under Bankruptcy Rules 2002(a)(2), (3), (4) and (6) and 6007(a) shall be sufficient if served: (I) by regular mail or email (where available) upon: (a) the United States Trustee;  (b) the Debtors;  (c) all parties that have filed a notice of appearance;  (d) any party that is directly impacted by a particular pleading; (e) any person who contacts the Trustee and requests a copy of a particular pleading; and (f) all creditors that filed Proofs of Claim;  and (II) by email upon each Scheduled Creditor who provides the Trustee with an email address with which service can be made (collectively, the "Notice Parties").

15.     The Proposed Order, once entered, will be served on all of the Debtors' known creditors and parties in interest, including the Scheduled Creditors, and will provide that any Scheduled Creditor and any other creditor or party in interest shall have 21 days from the date of entry of the Proposed Order to request that they be included in the email service list for this case by providing an email address for service.

16.     Pursuant to the Notice Procedures, if approved by this Court, notice and service of all future motions, applications, pleadings, orders, and papers that may be filed or entered in the Chapter 7 Cases and which require notice pursuant to Bankruptcy Rules 2002(a)(2), (3), (4) and (6), and 6007(a) will be sufficient if served to the Notice Parties.

17.     The Trustee seeks entry of an order, substantially in the form of the Proposed Order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy

Rules 2002(m) and (h) and 6007(a), limiting notice required by Bankruptcy Rule

2002(a)(2), (3), (4) and (6), and 6007(a) to only the Notice Parties.

## BASIS FOR RELIEF REQUESTED

18.     Bankruptcy Rule 2002(m) provides that, except as otherwise

provided in the Bankruptcy Rules, "the court may designate the matters about which,

the entity to whom, and the form and manner in which a notice must be sent."  Fed. R.

Bankr. P. 2002(m).

19.     Moreover, Bankruptcy Rule 2002(h)(1) provides:

In a voluntary chapter 7 case . . . after 70 days following the order for
relief under that chapter . . . the court may direct that all notices
required by subdivision (a) of this rule be mailed only to:

- •     the debtors,
- •     the trustee,
- •     all indenture trustees,
- •     creditors that hold claims for which proofs of claim have been
  filed, and
- •     creditors, if any, that are still permitted to file claims by reason
  of an extension granted pursuant to Rule 3002(c)(1) or (c)(2).

Fed. R. Bankr. P. 2002(h)(1).

20.     Bankruptcy Rule 6007(a), regarding the procedure for the

abandonment of property by a trustee of debtor in possession, provides that "[*u*]*nless*

*the court orders otherwise*, the trustee or debtor in possession must give notice of a

proposed abandonment or disposition of property to:  all creditors;  all indenture

trustees;  any committees appointed or elected under the Code;  and the United States

trustee."  (Emphasis added).

21.     Finally, section 105(a) of the Bankruptcy Code provides the

Bankruptcy Court broad authority and discretion to enforce the provisions of the

Bankruptcy Code either under specific statutory authority or under equitable common law principle.

22.     The Trustee has concluded that the cost and expense of making service of all pleadings in this case upon all creditors, including the Scheduled Creditors, would be impracticable and unnecessarily expensive.  The Trustee respectfully submits that limiting service to the Notice Parties will substantially reduce administrative costs and burdens, and will result in substantial cost savings and efficiencies to the Debtors' estates.

23.     Moreover, limiting notice to the Notice Parties will ensure that parties with a vested interest in this case continue to receive notice.  In order to be included in the Notice Parties, Scheduled Creditors need only (i) file a proof of claim in the respective Debtors' case, or (ii) have counsel for such party file a notice of appearance in the Chapter 7 Cases.  The notices regarding the First Meeting of Creditors pursuant to §341 of the Bankruptcy Code have already been served upon all known creditors of the estates and parties-in-interest, including the Scheduled Creditors.  And significantly, the Proposed Order does not seek to limit notice under Bankruptcy Rule 2002(a)(7) to the Notice Parties, and notices regarding the time fixed for filing proofs of claims in the Chapter 7 Cases will be served upon all known creditors, including the Scheduled Creditors.

24.     Additionally, more than 70 days have passed between the Conversion Date and the date of this Application seeking approval of the Notice Procedures, as required by Bankruptcy Rule 2002(h)(1).[2]

---

[2]     Owner LLC listed two creditors in its Schedule D, both of whom will continue to receive notice under the proposed Notice Procedures, and did not include any Scheduled Creditors in its Schedule E/F. The proposed Notice Procedures will therefore not substantively affect notice to be provided to Owner LLC's known creditors.

