TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Anthony L. Greene

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re:                                              :    Chapter 7
:
MANHATTAN COUNTRY SCHOOL *et al.*,[1]    :    Case No. 25-11009 (DSJ)
:
                    Debtors.              :    (Jointly Administered)
:
------------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S *EX PARTE* APPLICATION
PURSUANT TO BANKRUPTCY RULE 2004 FOR AN ORDER
AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE
PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

    Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee of the estate of Manhattan Country School ("MCS") and the Chapter 7 Interim Trustee (in such respective capacities, as applicable, the "Trustee") of the estate of West 85th Street Owner LLC ("Owner LLC," and, together, with MCS, the "Debtors"), by his attorneys, Togut, Segal & Segal LLP, respectfully submits this application (the "Application") for entry of an order, substantially in the form annexed hereto as **Exhibit "A"** (the "Proposed Order"), pursuant to section 704 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Trustee to issue subpoenas to non-

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

Debtor parties for the production of documents and information, and the examination of various persons or entities, to obtain information concerning the acts, conduct, and property of the Debtors, and other matters relating to the extent and nature of the Debtors' estates. In support of this Application, the Trustee respectfully states:

## INTRODUCTION

Information that the Trustee has recovered in his investigation of the Debtors' affairs as of the date hereof suggests there may be causes of action or other assets that may be pursued for the benefit of the estates. The Trustee has determined that third parties are in possession of documents and information concerning these possible claims and other property of the Debtors' estates which are not contained in the Debtors' records.

Consequently, the Trustee seeks authority from this Court pursuant to Bankruptcy Rule 2004 to compel the production of documents, information and testimony from third parties concerning the Transactions and property of the Debtors' estates. Those documents and information may assist the Court and the Trustee in discovering the full extent and nature of the Debtors' estates, and the estates' ability to address creditor claims.

The Trustee respectfully submits that the authority requested herein will enable him to conduct an investigation without the need for a multitude of separate applications, while preserving the parties' ability to seek relief or protection from this Court.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the relief requested in this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core proceeding

2

pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409

2.The bases for the relief requested by this Application are sections 105 and 704 of the Bankruptcy Code and Bankruptcy Rule 2004.

## BACKGROUND

### I.The Chapter 7 Cases

3.On May 16, 2025 (the "Petition Date"), the Debtors filed a voluntary petition for relief (the "Chapter 7 Case") under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On June 13, 2025, the Debtors filed a motion to convert the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code, which the Court approved by an order dated June 18, 2025.

4.On May 16, 2025, MCS filed a voluntary petition for relief (the "MCS Case") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5.On June 13, 2025, the MCS filed a motion to convert the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code, which the Court approved by an order dated June 18, 2025.

6.On June 18, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of MCS; he duly qualified and is acting as Trustee herein.

7.Pursuant to an Order of the Court dated June 18, 2025 [Docket No. 49] (the "Conversion Date"), the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code.

3

8. On June 18, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor [Docket No. 50]; he duly qualified and is acting as Trustee herein.

9. Following consultation with the United States Trustee and Flushing Bank, the Debtors' senior secured creditor regarding the Schoolhouse, on September 3, 2025, the Trustee filed a voluntary petition for relief under Chapter 7 of title 11 in the United States Bankruptcy Court for the Southern District of New York for Owner LLC (the "Owner LLC Case," and together with the MCS Case, the "Chapter 7 Cases") to facilitate his efforts to administer the Debtors' estates.

10. On September 4, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of Owner LLC; he duly qualified and is acting as Interim Trustee of Owner LLC.

11. On September 12, 2025, the Court entered an order directing the joint administration of the Chapter 7 Cases for procedural purposes only [Docket No. 84].

12. Prior to the Petition Date, the Debtors operated a private school in Manhattan serving students from Pre-K through 8th grade. The Debtors maintained a school building at 150 West 85th Street, New York, NY 10024, as well as a 200-acre working farm located at 3536 New Kingston Mountain Road, Roxbury, NY 12474.

13. During the period since his appointment, the Trustee has determined that there are likely persons who are in the possession of property, documents, and information concerning the Debtors' affairs that will assist the Court and Trustee in discovering the full extent of the bankruptcy estates.

4

**RELIEF REQUESTED**

14. The Trustee seeks entry of the Proposed Order, authorizing the Trustee to conduct discovery of non-Debtor third parties concerning the extent of the Debtors' estates.

