**Presentment Date:  October 6, 2025 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline:  October 3, 2025 at 4:00 p.m. (prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
*Attorneys for the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------x
                                              :
In re:                                        :
                                              :        Chapter 7
                                              :        Case No. 25-11009 (DSJ)
                                              :
MANHATTAN COUNTRY SCHOOL et al.,              :
                                              :        (Jointly Administered)
          Debtors. ¹                          :
                                              :
---------------------------------------------------------------x
```

### NOTICE OF PRESENTMENT OF ORDER AUTHORIZING CHAPTER 7 TRUSTEE'S EMPLOYMENT AND RETENTION OF BK REAL ESTATE ADVISORS, LLC AS HIS REAL ESTATE BROKER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that upon the application (the "Application")[2] of

Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee of the

estate of Manhattan Country School ("MCS") and the Chapter 7 Interim Trustee (in

such respective capacities, as applicable, the "Trustee") of the estate of West 85th Street

Owner LLC ("Owner LLC," and, together with MCS, the "Debtors"), the undersigned

will present for signature a proposed order (the "Proposed Order"), a true and

complete copy of which is annexed to the Application as Exhibit A, authorizing the

Trustee to retain and employ BK Real Estate Advisors, LLC ("BKREA") as his real estate

broker for the marketing and sale of the real property located at 150 West 85th Street

(Block 1215, Lot 53), New York, New York (the "School"), *nunc pro tunc* to September 5,

2025, to the Honorable David S. Jones, United States Bankruptcy Judge, in his

---

[1]    The Debtors in these cases, along with the last four digits of their federal tax identification numbers
are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner
LLC (6971) (Case No. 25-11922) (DSJ).

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the
Application.

Chambers, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408 on **October 6, 2025 at 12:00 p.m. (prevailing Eastern Time)** (the "Presentment Date").

        **PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, to the Proposed Order must also be filed with the Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Court's case filing system and by all other parties in interest, with a hard copy delivered directly to the Chambers of the Honorable David S. Jones, and served by email upon: (i) Togut, Segal & Segal LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com), and Eitan Blander (eblander@teamtogut.com); (ii) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004, Attn: Andy Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov); and (iii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be actually received by all of them no later than **4:00 P.M. (prevailing Eastern Time) on October 3, 2025** (the "Objection Deadline").

DATED: New York, New York
         September 19, 2025

                ALBERT TOGUT, not individually but solely
                in his capacity as Chapter 7 Trustee,
                By His Attorneys,
                TOGUT, SEGAL & SEGAL LLP
                By:

                */s/ Neil Berger*
                NEIL BERGER
                One Penn Plaza, Suite 3335
                New York, New York 10119
                (212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Anthony L. Greene

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re:                                                      :
                                                            :        Chapter 7
                                                            :        Case No. 25-11009 (DSJ)
                                                            :
MANHATTAN COUNTRY SCHOOL *et al.*,                          :
                                                            :        (Jointly Administered)
        Debtors. [1]                                        :
                                                            :
------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S APPLICATION FOR AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**BK REAL ESTATE ADVISORS, LLC AS HIS REAL ESATE BROKER**
**PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as the Chapter 7

Trustee of the estate of Manhattan Country School ("MCS") and the Chapter 7 Interim

Trustee (in such respective capacities, as applicable, the "Trustee") of the estate of West

85th Street Owner LLC ("Owner LLC," and, together, with MCS, the "Debtors"), by his

attorneys, Togut, Segal & Segal LLP, hereby makes this application (the "Application")

for entry of an order substantially in the form annexed hereto as **Exhibit "A"** (the

"Proposed Order"), pursuant to sections 327(a) and 328 of title 11 of the United States

---

[1]     The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ);  and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure
(the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States
Bankruptcy Court for the Southern District of New York (the "Local Rules"),
authorizing the Trustee to employ and retain BK Real Estate Advisors, LLC ("BKREA"),
*nunc pro tunc* to September 4, 2025, as his real estate broker to assist with the marketing
and sale of real property owned by Owner LLC located at 150 West 85th Street (Block
1215, Lot 53), New York, New York (the "Schoolhouse"), pursuant to the Listing
Agreement (defined below) annexed hereto as **Exhibit "B"**.

In support of this Application, the Trustee submits the Declaration of Bob
Knakal (the "Knakal Declaration"), Chairman and CEO of BKREA, who will be
responsible for the services described herein, a copy of which is annexed hereto as
**Exhibit "C"**, and respectfully states:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of
New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C.
§ 1334 and the *Amended Standing Order of Reference* for the Southern District of New
York, dated January 31, 2012 (the "Amended Standing Order").  This is a core
proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to
28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections
327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

3.      On May 16, 2025, MCS filed a voluntary petition for relief (the "MCS Case") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4.      On June 13, 2025, the MCS filed a motion to convert the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code, which the Court approved by an order dated June 18, 2025.

5.      On June 18, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of MCS;  he duly qualified and is acting as Trustee herein.

6.      Following consultation with the United States Trustee and Flushing Bank, the Debtors' secured creditors regarding the Schoolhouse ("Flushing Bank"), on September 3, 2025, the Trustee filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Bankruptcy Code for the Southern District of New York for Owner LLC (the "Owner LLC Case," and together with the MCS Case, the "Chapter 7 Cases") to facilitate his efforts to administer the Debtors' estates.

7.      On September 4, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of Owner LLC; he duly qualified and is acting as Interim Trustee of Owner LLC.

8.      On September 12, 2025, the Court entered an order directing the joint administration of the Chapter 7 Cases for procedural purposes only [Docket No. 84].

9.      MCS is the sole member and 100% owner of Owner LLC.  Owner LLC is the fee simple owner of the Schoolhouse, which MCS used to operate a private school in the Upper West Side of Manhattan.

3

## RELIEF REQUESTED

10.     By this Application, the Trustee seeks to retain BKREA as his real
estate broker to assist with the marketing and sale of the Schoolhouse.

## BASIS FOR RELIEF

11.     The Trustee has chosen, subject to this Court's approval, BKREA to
act as his real estate broker because of Mr. Knakal's and BKREA's considerable
experience with the sale of real property in New York City.

