**Presentment Date: October 10, 2025 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: October 7, 2025 at 4:00 p.m. (prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
*Attorneys for the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter
Anthony Greene

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
                                                   :
In re:                                             :    Chapter 7
                                                   :    Case No. 25-11009 (DSJ)
MANHATTAN COUNTRY SCHOOL, *et al.*,                :
                                                   :    (Jointly Administered)
                        Debtors.[1]                :
                                                   :
----------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF ORDER AUTHORIZING CHAPTER 7 TRUSTEE'S EMPLOYMENT AND RETENTION OF COLDWELL BANKER TIMBERLAND PROPERTIES AS REAL ESTATE BROKER FOR THE FARM PROPERTY PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that upon the Application[2] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of debtor Manhattan Country School (the "Debtor"), the undersigned will present for signature a proposed order (the "Proposed Order"), a true and complete copy of which is annexed to the Application as Exhibit A, authorizing the Trustee to retain and employ Coldwell Banker Timberland Properties as real estate broker for the marketing and sale of the Farm Property located at 3536 New Kingston Mountain Road, Roxbury, New York, *nunc pro tunc* to September 19, 2025, to the Honorable David S. Jones, United States Bankruptcy Judge, in his Chambers, United States Bankruptcy Court for the Southern

---

[1]    The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application.

District of New York, One Bowling Green, New York, New York 10004-1408 on **October 10, 2025 at 12:00 p.m. (prevailing Eastern Time)** (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, to the Proposed Order must also be filed with the Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Court's case filing system and by all other parties in interest, with a hard copy delivered directly to the Chambers of the Honorable David S. Jones, and served by email upon: (i) Togut, Segal & Segal LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and Brian Kreutter, Esq. (bkreutter@teamtogut.com); (ii) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004, Attn: Andy Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov); and (iii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be actually received by all of them no later than **4:00 P.M. (prevailing Eastern Time) on October 7, 2025** (the "Objection Deadline").

DATED:  New York, New York
       September 23, 2025

                            ALBERT TOGUT, not individually but solely
                            in his capacity as Chapter 7 Trustee,
                            By His Attorneys,
                            TOGUT, SEGAL & SEGAL LLP
                            By:

                            */s/ Neil Berger*
                            NEIL BERGER
                            BRIAN KREUTTER
                            ANTHONY GREENE
                            One Penn Plaza, Suite 3335
                            New York, New York 10119
                            (212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian Kreutter
Anthony Greene

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

In re:

MANHATTAN COUNTRY SCHOOL, *et al.*,

Debtors.[1]

:
:
:
:
:
:
:

Chapter 7
Case No. 25-11009 (DSJ)

(Jointly Administered)

----------------------------------------------------------------------x

## CHAPTER 7 TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COLDWELL BANKER TIMBERLAND PROPERTIES AS REAL ESTATE BROKER FOR THE FARM PROPERTY PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as the Chapter 7

Trustee (the "Trustee") of the estate (the "Estate") of Manhattan Country School[2]

(the "Debtor"), by his attorneys, Togut, Segal & Segal LLP, hereby makes this

application (the "Application") for entry of an order substantially in the form annexed

hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(a) and 328 of title

11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for

---

[1]    The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

[2]    This retention only applies to the Manhattan Country School case (Case No. 25-11009 (DSJ).

the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing the Trustee to retain and employ Coldwell Banker Timberland Properties ("Coldwell"), *nunc pro tunc* to September 19, 2025, as real estate broker to assist with the marketing and sale of Debtor's real property located at 3536 New Kingston Mountain Road, Roxbury, New York 12474 (the "Farm Property"), pursuant to the Coldwell Listing Agreement (defined below), annexed hereto as **Exhibit B**.

In support of this Application, the Trustee submits the Declaration of Christine O'Shaughnessy, the licensed agent of Coldwell who will be responsible for the services described herein, annexed hereto as **Exhibit C** (the "O'Shaughnessy Declaration"), and respectfully states:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* for the Southern District of New York, dated January 31, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

3.      On May 16, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

4.      Pursuant to an Order of the Court dated June 18, 2025 (the "Conversion Date") [Docket No. 49], the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

5.      On June 18, 2025, Mr. Togut was appointed as the Chapter 7
Interim Trustee of the Debtor [Docket No. 50], he duly qualified and is acting as Trustee
herein.

6.      The Debtor's schedules of assets and liabilities and the docket in
the Chapter 7 Case disclose that the Estate has interests in various assets, including, but
not limited to, the Farm Property.

## RELIEF REQUESTED

7.      By this Application, the Trustee seeks to retain Coldwell as real
estate broker to assist with the marketing and sale of the Farm Property *nunc pro tunc* to
September 19, 2025.  The Farm Property is a farm of approximately 200 acres, including
a farmhouse and other structures.

## BASIS FOR RELIEF

8.      Following diligence, the Trustee has chosen, subject to this Court's
approval, Coldwell to act as his real estate broker because of Ms. O'Shaughnessy's and
Coldwell's considerable experience with the sale of real property in Upstate New York,
including in Roxbury, New York, as set forth in the O'Shaughnessy Declaration.

9.      The terms and conditions of Coldwell's proposed retention are set
forth in the 6-month exclusive listing agreement between Coldwell and the Trustee,
dated September 19, 2025 (the "Coldwell Listing Agreement"), a copy of which is
annexed hereto as **Exhibit B**.

