ECF NO. 90
**Hearing Date: October 15, 2025 at 10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Anthony L. Greene
Brian Kreutter

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re:                                                       :
:
:          Chapter 7
:          Case No. 25-11009 (DSJ)
MANHATTAN COUNTRY SCHOOL *et al.*,      :
:          (Jointly Administered)
Debtors.[1]                                   :
:
---------------------------------------------------------------x

### CHAPTER 7 TRUSTEE'S RESPONSE TO APPLICATION FOR ORDER DIRECTING IMMEDIATE PAYMENT OF PRE-CONVERSION DATE CLAIM BY CORPORATE POWER, INC.

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of Manhattan Country School (the "Debtor"), by his attorneys Togut, Segal, & Segal LLP, respectfully submits this objection (the "Objection"),[2] pursuant to sections 503, 507 and 726 of title 11 of the United States Code (the "Bankruptcy Code"), to the *Application for Approval of Fees by*

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are: (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ)); and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

[2] This Objection is made on the grounds known to the Trustee at this time. All of the Trustee's rights, claims, and objections are expressly preserved and not waived.

*Corporate Power, Inc. for the Period May 16, 2025 through Aug 15, 2025* (the "Application") filed by Corporate Power, Inc. ("Claimant") [Docket No. 90], and respectfully states:

1. On May 16, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Case").

2. Pursuant to an Order of the Court dated June 18, 2025 (the "Conversion Date"), the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") [Docket No. 49].

3. Prior to the Conversion Date, Claimant provided certain "IT" services to the Debtor. After the Conversion Date, Claimant transferred the Debtor's documents and data in its possession to the Trustee in response to the Trustee's turnover requests.

4. On August 23, 2025, Claimant filed the Application seeking immediate payment of invoices for services purportedly provided to the Debtor during the Chapter 11 Case, and for services that it performed after the Conversion Date, totaling $3,854.03 (the "Claim"). In support of its Claim, Claimant attached monthly invoices from May 2025 through August 2025.[3]

5. Following a review of the invoices that Claimant attached to the Application, the Trustee and his professionals determined that: (i) the portion of the Claim attributable to the services provided during the Chapter 7 Case totals $2,290.11 (the "Chapter 7 Amount"); and (ii) the remaining portion of the amount sought by Claimant relates to services provided during the Chapter 11 Case and/or prior to the Petition Date.

---

[3] On September 19, 2025, Claimant filed a Notice of Hearing for the Application [Docket No. 97].

2

**RESPONSE**

6.      Although not required to do so, the Trustee is satisfying the amount of the Claim for services performed by Claimant after the Conversion Date by sending a check to the Claimant for the Chapter 7 Amount.[4]  However, Claimant's requests for current allowance and payment of the amounts for pre-Conversion Date services should be denied as premature.

7.      Pursuant to Section 726 of the Bankruptcy Code[5], Chapter 7 administrative expense claims, which have senior priority in this case and which have only recently begun to accrue as the Trustee has begun to administer the Estate, must be allowed and paid before junior priority Chapter 11 administrative expense and pre-petition claims are addressed and paid.[6]  As a result, payment of any claims with a priority junior to Chapter 7 administrative expense claims at this time is not appropriate.  *See In re King*, 392 B.R. 62, 68-70 (Bankr. S.D.N.Y. 2008) (request for allowance and payment of Chapter 11 claims was premature and denied following conversion of case to Chapter 7, where the estate had not been fully administered, and it was unclear whether the estate was administratively solvent and what the total amount of senior priority Chapter 7 administrative expenses would be); *see also In re Regan*, 135 B.R. 216, 219 (Bankr. E.D.N.Y. 1992) (same).

---

[4]  Attempts by the Trustee to resolve the remaining portion of the Claim and the Application were not successful.

[5]  Bankruptcy Code section 726(b) provides, in pertinent part:  "a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title."

[6]  The claims bar date in this case is December 29, 2025 [Docket No. 101].

3

8. Based upon the foregoing, the Trustee respectfully submits that it is premature to direct immediate payment of Claimant's claims for pre-Conversion Date services. Those claims will be examined and paid, if allowed, pursuant to an approved final report and account in this case.

## **CONCLUSION**

9. Based upon the foregoing, the Trustee respectfully submits that: (a) Claimant's request for relief concerning the Chapter 7 Amount asserted in the Application is now moot and should be denied; and (b) the balance of relief sought in the Application is premature and should be denied, without prejudice to the parties' rights regarding Claimant's other claims in this case.

DATED: New York, New York
October 10, 2025

ALBERT TOGUT, not individually but
Solely in His Capacity as Chapter 7 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
ANTHONY L. GREENE
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000