**Hearing Date: October 15, 2025 at 10:00 a.m. (Prevailing Eastern Time)**

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br> MANHATTAN COUNTRY SCHOOL, et al <br> Debtors. | Case No. 25−11009 <br> (Chapter 7) <br> Judge David S. Jones |

**CORPORATE POWER'S AFFIDAVIT RE CHAPTER 7 TRUSTEE RESPONSE TO CORPORATE POWER'S APPLICATION**

TO THE HONORABLE DAVID S. JONES,

UNITED STATES BANKRUPTCY JUDGE:

Corporate Power, Inc. ("Corporate Power") made an application for the Court to approve and direct the Trustee to immediately pay the expenses incurred by Corporate Power as an outside IT services provider for Manhattan Country School during the bankruptcy case.

In support of Corporate Power's application and in response to Trustee's objection, Corporate Power respectfully represents:

**TRUSTEE APPROVAL OF ADMINISTRATIVE EXPENSE INVOICES**

1.      On or around August 4, 2025, Corporate Power sent invoices to the Togut law firm. (see Exhibit 1, page 3).

2.      On or around August 20, 2025, the Togut law firm informed Corporate Power to file a proof of claim for Corporate Power's administrative expenses (page 1 in the same attachment) with a link to the form which states it is to be used for pre-petition claims only).

3.      Based on information and belief, the Togut law firm and Trustee are familiar with bankruptcy law, the proof of claim form, and that administrative expenses should not be filed using the proof of claim.

1

4. On or around August 23, 2025, Corporate Power filed a motion for payment of its administrative expenses.

5. On or around August 26, 2025, Brian Kreuger of the Togut law firm called Ajay Khanna (representative of Corporate Power) to inform him that the Trustee had asked the bankruptcy court to prevent Corporate Power's motion from being added to the docket.

6. On or around August 26, 2025, Ajay Khanna spoke to a clerk of the Bankruptcy court who confirmed the Trustee had blocked the motion from the docket.

7. On or around September 15, 2025, Ajay Khanna spoke to a clerk of the Bankruptcy court who added Corporate Power's motion to the docket.

8. On or around September 19, 2025, Corporate Power filed a notice of hearing for October 14, 2025 after obtaining the date from the Bankruptcy Court.

9. On or around September 23, 2025, Brian Kreuger of the Togut law firm called Ajay Khanna and verbally agreed that:

   a. Corporate Power's administrative expenses would be paid at the same time as any other administrative expenses.

   b. The Togut law firm would not contest Corporate Power's administrative expense invoices or proof of claim.

   c. This was in the best interest of all parties.

   d. The Togut law firm would prepare a stipulation to this effect.

10. On or around September 25, 2025, the Togut law firm sent Corporate Power a stipulation (Exhibit 2) stipulating among other things that:

   a. The Administrative Claim is allowed pursuant to section 503(b) of title 11 of the United States Code in the amount of $3,854.03: $945.15 on account

2

        of the Services provided during the Chapter 11 Case; and $2,908.88 on account of the Services provided during the Chapter 7 Case.

    b. The Administrative Claim will be paid pursuant to an order of the Court approving the Trustee's final report and account for the Chapter 7 Case.

11. Corporate Power requested the stipulation be amended as follows:

    a. Removing the confidential stamp since Corporate Power believed the stipulation should be a matter of public record.

    b. That Corporate Power be paid as soon as any other administrative expenses were paid.

    c. The Proof of Claim was also allowed as per the verbal agreement.

    d. The Trustee agreed that this was in the interest of all parties.

12. The Togut law firm rejected Corporate Power's edits, even though it had verbally agreed to the business terms regarding the admin expenses and the proof of claim.

**CONCERNS RE TRUSTEE'S RESPONSE**

13. On or around October 10, 2025, the Togut law firm filed a response which now states that it will immediately pay Corporate Power $2,290.11 for the Chapter 7 admin expenses and that the Chapter 11 admin expenses will not be paid because "it was unclear whether the estate was administratively solvent and what the total amount of senior priority Chapter 7 administrative expenses would be."

14. The response does not explain any justification for the Togut law firm's change from the $2,908.88 in Chapter 7 expenses in the stipulation it had previously calculated and proposed to Corporate Power, after it had previously reviewed the invoices.

15. Corporate Power is also surprised to learn that, after the Togut law firm recently filed for this Court's approval to sell real estate property that was listed at $35 million, that it

3

may still feel the estate is not sufficiently solvent to pay the administrative expenses for the Chapter 7 and Chapter 11 cases.

16. As a non-attorney, Corporate Power relies on the honesty of the Togut law firm and on keeping the commitments that it made to Corporate Power.

17. Corporate Power is concerned about the unusual behavior of the Trustee law firm in relation to Corporate Power's administrative expenses.

18. Based on information and belief, the Togut law firm may have retaliated against Corporate Power to change the Chapter 7 amount and forgo its agreement simply because Corporate Power did not agree to wait until the Trustee's final report.

19. Based on information and belief, the Togut law firm may also benefit through increased legal fees by rejecting the stipulation and contesting the application, after it previously calculated the amounts for the Chapter 7 and Chapter 11 cases and verbally agreed not to contest Corporate Power's proof of claim.

WHEREFORE, Corporate Power respectfully requests that:

A. The Court approve the $3,853.04 in professional services that Corporate Power provided the Debtor.

B. The Court allocate $945.15 of the services to the Chapter 11 Case and $2,908.88 to the Chapter 7 Case, as specified in the Stipulation that the Togut law firm prepared.

C. The Court order the Trustee to immediately pay Corporate Power $3,854.03 as prayed for in the application, unless the Trustee can show that it still expects the Debtor to be so insolvent as not to be able to pay Chapter 7 or Chapter 11 administrative expenses.

4

D. If any part of the administrative expenses are delayed, that the Court approve interest payable to Corporate Power as an administrative expense at 2% per month, or at an interest rate to be specified by the Court.

E. The Court approve Corporate Power's $91,340.73 pre-petition proof of claim, unless Trustee can immediately show cause to contest any part of the claim.

F. The Court order the Togut law firm to efficiently administer the case for the benefit of ALL creditors.

G. If the Court approves, order the Togut law firm NOT to charge the estate for any legal fees (related to Corporate power's invoices) that the Togut law firm incurred after August 26, 2025 (when the Trustee and/or Togut law firm blocked Corporate Power's motion from the docket).

H. For such other and further relief as the Court deems just and equitable.

DATED: OCTOBER 10, 2025

**CORPORATE POWER INC.**

/s/  *Ajay Khanna*
99 Wall Street Suite 1993
New York, NY 10005
Telephone: (917) 757-1535
E-mail: ajay.khanna@corporatepower.com

EXHIBIT 1

EXHIBIT 2