UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
: 
In re: : Chapter 7
: Case No. 25-11009 (DSJ)
MANHATTAN COUNTRY SCHOOL, *et al.*, :
: (Jointly Administered)
Debtors.[1] :
:
----------------------------------------------------------------------x

# ORDER AUTHORIZING CHAPTER 7 TRUSTEE'S EMPLOYMENT AND RETENTION OF COLDWELL BANKER TIMBERLAND PROPERTIES AS REAL ESTATE BROKER FOR THE FARM PROPERTY PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE

Upon consideration of the application (the "Application")[2] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate ("Estate") of Manhattan Country School (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP, for entry of an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") approving the retention and employment of Coldwell Banker Timberland Properties ("Coldwell"), *nunc pro tunc* to September 19, 2025, as real estate broker for the marketing and sale of the Debtor's property located at 3536 New Kingston Mountain Road, Roxbury, New York (the "Farm Property") pursuant to the Coldwell Listing Agreement, annexed to the Application as **Exhibit B**; and upon the Declaration of Christine O'Shaughnessy, a licensed agent with Coldwell

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Application.

(the "O'Shaughnessy Declaration"), annexed to the Application as **Exhibit C**; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that the relief requested in the Application is in the best interests of the Trustee and the Estate; and the Court being satisfied, based on the representations made in the Application and the O'Shaughnessy Declaration, that Coldwell represents or holds no interest adverse to the Estate and is disinterested under section 101(14) of the Bankruptcy Code; and it appearing that good and significant notice of the Application has been given under the circumstances of this case; and it appearing that no other or further notice need be provided; and good and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that in accordance with sections 327(a) and 328 of the Bankruptcy Code, the Trustee is hereby authorized to retain and employ Coldwell as his real estate broker to perform the services described in the Coldwell Listing Agreement which is hereby approved; and it is further

**ORDERED**, the Coldwell Listing Agreement is approved and incorporated herein by reference; and it is further

**ORDERED**, that the Trustee may extend the terms of the Coldwell Listing Agreement for up to two (2) additional six-month terms upon the submission of proposed order(s) to be filed by notice of presentment pursuant to Local Rule 9013-2 and entry of such order(s) by the Court without the requirement that the Trustee file separate application(s) in support of entry of such order(s); and it is further

**ORDERED**, the Trustee is authorized to compensate Coldwell, and the Outside Broker, if any, pursuant to the commission fee arrangement set forth in the Coldwell Listing Agreement; and it is further

**ORDERED**, that for cause shown in the Application, the retention of Coldwell is effective *nunc pro tunc* to September 19, 2025; and it is further

**ORDERED,** that Coldwell shall not receive any payments for its services until such time as a sale of the Farm Property is approved by the Court and Coldwell files a fee application which is approved by the Court; provided, that such application may be included in the Trustee's motion for approval of the sale of the Farm Property; and it is further

**ORDERED**, that Coldwell shall provide periodic reports directly to the Trustee's counsel regarding its marketing and sale efforts; and it is further

**ORDERED**, that any changes or amendments to the Coldwell Listing Agreement are subject to Court approval on notice to Coldwell; and it is further

**ORDERED**, that the sale of the Farm Property is subject to the terms of the Coldwell Listing Agreement; and it is further

**ORDERED**, that to the extent either the Application or Coldwell Listing Agreement is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED:   New York, New York
         October 17, 2025

                                                  *s/ David S. Jones*
                                       HONORABLE DAVID S. JONES
                                       UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE,
By:
*/s/ Andrew Velez-Rivera*
ANDREW VELEZ-RIVERA, ESQ.
Trial Attorney