UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                   :
In re:                                             :          Chapter 7
                                                   :
MANHATTAN COUNTRY SCHOOL *et al.,*[1]              :          Case No. 25-11009 (DSJ)
                                                   :
                                      Debtors.     :          (Jointly Administered)
                                                   :
-------------------------------------------------------------x

**ORDER APPROVING (A) BIDDING PROCEDURES FOR
THE SALE OF REAL PROPERTY, (B) STALKING HORSE PURCHASE
AGREEMENT, (C) BID PROTECTIONS IN FAVOR OF THE STALKING HORSE
BIDDER, (D) DATE AND TIME FOR AN AUCTION AND A HEARING FOR
APPROVAL OF THE SALE, AND (E) APPROVING THE FORM AND MANNER
OF NOTICE THEREOF;  (II) AN ORDER APPROVING (A) THE SALE OF
REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES
AND OTHER INTERESTS;  AND (B) PAYMENT OF BROKER COMMISSION**

Upon the application [Docket No. 124] (the "Application")[2] of Albert Togut, not

individually but solely in his capacity as the Chapter 7 trustee of the estate of Manhattan Country

School ("MCS") and the Chapter 7 Trustee (in such respective capacities, as applicable, the

"Trustee") of the estate of West 85th Street Owner LLC ("Owner LLC," and, together with MCS,

the "Debtors"), by his attorneys, Togut, Segal & Segal LLP, for entry of an order pursuant to

sections 105(a), 330, 363 and 506(c) of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 6004, 9006(c), and 9007 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), Rule 6004-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "Local Rules"), and the *Amended Guidelines for the Conduct of Asset Sales*

---

[1]   The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i)
      Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner LLC (6971)
      (Case No. 25-11922) (DSJ).

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application
      or the Bidding Procedures.

1

*Established and Adopted by the United States Bankruptcy Court for the Southern District of New York* pursuant to General Order M-383 (the "Sale Guidelines") (a) approving the proposed bidding procedures, annexed hereto as **Exhibit 1** (the "Bidding Procedures") for the Trustee's proposed sale (the "Sale") of Owner LLC's real property located at 150 West 85th Street, New York, New York, 10024 (the "Property"), (b) approving the proposed asset purchase agreement with Geneva School of Manhattan, a New York not-for profit corporation or its permitted assignee or affiliate (the "Stalking Horse Bidder"), annexed to the Application as Exhibit B (the "Stalking Horse APA"), (c) approving the Bid Protections in favor of the Stalking Horse Bidder, (d) scheduling an auction (the "Auction") and a hearing (the "Sale Hearing") to consider approval of the Sale of the Property to the Successful Bidder, and (e) approving the form and manner of notice of the Auction and the Sale Hearing;   and this Court having considered the Application;   and based on the Application, it appearing that the relief requested in the Application is in the best interests of the Debtors' estates and all parties in interest;  and the Court having held a hearing to consider the Application **on May 28, 2026** (the "Hearing") **[DSJ 5/28/2026]**;  and upon the record of the Hearing;  and after due deliberation thereon and good cause appearing therefor, it is hereby:

### FOUND AND DETERMINED THAT:[3]

A.      Jurisdiction.  This Court has jurisdiction over the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.   Consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).   Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate.  *See* Fed. R. Bankr. P. 7052.

2

B.      Notice of the Application.  Good and sufficient notice of the relief sought in the Application has been given, and no further notice is required.   A reasonable opportunity to object or be heard regarding the relief requested in the Application has been afforded to all interested persons and entities, including the Notice Parties.

C.      Notice of the Auction and Sale Hearing.  The proposed notice of the Bidding Procedures, the Auction, the Sale Hearing and the proposed Sale, as set forth in the Application, including the Notice of Auction and Sale Hearing, the form of which is attached hereto as **Exhibit 2**, is good, appropriate, sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Bidding Procedures, the Auction, the Sale Hearing and the Sale, and no other or further notice of the Sale, the Auction or the Bidding Procedures, other than as set forth herein and in the Application, is required.

D.      Designation of Stalking Horse Bid.  The Stalking Horse APA represents the highest or best offer the Trustee received during the sale process for the Property and the Trustee's designation of the Stalking Horse APA as a "stalking horse bid" is a sound exercise of his business judgment.  Without the Stalking Horse APA, the Trustee would likely realize a lower price for the Property.  The contributions of the Stalking Horse Bidder to the process appear to have provided a substantial benefit to the Trustee, the estates, and the creditors in these Chapter 7 Cases.  The Stalking Horse APA will enable the Trustee to secure a fair and adequate baseline price for the Property at the Auction (if any), and accordingly, will provide a clear benefit to the estates, the Debtors' creditors, and all other parties in interest.

E.      Designation of Stalking Horse Bidder.  The Stalking Horse Bidder shall act as the "stalking horse bidder" pursuant to the Stalking Horse APA, which shall be subject to higher or better offers in accordance with the Bidding Procedures.  The Stalking Horse Bidder is

3

not an "insider" or "affiliate" of the Debtors or the Trustee, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders exists between the Stalking Horse Bidder, the Debtors, or the Trustee.  Designation of the Stalking Horse Bidder as a "stalking horse bidder" and the Stalking Horse APA as a "stalking horse" purchase agreement is in the best interests of the estates and creditors, and it reflects a sound exercise of the Trustee's business judgment.

F.      Stalking Horse Bid Protections.  The Stalking Horse Bid Protections (as defined in the Application) (i) have been negotiated by the Stalking Horse Bidder and the Trustee and their respective advisors at arm's-length and in good faith, and (ii) are necessary to ensure that the Stalking Horse Bidder will continue to pursue its Stalking Horse APA and the sale transaction contemplated thereby.  The Bid Protections are a material inducement for, and condition of, the Stalking Horse Bidder's execution of the Stalking Horse APA.  Unless it is assured that the Bid Protections will be available, the Stalking Horse Bidder is unwilling to remain obligated to consummate the Sale or otherwise be bound under the Stalking Horse APA (including the obligations to maintain its committed offer while such offer is subject to higher or better offers as contemplated by the Bidding Procedures).

