TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Anthony L. Greene
Christian Ribeiro

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                :
In re:                                          :       Chapter 7
                                                :
MANHATTAN COUNTRY SCHOOL *et al.*,[1]           :       Case No. 25-11009 (DSJ)
                                                :
                         Debtors.               :       (Jointly Administered)
                                                :
------------------------------------------------------------------------x

## CERTIFICATE OF NO OBJECTION
## REGARDING TRUSTEE'S SALE OF THE PROPERTY

Pursuant to 28 U.S.C. § 1746 and Rule 9013-3 of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Rules"), the undersigned hereby certifies as

follows:

1.      On May 19, 2026, Albert Togut, not individually but solely in his capacity

as Chapter 7 trustee of the estate of Manhattan Country School ("MCS") and the Chapter

7 Trustee (in such respective capacities, as applicable, the "Trustee") of the estate of West

85th Street Owner LLC ("Owner LLC," and, together with MCS, the "Debtors"), filed the

*Trustee's Application for Entry of: (I) an Order Approving (A) Bidding Procedures for the Sale*

*of Real Property, (B) Designation of Stalking Horse Bidder, (C) Bid Protections in Favor of the*

---

[1]     The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ);  and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

*Stalking Horse Bidder, (D) Date and Time for an Auction and a Hearing for Approval of the Sale, and (E) the Form and Manner of Notice Thereof; and (II) an Order Approving (A) the Sale of Real Property Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (B) Payment of Broker Commission* [Docket No. 124] (the "Application").[2]

2.      On May 28, 2026, the Court approved the portion of the Application seeking approval of the Bidding Procedures [Docket No. 126] (the "Bidding Procedures Order"), and scheduled a hearing on June 25, 2026 at 10:00 a.m. (prevailing Eastern Time) (the "Sale Hearing"), to consider the portion of the Application seeking approval of the sale of real property (the "Sale") located at 150 West 85th Street, New York, New York 10024 (the "Property") and approval of payment of the Broker Commission.  Attached to the Application as Exhibit C is a proposed form of final order approving the Sale of the Property and the Broker Commission (the "Initial Proposed Order").

3.      The undersigned counsel served the Application and the Bidding Procedures Order by mail and email on May 20, 2026, May 28, 2026, and May 29, 2026 [Docket Nos. 125, 127, 128, 131].

4.      Responses or objections to the proposed Sale were due by 4:00 p.m. (prevailing Eastern Time) on June 24, 2026 (the "Objection Deadline").

5.      In accordance with Local Rule 9013-3, the undersigned counsel represents to the Court that (a) counsel is unaware of any unresolved objection, responsive pleading, or hearing request with respect to the Sale and (b) no objections were filed to the Sale or the Initial Proposed Order.  Although forty-eight (48) hours have not yet passed since the Objection Deadline, the undersigned counsel is filing this Certificate pursuant to the

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Court's guidance that the Trustee may file the same prior to the expiration of the 48-hour period provided in Local Rule 9013-3 and request that the Court cancel the Sale Hearing.

6.    Accordingly, the Trustee respectfully requests that the Court cancel the Sale Hearing and enter an order approving the Sale of the Property free and clear of liens, claims, encumbrances and other interests, and approving payment of the Broker Commission. The Trustee shall file an agreed-upon revised form of order approving the Sale promptly following the cancellation of the Sale Hearing.

Dated:  New York, New York
          June 24, 2026

ALBERT TOGUT, not individually but solely
in his capacity as Chapter 7 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Brian Moore
BRIAN MOORE
ANTHONY L. GREENE
CHRISTIAN RIBEIRO
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
bmoore@teamtogut.com
agreene@teamtogut.com
cribeiro@teamtogut.com