25.    Orders approving notice procedures similar to the Notice Procedures have been entered in other cases in this district. *See, e.g. In re Buth-Na-Bodhaidge, Inc.*, Case No. 24-10392 (DSJ) (Bankr. S.D.N.Y. Jun. 11, 2024) (limiting notice under Bankruptcy Rule 2002(a) to the parties set forth in Bankruptcy Rule 2002(h)(1), plus the United States Trustee); *In re Gracious Home LLC*, Case No. 16-13500 (Bankr. S.D.N.Y. Dec. 16, 2018) (SHL) [Docket No. 505] (same); *see also In re MetaZoo Games LLC*, Case No. 24-10874 (JPM) (Bankr. S.D.N.Y. Sept. 6, 2024) (approving notice procedures limiting mail service to creditors who filed proofs of claims asserting claims above a certain threshold and providing an opportunity for other creditors to request service by email); *In re Mynd Spa & Salon, Inc.*, Case No. 20-10846 (SCC) (Bankr. S.D.N.Y. Apr. 1, 2021) [Docket No. 95] (same).

26.    The Trustee submits that proposed service pursuant to the Notice Procedures as described herein is fair and reasonable under the circumstances and in the best interests of the Debtors' estates and creditors.

## NOTICE

27.    Notice of this Application has been given through the Court's Case Management/Electronic Case File ("ECF") system to: (i) the United States Trustee; and (ii) all persons who have filed a notice of appearance in the Chapter 7 Cases. The Proposed Order, once entered, will be served on all of the Debtors' known creditors and parties in interest, including the Scheduled Creditors.

28.    The Trustee respectfully submits that no other or further notice of this Application need be provided, and requests that the Bankruptcy Court find that such notice is good and sufficient notice of the relief requested herein.

## NO PRIOR REQUEST

29.    No previous application for the relief sought herein has been made

by the Trustee to this or any other court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed

Order, substantially in the form annexed hereto, and such other and further relief as is

just and proper.

DATED:    New York, New York
          September 12, 2025

> ALBERT TOGUT, not individually but solely
> in his capacity as Chapter 7 Trustee,
> By his Attorneys,
> TOGUT, SEGAL & SEGAL LLP
> By:
>
> */s/ Neil Berger*
> NEIL BERGER
> ANTHONY L. GREENE
> One Penn Plaza, Suite 3335
> New York, New York 10119
> (212) 594-5000
> neilberger@teamtogut.com
> agreene@teamtogut.com

# Exhibit A

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :
In re:                                              :
                                                    :
                                                    :        Chapter 7
                                                    :        Case No. 25-11009 (DSJ)
MANHATTAN COUNTRY SCHOOL *et al.*,                  :
                                                    :        (Jointly Administered)
          Debtors. [1]                              :
                                                    :
-----------------------------------------------------------------x

### ORDER AUTHORIZING CERTAIN NOTICE PROCEDURES UNDER RULES 2002 AND 6007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the application (the "Application")[2] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee of the estate of Manhattan Country School ("MCS") and the Chapter 7 Interim Trustee (in such respective capacities, as applicable, the "Trustee") of the estate of West 85th Street Owner LLC ("Owner LLC," and, together, with MCS, the "Debtors"), by his attorneys, Togut, Segal, & Segal LLP (the "Togut Firm"), for entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(h) and (m) and 6007(a) authorizing certain notice procedures (the "Notice Procedures") as described in the Application;  and the Court having reviewed the Application;  and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;  and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334;  and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ);  and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

and it appearing that good and sufficient notice of the Application has been given and

that no other or further notice is necessary; and the Court having found and

determined that the relief sought in the Application is in the best interests of the

Debtors, their estates, their creditors, and all other parties-in-interest; and that the legal

and factual bases set forth in the Application having established just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      A copy of this Order shall be served on all of the Debtors' known

creditors and parties in interest, including the Scheduled Creditors, within three (3)

business days after the entry of this Order.

3.      Pursuant to Rules 2002(h) and (m) and 6007(a) of the Federal Rules

of Bankruptcy Procedure, the Court authorizes that service of all future motions,

applications, and other papers in this case pursuant to Bankruptcy Rules 2002(a)(2), (3),

(4) and (6) and 6007(a) (the "Pleadings") be limited to the Notice Parties.

4.      Service of the Pleadings to the Notice Parties shall be sufficient if

service of Pleadings in their entirety is made: (I) by regular mail or email (where

available) upon: (a) the United States Trustee; (b) the Debtors; (c) all parties that have

filed a notice of appearance; (d) any party that is directly impacted by a particular

pleading; (e) any person who contacts the Trustee and requests a copy of a particular

pleading; and (f) all creditors that filed Proofs of Claim; and (II) by email upon each

Scheduled Creditor who provides the Trustee with an email address with which service

can be made (collectively, the "Notice Parties").

5.      Any Scheduled Creditor who has not filed a proof of claim and

who wishes to obtain service of all pleadings filed in this case must, **not later than 21**

**days from the date of entry of this Order**, provide an email address for such service to

Eitan Blander, Esq. (eblander@teamtogut.com) and Jonathan Cohen

(jcohen@teamtogut.com).

   6. The Trustee and the Togut Firm are authorized to take all actions

necessary to effectuate relief granted pursuant to this Order and in accordance with the

Application.

   7. This Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

DATED:  New York, New York
      _____, 2025

            _____
            HONORABLE DAVID S. JONES
            UNITED STATES BANKRUPTCY JUDGE