**BASIS FOR RELIEF**

15. The Trustee is investigating the Debtors' assets and financial affairs, consistent with his rights and duties pursuant to Bankruptcy Code sections 704(a)(1) and (4).

16. Bankruptcy Rule 2004(a) provides that a court may order an examination of any entity upon request of a party in interest. The scope of the Bankruptcy Rule 2004 examination is intended to be broad and may include the acts, conduct, or property of a debtor or the financial condition of a debtor, as well as any matter that may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(b). Moreover, section 105 of the Bankruptcy Code expressly authorizes this Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, pursuant to section 704 of the Bankruptcy Code, the Trustee is authorized and required to, among other things, discover, collect, and reduce to money property of the estate. 11 U.S.C. § 704.

17. Bankruptcy Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). In this regard, courts have recognized that Bankruptcy Rule 2004 examinations are broad and unfettered, and may be in the nature of "fishing expeditions." *Id.*; *see also In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) ("[Bankruptcy Rule 2004's] purpose is to facilitate the discovery

5

of assets and the unearthing of frauds and has been likened to a 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." (citation omitted)); *see generally In re Bello*, 528 B.R. 562, 566 (Bankr. E.D.N.Y. 2015).

18. Bankruptcy Rule 2004 is meant to provide broad power to investigate any matter that may affect the administration of the estate. *See In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); *see also In re Bakalis*, 199 B.R. at 447; *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991) ("The object of the examination of the [debtor] and other witnesses is to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it . . ."); *In re Sun Med. Mgmt., Inc.*, 104 B.R. 522, 524 (Bankr. M.D. Ga. 1989) ("Bankruptcy Rule 2004 examinations are allowed for the purpose of discovering assets and unearthing frauds.").

19. Based upon his investigation of the Debtors' affairs to date, the Trustee has concluded that the documents and information concerning property of the Debtors' estates and potential affirmative estate claims are in the possession of non-Debtor third parties, and discovery from those persons is necessary to enable the Trustee and the Court to fully understand the extent and nature of the Debtors' estates.

20. The discovery authority sought herein will provide the Trustee with a means to conduct a full examination of the Debtors' financial affairs and assess whether causes of action exist in favor of this estate and whether property of the estate is recoverable from third parties.

21. Although this Application is being made *ex parte*, any concerns regarding notice or due process are addressed by the fact that any entity ultimately served with a subpoena will receive a copy of the Proposed Order and they may contest the scope or issuance of any subpoena served by the Trustee by means of a written

6

application to this Court.  Courts in this district and others have recognized that a Bankruptcy Rule 2004 examination may be commenced by an *ex parte* motion.  *See, e.g., In re Kramer*, 492 B.R. 366, 372 (Bankr. E.D.N.Y. 2013) (noting "[t]he Rule 2004 Application could have been made *ex parte*"); *In re Toft*, 453 B.R. 186, 198 (Bankr. S.D.N.Y. 2011) (noting that "an examination under Bankruptcy Rule 2004 may be commenced by an *ex parte* motion"); *see also In re Metion, Inc.*, 318 B.R. 263 (Bankr. S.D.N.Y. 2004); *In re Hickman*, 151 B.R. 125, 128 (Bankr. N.D. Ohio 1993).

22. Additionally, service of subpoenas by FedEx, or any other means of service allowed under Bankruptcy Rule 9016, is appropriate because personal service on all persons subpoenaed pursuant to the Proposed Order would be burdensome to the estate and would delay the Trustee's efforts to obtain information essential to discovering whether causes of action exist that may significantly augment the Debtor's estates.

23. This Court and other courts in the Second Circuit have authorized alternative service when such service was reasonably "calculated to provide timely actual notice." *Medical Diagnostic Imaging PLLC v. CareCore Nat. LLC*, 2008 WL 3833238, at *2 (S.D.N.Y. Aug. 15, 2008); *See, e.g., In re Kossoff PLLC*, Case No. 21-10699 (DSJ) (Bankr. S.D.N.Y. May 24, 2021) [Docket No. 27] (authorizing service "by FedEx or any other method of service permitted under Bankruptcy Rule 9016"); *In re Mynd Spa & Salon, Inc.*, Case No. 20-10846 (SCC) (Bankr. S.D.N.Y. Apr. 30, 2020) [Docket No. 45] (same); *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (allowing alternative service by certified mail because "alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness"); *In re Shur*, 184 B.R. 640, 644 (Bankr. E.D.N.Y. 1995) (holding that Rule 45 of the Federal Rules of Civil Procedure – and by extension Bankruptcy Rule 9016 – does not require personal

7

service and that other service is permissible provided service was reasonably calculated to give actual notice). Here, delivery by FedEx or other overnight delivery service is reasonably calculated to ensure actual receipt by the subpoena recipients.