12.     The terms and conditions of BKREA's proposed retention are set
forth in the six-month exclusive listing agreement between BKREA and the Trustee,
dated September 4, 2025 (the "Listing Agreement"), a copy of which is annexed hereto
as **Exhibit "B"**.  Flushing Bank has consented to the terms that are contained in the
Listing Agreement.

13.     As set forth in the Knakal Declaration, BKREA is a new tech-
enabled brokerage company in New York City founded by Mr. Knakal.  Mr. Knakal has
a history of brokering investment property sales since 1984 and has sold 2,352
properties in New York, generally considered to be the highest total for any individual
broker ever in the city.  Those sales total more than $22.6 billion.

14.     BKREA and Mr. Knakal have a particular expertise selling "user"
buildings—typically a vacant property that a purchaser will occupy for its own
operations.  BKREA produces the only "User Property Report" on the user market in
Manhattan, which studies 969 user property sales going back to 1984 and analyzes the
market and the types of users that have been most active.  Mr. Knakal has sold 142 user
buildings during his career, with an aggregate market value of over $1.2 billion.
Indeed, Mr. Knakal's prior firm, Massey Knakal, served as broker to the prior owner of

the Schoolhouse when that owner sold the School to Owner LLC in January of 2015 for
$28,000,000.

15.     Given Mr. Knakal and BKREA's extensive experience in selling
similar "user" properties, and Mr. Knakal's familiarity with the Schoolhouse, Mr.
Knakal and BKREA are uniquely situated and well-qualified to market and assist in the
sale of the Schoolhouse.

16.     As set forth in the BKREA Listing Agreement, the professional
services to be rendered by BKREA will be limited to those necessary to assist in the
marketing and sale of the Schoolhouse, including without limitation:[2]

> A.     advertising and marketing the Schoolhouse,
> using such advertising and promotional
> activities as agreed upon in consultation with
> the Trustee;
>
> B.     analyzing and making recommendations
> regarding purchase offers for the Schoolhouse;
>
> C.     providing assistance with negotiations
> regarding the sale of the Schoolhouse;
>
> D.     assisting with consummation of the sale of the
> Schoolhouse;  and
>
> E.     rendering such other assistance as the Trustee
> may deem necessary in connection with the
> sale of the Schoolhouse.

17.     Absent an extension subject to further order of this Court, the
Listing Agreement will expire on March 4, 2026, but it may be extended pursuant to
written agreements with the Trustee and orders of this Court.

---

[2]     Consistent with the BKREA Listing Agreement, BKREA may solicit the cooperation of other licensed
real estate brokers who are members of The Real Estate Board of New York who will act as agents for
prospective purchasers.

## **BKREA'S DISINTERESTEDNESS**

18.     To the best of the Trustee's knowledge, the employees and agents of BKREA do not have any connection with, or any interest adverse to, the Debtors, their creditors or any other party in interest, or their representatives, except as may be set forth in the Knakal Declaration.

19.     More specifically, as set forth in the Knakal Declaration, BKREA, its employees and agents:

       a)     are not creditors or insiders of the Debtors;

       b)     are not and were not, within two years before the date of the filing of the Debtors' Chapter 11 petitions, trustees or employees of the Debtors; and

       c)     do not have an interest materially adverse to the interests of the Trustee, the Debtors' estates or of any class of creditors by reason of any direct or indirect relationship to, or connection with, the Debtors, or for any other reason.

20.     Except as may be set forth in the Knakal Declaration, BKREA has represented to the Trustee that it has not represented and will not represent any parties other than the Trustee in the Chapter 7 Cases or in connection with any matters that would be adverse to the Trustee arising from, or related to, the Chapter 7 Cases.

21.     Based on the Knakal Declaration, the Trustee believes that BKREA is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  The Trustee has been informed that BKREA will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, BKREA will supplement its disclosure to this Court.

## PROFESSIONAL COMPENSATION

22.    Pursuant to section 328(a) of the Bankruptcy Code, the Trustee may

retain professionals on any reasonable terms and conditions of employment.  As

recognized by numerous courts, Congress intended section 328(a) to enable trustees and

debtors to retain professionals pursuant to specific fee arrangements to be determined

at the time of the court's approval of the retention, subject to review if the terms are

found to be improvident in light of "developments not capable of being anticipated at

the time of the fixing of such terms and conditions."  *See Donaldson, Lufkin & Jenrette Sec.*

*Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862-63 (5th Cir. 1997);

*Henry A. Leonard & Co. v. United States Trustee (In re River Foal, Inc.)*, 161 B.R. 568, 569

(S.D.N.Y. 1993).

23.    The Trustee seeks approval to compensate BKREA pursuant to the

BKREA Listing Agreement which provides:

> a)  if the School is sold pursuant to an agreement with a buyer, and no real estate agent other than BKREA is involved, the commission payable to BKREA (the "Commission") will be 3% of the total sale price;  provided, however, that if the Trustee or Flushing Bank identify and refer the buyer for a sale, BKREA's commission will be 1.5% of the gross sales price
>
> b)  if the sale is effectuated by a broker other than BKREA (an "Outside Broker"), the total Commission shall be four percent (4.0%) of the gross sale price, out of which BKREA shall compensate the outside broker(s) with two percent (2.0%) of the gross sale price as, if, and when actually received by BKREA and
>
> c)  Commissions and/or fees will be due and payable as, if, and when (i) title to the Schoolhouse actually passes pursuant to an order of the Bankruptcy Court, (ii) the Commission is approved by order of the Bankruptcy Court, and (iii) the proceeds of the sale are paid to the Trustee.  The Trustee shall

have the right to reject any offer without incurring
any liability to pay the Commission.