10.      As set forth in the O'Shaughnessy Declaration, Coldwell is a
licensed real estate brokerage firm that specializes in transactions in the Catskills and
surrounding regions.  Coldwell has brokers in seven office locations in New York.
Coldwell and Ms. O'Shaughnessy have substantial expertise in the disposition of real
property in Upstate New York, particularly in Roxbury, New York, where the Farm

Property is located.  For these reasons, Coldwell and Ms. O'Shaughnessy are well-qualified to market and assist in the sale of the Farm Property.

11.    The professional services to be rendered by Coldwell will be limited to those necessary to assist in the marketing and sale of the Farm Property, including without limitation:[3]

    a)  advertising and marketing the Farm Property using such advertising and promotional activities as agreed upon in consultation with the Trustee;

    b)  analyzing and making recommendations regarding purchase offers for the Farm Property;

    c)  providing assistance with negotiations regarding the sale of the Farm Property;

    d)  assisting with the consummation of the sale of the Farm Property;  and

    e)  rendering such other assistance as the Trustee may deem necessary in connection with the sale of the Farm Property.

12.    Absent an extension subject to a further order of this Court, the Coldwell Listing Agreement will expire on March 19, 2026, but that term may be extended pursuant to written agreements with the Trustee and orders of this Court.

## PROFESSIONAL COMPENSATION

13.    Pursuant to section 328(a) of the Bankruptcy Code, the Trustee may retain professionals on any reasonable terms and conditions of employment.  As recognized by numerous courts, Congress intended section 328(a) to enable trustees and debtors to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to review if the terms are

---

[3]    Consistent with the Coldwell Listing Agreement, Coldwell may solicit the cooperation of other licensed real estate brokers who are members of The Real Estate Board of New York who will act as agents for prospective purchasers.

found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." *See Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862-63 (5th Cir. 1997); *Henry A. Leonard & Co. v. United States Trustee (In re River Foal, Inc.)*, 161 B.R. 568, 569 (S.D.N.Y. 1993).

14.    The Trustee seeks approval to compensate Coldwell pursuant to the Coldwell Listing Agreement which provides:

a) Coldwell will have an exclusive right to sell the Farm Property, meaning that if the Trustee finds a buyer during the term of the Coldwell Listing Agreement, the agreed commission will be due to Coldwell, except as expressly set forth herein;

b) if the Farm Property is sold pursuant to an agreement with a buyer, and no real estate agent other than Ms. O'Shaughnessy at Coldwell is involved, the commission payable to Coldwell will be three and a half percent (3.5%) of the gross sale price;

c) if the purchaser is represented by an associate or broker other than Ms. O'Shaughnessy at Coldwell (an "Outside Broker"), which may include any other Coldwell associate or broker, the Trustee and Coldwell may negotiate with the Outside Broker regarding the potential payment of an additional percentage of the gross sale price to the Outside Broker; provided, however, that the total commission payable by the Estate will not exceed four and a half percent (4.5%) of the gross sale price; and

d) Commissions and/or fees will be due and payable as, if, and when (i) title to the Farm Property actually passes pursuant to an order of the Court, (ii) the commission is approved by order of the Court, and (iii) the proceeds of the sale are paid to the Trustee. The Trustee shall have the right to reject any offer without incurring any liability to pay the commission.

15.     The Trustee respectfully submits, in as much as Coldwell's compensation is results-oriented and directly related to benefits received by the Estate in a sale transaction, requiring Coldwell to file a fee application pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1 is unnecessary.  Coldwell will not be compensated based upon time and effort expended. Instead, Coldwell will be compensated based upon a percentage of the proceeds of the sale of the Farm Property, as set forth in the Coldwell Listing Agreement, and only following Court approval and title passing to a buyer.  Given the percentage-based fee structure, the Trustee respectfully submits that the recording and submission of detailed time entries for services rendered by Coldwell in this case is unnecessary and would be unduly burdensome to Coldwell.  Accordingly, the Trustee requests that such requirements be waived.  The Trustee will seek allowance of compensation to Coldwell when he files an application to approve the sale of the Farm Property.

16.     It is also requested that since Coldwell or an Outside Broker will not earn a commission until the sale is approved by this Court and title passes to a buyer, the commissions be paid out of the sale proceeds at the closing for the sale of the Farm Property without need for a further application for compensation.  When the Trustee applies to have the sale of the Farm Property approved, his application will include a request that Coldwell and, if applicable, the Outside Broker, be paid so there will be a further order of the Court before the commissions are actually paid.

17.     The retention of real estate brokers pursuant to the standard of review in section 328(a) has been approved in other cases in this District and others. *See, e.g.*, *In re Peggy Nestor*, No. 23-01133 (MEW) (Bankr. S.D.N.Y. Feb. 13, 2025);  In *re Weintraub,* No. 11-15499 (JLG) (Bankr. S.D.N.Y. March 13, 2015);  *In re FL 6801 Spirits LLC, et al.,* No. 14-11691 (SCC) (Bankr. S.D.N.Y. June 25, 2014);  *In re 313 W. 77th Street*

*Tenants Corp.*, No. 03-15522 (SCC) (Bankr. S.D.N.Y. Oct. 5, 2011);  *In re General Growth Properties, Inc.*, Case No. 09-11977 (ALG) (Bankr. S.D.N.Y. Apr. 16, 2009);  *In re The Brooklyn Hospital Center, et al*., No. 05-26990 (Bankr. E.D.N.Y. January 5, 2007) (CEC);  *In re Harrow Stores, Inc.* , No. 06-72860 (Bankr. E.D.N.Y. December 15, 2006) (DTE);  *In re TSIC, Inc., f/k/a Sharper Image Corporation*, No. 08-10322 (Bankr. D. Del. July 28, 2008) (KG).