G.      The Trustee has articulated good and sufficient cause for this Court to grant the relief requested in the Application, including this Court's (a) approval of the Bidding Procedures, attached hereto as **Exhibit 1**;   (b) designation of the Stalking Horse Bidder and approval of the Bid Protections;  (c) approval of the Notice of Auction and Sale Hearing.

H.      The Trustee has articulated good and sufficient cause for, and the best interests of the Debtors' estates will be served by, this Court scheduling a subsequent hearing to consider whether to grant the remainder of the relief requested in the Application, including

approval of the proposed Sale free and clear of, among other things, all liens, claims, encumbrances, and interests, other than permitted exceptions (collectively, "Liens"), with such Liens to attach to the proceeds of the Property.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is GRANTED to the extent provided in this Order.

2.      Except as specified below, all objections to entry of this Order or to the relief provided herein and requested in the Application that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled in their entirety.

**THE BIDDING PROCEDURES**

3.      The Bidding Procedures, as set forth in **Exhibit 1** hereto and incorporated herein by reference as if fully set forth herein, are hereby approved in all respects and shall govern all bids and bid proceedings relating to the Property.  The procedures and requirements set forth in the Bidding Procedures, including those associated with submitting a "Qualified Bid" are fair, reasonable, and appropriate, and are designed to maximize recoveries for the benefit of the estates, creditors, and other parties in interest.

4.      The deadline for submitting bids for the Property shall be **June 15, 2026, at 12:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"), unless otherwise extended by the Trustee in consultation with the Lender.   In the event the Bid Deadline is extended, the Trustee may adjourn the dates for the Auction and the Sale Hearing, with notice to the Stalking Horse Bidder, the Lender, all parties with an interest in the Property, and all known Potential Bidders. Any party that does not submit a Qualified Bid by the Bid Deadline in accordance with the Bidding Procedures will not be allowed to (a) submit any offer after the Bid Deadline or (b) participate in the Auction.

5. Except as may be limited by the Stalking Horse APA, and subject to the consultation rights provided for in the Bidding Procedures, the Trustee is authorized to extend the deadlines set forth in this Order and/or adjourn, continue or suspend the Auction and/or the Sale Hearing for any reason, without further order of this Court, by filing a notice with this Court and serving such notice on all Notice Parties and Potential Bidders.

6. The Trustee is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

7. Notwithstanding anything to the contrary in the Bidding Procedures, any credit bid submitted by the Lender shall be made at or prior to the Auction, and a failure by the Lender to make a timely credit bid shall be deemed a waiver of its right to make a credit bid.

8. All Potential Bidders submitting bids determined by the Trustee to be Qualified Bids in accordance with the Bidding Procedures are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the Sale or transfer of the Property.

9. Absent further order of the Court, no Qualified Bidder (other than the Stalking Horse Bidder solely as provided herein) shall be entitled to any expense reimbursement, break-up fee, termination fee, or other similar fee or payment in connection with the Sale of the Property, and by submitting a bid, such Qualified Bidder is deemed to have waived their right to request or to file with the Court any request for expense reimbursement or any fee of any nature, whether by virtue of section 503(b) of the Bankruptcy Code, or otherwise.

**STALKING HORSE BID PROTECTIONS**

10. The Stalking Horse APA shall be subject to higher or better Qualified Bids, in accordance with the Bidding Procedures.

6

11.     The Bid Protections are approved in their entirety.  The Breakup Fee and the Expense Reimbursement (each, as defined in the Application) shall be payable in accordance with, and subject to the terms of, the Stalking Horse APA, and the Bidding Procedures.

12.     In the event the Stalking Horse Bidder is not the Successful Bidder, the Trustee is authorized to pay the Breakup Fee and Expense Reimbursement by wire transfer of immediately available funds in accordance with the Stalking Horse APA and without further order of the Court.  Upon receiving the purchase price from the Successful Bidder (other than the Stalking Horse Bidder), the Trustee shall set aside an amount in cash for payment of the Breakup Fee and Expense Reimbursement, pursuant to the terms of the Stalking Horse APA.

## THE AUCTION

13.     The Auction shall commence on **June 23, 2026, at 12:00 p.m. (prevailing Eastern Time)** at the New York offices of Togut, Segal & Segal, LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, NY 10119, or such later time or other place, within New York City or conducted virtually, as decided by the Trustee.  The Trustee shall notify all Qualified Bidders of such later time or place;  provided, however, in the event that no Qualified Bids other than the one submitted by the Stalking Horse Bidder are received by the Bid Deadline, the Trustee shall not be required to conduct an Auction, and in such event the Trustee shall file a notice of cancellation of the Auction on the electronic docket that is maintained for the jointly-administered cases by **June 17, 2026, at 5:00 p.m. (prevailing Eastern Time)**, and serve such notice on all of the Notice Parties and proceed with the approval of the Sale of the Property to the Stalking Horse Bidder.

## SALE HEARING

14.     The Sale Hearing shall be held before the Honorable David S. Jones, United States Bankruptcy Judge of the Bankruptcy Court, on **June 25, 2026 at 10:00 a.m.**

7

**(prevailing Eastern Time)** at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, at which time this Court shall consider:   (a) approval of the Sale to the Successful Bidder free and clear of all Liens;   (b) entry of the proposed Sale Order, substantially in the form attached to the Application as <u>Exhibit C</u>;   (c) any other issues or objections that are timely interposed by any parties;   and (d) the granting of such other or further relief as this Court may deem just or proper.