24. Based upon all of the foregoing, the Trustee respectfully requests that the Court authorize the Trustee to issue subpoenas to non-Debtor third parties to enable him to continue his investigation concerning the Debtors' financial affairs and the nature and extent of the Debtors' estates.

## NOTICE

25. The Trustee seeks entry of the Proposed Order on an *ex parte* basis. Once entered, the Trustee will serve the Proposed Order by email to: (a) the United States Trustee; (b) the Debtors; and (c) all parties that have filed a notice of appearance in these cases (the "Notice Parties"). Moreover, the Trustee will serve a copy of the Proposed Order with any subpoena that he serves pursuant to the Proposed Order. The Trustee requests that the Court find such notice to be good and sufficient notice of the Application and the Proposed Order.

## NO PRIOR REQUESTS

26. No prior application for the relief requested herein has been made by the Trustee to this or any other court.

*[Remainder of page left intentionally blank.]*

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order, together with such further relief as this Court may deem just and proper.

DATED:  New York, New York
           September 12, 2025

Albert Togut, *Not Individually But Solely in His Capacity as Chapter 7 Trustee*
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
A Member of The Firm
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000

9

# Exhibit A

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                  :

In re:                                                 :          Chapter 7

MANHATTAN COUNTRY SCHOOL *et al.*,[1]    :          Case No. 25-11009 (DSJ)

                        Debtors.           :          (Jointly Administered)

------------------------------------------------------------------------x

### ORDER AUTHORIZING DISCOVERY PURSUANT TO
### RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the *ex parte* application dated September 12, 2025 (the "Application")[2] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee of the of the above-captioned debtors' (the "Debtors") estates, by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order (this "Order") pursuant to sections 105 and 704 of the Bankruptcy Code and Bankruptcy Rule 2004, authorizing the issuance of subpoenas for the production of documents and information and deposition testimony; and the Court having jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that no other notice is necessary except as provided herein; and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the relief being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that good and sufficient cause for the relief sought in the Application exists, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that the Trustee is authorized to issue subpoenas for the production of documents and for deposition testimony consistent with Bankruptcy Rules 2004 and 9016, concerning any asset, liability, duty, obligation, contract, transaction, or other issue related in any way to the Debtors, upon: any current or former affiliate, employee, agent, or representative of the Debtors; any person that has conducted business or engaged in a transaction with the Debtors, in any manner, and any current or former employee, principal, agent, officer, shareholder, affiliate or owner thereof; any accountant or financial advisor for the Debtors, and any current or former employee, principal, agent, officer, or owner thereof; and it is further

**ORDERED**, that subpoenas authorized by this Order may be served by FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by other means agreed to by the subpoenaed parties; and it is further

**ORDERED**, that the Trustee shall serve a copy of this Order with any subpoena that he serves pursuant to this Order; and it is further

**ORDERED**, that any subpoena issued pursuant to this Order shall provide at least fourteen days' notice to the recipient to provide the recipient an opportunity to object in writing to the subpoena or to file any written motion with the Court; and it is further

**ORDERED**, if any entity or person who receives a subpoena for the production of documents pursuant to this Order withholds any documents on the basis of an asserted privilege, that entity is directed to provide a privilege log in accordance with Bankruptcy Rule 7026 to the Togut Firm, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq.(neilberger@teamtogut.com); and Anthony L.

2

Greene, Esq. (agreene@teamtogut.com) so as to be received with the document production required by the subpoena, or at such time as may be mutually agreed to by the Trustee and the subpoenaed entity or person; and it is further

**ORDERED**, that within one business day after entry of this Order, the Trustee shall serve a copy of the Application and this Order by electronic mail to the Notice Parties; and it is further

**ORDERED**, that entry of this Order is without prejudice to the rights of the Trustee to apply for any other or further relief, including but not limited to further relief under Bankruptcy Rule 2004; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine any and all matters arising from the interpretation and/or implementation of this Order.

Dated: New York, New York
      September __, 2025

 

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

3