24.     The Trustee respectfully submits, inasmuch as BKREA's

compensation is results-oriented and directly related to benefits received by the

Debtors' estates in a sale transaction, requiring BKREA to file a fee application pursuant

to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule

2016-1 is unnecessary.  BKREA will not be compensated based upon time and effort

expended.  Instead, BKREA will be compensated based upon a percentage of the

proceeds of the sale of the Schoolhouse, as set forth in the BKREA Listing Agreement,

and only following Court approval and title passing to a buyer.  Given the percentage-

based fee structure, the Trustee respectfully submits that the recording and submission

of detailed time entries for services rendered by BKREA in this case is unnecessary and

would be unduly burdensome to BKREA.  Accordingly, the Trustee requests that such

requirements be waived.  The Trustee will seek allowance of compensation to BKREA

when he files an application to approve the sale of the Schoolhouse.

25.     It is also requested that since BKREA or an Outside Broker will not

earn a Commission until the sale is approved by this Court and title passes to a buyer,

the Commissions can be paid out of the sale proceeds at the closing for the sale of the

Schoolhouse without need for a further application for compensation.  When the

Trustee applies to have the sale of the Schoolhouse approved, his application will

include a request to authorize the payment of the Commission from the sale proceeds.

26.     The retention of real estate brokers pursuant to the standard of

review in section 328(a) has been approved in other cases in this District and others.

*See, e.g.*, *In re Weintraub,* No. 11-15499 (JLG) (Bankr. S.D.N.Y. March 13, 2015);  *In re FL*

*6801 Spirits LLC, et al.,* No. 14-11691 (SCC) (Bankr. S.D.N.Y. June 25, 2014);  *In re 313 W.*

8

*77th Street Tenants Corp.*, No. 03-15522 (SCC) (Bankr. S.D.N.Y. Oct. 5, 2011);  *In re General Growth Properties, Inc.*, Case No. 09-11977 (ALG) (Bankr. S.D.N.Y. Apr. 16, 2009);  *In re The Brooklyn Hospital Center, et al.*, No. 05-26990 (Bankr. E.D.N.Y. January 5, 2007) (CEC); *In re Harrow Stores, Inc.* , No. 06-72860 (Bankr. E.D.N.Y. December 15, 2006) (DTE); *In re TSIC, Inc., f/k/a Sharper Image Corporation*, No. 08-10322 (Bankr. D. Del. July 28, 2008) (KG).

## *NUNC PRO TUNC* AUTHORIZATION

27.     Given the need to promptly bring the Schoolhouse to the market and to stem accruing expenses, the Trustee asked BKREA to begin its work to market and sell the Schoolhouse.  As a result, the Trustee respectfully requests that the retention of BKREA be effective as of September 4, 2025, which is the first date on which BKREA provided services in this case.

## NOTICE

28.     Notice of this Application has been given to:  (i) the United States Trustee;  (ii) the Debtors;  and (iii) all other parties in interest that have filed a Notice of Appearance in the Chapter 7 Cases.  The Trustee respectfully submits, under the circumstances, no other or further notice need be given.

## NO PRIOR REQUEST

29.     No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an order,

substantially in the form annexed hereto as **Exhibit "A"**, authorizing the Trustee to

employ and retain BKREA as real estate broker for the Trustee *nunc pro tunc* to

September 4, 2025, together with such other and further relief as is just and proper.

Dated:   September 19, 2025
          New York, New York

                              Respectfully submitted,

                              ALBERT TOGUT, not individually but
                              solely in his capacity as Chapter 7 Trustee
                              By His Attorneys,
                              TOGUT, SEGAL & SEGAL LLP
                              By:

                              /s/ Neil Berger
                              NEIL BERGER
                              ANTHONY L. GREENE
                              One Penn Plaza, Suite 3335
                              New York, New York 10119
                              (212) 594-5000

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                             :

In re:                                :

                                     :     Chapter 7

                                   :     Case No. 25-11009 (DSJ)

MANHATTAN COUNTRY SCHOOL *et al.*,   :

                                   :     (Jointly Administered)

         Debtors. [1]           :

                                   :

-------------------------------------------------------------x

## ORDER AUTHORIZING
## THE EMPLOYMENT AND RETENTION OF BK REAL
## ESTATE ADVISORS, LLC AS HIS REAL ESATE BROKER
## PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE

Upon consideration of the application (the "Application")[2] of Albert

Togut, not individually but solely in his capacity as the Chapter 7 Trustee of the estate

of Manhattan Country School ("MCS") and the Chapter 7 Interim Trustee (in such

respective capacities, as applicable, the "Trustee") of the estate of West 85th Street

Owner LLC ("Owner LLC," and, together, with MCS, the "Debtors"), by his attorneys,

Togut, Segal & Segal LLP, for entry of an order pursuant to sections 327(a) and 328 of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local

Rules for the United States Bankruptcy Court for the Southern District of New York (the

"Local Rules") approving the retention and employment of BK Real Estate Advisors,

LLC ("BKREA"), *nunc pro tunc* to September 4, 2025, as his real estate broker for the

marketing and sale of real property owned by Owner LLC located at 150 West 85th

---

[1]    The Debtors in these cases, along with the last four digits of their federal tax identification numbers
are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ);  and (ii) West 85th Street Owner
LLC (6971) (Case No. 25-11922) (DSJ).

[2]    Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such
terms in the Application.