## <u>COLDWELL'S DISINTERESTEDNESS</u>

18.     To the best of the Trustee's knowledge, the employees and agents of Coldwell do not have any connection with, or any interest adverse to, the Debtor, its creditors or any other party in interest, or its representatives, except as may be set forth in the O'Shaughnessy Declaration.

19.     More specifically, as set forth in the O'Shaughnessy Declaration, Coldwell, its employees and agents:

    a)     are not creditors or insiders of the Debtor;

    b)     are not and were not, within two years before the date of the filing of the Debtor's Chapter 11 petition, trustees or employees of the Debtor; and

    c)     do not have an interest materially adverse to the interests of the Trustee, the Estate or of any class of creditors by reason of any direct or indirect relationship to, or connection with, the Debtor, or for any other reason.

20.     Except as may be set forth in the O'Shaughnessy Declaration, Coldwell has represented to the Trustee that it has not represented and will not represent any parties other than the Trustee in the Chapter 7 Case or in connection with any matters that would be adverse to the Trustee arising from, or related to, this case.

21.     Based on the O'Shaughnessy Declaration, the Trustee believes that Coldwell is a "disinterested person" as that term is defined in section 101(14) of the

Bankruptcy Code.  The Trustee has been informed that Coldwell will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Coldwell will supplement its disclosure to this Court.

### *NUNC PRO TUNC* AUTHORIZATION

22.     Given the need to promptly bring the Farm Property to the market and to stem accruing expenses, the Trustee asked Coldwell to begin its work to market and sell the Farm Property as of the date of the Coldwell Listing Agreement.  As a result, the Trustee respectfully requests that the retention of Coldwell be effective as of September 19, 2025, which is the first date on which Coldwell provided services in this case.

### NOTICE

23.     Notice of this Application has been given to:  (i) the United States Trustee;  (ii) the Debtor;  and (iii) all other parties in interest that have filed a notice of appearance in this Chapter 7 Case.  The Trustee respectfully submits, under the circumstances, no other or further notice need be given.

### NO PRIOR REQUEST

24.     No previous application for the relief sought herein has been made to this or any other court.

*[Remainder of Page Left Intentionally Blank]*

8

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an order,

substantially in the form annexed hereto as **Exhibit A**, authorizing the Trustee to retain

and employ Coldwell as his real estate broker, in accordance with the Coldwell Listing

Agreement, *nunc pro tunc* to September 19, 2025, together with such other and further

relief as is just and proper.

Dated:   September 23, 2025
         New York, New York

                                   Respectfully submitted,

                                   ALBERT TOGUT, not individually but
                                   solely in his capacity as Chapter 7 Trustee
                                   By His Attorneys,
                                   TOGUT, SEGAL & SEGAL LLP
                                   By:

                                   /s/ *Neil Berger*
                                   NEIL BERGER
                                   BRIAN KREUTTER
                                   ANTHONY GREENE
                                   One Penn Plaza, Suite 3335
                                   New York, New York 10119
                                   (212) 594-5000

## Exhibit A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
                                            :
In re:                                :      Chapter 7
                                              :      Case No. 25-11009 (DSJ)
MANHATTAN COUNTRY SCHOOL, *et al.*,    :
                                              :      (Jointly Administered)
                     Debtors.[1]        :
                                              :
------------------------------------------------------------------------x

**ORDER AUTHORIZING CHAPTER 7 TRUSTEE'S EMPLOYMENT AND
RETENTION OF COLDWELL BANKER TIMBERLAND PROPERTIES AS REAL
ESTATE BROKER FOR THE FARM PROPERTY PURSUANT TO
SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE**

Upon consideration of the application (the "<u>Application</u>")[2] of Albert

Togut, not individually but solely in his capacity as the Chapter 7 Trustee

(the "<u>Trustee</u>") of the estate ("<u>Estate</u>") of Manhattan Country School (the "<u>Debtor</u>"), by

his attorneys, Togut, Segal & Segal LLP, for entry of an order pursuant to sections 327(a)

and 328 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2014-1 of the

Local Rules for the United States Bankruptcy Court for the Southern District of New

York (the "<u>Local Rules</u>") approving the retention and employment of Coldwell Banker

Timberland Properties ("<u>Coldwell</u>"), *nunc pro tunc* to September 19, 2025, as real estate

broker for the marketing and sale of the Debtor's property located at 3536 New

Kingston Mountain Road, Roxbury, New York (the "<u>Farm Property</u>") pursuant to the

Coldwell Listing Agreement, annexed to the Application as **Exhibit B**;  and upon the

Declaration of Christine O'Shaughnessy, a licensed agent with Coldwell

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Application.