15.     Except as may be limited by the Stalking Horse APA, the Sale Hearing may be adjourned by the Trustee, after consultation with the Successful Bidder, as applicable, from time to time without further order of this Court, by filing a notice on the electronic docket that is maintained for the jointly-administered cases, and serving such notice on the Notice Parties and all Qualified Bidders.

16.     The Successful Bidder (which may be the Stalking Horse Bidder) shall appear at the Sale Hearing (if any) and be prepared, if necessary, to have a representative testify in support of the Stalking Horse APA and the Successful Bidder's ability to close in a timely manner.

<u>**NOTICE**</u>

17.     The Notice of Auction and Sale Hearing, substantially in the form attached hereto as **Exhibit 2**, is hereby approved.

18.     Within one (1) business day after the entry of this Order, the Trustee shall cause this Bidding Procedures Order, together with the exhibits hereto, including the Bidding Procedures and the Notice of Auction and Sale Hearing, to be served on all of the Notice Parties and all of the Debtor's known creditors, and all of the parties that have recorded Liens against the Property.  The Trustee may serve only the Notice of Auction and Sale Hearing and the

Bidding Procedures to parties which the Trustee and the Broker have identified as having an interest in acquiring the Property.

19.    The notice as set forth in the preceding paragraph shall constitute good and sufficient notice of the Auction, the Sale Hearing and the proposed Sale Order, and no other or further notice of the Auction, the Sale Hearing and/or the proposed Sale Order shall be necessary or required.

20.    Notwithstanding the applicability of Local Rule 6004-1(h) or any other provision of the Bankruptcy Rules or Local Rules stating to the contrary, the requirement for publication notice is hereby waived.

## OBJECTIONS TO THE SALE

21.    Objections, if any, to the Sale of the Property pursuant to the Application, other than with respect to the relief granted herein, shall be filed with this Court and served so as to be **actually received** no later than **4:00 p.m. (prevailing Eastern Time) on June 24, 2026** (the "Objection Deadline"), by:  (a) counsel to the Trustee, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Anthony L. Greene, Esq. (agreene@teamtogut.com);  (b) counsel for the Stalking Horse Bidder, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, NY 10020, Attn: Eddy Park, Esq. (eddy.park@katten.com);  (c) co-counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Brian S. Lennon, Esq. (blennon@willkie.com);   (d) co-counsel to the Debtors, Lester Korinman Kamran & Masini, P.C., 600 Old Country Road Suite 330, Garden City, New York 11530, Attn: Roy J. Lester, Esq. (rlester@lesterfirm.com);  (e) counsel for the Lender, Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq.

(rmccord@certilmanbalin.com);  (f) counsel for U.S. Bank National Association, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103, Attn: Kathleen M. LaManna, Esq. (klamanna@goodwin.com) and Anthony R. Scarcella, Esq. (ascarcella@goodwin.com);  (g) the U.S. Trustee, One Bowling Green, Room 534, New York, NY 10004, Attn: Mark Bruh, Esq. (mark.bruh@usdoj.gov);   and (h) all parties that have filed a notice of appearance in the Chapter 7 Cases, and shall also set forth the specific grounds, legal and/or factual, for the objection.  Only timely filed and served responses, objections, and other pleadings may be considered by this Court at the Sale Hearing.

22.     The failure of any person or entity to file an objection to the Application or before the Objection Deadline shall forever bar any such objection to the Application or the relief requested therein, or to the consummation of the Sale contemplated by the Stalking Horse APA or agreement with the Successful Bidder(s), if any, including the transfer of the Property free and clear of Liens.  Failure to object shall constitute consent for the purposes of section 363(f) of the Bankruptcy Code.

23.     The deadline to file any replies to any objections to the Sale is **June 25, 2026 at 10:00 a.m. (prevailing Eastern Time)** or the Trustee may address any objections on the record at the Sale Hearing.

<u>**ADDITIONAL PROVISIONS**</u>

24.     The terms and conditions of this Order shall be effective immediately upon its entry.

25.     Notwithstanding the applicability of Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules or Local Rules stating to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and any

applicable stay of the effectiveness and enforceability of this Order is hereby waived.

26.     The Trustee is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

27.     Entry of this Order shall in no way impair the ability of the Court, United States Trustee, or the Trustee to implement or enforce other orders of the Court entered in the Chapter 7 Cases, and all such orders shall continue in full force and effect.

28.     This Court shall retain exclusive jurisdiction over any matter or dispute arising from or relating to the implementation, interpretation, or enforcement of this Order.

DATED:   New York, New York
              May 28, 2026

                                        *s/ David S. Jones*
                                        HONORABLE DAVID S. JONES
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Bidding Procedures**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Anthony L. Greene
Christian Ribeiro

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                    :
In re:                              :        Chapter 7
                                    :
MANHATTAN COUNTRY SCHOOL *et al.,*[1]   :        Case No. 25-11009 (DSJ)
                                    :
                 Debtors.           :        (Jointly Administered)
                                    :
---------------------------------------------------------------------x

## BIDDING PROCEDURES

The following bidding procedures (the "Bidding Procedures") shall govern the sale by Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above captioned debtors (the "Debtor") in the above captioned jointly-administered cases (the "Chapter 7 Cases"), of the Debtor's real property located at 150 West 85th Street, New York, New York 10024 (the "Property") pursuant to the sale contract for the Property attached as Exhibit A (the "Stalking Horse APA") to the *Trustee's Application for Entry of: (I) an Order Approving (A) Bidding Procedures for the Sale of Real Property, (B) Designation of Stalking Horse Bidder, (C) Bid Protections in Favor of the Stalking Horse Bidder, (D) Date and Time for Auction and a Hearing for Approval of the Sale, and (E) the Form and Manner of Notice Thereof; and (II) an Order Approving (A) the Sale of Real Property Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (B) Payment of Broker Commission* [Docket No. __] (the "Application"),[2] subject to higher and better offers as provided in the Bidding Procedures. On [_____], 2026, the Bankruptcy Court entered an order approving the Application, including these Bidding Procedures [Docket No. ___] (the "Bidding Procedures Order").