Street (Block 1215, Lot 53), New York, New York (the "Schoolhouse") pursuant to the

BKREA Listing Agreement, annexed to the Application as **Exhibit "B"**;  and upon the

Declaration of Bob Knakal, a licensed agent with BKREA (the "Knakal Declaration"),

annexed to the Application as **Exhibit "C"**;  and it appearing that the Court has

jurisdiction to consider the Application;  and it appearing that the relief requested in the

Application is in the best interests of the Trustee and the Debtors' estates;  and the

Court being satisfied, based on the representations made in the Application and the

Knakal Declaration, that BKREA represents or holds no interest adverse to the Debtors'

estates and is disinterested under section 101(14) of the Bankruptcy Code;  and it

appearing that good and significant notice of the Application has been given under the

circumstances of this case;  and it appearing that no other or further notice need be

provided;  and good and sufficient cause appearing therefor, it is

ORDERED, that the Application is granted to the extent provided herein;

and it is further

ORDERED, that in accordance with sections 327(a) and 328 of the

Bankruptcy Code, the Trustee is hereby authorized to retain and employ BKREA as his

real estate broker to perform the services described in the BKREA Listing Agreement

which is hereby approved;  and it is further

ORDERED, that the BKREA Listing Agreement is approved and

incorporated herein by reference;  and it is further

ORDERED, that the Trustee may extend the terms of the Listing

Agreement for up to two (2) additional six-month terms upon the submission of

proposed orders to be filed by notice of presentment pursuant to Local Rule 9013-2 and

entry of such orders by the Court without the requirement that the Trustee file separate

application(s) in support of entry of such orders;  and it is further

**ORDERED**, that the Trustee is authorized to compensate BKREA, and the Outside Broker, if any, pursuant to the commission fee arrangement set forth in the BKREA Listing Agreement;  and it is further

**ORDERED**, that for cause shown in the Application, the retention of BKREA is effective *nunc pro tunc* to September 4, 2025;  and it is further

**ORDERED,** that BKREA shall not receive any payments for its services until such time as a sale of the Schoolhouse is approved by the Court and BKREA files a fee application which is approved by the Court;  provided, that such application may be included in the Trustee's motion for approval of the sale of the Schoolhouse;  and it is further

**ORDERED**, that BKREA shall provide periodic reports directly to the Trustee's counsel regarding its marketing and sale efforts;  and it is further

**ORDERED**, that any changes or amendments to the BKREA Listing Agreement are subject to Court approval on notice BKREA;  and it is further

**ORDERED**, that the sale of the Schoolhouse is subject to the terms of the BKREA Listing Agreement;  and it is further

**ORDERED**, that to the extent either the Application or BKREA Listing Agreement is inconsistent with this Order, the terms of this Order shall govern;  and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED:  New York, New York
_____ 2025

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE,
By:

*/s/ Andrew Velez-Rivera*
ANDREW VELEZ-RIVERA, ESQ.
Trial Attorney

## Exhibit B

**Street Listing Agreement**



135 West 36th Street, Floor 5
New York, NY 10018

HELLO@BKREA.COM ✉
BKREA.COM 🌐

Date:  09/04/2025

BK Real Estate Advisors LLC
135 West 36th Street
Fifth Floor
New York, NY 10018

**Re:  Address: 150 West 85th Street (Block 1215, Lot 53), New York, New York (the "Property")**

Ladies and Gentlemen:

Albert Togut, solely in his capacity as the Chapter 7 Trustee ("Seller" or "Trustee") of the estate (the "Estate") of West 85th Street Owner LLC (the "Debtor"), hereby appoints BK Real Estate Advisors, LLC. ("BKREA") as the Trustee's sole agent and grants to BKREA the exclusive right to sell the above-referenced Property subject to the following terms and conditions:

1.    This Agreement shall be effective upon execution by the Trustee and BKREA, subject to entry of an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.    The term of this agreement shall commence on the date hereof and shall continue for a period of six months. The parties may thereafter extend the term for successive six-month periods upon mutual written consent, which may be provided by email, and order(s) of the Bankruptcy Court.  Each party reserves the right to terminate this agreement for any reason and upon thirty (30) days written notice prior to the conclusion of a six-month period.

3.    BKREA agrees that it will enlist its efforts to secure a satisfactory purchaser(s) or for the Property, and if BKREA deems it necessary, BKREA may seek the cooperation of other licensed real estate brokers representing potential purchasers. Outside brokers shall be paid by the buyer.

4.    BKREA shall prepare a marketing brochure or offering package which must be approved by Seller prior to its distribution. All advertising, whether prepared, or issued by BKREA, or by Seller, shall identify BKREA as our exclusive agent for the Property.

5.    During the term of this agreement, Seller will refer to BKREA all inquiries and offerings received by Seller with respect to the Property, regardless of the source of such inquiries or offerings, and all negotiations shall be conducted solely by BKREA or under Seller's direction or shall involve BKREA.

6.      BKREA's commission (the "Commission"), which is to be paid by Seller from the proceeds of the sale of the Property, will be computed based upon three percent (3%) of the gross sale price;  provided, however, that if Seller or Flushing Bank, as the secured lender regarding the Property, identify and refer the buyer for a sale, BKREA's commission will be computed based upon one and a half percent (1.5%) of the gross sales price.  If the sale is effectuated by a broker other than BKREA, the total Commission shall be four percent (4.0%) of the gross sale price, out of which BKREA shall compensate the outside broker(s) with two percent (2.0%) of the gross sale price as, if, and when actually received by BKREA.  Commissions and / or fees will be due and payable as, if, and when (i) title to the Property actually passes pursuant to an order of the Bankruptcy Court, (ii) the Commission is approved by order of the Bankruptcy Court, and (iii) the proceeds of the sale are paid to Seller.  The Trustee shall have the right to reject any offer without incurring any liability to pay the Commission.

7.      In the event the Property is sold to a successful bidder at auction, the Commission shall be calculated based upon the highest and best bid submitted by the successful bidder in the auction that closes.

8.      Before the Trustee may sell the Property, the sale transaction, including the highest and best offer obtained through BKREA's efforts, must be approved by the Bankruptcy Court following notice by the Trustee to creditors and others.

9.      BKREA shall be entitled to reimbursement of documented marketing expenses and other costs associated with listing the Property in an amount not to exceed $6,000 (the "Reimbursable Expenses").  The Reimbursable Expenses is in addition to the Commission and shall be due and payable from the proceeds of the sale upon payment of the Commission.

10.      BKREA agrees within fifteen (15) business days after the expiration of the listing to provide Seller with a list of no more than six (6) names of persons or entities who during the term have: (a) inspected the Property, (b) been contacted by BKREA regarding the sale of the Property, or (c) offered to purchase the Property. If within 90 days after the expiration or earlier termination of the listing term a contract is signed or negotiations continue and ultimately lead to a signed contract for the sale of the Property to a person on said list (or an entity with whom said person is affiliated in any  way), BKREA shall be entitled to the Commissions provided for in paragraph six (6) of this agreement.