(the "<u>O'Shaughnessy Declaration</u>"), annexed to the Application as **<u>Exhibit C</u>**; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that the relief requested in the Application is in the best interests of the Trustee and the Estate; and the Court being satisfied, based on the representations made in the Application and the O'Shaughnessy Declaration, that Coldwell represents or holds no interest adverse to the Estate and is disinterested under section 101(14) of the Bankruptcy Code; and it appearing that good and significant notice of the Application has been given under the circumstances of this case; and it appearing that no other or further notice need be provided; and good and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that in accordance with sections 327(a) and 328 of the Bankruptcy Code, the Trustee is hereby authorized to retain and employ Coldwell as his real estate broker to perform the services described in the Coldwell Listing Agreement which is hereby approved; and it is further

**ORDERED**, the Coldwell Listing Agreement is approved and incorporated herein by reference; and it is further

**ORDERED**, that the Trustee may extend the terms of the Coldwell Listing Agreement for up to two (2) additional six-month terms upon the submission of proposed order(s) to be filed by notice of presentment pursuant to Local Rule 9013-2 and entry of such order(s) by the Court without the requirement that the Trustee file separate application(s) in support of entry of such order(s); and it is further

**ORDERED**, the Trustee is authorized to compensate Coldwell, and the Outside Broker, if any, pursuant to the commission fee arrangement set forth in the Coldwell Listing Agreement; and it is further

**ORDERED**, that for cause shown in the Application, the retention of Coldwell is effective *nunc pro tunc* to September 19, 2025;  and it is further

**ORDERED,** that Coldwell shall not receive any payments for its services until such time as a sale of the Farm Property is approved by the Court and Coldwell files a fee application which is approved by the Court;  provided, that such application may be included in the Trustee's motion for approval of the sale of the Farm Property;  and it is further

**ORDERED**, that Coldwell shall provide periodic reports directly to the Trustee's counsel regarding its marketing and sale efforts;  and it is further

**ORDERED**, that any changes or amendments to the Coldwell Listing Agreement are subject to Court approval on notice to Coldwell;  and it is further

**ORDERED**, that the sale of the Farm Property is subject to the terms of the Coldwell Listing Agreement;  and it is further

**ORDERED**, that to the extent either the Application or Coldwell Listing Agreement is inconsistent with this Order, the terms of this Order shall govern;  and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED:  New York, New York
              October __, 2025

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE,
By:
*/s/ Andrew Velez-Rivera*
ANDREW VELEZ-RIVERA, ESQ.
Trial Attorney

## Exhibit B

### Coldwell Listing Agreement

**COLDWELL BANKER**

**TIMBERLAND PROPERTIES**

Coldwell Banker Timberland Properties
75 Bridge Street
Margaretville, NY 12455

Date:  September 19, 2025

Coldwell Banker Timberland Properties
75 Bridge Street
Margaretville, NY 12455

**Re:  Address: 3536 New Kingston Mountain Road, Roxbury, NY 12474 (the "Property")**

Ladies and Gentlemen:

Albert Togut, solely in his capacity as the Chapter 7 Trustee ("Seller" or "Trustee") of the estate (the "Estate") of Manhattan Country School a/k/a Manhattan Country School, Inc. (the "Debtor"), hereby appoints Coldwell Banker Timberland Properties ("Coldwell") as the Trustee's sole agent and grants to Coldwell the exclusive right to sell the above-referenced Property subject to the following terms and conditions:

1.      This Agreement shall be effective upon execution by the Trustee and Coldwell, subject to entry of an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.      The term of this agreement shall commence on the date hereof and shall continue for a period of six months. The parties may thereafter extend the term for successive six-month periods upon mutual written consent, which may be provided by email, and order(s) of the Bankruptcy Court.  Each party reserves the right to terminate this agreement for any reason and upon thirty (30) days written notice prior to the conclusion of a six-month period.

3.      Coldwell will enlist its efforts to secure a satisfactory purchaser(s) for the Property, and if Coldwell deems it necessary, Coldwell may seek the cooperation of other licensed real estate brokers representing potential purchasers ("Cooperating Brokers"). Cooperating Brokers shall be paid by the buyer.

4.      Coldwell shall prepare a marketing brochure or offering package which must be approved by the Trustee prior to its distribution. All advertising, whether prepared, or issued by Coldwell, or by the Trustee, shall identify Coldwell as Seller's exclusive agent for the Property.

5.      During the term of this agreement, the Trustee will refer to Coldwell all inquiries and offerings received by him with respect to the Property, regardless of the source of such inquiries or offerings, and all negotiations shall be conducted solely by Coldwell or under the Trustee's direction or shall involve Coldwell.

6.      Seller agrees to allow the use of a lockbox or to provide keys to the Property to Cooperating Brokers and permit showings of the Property at any reasonable hour. Seller agrees that Coldwell may place a sign on the Property indicating its availability for purchase. Seller agrees to the publication of Seller's address on all listing information.

7.      Seller is responsible for the condition, maintenance and/or utilities for the Property.

8.      Intellectual Property – Assignment: Seller irrevocably assigns to Coldwell all his intellectual property rights, title and interest in and to all data, information, text and photographs in connection with the sale of the Property including, without limitation, the copyright to such listing data and photographs. Any assigned listing content will be Coldwell's separate property and Coldwell may make the listing and listing content available to Seller as appropriate.

9.      Seller is aware that it is in violation of NYS Penal Law to mechanically overhear a conversation by having any device (or devices) recording, streaming or otherwise documenting the conversation of an individual during real estate-related activities at the Property (open houses, showings etc.) if you are not a party to that conversation. If such a device is present and will be operating at any time a potential Buyer/Tenant is viewing the property, the Seller/Landlord/Property Manager understands that the listing agent must disclose the presence of the device.