The Bidding Procedures Order authorizes the Trustee to enter into the Stalking Horse APA with Geneva School of Manhattan, a New York not-for-profit corporation, or its permitted assignee or affiliate (the "Stalking Horse Bidder") and approves the sale of the Property to the Stalking Horse Bidder for a purchase price of

---

[1]    The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

2

$20,000,000 (the "Purchase Price") pursuant to the Stalking Horse APA, subject to higher and better bids received through a bidding process and auction (the "Auction"), if any, to be conducted pursuant to these Bidding Procedures.

The Stalking Horse APA includes certain bid protections in favor of the Stalking Horse Bidder (the "Bid Protections") consisting of (i) a break-up fee equal to two and one-half percent (2.5%) of the Purchase Price (i.e., $500,000) (the "Breakup Fee") and (ii) reimbursement of the Stalking Horse Bidder's actual and documented due-diligence and out-of-pocket costs, not to exceed $40,000 (the "Expense Reimbursement").

### DUE DILIGENCE

Parties interested in conducting due diligence regarding the Property (each a "Potential Bidder") should contact the Trustee's retained real estate broker, BK Real Estate Advisors LLC (the "Broker"), Attn: Tom Brady (email: tom.brady@bkrea.com).

The Trustee shall allow Potential Bidders to conduct due diligence regarding the Property; provided, however, that the Trustee is not obligated to furnish any due diligence information after the Bid Deadline (as defined below).

### QUALIFIED BID REQUIREMENTS

To be considered, any bid submitted by a Potential Bidder for the Property (parties interested in bidding on the Property must submit a separate bid for the Property in accordance with these Bidding Procedures) must be in writing and identify the Potential Bidder by its legal name (including any equity holders or other financial backers, if the Potential Bidder is an entity formed for the purpose of submitting bids or consummating a sale transaction), and any other party that will be participating in connection with the bid or the sale transaction. The bid must also include language:

    a. stating that the bid is irrevocable through the earlier of the Closing Date and thirty (30) days after the entry of the Sale Order; provided, however, that (a) if a Qualified Bid (defined below) becomes the Successful Bid (as defined below), such bid shall be irrevocable through the Closing Date or such earlier date as such sale contract may be terminated in accordance with its terms, and (b) if the Qualified Bid becomes the Second Highest Bid (defined below), such bid shall remain irrevocable through the earlier of: (i) the closing of the sale with the Successful Bidder; and (ii) sixty (60) days after the entry of the Sale Order approving the Successful Bid, unless the Successful Bidder fails to close and the Trustee shall have given notice to the Second Highest Bidder that he has decided to consummate the transaction contemplated by the Second Highest Bid, in which case the Second Highest Bid shall

remain open through the closing of the sale with such Second Highest Bidder;

b.   be submitted in writing to (i) the Trustee's Broker, Attn: Bob Knakal (email: bk@bkrea.com), (ii) counsel to the Trustee, Togut, Segal & Segal LLP, Attn: Anthony Greene, Esq. (email: agreene@teamtogut.com), so as to be received no later than **12:00 p.m. (ET) on June 15, 2026** (the "Bid Deadline") or such other date established by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the Bidding Procedures Order.

In addition to the foregoing, a "Qualified Bidder" is a Potential Bidder that delivers a binding bid ("Qualified Bid") that satisfies the following:

a.   the bid must be for the Property and must be made on the same (or better) terms and conditions as those set forth in the Stalking Horse APA, and must include an agreement substantially similar to such Stalking Horse APA, marked to show any changes thereto;

b.   includes a bid for a price at least $640,000 greater than the Purchase Price set forth in the Stalking Horse APA (which amount includes the Bid Protections (defined below)) and under terms which the Trustee believes to be higher or better than the terms set forth in the Stalking Horse APA;

c.   is accompanied by a deposit (the "Deposit") in an amount equal to at least 10% of the purchase price proposed by the Potential Bidder, in the form of a wire transfer, certified or cashier's check made payable to: "Albert Togut, as Chapter 7 Trustee"; provided, that, the Trustee, in his reasonable discretion after consultation of the Lender, may waive the requirement to provide a Deposit in the event a request is made for such waiver by any Potential Bidder that is a governmental unit (as defined in section 101(27) of the Bankruptcy Code);

d.   is accompanied by sufficient information to demonstrate, in the Trustee's discretion, subject to consultation with the Lender, that the Potential Bidder has the financial ability to timely consummate the proposed transaction, including, but not limited to, current bank account statements, current audited financial statements, commitments or other proof of available and non-contingent financing, and such other forms of financial disclosure and credit quality in support of such Potential Bidder (including financial information from any entities that will finance or

4

guarantee the obligations of such Potential Bidder), which the Trustee requests;

e.  is firm and unconditional and not subject to any contingencies that are not also provided in the Stalking Horse APA including, without limitation, further due diligence review or receipt of debt or equity financing;

f.  expressly acknowledges that no offer or bid for the Property shall be deemed accepted by, or binding upon, the Debtor's estate unless and until such offer or bid is accepted in writing by the Trustee and approved by order of the Bankruptcy Court;

g.  expressly acknowledges that the Property is being sold **"AS IS", "WHERE IS" IN ITS CURRENT CONDITION, WITHOUT ANY REPRESENTATIONS, COVENANTS, GUARANTEES OR WARRANTIES OF ANY KIND OR NATURE WHATSOEVER**, and free and clear of any liens, claims or encumbrances of whatever kind or nature, with such liens, if any, to attach to the proceeds of sale, and is subject to among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; and (d) any building or zoning ordinances or any other applicable municipal regulations and violations thereof; and (e) environmental conditions;

h.  states that the Potential Bidder (a) has had an opportunity to conduct due diligence regarding Property prior to making its offer and does not require further due diligence, (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Property in making its bid, and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Property, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures;  and

i.  states that the Potential Bidder has obtained all necessary approvals to make its bid and to enter into and consummate the transaction set forth in the bidder's sale contract;

j.  states that the Potential Bidder is not a partner, officer, director, stockholder, agent, employee, insider, or affiliates