11.      Seller hereby agrees that BKREA is hereby authorized to disclose to any prospective purchaser any information in its possession regarding the presence of toxic, contaminated or hazardous substances or conditions at the Property; (ii) to make available to BKREA and all prospective purchasers all inspection reports in our possession pertaining to the presence of such substances or conditions;  and (iii) that BKREA is hereby authorized to disclose to any prospective purchaser any information in its possession regarding the presence of such substances or conditions; provided, however, that BKREA shall make no representations or warranties concerning the Property other than that Seller is authorized to sell the Property subject to an order of the Bankruptcy Court.

12.      Seller hereby represents that (a) Seller is the Trustee of the Debtor, which is the fee owner of the Property and has the right to sell the Property subject to entry of an order

of the Bankruptcy Court approving such sale; and (b) he is duly authorized to execute this document on behalf of the entity indicated.

13.     Seller hereby consents to BKREA's publicizing its role in any transaction it enters into, subject to Seller's reasonable editorial approval of such publicity.

14.     Seller agrees to provide BKREA, upon or prior to closing, with a complete copy of any executed purchase and sale agreement or other transaction agreement for the Property when signed by the party transacting with Seller and a copy of the closing statement for BKREA's records, which shall be treated as confidential.

15.     This agreement shall be binding upon the parties hereto, their respective affiliates, partners, successors and assigns.

16.     Seller is entering into this Agreement not individually but solely in his capacity as a Chapter 7 Trustee of the Debtor and BKREA agrees that neither Seller nor his retained professionals shall have any personal liability or obligation whatsoever under this Agreement and any liability or obligation of Seller and his retained professionals under this Agreement shall be satisfied, discharged or performed solely out of the Debtor's Estate, and not out of any personal assets of the the Trustee or his retained professionals.

17.     Any controversy or claim arising out of or relating to this Agreement or breach of performance thereof shall be determined by the Bankruptcy Court, which shall have exclusive jurisdiction therefore.  Each party shall pay its own legal fees.

If the foregoing accurately sets forth our agreement, please sign and return the enclosed copies of this letter.

Very truly yours,

**Albert Togut, solely in his capacity as Chapter 7 Trustee of West 85th Street Owner LLC ("Seller")**

("Seller")

By_____

Name:  Albert Togut, as Chapter 7 Trustee

Title:  Chapter 7 Trustee of West 85th Street Owner LLC

Agreed:

**BK Real Estate Advisors LLC**

By_____

Name:_____

Title:_____

## Exhibit C

**Declaration of Bob Knakal**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                            :
In re:                                      :
                                            :
                                            :        Chapter 7
                                            :        Case No. 25-11009 (DSJ)
MANHATTAN COUNTRY SCHOOL *et al.*,          :
                                            :        (Jointly Administered)
        Debtors. [1]                        :
                                            :
-------------------------------------------------------------x

### DECLARATION OF BOB KNAKAL IN SUPPORT OF
### CHAPTER 7 TRUSTEE'S APPLICATION FOR AN ORDER
### AUTHORIZING THE EMPLOYMENT AND RETENTION OF
### BK REAL ESTATE ADVISORS, LLC AS HIS REAL ESATE BROKER
### PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE

Bob Knakal, being duly sworn, states the following under penalty of

perjury pursuant to 28 U.S.C. § 1746:

1.      I am the Chairman and CEO of BK Real Estate Advisors, LLC

("BKREA").

2.      I submit this declaration (the "Declaration") on behalf of BKREA in

support of the application (the "Application")[2] of Albert Togut, Albert Togut, not

individually but solely in his capacity as the Chapter 7 Trustee of the estate of

Manhattan Country School ("MCS") and the Chapter 7 Interim Trustee (in such

respective capacities, as applicable, the "Trustee") of the estate of West 85th Street

Owner LLC ("Owner LLC," and, together, with MCS, the "Debtors") in the above-

captioned jointly-administered cases (the "Chapter 7 Cases"), for entry of an order

---

[1]     The Debtors in these cases, along with the last four digits of their federal tax identification numbers
        are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ);  and (ii) West 85th Street Owner
        LLC (6971) (Case No. 25-11922) (DSJ).

[2]     Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in
        the Application.

authorizing the retention and employment of BKREA as his real estate broker, *nunc pro tunc* to September 4, 2025, on the terms and conditions set forth in BKREA's listing agreement with the Trustee, dated September 4, 2025 (the "BKREA Listing Agreement"), a copy of which is annexed to the Application as **Exhibit "B"**, to assist in the sale of real property owned by Owner LLC located at 150 West 85th Street (Block 1215, Lot 53), New York, New York (the "Schoolhouse").

3.      I have personal knowledge of the matters set forth herein, and if called as a witness, would testify competently thereto.

4.      I have been a broker in NYC since 1984.  Over that time, I have brokered the sale of over 2,352 buildings having a market value of approximately $22.6 billion.  For 26 years of those years (1988-2014), I owned and ran Massey Knakal Realty Services which sold more than three times the number of properties as the number two firm in NYC from 2001-2014.  The firm was sold to Cushman & Wakefield in 2014 for $100 million.  I subsequently founded BKREA as a new tech-enabled brokerage company in New York City.

5.      BKREA and I have particular expertise in the sale of "user" buildings, properties that are mostly or completely vacant, where the likely purchaser is a buyer who will occupy all of a portion of the vacant space to operate out of.  Among other things, BKREA produces the only "User Property Report" on the user market in Manhattan, which studies 969 user property sales going back to 1984 and analyzes the market and the types of users that have been most active.  During my career, I have sold 142 user building properties having an aggregate market value of $1.24 billion and counting 2,650,966 gross square feet.

6.      Indeed, while I was at Massey Knakal, the firm served as broker the prior owner of the Schoolhouse when it sold the Schoolhouse to Owner LLC in January of 2015 for $28,000,000.

7.      BKREA has consented to be employed as the Trustee's real estate broker upon the terms of the BKREA Listing Agreement.

## SCOPE OF SERVICES

8.      BKREA has been requested by the Trustee to find a purchaser and negotiate for and secure the sale of the Schoolhouse.  Specifically, BKREA will assist the Trustee with[3]:

a)      advertising and marketing the Schoolhouse, using such advertising and promotional activities as agreed upon in consultation with the Trustee;

b)      analyzing and making recommendations regarding purchase offers for the Schoolhouse;

c)      providing assistance with negotiations regarding the sale of the Schoolhouse;

d)      assisting with consummation of any sale of the Schoolhouse;  and

e)      rendering such other assistance as the Trustee may deem necessary in connection with the sale of the Schoolhouse.