10.      Coldwell's commission (the "Commission"), which is to be paid by Seller from the proceeds of the sale of the Property, will be computed based upon three and a half (3.5%) of the gross sale price.  If the sale is effectuated by a broker other than Coldwell, Coldwell and the Seller may negotiate with the Cooperating Broker(s) regarding the potential payment of an additional percentage of the gross sale price to the Cooperating Broker(s);  provided, however, that the total commission payable by the Estate will not exceed four and a half percent (4.5%) of the gross sale price.  Commissions and / or fees will be due and payable as, if, and when (i) title to the Property actually passes pursuant to an order of the Bankruptcy Court, (ii) the Commission is approved by order of the Bankruptcy Court, and (iii) the proceeds of the sale are paid to Seller. The Trustee shall have the right to reject any offer without incurring any liability to pay the Commission.

11.      In the event the Property is sold to a successful bidder at auction, the Commission shall be calculated based upon the highest and best bid submitted by the successful bidder in the auction that closes.

12.      Before the Trustee may sell the Property, the sale transaction, including the highest and best offer obtained through Coldwell's efforts, must be approved by the Bankruptcy Court following notice by the Trustee to creditors and others.

13.      Coldwell agrees within fifteen (15) business days after the expiration of the listing to provide Seller with a list of no more than six (6) names of persons or entities who during the term have: (a) inspected the Property, (b) been contacted by Coldwell regarding the sale of the Property, or (c) offered to purchase the Property. If within 90 days after the expiration or earlier termination of the listing term a contract is signed or negotiations continue and ultimately lead to a signed contract for the sale of the Property to a person on said list (or an entity with whom said person is affiliated in any way), Coldwell shall be entitled to the Commissions provided for in paragraph thirteen (13) of this agreement.

14.     Seller hereby represents that (a) Seller is the Trustee of the Debtor's Estate and has the right to sell the Property subject to entry of an order of the Bankruptcy Court approving such sale; and (b) he is duly authorized to execute this document on behalf of the Debtor's Estate.

15.     Seller hereby consents to Coldwell's publicizing its role in any transaction it enters into, subject to Seller's reasonable editorial approval of such publicity.

16.     Seller agrees to provide Coldwell, upon or prior to closing, with a complete copy of any executed purchase and sale agreement or other transaction agreement for the Property when signed by the party transacting with Seller and a copy of the closing statement for Coldwell's records, which shall be treated as confidential.

17.     This agreement shall be binding upon the parties hereto, their respective affiliates, partners, successors and assigns.

18.     Seller is entering into this Agreement not individually but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate and Coldwell agrees that neither Seller nor his retained professionals shall have any personal liability or obligation whatsoever under this Agreement and any liability or obligation of Seller and his retained professionals under this Agreement shall be satisfied, discharged or performed solely out of the Debtor's Estate, and not out of any personal assets of the Trustee or his retained professionals.

19.     Any controversy or claim arising out of or relating to this Agreement or breach of performance thereof shall be determined by the Bankruptcy Court, which shall have exclusive jurisdiction therefore. Each party shall pay its own legal fees.

20.     It is agreed that the Property will be listed in full compliance with local, state, and federal fair housing, human rights, civil rights laws and the National Association of Realtors® Code of Ethics in the sale of the Property. Seller agrees not to discriminate against any protected class in the sale of the Property. Protected class includes but is not limited to race, color, religion, creed, sex (including gender identity), disability or handicap, national origin, marital/familial status and/or military status.

If the foregoing accurately sets forth our agreement, please sign and return the enclosed copies of this letter.

Very truly yours,

**Albert Togut, Solely in his Capacity as Chapter 7 Trustee of the Estate of Manhattan Country School, By His Attorneys,**

**TOGUT, SEGAL & SEGAL LLP**

By: _/s/ Neil Berger_

Name: Neil Berger
Title:   A Member of the Firm

3

Agreed:

**Coldwell Banker Timberland Properties**

By _Christine O'Shaughnessy_
DocuSigned by:
B862248C7D52498

Name: _Christine O'Shaughnessy_

Title: _Licensed R.E. Sales Associate_

## Exhibit C

**Declaration of Christine O'Shaughnessy**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

In re:                                                    :        Chapter 7
                                                          :        Case No. 25-11009 (DSJ)
MANHATTAN COUNTRY SCHOOL, *et al.*,                       :
                                                          :        (Jointly Administered)
                                       Debtors.[1]        :
                                                          :
----------------------------------------------------------------------x

### DECLARATION OF CHRISTINE O'SHAUGHNESSY
### IN SUPPORT OF CHAPTER 7 TRUSTEE'S APPLICATION
### FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND
### RETENTION OF COLDWELL BANKER TIMBERLAND
### PROPERTIES AS REAL ESTATE BROKER FOR THE FARM PROPERTY
### PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE

Christine O'Shaughnessy, being duly sworn, states the following under

penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am a licensed real estate sales associate with Coldwell Banker

Timberland Properties ("Coldwell").  I have been employed by Coldwell since 2005.