5

of the Debtors, the Debtors' principal(s), the Broker or any relative of any of the foregoing;  provided, that, to the extent that the Potential Bidder is a partner, officer, director, stockholder, agent, employee, insider, or affiliate of the Debtors, the Debtors' principal(s), or any relative of any of the foregoing, or that any of the foregoing have any pecuniary interest whatsoever in the Potential Bidder, such affiliates, connection, or interest must be disclosed and be subject to further inquiry by the Trustee, the creditors, or any party in interest;  and

k. expressly states that that the Potential Bidder has not engaged in any bad faith or collusion in connection with the Auction or Sale.

Except with respect to the Stalking Horse Bidder, a bid shall not entitled any Potential Bidder to any break-up fee, termination fee, transaction fee, expense reimbursement, or any similar type of payment or reimbursement and, by submitting a bid, the Potential Bidder waives the right to pursue a substantial contribution claim under 11 U.S.C. § 503 related in any way to the submission of its bid or participation in any Auction.  Each Potential Bidder (other than the Lender, if applicable) presenting a bid will bear its own costs and expenses (including legal fees) in connection with any proposed sale.

Following entry of the Bidding Procedures Order, the Trustee, after consultation with his professionals and the Lender, may reject any bid that is on terms that are more burdensome or conditional than the terms of the Stalking Horse APA; requires any indemnification of the Potential Bidder other than as set forth in the Stalking Horse APA;  includes non-cash consideration;  entitles the Potential Bidder to any break-up fee, termination fee, or similar type of payment;  is not in conformity with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Bankruptcy Court or an order of this Court;  is from a person or an entity that the Trustee concludes, after consultation with the Lender, does not demonstrate that the party making the bid has the financial ability to consummate the transaction or fulfill financial commitments under its proposal;  or is contrary to the best interests of the Debtor's estate.   In addition, notwithstanding anything contained herein to the contrary, the Trustee shall have the right, after consultation with the Lender, to entertain bids that do not conform to one or more of the requirements set forth herein and deem any such bids as a Qualified Bid.

The Trustee reserves the right to work with any Potential Bidder in advance of the Auction to cure any deficiencies in a bid that is not initially deemed a Qualified Bid.  If a bid is received and, in the Trustee's judgment it is not clear whether the bid is a Qualified Bid, the Debtor and Agent may consult with the Potential Bidder and seek additional information in an effort to establish whether or not the bid is a Qualified Bid.

The Trustee may, after consultation with the Lender, communicate prior to the Auction with any Potential Bidder and may request any additional information

6

reasonably required by the Trustee in connection with his evaluation of such Potential Bidder's bid.

Without the written consent of the Trustee or the Broker, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase the purchase price or otherwise improve the terms of the Qualified Bid during the period that such Qualified Bid remains binding as specified herein;  provided, that, any Qualified Bid may be improved at the Auction as set forth herein.

Notwithstanding anything herein to the contrary, although under no obligation to do so, the Lender or its nominee, designee, or assignee is entitled to credit bid jointly up to and including the total Allowed amount of its claim as of the date of the Auction pursuant to 11 U.S.C. § 363(k).  If the Lender is the Successful Bidder (as defined below), the Lender, or its nominee, designee, or assignee may close on the purchase of the Property as otherwise provided in these Bidding Procedures.[3]

By **5:00 p.m. (ET) on June 17, 2026**, the Trustee shall inform each Potential Bidder who has submitted a bid whether it is a Qualified Bidder.

### SALE WITHOUT HOLDING AN AUCTION

If (i) no Qualified Bids have been submitted (other than that submitted by the Stalking Horse Bidder) by the Bid Deadline or (ii) the aggregate value of the highest Qualified Bid by its terms submitted by the Bid Deadline for the Property is for a price and under terms which the Trustee believes to not be higher or better than the Purchase Price in the Stalking Horse APA, the Trustee will report the same to the Bankruptcy Court and proceed with a hearing to approve the sale of the Property (the "Sale Hearing") based on the Stalking Horse APA without holding an auction.

### AUCTION

If the value of the highest or best Qualified Bid submitted (other than that submitted by the Stalking Horse Bidder) on or before the Bid Deadline for the Property (as determined by the Trustee, in consultation with the Lender) is for a price and under terms that the Trustee believes to be equal to or higher or better than the Purchase Price set forth in the Stalking Horse APA, an auction (the "Auction") for the Property will take place on **June 23, 2026 at 12:00 p.m. (ET)** at the New York law offices of Togut, Segal & Segal LLP, One Penn Plaza Suite 3335, New York, NY 10119 (which may also be conducted virtually);  provided, however, that the Trustee, in consultation with the Lender, may change the location of the Auction by providing notice of such change to each Qualified Bidder.   Subject to the terms of the Stalking Horse APA, the Trustee may extend the deadlines set forth in the Bidding Procedures Order and/or adjourn, continue or cancel the Auction and/or the Sale Hearing for any reason, including in the event the Trustee determines that a more favorable transaction is available that can be consummated without significant delay, without further order of the Bankruptcy Court, by filing a notice with the Bankruptcy Court and serving

---

[3]   To the extent the Lender submits a credit bid at the Auction, such credit bid shall include cash consideration in an amount equal to the Bid Protections granted to the Stalking Horse Bidder.

such notice on all Potential Bidders.