9.      BKREA will furnish the Trustee with periodic reports of its activities concerning this retention.  BKREA will be available to the Trustee to discuss the foregoing reports and to review the progress of its marketing and sale efforts.

---

[3]      Consistent with the BKREA Listing Agreement, BKREA may solicit the cooperation of other licensed real estate brokers who are members of The Real Estate Board of New York who will act as agents for prospective purchasers.

10.    BKREA's brokerage services will be complementary, and not duplicative of, the services that will be performed in this case by the Trustee's other retained professionals.  BKREA will coordinate with the Trustee and will use its best efforts to avoid any duplication of services.

11.    I am advised that the Trustee will seek an order approving BKREA's employment as of September 4, 2025, the date that BKREA began its work to market and sell the Schoolhouse.

## PROPOSED COMPENSATION

12.    The Trustee has agreed to compensate BKREA based upon a percentage of the proceeds of any sale relating to the Schoolhouse in the following manner (the "Commission"):

a)    if the Schoolhouse is sold pursuant to an agreement with a buyer, and no real estate agent other than BKREA is involved, the commission payable to BKREA (the "Commission") will be 3% of the total sale price;  provided, however, that if the Trustee or Flushing Bank identify and refer the buyer for a sale, BKREA's commission will be 1.5% of the gross sales price

b)    if the sale is effectuated by a broker other than BKREA (an "Outside Broker"), the total Commission shall be four percent (4.0%) of the gross sale price, out of which BKREA shall compensate the outside broker(s) with two percent (2.0%) of the gross sale price as, if, and when actually received by BKREA;  and

c)    Commissions and/or fees will be due and payable as, if, and when (i) title to the Schoolhouse actually passes pursuant to an order of the Bankruptcy Court, (ii) the Commission is approved by order of the Bankruptcy Court, and (iii) the proceeds of the sale are paid to the Trustee.  The Trustee shall have the right to reject any offer without incurring any liability to pay the Commission.

**BKREA'S DISINTERESTEDNESS**

13.     In connection with the preparation of this Declaration and to
ensure the disinterestedness of BKREA, I have conducted a review of BKREA's contacts
with the Debtors, their creditors, attorneys, and other parties in interest reasonably
known to BKREA.

14.     Based on the results of my review, it was determined that BKREA
has no relationships with any of the creditors or parties-in-interest.

15.     To the best of my knowledge, BKREA does not have any interests
materially adverse to the Trustee or the Debtors in matters upon which BKREA is to be
employed.

16.     As part of its business, BKREA is involved in numerous
transactions with many different professionals, including attorneys, and financial
consultants, who may represent claimants and parties-in-interest in the Chapter 7
Cases.  If BKREA discovers any information that is contrary to or in addition to the
statements made herein, BKREA will promptly disclose such information to the Court.

17.     BKREA is not a "creditor" of the Debtors within the meaning of
section 101(10) of the Bankruptcy Code.  Neither I nor any other Director or employee
of BKREA holds any interest materially adverse to the Trustee, the Debtors, or any class
of creditors by reason of a direct or indirect relationship to, or connection with, the
Debtors, or for any other reason.

18.     To the best of my knowledge, no agent or employee of BKREA
generally has any connection to any Bankruptcy Judge in the Southern District of New
York or any of the employees in their Chambers, the United States Trustee for the
Southern District of New York (the "U.S. Trustee"), or any person employed in the
Office of the U.S. Trustee.  BKREA is a "disinterested person" as that term is defined in

5

section 101(14) of the Bankruptcy Code.  A list of parties in interest that BKREA

reviewed is annexed hereto as **Exhibit 1**.  BKREA will conduct an ongoing review of its

files to ensure that no disqualifying circumstances arise, and if any new relevant facts or

relationships are discovered, BKREA will supplement its disclosure to this Court.

19.     In accordance with section 504 of the Bankruptcy Code, I hereby

state that there is no agreement or understanding between BKREA and any other entity,

other than a member, partner or regular associate of BKREA, for the sharing of

compensation received or to be received for services rendered in connection with the

Chapter 7 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Executed on September 19, 2025
New York, New York

*/s/ Bob Knakal*
Bob Knakal

## Exhibit 1

**Parties in Interest List**

<u>**EXHIBIT 1**</u>

<u>**Bankruptcy Judges for the Southern District of New York**</u>

1. CECELIA G. MORRIS
2. DAVID S. JONES
3. JAMES L. GARRITY, JR.
4. LISA G. BECKERMAN
5. MARTIN GLENN
6. MICHAEL E. WILES
7. SEAN H. LANE
8. JOHN P. MASTANDO III
9. PHILIP BENTLEY
10. KYU Y. (MIKE) PAEK

<u>**Chambers' Staff (ALL JUDGES SDNY)**</u>

1. DEANNA ANDERSON
2. ELLA EPSTEIN
3. ANDREW BATES
4. HELIN AZIZOGLU
5. CHANTEL BARRET
6. PATRICK MORLEY
7. AUSTIN PARK
8. TAYLOR FOGG
9. GREG WHITE
10. VANESSA ASHMEADE
11. BRIAN MCELROY
12. ANDREW BELLAH
13. WILLIE RODRIGUEZ
14. ZACHARY SIPALA
15. NATASHA FISHER
16. YONG CUI
17. LYNDA CALDERON
18. KATE CHRISTENSEN
19. MARC VEILLEUX
20. OYIN FALANA
21. LIZA EBANKS
22. CHRISTINE AZZARO
23. ALANA LYMAN
24. SEAN JOHANNSEN
25. TESSA PTUCHA
26. MARIA RODRIGUEZ-CASTILLO
27. REEMA LATEEF
28. WILLIAM SCHWARTZ
29. JIAWEI LIN
30. FRANCES FREDRICKS
31. TRACEY MERCADO
32. GRAHAM FISHER

33. JACQUELINE DEPIEROLA
34. LORRAINE ECHEVARRIA
35. ALEXANDRA TROMBITAS

**Clerk of Court and Deputy for the Southern District of New York**

1. VITO GENNA, CLERK OF THE COURT

**Debtor**

1. MANHATTAN COUNTRY SCHOOL
2. WEST 85TH STREET OWNER LLC

**Creditors**