2.      I submit this declaration (the "Declaration") on behalf of Coldwell

in support of the application (the "Application")[2] of Albert Togut, not individually but

solely in his capacity as Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of

Manhattan Country School (the "Debtor"), for entry of an order authorizing the

retention and employment of Coldwell as real estate broker for the Farm Property, *nunc*

*pro tunc* to September 19, 2025, on the terms and conditions set forth in the Coldwell

Listing Agreement, dated September 19, 2025, a copy of which is annexed to the

---

[1]     The Debtors in these cases, along with the last four digits of their federal tax identification numbers
        are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner
        LLC (6971) (Case No. 25-11922) (DSJ).

[2]     Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in
        the Application.

Application as **Exhibit B**, to assist in the marketing and sale of the Farm Property located at 3536 New Kingston Mountain Road, Roxbury, New York.

3.      I have personal knowledge of the matters set forth herein, and if called as a witness, would testify competently thereto.

4.      Coldwell is a licensed real estate brokerage firm that specializes in transactions in the Catskills and surrounding regions.  Coldwell has brokers in seven office locations in New York.  Coldwell and I have substantial expertise in the disposition of real property in Upstate New York, including Roxbury, New York, where the Farm Property is located.  For these reasons, Coldwell is well-qualified to market and assist in the sale of the Farm Property.

5.      Coldwell has consented to be employed as the Trustee's real estate broker upon the terms of the Coldwell Listing Agreement.

### SCOPE OF SERVICES

6.      The professional services to be rendered by Coldwell will be limited to those necessary to assist in the marketing and sale of the Farm Property, including without limitation: [3]

    a)  advertising and marketing the Farm Property, using such advertising and promotional activities as agreed upon in consultation with the Trustee;

    b)  analyzing and making recommendations regarding purchase offers for the Farm Property;

    c)  providing assistance with negotiations regarding the sale of the Farm Property;

---

[3]   Consistent with the Coldwell Listing Agreement, Coldwell may solicit the cooperation of other licensed real estate brokers who are members of The Real Estate Board of New York who will act as agents for prospective purchasers.

d) assisting with the consummation of the sale of the Farm Property;  and

e) rendering such other assistance as the Trustee may deem necessary in connection with the sale of the Farm Property.

7.      Coldwell will furnish the Trustee with periodic reports of its activities concerning this retention.  Coldwell will be available to the Trustee to discuss the foregoing reports and to review the progress of its marketing and sale efforts.

8.      Coldwell's brokerage services will be complementary, and not duplicative of, the services that will be performed in this case by the Trustee's other retained professionals.  Coldwell will coordinate with the Trustee and will use its best efforts to avoid any duplication of services.

9.      I am advised that the Trustee will seek an order approving Coldwell's employment as of the date of the Coldwell Listing Agreement on September 19, 2025, the date that Coldwell began its work to market and sell the Farm Property.

## PROFESSIONAL COMPENSATION

10.      In connection with the retention of Coldwell, the Trustee has agreed to compensate Coldwell based upon a percentage of the proceeds of any sale relating to the Farm Property in the following manner:

a) Coldwell will have an exclusive right to sell the Farm Property, meaning that if the Trustee finds a buyer, during the term of the Coldwell Listing Agreement, the agreed commission will be due to Coldwell, except as expressly set forth herein;

b) if the Farm Property is sold pursuant to an agreement with a buyer, and no real estate agent other than Ms. O'Shaughnessy at Coldwell is involved, the commission payable to Coldwell will be three and a half percent (3.5%) of the gross sale price;

3

c) if the purchaser is represented by an associate or broker other than Ms. O'Shaughnessy at Coldwell (an "<u>Outside Broker</u>"), which may include any other Coldwell associate or broker, the Trustee and Coldwell may negotiate with the Outside Broker regarding the potential payment of an additional percentage of the gross sale price to the Outside Broker; provided, however, that the total commission payable by the Estate will not exceed four and a half percent (4.5%) of the gross sale price; and

d) Commissions and/or fees will be due and payable as, if, and when (i) title to the Farm Property actually passes pursuant to an order of the Court, (ii) the commission is approved by order of the Court, and (iii) the proceeds of the sale are paid to the Trustee. The Trustee shall have the right to reject any offer without incurring any liability to pay the commission.

## **COLDWELL'S DISINTERESTEDNESS**

11.     In connection with the preparation of this Declaration and to ensure the disinterestedness of Coldwell, I have conducted a review of Coldwell's contacts with the Debtor, its creditors, attorneys, and other parties in interest reasonably known to Coldwell.

12.     Based on the results of my review, it was determined that Coldwell has no relationships with any of the creditors or parties-in-interest.

13.     To the best of my knowledge, Coldwell does not have any interests materially adverse to the Trustee or the Debtor herein in matters upon which Coldwell is to be employed.

14.     As part of its business, Coldwell is involved in numerous transactions with many different professionals, including attorneys, and financial consultants, who may represent claimants and parties-in-interest in the Debtor's case. If Coldwell discovers any information that is contrary to or in addition to the statements made herein, Coldwell will promptly disclose such information to the Court.

4

15.    Coldwell is not a "creditor" of the Debtor within the meaning of section 101(10) of the Bankruptcy Code.  Neither I nor any other Director or employee of Coldwell holds any interest materially adverse to the Trustee, the Debtor, or any class of creditors by reason of a direct or indirect relationship to, or connection with, the Debtor, or for any other reason.

16.    To the best of my knowledge, no agent or employee of Coldwell generally has any connection to any Bankruptcy Judge in the Southern District of New York or any of the employees in their Chambers, the United States Trustee for the Southern District of New York (the "U.S. Trustee") or any person employed in the Office of the U.S. Trustee.  Coldwell is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  A list of parties in interest that Coldwell reviewed is annexed hereto as **Exhibit 1**.  Coldwell will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Coldwell will supplement its disclosure to this Court.