Only a Qualified Bidder that has submitted a timely Qualified Bid will be eligible to participate at the Auction.   The Trustee and his professionals will evaluate all Qualified Bids received and, after consultation with his professionals, will select the Qualified Bid that reflects the highest or best offer for the Property as the "Starting Auction Bid."   In considering which Qualified Bid shall be the Starting Auction Bid for the Property, the Trustee will consider, among other things, the Qualified Bid, the changes to the Stalking Horse APA required by the Qualified Bid, and the Qualified Bidder's ability to timely consummate the purchase of the Property.

The following rules shall apply at the Auction:  the minimum initial overbid(s) must be, in the aggregate, at least $100,000 greater than the Starting Auction Bid, unless otherwise determined by the Trustee, in consultation with the Lender.[4] From time to time, the Trustee, in an open forum, may advise Qualified Bidders participating in the Auction of his determination as to the terms of the then highest or otherwise best bid for the Property.   The Trustee shall also consider the potential costs of satisfying the conditions of any bid.

Each Qualified Bidder shall be required to confirm, both before and after the Auction, that it has not engaged in any collusion with respect to the submission of any bid, the bidding, or the Auction.

Subject to the Stalking Horse APA, the Trustee, after consultation with his professionals and with the Lender, may adopt other rules for the Auction at the Auction that, in his reasonable judgment, will better promote the goals of the Auction.  All such rules will provide that:   (a) the procedures must be fair and open, with no participating Qualified Bidder disadvantaged in any material way as compared to any other Qualified Bidder, (b) the Auction will be conducted openly and all Qualified Bidders will be permitted to attend;  and (c) the bidding at the Auction will be documented, recorded, or videotaped.   Nothing herein shall prohibit the Trustee from meeting privately with any Qualified Bidder to negotiate the terms of a bid or overbid.

During the Auction, the Trustee will review each bid or overbid submitted by a Qualified Bidder to identify, after consultation with his professionals and the Lender, the bid or overbid that constitutes the highest or otherwise best bid for the Property.   The Trustee may consider, among other things, (a) the amount of consideration offered under the Qualified Bid;   (b) the changes to the Stalking Horse APA required by the Qualified Bid;   and (c) the Qualified Bidder's ability to timely consummate the purchase of Property.   The bid that is selected by the Trustee as the highest or otherwise best bid for the Property will be considered the "Successful Bid" and such bidder the "Successful Bidder" for the Property.  The Trustee may also, after consultation with his professionals and the Lender, determine which Qualified Bid is the next highest or best bid from the Auction (the "Second Highest Bid" and such bidder, the "Second Highest Bidder").

---

[4]    For the avoidance of doubt, if the Stalking Horse APA is the Starting Auction Bid, the minimum initial overbid must be, in the aggregate, at least $640,000 greater than the purchase price in the Stalking Horse APA.

Within one (1) business day of the Auction, the Trustee shall file with the Bankruptcy Court notice of the Successful Bid and the Successful Bidder, as well as the Second Highest Bid and Second Highest Bidder (if any), and the amount and other material terms of the respective bids.

The Successful Bid may not be assigned to any party without the consent of the Debtor and the Lender.

Unless otherwise required pursuant to the Trustee's fiduciary duties, any bid submitted after the conclusion of the Auction shall not be considered for any purpose unless an order of the Bankruptcy Court is entered directing that such bid be considered, and neither the Trustee nor any other person or entity shall have any obligation to seek such an order from the Bankruptcy Court.

**THE SALE HEARING AND RETURN OF DEPOSITS**

The Sale Hearing will be held on **June 25, 2026 at 10:00 a.m (ET)**.   At the Sale Hearing, the Trustee will seek entry of a Sale Order, among other things, authorizing and approving the sale of the Property to the Successful Bidder pursuant to the terms and conditions set forth in the Successful Bid.

Subject to the Stalking Horse APA and the terms of the Successful Bid, the Sale Hearing may be adjourned or rescheduled at the Trustee's discretion, subject to consultation with the Lender, and the Trustee will notify all relevant parties of such adjournment or rescheduling in an appropriate manner, including by an announcement of the adjourned date at the Sale Hearing.

No offer shall be deemed finally accepted by the Trustee unless and until it is approved by the Bankruptcy Court.

In the event the Successful Bidder fails to consummate the purchase of the Property because of a breach or failure to perform on the part of such bidder, the Second Highest Bid will be deemed to be the Successful Bid, and the Trustee will be authorized, but not required, without further order of the Court, to consummate the transaction with the Second Highest Bidder with respect to the Property.  In this event, the Successful Bidder's Deposit shall be forfeited to the Trustee on behalf of the Debtor's estate, provided that the Trustee reserves the right to seek all available damages from the defaulting bidder.

All Deposits, other than the Deposit of the Successful Bidder and the Second Highest Bidder for the Property, will be returned within seven (7) business days following entry of the Sale Order.  The Deposit of the Successful Bidder shall be applied against the Purchase Price of such Successful Bidder upon the consummation of the sale proposed in the Successful Bid.  The Deposit of the Second Highest Bidder will be returned as soon as practicable following the earlier of (a) three (3) business days after the closing of the sale with the Successful Bidder pursuant to the Successful Bid and (b) sixty (60) days after entry of the Sale Order, unless the Trustee has elected to regard the Second Highest Bid as the highest or best bid for the Property, as described above. Upon the return of any Deposit, such Potential Bidder's bid shall be deemed revoked

9

and no longer enforceable.  The Trustee will not be required to maintain any Deposit in an interest-bearing account, but any interest earned on any Deposit will be remitted to the appropriate Qualified Bidder if the Deposit is returned to the Qualified Bidder pursuant to the above.  The Trustee shall not have any liability with respect to any Deposit.