1. STAPLES, INC.
2. COREY BLAY
3. NIXON PEABODY LLP.
4. DAVIS WRIGHT TREMAINE LLP
5. THE JANE GROUP
6. NEXUS TECHNOLOGIES, LLC
7. AINSWORTH INC.
8. ALL RESTORATION INC
9. AMERICAN EXPRESS TRAVEL
10. APPLE FINANCIAL
11. BLACKBAUD (SAAS)
12. CARIOCA SPORTS CLUB & PRODUCTIONS
13. DARKHEI NOAM
14. MANHATTAN COUNTRY SCHOOL PARENTS AND CAREGIV
15. ALAN ALTSHULER
16. ALLIANT INS SERVICES
17. AMERICAN NATIONAL
18. DE LAGE LANDEN FINANCIAL
19. BEEHIVE PRESS
20. C2STAFFING SOLUTIONS
21. CCS
22. LOCAL 2110, TECHNICAL, OFFICE AND PROFESSION
23. US BANK NATIONAL ASSOCIATION, AS TRUSTEE
24. AINSWORTH INC.
25. ALEX GREYSTOKE
26. ALLIANT RETIREMENT SRVCS
27. ANNA SOBEL
28. ASSURED ENVIORNMENTS
29. BEN JACOFF
30. CANON FINANCIAL
31. CELL MECHANIC INC
32. CHEFSWAREHOUSE

33. CORPORATE CREATIONS INT'L
34. CTSI
35. CORPORATION COUNSEL OF THE CITY OF NEW YORK
36. DAVID FAGAN
37. DRUIDE INFORMATIQUE INC.
38. ECO-INVESTIGATORS BK LLC
39. FISHER BROTHERS MANAGEMENT CO LLC
40. FRETTA REITZES CONSULTING
41. HEALTH REWARDS RETRO
42. CMB CONSULTING
43. CORPORATE POWER INC
44. CYDELLE BERNLIN
45. DA DAVIDSON
46. DAVIS WRIGHT TREMAINE LLP.
47. DUALFUEL
48. ENZO CLINICAL LABS
49. FLUSHING BANK
50. FRONTSTREAM
51. HR DIRECT
52. CONSULTING AND TESTING SRVCS
53. CSC
54. DAKOM SERVICE INC
55. DISTRICT CENTRAL STATION LLC
56. DARKHEI NAOM
57. F&J ASSIGNING INC
58. FOLLETT SCHOOL SOLUTIONS
59. GLEASON & KOATZ LLP
60. IBERIAN ELECTRIC
61. ICCS
62. JAMIE BIG SHOT EVANS
63. LOVE YOU LIKE, LLC
64. MANHATTAN PLACEMENTS
65. NARDA SKOV, MPH
66. NONPROFITHR
67. NEXUS TECHNOLOGIES, LLC
68. PAUL WILLIAMS
69. RENEE WATSON
70. ROE INTRIERI
71. INRESONANCE INC
72. KEN HORNBECK
73. M. THOMAS LANGAN
74. MICHELE SOLA
75. NIKKOLAS SMITH
76. NYSAIS
77. PITNEY BOWLS LEASING
78. RHYR POWELL

79. ROGER MINTZ, CPA LLC
80. INTERNAL REVENUE SERVICE
81. KODELY (ALOKA LLC)
82. MAIYA JACKSON
83. NIKOLE HANNAH-JONES
84. NYSAIS OPERATIONS
85. OFC & PROF UN LOCAL 210 UAW
86. RECIEVABLES CONTROL CORP
87. ROBERT J. MILLER & ASSOC
88. RUBICON WEST LLC
89. RUVNA, INC.
90. SCHOOL SPECIALTY
91. STAPLES
92. THE JANE GROUP
93. TOGETHERHOOD LLC
94. TRANE US INC.
95. US BANK NATIONAL ASSOCAIATION
96. US BANK
97. WEAVER AND TIDWELL
98. BRIAN S . LENNON
99. SAVVAS LEARNING COMPANY
100.       SCHULTE ROTH & ZABEL LLP
101.       STAPLES BUSINESS ADVANTAGE THOMAS RIGGLEMA
102.       THINK FORWARD FINANCIAL GROUP
103.       TOM HAYNIE
104.       US BANK/FLUSHING BANK
105.       WOLTERS KLUWER
106.       ROY J LESTER
107.       SCHOLASTIC
108.       SHERWIN WILLIAMS
109.       TELCO EXPERTS
110.       TIAA RETO
111.       TOTAL FIRE PROTECTION
112.       ULTIMATE IMPRESSIONS
113.       APPLE INC.
114.       IRS
115.       DAKON SERVICE INC.
116.       FISCHER LOAN

## Employees and Parties in Interest