17.    In accordance with section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between Coldwell and any other entity, other than a member, partner or regular associate of Coldwell, for the sharing of compensation received or to be received for services rendered in connection with the Chapter 7 Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 22, 2025
Margaretville, New York

                                        /s/ Christine O'Shaughnessy
                                        Christine O'Shaughnessy

5

## Exhibit 1

## Parties in Interest List

**Bankruptcy Judges for the Southern District of New York**

1. CECELIA G. MORRIS
2. DAVID S. JONES
3. JAMES L. GARRITY, JR.
4. LISA G. BECKERMAN
5. MARTIN GLENN
6. MICHAEL E. WILES
7. SEAN H. LANE
8. JOHN P. MASTANDO III
9. PHILIP BENTLEY
10. KYU Y. (MIKE) PAEK

**Chambers' Staff (ALL JUDGES SDNY)**

1. DEANNA ANDERSON
2. ELLA EPSTEIN
3. ANDREW BATES
4. HELIN AZIZOGLU
5. CHANTEL BARRET
6. PATRICK MORLEY
7. AUSTIN PARK
8. TAYLOR FOGG
9. GREG WHITE
10. VANESSA ASHMEADE
11. BRIAN MCELROY
12. ANDREW BELLAH
13. WILLIE RODRIGUEZ
14. ZACHARY SIPALA
15. NATASHA FISHER
16. YONG CUI
17. LYNDA CALDERON
18. KATE CHRISTENSEN
19. MARC VEILLEUX
20. OYIN FALANA
21. LIZA EBANKS
22. CHRISTINE AZZARO
23. ALANA LYMAN
24. SEAN JOHANNSEN
25. TESSA PTUCHA
26. MARIA RODRIGUEZ-CASTILLO
27. REEMA LATEEF
28. WILLIAM SCHWARTZ
29. JIAWEI LIN
30. FRANCES FREDRICKS
31. TRACEY MERCADO
32. GRAHAM FISHER

33. JACQUELINE DEPIEROLA
34. LORRAINE ECHEVARRIA
35. ALEXANDRA TROMBITAS

## Clerk of Court and Deputy for the Southern District of New York

1. VITO GENNA, CLERK OF THE COURT

## Debtor

1. MANHATTAN COUNTRY SCHOOL

## Creditors

1. STAPLES, INC.
2. COREY BLAY
3. NIXON PEABODY LLP.
4. DAVIS WRIGHT TREMAINE LLP
5. THE JANE GROUP
6. NEXUS TECHNOLOGIES, LLC
7. AINSWORTH INC.
8. ALL RESTORATION INC
9. AMERICAN EXPRESS TRAVEL
10. APPLE FINANCIAL
11. BLACKBAUD (SAAS)
12. CARIOCA SPORTS CLUB & PRODUCTIONS
13. DARKHEI NOAM
14. MANHATTAN COUNTRY SCHOOL PARENTS AND CAREGIV
15. ALAN ALTSHULER
16. ALLIANT INS SERVICES
17. AMERICAN NATIONAL
18. DE LAGE LANDEN FINANCIAL
19. BEEHIVE PRESS
20. C2STAFFING SOLUTIONS
21. CCS
22. LOCAL 2110, TECHNICAL, OFFICE AND PROFESSION
23. US BANK NATIONAL ASSOCIATION, AS TRUSTEE
24. AINSWORTH INC.
25. ALEX GREYSTOKE
26. ALLIANT RETIREMENT SRVCS
27. ANNA SOBEL
28. ASSURED ENVIORNMENTS
29. BEN JACOFF
30. CANON FINANCIAL
31. CELL MECHANIC INC
32. CHEFSWAREHOUSE
33. CORPORATE CREATIONS INT'L

34. CTSI
35. CORPORATION COUNSEL OF THE CITY OF NEW YORK
36. DAVID FAGAN
37. DRUIDE INFORMATIQUE INC.
38. ECO-INVESTIGATORS BK LLC
39. FISHER BROTHERS MANAGEMENT CO LLC
40. FRETTA REITZES CONSULTING
41. HEALTH REWARDS RETRO
42. CMB CONSULTING
43. CORPORATE POWER INC
44. CYDELLE BERNLIN
45. DA DAVIDSON
46. DAVIS WRIGHT TREMAINE LLP.
47. DUALFUEL
48. ENZO CLINICAL LABS
49. FLUSHING BANK
50. FRONTSTREAM
51. HR DIRECT
52. CONSULTING AND TESTING SRVCS
53. CSC
54. DAKOM SERVICE INC
55. DISTRICT CENTRAL STATION LLC
56. DARKHEI NAOM
57. F&J ASSIGNING INC
58. FOLLETT SCHOOL SOLUTIONS
59. GLEASON & KOATZ LLP
60. IBERIAN ELECTRIC
61. ICCS
62. JAMIE BIG SHOT EVANS
63. LOVE YOU LIKE, LLC
64. MANHATTAN PLACEMENTS
65. NARDA SKOV, MPH
66. NONPROFITHR
67. NEXUS TECHNOLOGIES, LLC
68. PAUL WILLIAMS
69. RENEE WATSON
70. ROE INTRIERI
71. INRESONANCE INC
72. KEN HORNBECK
73. M. THOMAS LANGAN
74. MICHELE SOLA
75. NIKKOLAS SMITH
76. NYSAIS
77. PITNEY BOWLS LEASING
78. RHYR POWELL
79. ROGER MINTZ, CPA LLC