**FIDUCIARY OUT**

Notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures shall require the Trustee to take any action or to refrain from taking any action related to any sale transaction or with respect to these Bidding Procedures, to the extent the Trustee reasonably determines in good faith, in consultation with counsel, that taking or failing to take such action, as applicable, would be inconsistent with applicable law or its fiduciary obligations under applicable law.

Further, notwithstanding anything to the contrary in these Bidding Procedures or the Bidding Procedures Order, through the date of the Auction (if held), nothing in these Bidding Procedures shall diminish the right of the Trustee or his professionals to:  (a) consider, respond to, and facilitate alternate proposals for sales or other restructuring transactions involving the Property (each an "Alternate Proposal"); (b) provide access to non-public information concerning the Debtors to any entity or enter into confidentiality agreements or nondisclosure agreements with any entity with respect to Alternative Proposals;  (c) maintain or continue discussions or negotiations with respect to Alternate Proposals;  (d) otherwise cooperate with, assist, participate in, or facilitate any inquiries, proposals, discussions, or negotiations of Alternate Proposals; and (e) enter into or continue discussions or negotiations with any person or entity regarding any Alternate Proposal.

Except as otherwise provided in the Stalking Horse APA, the Bidding Procedures, or the Bidding Procedures Order, the Trustee, in consultation with the Lender, reserves the right, as he may reasonably determine to be in the best interests of the Debtors' estates and in the exercise of his fiduciary duties, to:  (a) determine which Potential Bidders are Qualified Bidders;  (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal with respect to the Sale;  (d) reject any bid that is (1) not in conformity with the requirements of the Bidding Procedures, the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, or (2) contrary to the best interests of the Debtors' estates and creditors;  (e) waive terms and conditions of the Bidding Procedures otherwise applicable to bidders in his reasonable business judgment, except that all bids must be for cash;  (f) impose additional terms and conditions with respect to Potential Bidders;  (g) modify the deadlines set forth in the Bidding Procedures and the Bidding Procedures Order, subject to any ruling or order of the Court or to accommodate the Court's calendar;  (h) continue, adjourn, or cancel the auction and/or the Sale Hearing in open court or by filing a notice with the Court;  and (i) modify the Bidding Procedures and implement additional procedural rules that the Trustee determines, in his reasonable business judgment and after consulting with the Lender, will better promote the goals of the bidding process.  Nothing in the Bidding Procedures or the Bidding Procedures Order shall prejudice the substantive rights of

10

any party, including with respect to the Trustee's evaluation of any bid.

If the Trustee is unable to deliver title to the Property in accordance with these Bidding Procedures or the Sale Order for any reason whatsoever, the prospective purchaser will have no recourse against the Trustee, the Broker, or any other of his professionals; provided, that, a Qualified Bidder shall be entitled to a return of its Deposit.

## NOTICE

The Trustee is providing notice of the Bidding Procedures, the date of an Auction concerning the Property, and the date for the Sale Hearing, together with a copy of the Stalking Horse APA, to, among others, all of the parties that have recorded liens against the Property and all parties which the Trustee has identified as having an interest in acquiring the Property.

## JURISDICTION

The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the sale of the Property, the Bidding Procedures, the Sale Hearing, the Auction, the Stalking Horse APA, and/or any other matter that in any way relates to the foregoing, and by participating in the Auction, all bidders consent to such jurisdiction.

ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/
_____
BRIAN F. MOORE
ANTHONY GREENE
CHRISTIAN RIBEIRO
One Penn Plaza, Suite 3335
New York, NY 10119
(212) 594-5000

11

**Exhibit 2**

**Notice of Auction and Sale Hearing**

| | |
|---|---|
| **BID DEADLINE:** | June 15, 2026 at 12 p.m. (prevailing Eastern Time) |
| **AUCTION DATE:** | June 23, 2026 at 12 p.m. (prevailing Eastern Time) |
| **OBJECTION DEADLINE:** | June 24, 2026 at 4 p.m. (prevailing Eastern Time) |
| **SALE HEARING** | June 25, 2026 at 10 a.m. (prevailing Eastern Time) |

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Anthony L. Greene
Christian Ribeiro

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                       :

In re:                                   :        Chapter 7
                                       :

MANHATTAN COUNTRY SCHOOL *et al.,*[1]   :        Case No. 25-11009 (DSJ)
                                       :

                Debtors.     :        (Jointly Administered)
                                       :
-------------------------------------------------------------------x

### NOTICE OF SALE BY AUCTION AND HEARING TO CONSIDER APPROVAL OF TRUSTEE'S SALE OF 85th STREET PROPERTY

**NOTICE IS HEREBY GIVEN**, that:

1.     On May 19, 2026, Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee of the estate of Manhattan Country School ("MCS") and the Chapter 7 Trustee (in such respective capacities, as applicable, the "Trustee") of the estate of West 85th Street Owner LLC ("Owner LLC," and, together, with MCS, the "Debtors"), by his attorneys, Togut, Segal & Segal LLP, filed an application [Docket No. 124] (the "Application")[2] with the United States Bankruptcy Court for the

---

[1]   The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

[2]   Capitalized terms which are not defined herein shall have the meanings ascribed to them in the

Southern District of New York (the "Bankruptcy Court") in the above captioned

jointly-administered chapter 7 cases (the "Chapter 7 Cases") requesting, among other

things, (a) approval of bidding procedures (the "Bidding Procedures") in connection

with the Trustee's sale of Owner LLC's property located at 150 West 85th Street, New

York, New York, 10024 (the "Property"), as described in the Application, in

accordance with a form of sale contract (the "Sale Contract") substantially in the form

of the sale contract with Geneva School of Manhattan (the "Stalking Horse Bidder")

attached to the Application as Exhibit B (the "Stalking Horse APA"), to the successful

bidder(s) for the Property (a "Purchaser" or "Successful Bidder") at an auction for

same (the "Auction") if necessary, (b) approving bid protections (the "Bid

Protections") for the Stalking Horse Bidder, and (c) the scheduling of a bid deadline,

auction date, and sale hearing (the "Bidding Schedule"), and (d) approving the form

and manner of notice thereof.