1.       ADP TotalSource Group Inc.
2.       ABIGAIL M THOMPSON
3.       ADAM B ISLER
4.       ALEKSANDER LUKAJ
5.       ALEXANDRA MARTIN

| | |
|---|---|
| 6. | ALISA ISA SORIANO |
| 7. | ANA MILOSAVLJEVIC |
| 8. | ANDREW DEAN TEGELER |
| 9. | ANDREW R HUME |
| 10. | ANNA R PEVEAR |
| 11. | ANNA SOBEL |
| 12. | ANYA ISABEL ANDREWS |
| 13. | AUDORA VUKAJ |
| 14. | AVA T PARNES |
| 15. | BEATRICE BARTOLOTTA |
| 16. | BONNIE M GREENWALD |
| 17. | CAROLINE A BIGGERS |
| 18. | CATHERINE A CAMMER |
| 19. | CHRISTOPHER A GUAJARDO |
| 20. | CIARA DIAMOND BROWN |
| 21. | COURINA YULISA, ESQ. |
| 22. | DANIEL MULLENS |
| 23. | DIANA E VILLAFANE |
| 24. | DIWA GONZALEZ TAMRONG |
| 25. | DONNA MCDANIEL |
| 26. | EITAN BLANDER, ESQ. |
| 27. | ELIANA GJOKA |
| 28. | ELIGIO REYNOSO |
| 29. | EMMA CAITLIN DUGGAN |
| 30. | HANNAH LAUREN LELAND |
| 31. | JAMIE EVANS |
| 32. | JASMINE BAILEY |
| 33. | JEFFREY GOMEZ |
| 34. | JENNIFER C EUGENIO |
| 35. | JENNIFER H BLONK |
| 36. | JERMAINE H LLOYD |
| 37. | JIVAN KRICORIAN-SALOMON |
| 38. | JULIANNA TREMENTOZZI |
| 39. | JULIE E KORGEN |
| 40. | KATE L LANCELEY |
| 41. | KATHLEEN M. LAMANNA, |
| 42. | KATIE REBOUL |
| 43. | KERRY MDEVINE |
| 44. | KLOTILDA PINARI |
| 45. | LACEY STEWART |
| 46. | LAETICIA EMMANUEL |
| 47. | LAUREN P KARTZMAN |
| 48. | LEANN MCGRATH |
| 49. | LEONARD LUCA |

50.    LEROY SOLOMON
51.    MAIYA JACKSON
52.    MARIELLA PULEO
53.    MARY ANN WARREN
54.    MARY TROWBRIDGE
55.    MAX PARSONS
56.    MORGAN H WRIGHT
57.    MURIEL GOODE-TRUFANT, ESQ.
58.    NASSIM M ZERRIFFI
59.    NEIL BERGER, ESQ.
60.    NICOLE H JOSEPH
61.    PANSEY G LAWRENCE
62.    PATRICIACABRAL
63.    PAUL WILLIAMS
64.    PRINCESS V LYLES
65.    QING ZHUANG
66.    REESE F MASON
67.    RICHARD J. MCCORD,
68.    ROMINA DEDVUKAJ
69.    RUBEN JOSHUA ORTIZ
70.    RYAN J. BARBUR,
71.    SAFA SAJJAD
72.    SAGARIKA GAMI
73.    SAMUEL STERN
74.    SARAH LEIBOWITS
75.    SOFIA BLANDON
76.    STACEY WALKER
77.    STEPHANIE JAVOIS
78.    SUMMER GRACE FLEMISTER
79.    TAINA COLEMAN
80.    VANA MICULI
81.    VJOLLCA NIKAJ
82.    WILLIAM THOMPSON
83.    WINNIE CHAN
84.    WOOBENS KEL CELONY

## District Court Judges for the Southern District of New York

1. RONNIE ABRAMS
2. VINCENT L. BRICCETTI
3. NAOMI REICE BUCHWALD
4. ANDREW L. CARTER
5. JESSICA G. L. CLARKE
6. JOHN P. CRONAN
7. GEORGE B. DANIELS

8.  KATHERINE POLK FAILLA
9.  PAUL G. GARDEPHE
10. CHARLES S. HAIGHT
11. ALVIN K. HELLERSTEIN
12. LEWIS A. KAPLAN
13. JOHN G. KOELTL
14. VICTOR MARRERO
15. ALISON J. NATHAN CIRCUIT JUDGE SITTING BY DESIGNATION
16. LORETTA A. PRESKA
17. EDGARDO RAMOS
18. JENNIFER L. ROCHON
19. LORNA G. SCHOFIELD
20. LOUIS L. STANTON
21. ARUN SUBRAMANIAN
22. LAURA TAYLOR SWAIN
23. JEANNETTE A. VARGAS
24. KIMBA M. WOOD
25. RICHARD M. BERMAN
26. VERNON S. BRODERICK
27. VALERIE E. CAPRONI
28. KEVIN CASTEL
29. DENISE L. COTE
30. PAUL A. CROTTY
31. PAUL A. ENGELMAYER
32. JESSE M. FURMAN
33. MARGARET M. GARNETT
34. PHILIP M. HALPERN
35. DALE E. HO
36. KENNETH M. KARAS
37. LEWIS J. LIMAN
38. COLLEEN MCMAHON
39. J. PAUL OETKEN
40. JED S. RAKOFF
41. JENNIFER H. REARDEN
42. NELSON S. ROMAN
43. CATHY SEIBEL
44. SIDNEY H. STEIN
45. RICHARD J. SULLIVAN CIRCUIT JUDGE SITTING BY DESIGNATION
46. ANALISA TORRES
47. MARY KAY VYSKOCIL
48. GREGORY H. WOODS

## Magistrate Judges for the Southern District of New York

1.  STEWART D. AARON
2.  KIM P. BERG
3.  SARAH L. CAVE
4.  VALERIE FIGUEREDO
5.  GABRIEL W. GORENSTEIN

6.  GARY R. JONES
7.  ANDREW E. KRAUSE
8.  ROBERT W. LEHRBURGER
9.  JUDITH C. MCCARTHY
10. BARBARA MOSES
11. SARAH NETBURN
12. KATHARINE H. PARKER
13. VICTORIA REZNIK
14. HENRY J. RICARDO
15. GARY STEIN
16. ROBYN F. TARNOFSKY
17. ONA T. WANG
18. JENNIFER E. WILLIS

**U.S. Attorney's Office for the Southern District of New York**

1.  JAY CLAYTON, US Attorney

**United States Trustee for the Southern District of New York (and Key Staff Members)**

1.  ALABA OGUNLEYE
2.  AMANDA D. CASSARA
3.  ANDREA B. SCHWARTZ
4.  ANDY VELEZ-RIVERA
5.  ANNIE WELLS
6.  DANIEL RUDEWICZ
7.  GREG M. ZIPES
8.  ILUSION RODRIGUEZ
9.  LINDA A. RIFFKIN
10. MADELEINE VESCOVACCI
11. MARK BRUH
12. MARY V. MORONEY
13. NADKARNI JOSEPH
14. PAUL K. SCHWARTZBERG
15. RACHEL E. SIEGEL
16. SHARA CORNELL
17. SYLVESTER SHARP
18. TARA TIANTIAN
19. VALENTINA VLASOVA