80. INTERNAL REVENUE SERVICE
81. KODELY (ALOKA LLC)
82. MAIYA JACKSON
83. NIKOLE HANNAH-JONES
84. NYSAIS OPERATIONS
85. OFC & PROF UN LOCAL 210 UAW
86. RECIEVABLES CONTROL CORP
87. ROBERT J. MILLER & ASSOC
88. RUBICON WEST LLC
89. RUVNA, INC.
90. SCHOOL SPECIALTY
91. STAPLES
92. THE JANE GROUP
93. TOGETHERHOOD LLC
94. TRANE US INC.
95. US BANK NATIONAL ASSOCAIATION
96. US BANK
97. WEAVER AND TIDWELL
98. BRIAN S . LENNON
99. SAVVAS LEARNING COMPANY
100.      SCHULTE ROTH & ZABEL LLP
101.      STAPLES BUSINESS ADVANTAGE THOMAS RIGGLEMA
102.      THINK FORWARD FINANCIAL GROUP
103.      TOM HAYNIE
104.      US BANK/FLUSHING BANK
105.      WOLTERS KLUWER
106.      ROY J LESTER
107.      SCHOLASTIC
108.      SHERWIN WILLIAMS
109.      TELCO EXPERTS
110.      TIAA RETO
111.      TOTAL FIRE PROTECTION
112.      ULTIMATE IMPRESSIONS
113.      APPLE INC.
114.      IRS
115.      DAKON SERVICE INC.
116.      FISCHER LOAN

## District Court Judges for the Southern District of New York

1. RONNIE ABRAMS
2. VINCENT L. BRICCETTI
3. NAOMI REICE BUCHWALD
4. ANDREW L. CARTER
5. JESSICA G. L. CLARKE
6. JOHN P. CRONAN
7. GEORGE B. DANIELS

8.  KATHERINE POLK FAILLA
9.  PAUL G. GARDEPHE
10. CHARLES S. HAIGHT
11. ALVIN K. HELLERSTEIN
12. LEWIS A. KAPLAN
13. JOHN G. KOELTL
14. VICTOR MARRERO
15. ALISON J. NATHAN CIRCUIT JUDGE SITTING BY DESIGNATION
16. LORETTA A. PRESKA
17. EDGARDO RAMOS
18. JENNIFER L. ROCHON
19. LORNA G. SCHOFIELD
20. LOUIS L. STANTON
21. ARUN SUBRAMANIAN
22. LAURA TAYLOR SWAIN
23. JEANNETTE A. VARGAS
24. KIMBA M. WOOD
25. RICHARD M. BERMAN
26. VERNON S. BRODERICK
27. VALERIE E. CAPRONI
28. KEVIN CASTEL
29. DENISE L. COTE
30. PAUL A. CROTTY
31. PAUL A. ENGELMAYER
32. JESSE M. FURMAN
33. MARGARET M. GARNETT
34. PHILIP M. HALPERN
35. DALE E. HO
36. KENNETH M. KARAS
37. LEWIS J. LIMAN
38. COLLEEN MCMAHON
39. J. PAUL OETKEN
40. JED S. RAKOFF
41. JENNIFER H. REARDEN
42. NELSON S. ROMAN
43. CATHY SEIBEL
44. SIDNEY H. STEIN
45. RICHARD J. SULLIVAN CIRCUIT JUDGE SITTING BY DESIGNATION
46. ANALISA TORRES
47. MARY KAY VYSKOCIL
48. GREGORY H. WOODS

**Magistrate Judges for the Southern District of New York**

1.  STEWART D. AARON
2.  KIM P. BERG
3.  SARAH L. CAVE
4.  VALERIE FIGUEREDO
5.  GABRIEL W. GORENSTEIN

6.  GARY R. JONES
7.  ANDREW E. KRAUSE
8.  ROBERT W. LEHRBURGER
9.  JUDITH C. MCCARTHY
10. BARBARA MOSES
11. SARAH NETBURN
12. KATHARINE H. PARKER
13. VICTORIA REZNIK
14. HENRY J. RICARDO
15. GARY STEIN
16. ROBYN F. TARNOFSKY
17. ONA T. WANG
18. JENNIFER E. WILLIS

## U.S. Attorney's Office for the Southern District of New York

1.  JAY CLAYTON, US Attorney

## United States Trustee for the Southern District of New York (and Key Staff Members)

1.  ALABA OGUNLEYE
2.  AMANDA D. CASSARA
3.  ANDREA B. SCHWARTZ
4.  ANDY VELEZ-RIVERA
5.  ANNIE WELLS
6.  DANIEL RUDEWICZ
7.  GREG M. ZIPES
8.  ILUSION RODRIGUEZ
9.  LINDA A. RIFFKIN
10. MADELEINE VESCOVACCI
11. MARK BRUH
12. MARY V. MORONEY
13. NADKARNI JOSEPH
14. PAUL K. SCHWARTZBERG
15. RACHEL E. SIEGEL
16. SHARA CORNELL
17. SYLVESTER SHARP
18. TARA TIANTIAN
19. VALENTINA VLASOVA