2.    On [_____], 2026, the Bankruptcy Court entered an order (the

"Bidding Procedures Order") [Docket. No. ___] approving, among other things, the

Bidding Procedures, and establishing a bidding and sale approval schedule.

3.    A copy of each of the Application, the Bidding Procedures, and

the Bidding Procedures Order may be obtained by:   (a) accessing the Bankruptcy

Court's website at www.nysb.uscourts.gov;   (b) contacting the Office of the Clerk of

the Bankruptcy Court;  or (c) contacting Anthony Greene, Esq., at Togut, Segal &

Segal LLP, attorneys for the Trustee, at (212) 594-5000.   Note that a PACER password

is needed to access documents on the Bankruptcy Court's website.

---

Application.

4.      All interested parties are invited to make offers for the Property in accordance with the terms of the Bidding Procedures and Bidding Procedures Order. The deadline to submit bids for the Property (the "Bid Deadline") is **June 15, 2026, at 12 p.m. (prevailing Eastern Time)**.

5.      All requests for information concerning the sale of the Property should be directed by written request to the Trustee's retained real estate broker, BK Real Estate Advisors LLC, Attn: Bob Knakal (email: bk@bkrea.com)

6.      Pursuant to the Bidding Procedures Order, the Trustee may conduct an auction (the "Auction") for the sale of the Property on **June 23, 2026, at 12 p.m. (prevailing Eastern Time)** at the New York law offices of Togut, Segal & Segal LLP, counsel for the Trustee, One Penn Plaza, Suite 3335, New York, NY 10119 (which may also be conducted virtually), provided that the Trustee, after consultation with the Lender, may change the location of the Auction by providing notice of such change to each Qualified Bidder.[3]

7.      The Bidding Procedures Order further provides that a Sale Hearing will be held on **June 25, 2026, at 10:00 a.m. (prevailing Eastern Time)** before the Honorable David S. Jones, United States Bankruptcy Judge of the Bankruptcy Court, One Bowling Green, New York, New York 10004.   The Sale Hearing may be adjourned from time to time.

8.      At the Sale Hearing, the Trustee will request that the Bankruptcy Court enter an order, among other things, approving the highest or best bid for the

---

[3]      The Trustee, in consultation with the Lender, may extend the deadlines set forth in the Bidding Procedures Order and/or adjourn, continue or cancel the Auction and/or the Sale Hearing for any reason, including in the event the Trustee determines that a more favorable transaction is available that can be consummated without significant delay, without further order of the Bankruptcy Court, by filing a notice with the Bankruptcy Court and serving such notice on all Potential Bidders.

Property (which will be determined as described in the Bidding Procedures), pursuant to which the Trustee will sell and transfer ownership of the Property.   In addition, the Trustee will request that the Bankruptcy Court provide that the transfer of the Property be free and clear of all liens, claims and interests, other than certain permitted exceptions as expressly set forth in the Sale Contract, with such liens, claims and interests to attach to the sale proceeds with the same validity, extent and priority that existed when the above-captioned case commenced.[4]

9.      At the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of these Chapter 7 Cases.  Objections, if any, to the sale of the Property pursuant to the terms of the agreement reached between the Trustee and the Successful Bidder(s) for the Property must be in writing and filed with the Bankruptcy Court and received by the Chambers of the Honorable David S. Jones, United States Bankruptcy Judge of the Bankruptcy Court, One Bowling Green, New York, New York 10004, must conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, must set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against the Debtor's estate, the basis for the objection and the specific grounds therefor, and must be served upon:  (a) counsel to the Trustee, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Anthony L. Greene (agreene@teamtogut.com);  (b) counsel for the Stalking Horse Bidder, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, NY 10020, Attn: Eddy Park, Esq. (eddy.park@katten.com);  (c) co-counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York,

---

[4]     All of the Trustee's rights, claims and defenses are expressly preserved and not waived.

5

New York 10019, Attn: Brian S. Lennon, Esq. (blennon@willkie.com);   (d) co-counsel to the Debtors, Lester Korinman Kamran & Masini, P.C., 600 Old Country Road Suite 330, Garden City, New York 11530, Attn: Roy J. Lester, Esq. (rlester@lesterfirm.com); (e) counsel for Lender, Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. (rmccord@certilmanbalin.com);  (f) counsel for U.S. Bank National Association, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103, Attn: Kathleen M. LaManna, Esq. (klamanna@goodwin.com) and Anthony R. Scarcella, Esq. (ascarcella@goodwin.com);  (g) the U.S. Trustee, One Bowling Green, Room 534, New York, NY 10004, Attn: Mark Bruh, Esq. (mark.bruh@usdoj.gov);   and (h) all parties that have filed a notice of appearance in the Chapter 7 Cases, so as to be actually received no later than **June 24, 2026, at 4 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

10.     Objections which are not timely filed on or before the Objection Deadline will be forever barred and may not be considered by the Bankruptcy Court.

[*Concludes on following page*]

6

11.     If no objection to the Sale is timely filed, the Trustee may file a

certificate of no objection and the Sale may be consummated as proposed without

further opportunity to object.

Dated: New York, New York
       _____, 2026

> ALBERT TOGUT, not individually but
> solely in his capacity as Chapter 7 Trustee,
> By His Attorneys,
> TOGUT, SEGAL & SEGAL LLP
> By:
>
> */s/*  _____
> BRIAN F. MOORE
> ANTHONY L. GREENE
> CHRISTIAN RIBEIRO
> One Penn Plaza, Suite 3335
> New York, NY 10119
> (212) 594-5000

7