UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                            :
In re:                                      :          Chapter 7
                                            :
MANHATTAN COUNTRY SCHOOL *et al.*,[1]       :          Case No. 25-11009 (DSJ)
                                            :
                              Debtors.      :          (Jointly Administered)
                                            :
-------------------------------------------------------------------x

### DECLARATION OF ALBERT TOGUT, AS CHAPTER 7 TRUSTEE, IN SUPPORT OF ORDER APPROVING SALE OF PROPERTY

Under 28 U.S.C. § 1746, I, Albert Togut, declare as follows under penalty of perjury:

1. I am the Chapter 7 trustee (the "Trustee") of the estate of Manhattan Country School ("MCS") and the estate of West 85th Street Owner LLC ("Owner LLC," and, together with MCS, the "Debtors"), in the above-captioned Chapter 7 cases (the "Chapter 7 Cases"), and I am duly authorized to make this declaration (the "Declaration") not individually but in my capacity as Trustee.

2. I respectfully submit this Declaration in further support of the *Trustee's Application for Entry of: (I) an Order Approving (A) Bidding Procedures for the Sale of Real Property, (B) Designation of Stalking Horse Bidder, (C) Bid Protections in Favor of the Stalking Horse Bidder, (D) Date and Time for an Auction and a Hearing for Approval of the Sale, and (E) the Form and Manner of Notice Thereof; and (II) an Order Approving (A) the Sale of Real Property Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (B) Payment of Broker Commission*, filed on May 19, 2026 [Docket No. 124] (the "Application"), as it relates to, among other things, my application for the Court's

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ); and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

approval of the sale (the "Sale") of the Debtors' real property located at 150 West 85th Street, New York, New York 10024 (the "Property").[2]

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon (a) my personal knowledge as Trustee and (b) information provided to me by, and my discussions with, my professionals.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

### *The Marketing Process*

4.      On May 28, 2026, the Court entered an order [Docket No. 126] (the "Bidding Procedures Order") that, among other things, (i) approved certain bidding procedures (the "Bidding Procedures") for the sale of the Property, and (ii) scheduled an auction (the "Auction") in the event one or more Qualified Bids (as defined in the Bidding Procedures) were received.

5.      The Bidding Procedures Order also approved the Trustee's selection of the Stalking Horse Bidder's offer of $20 million for the Property, subject to higher and better offers.

6.      As set forth in greater detail in the Application and the Declaration of Robert A. Knakal filed in support of the Application attached as Exhibit D thereto, prior to entry of the Bidding Procedures Order, I and my professionals, including BK Real Estate Advisors, LLC ("BKREA"), marketed the Property for approximately eight months.  After entry of the Bidding Procedures Order, I and my professionals, including BKREA, continued robust marketing efforts for the Property.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

7.      In addition, I and my advisors, including BKREA and my bankruptcy and real estate counsel, engaged in extensive discussions with potential bidders and their advisors regarding the Property.

8.      Based on my experience, the marketing of the Property was extensive and was conducted in accordance with the Bidding Procedures that afforded potential bidders sufficient time to formulate and submit offers.

### The Auction

9.      In addition to the stalking horse bid, I received two Qualified Bids prior to the June 15, 2026 bid deadline.

10.     Accordingly, on June 23, 2026, I conducted the Auction at the offices of Phillips Nizer LLP, real estate counsel to the Trustee, located at 485 Lexington Avenue, New York, New York, with the Qualified Bidders (including the Stalking Horse Bidder), with a representative of the senior secured lender (the "Lender") in attendance.  The Auction was lively and competitive, with the participating Qualified Bidders submitting a total of 47 bids over the course of the Auction.  The Stalking Horse Bidder bid 19 times and won the day with its $33,200,000 final bid.

11.     At the conclusion of the Auction, I determined, in consultation with the Lender, that the highest or otherwise best Qualified Bid for the Property (the "Successful Bid") was made by Geneva School of Manhattan (the "Successful Bidder") for a purchase price of $33,200,00.00.  I further determined, in consultation with the Lender, that the next highest or otherwise best Qualified Bid, made by 150 West 85th LLC (the "Second Highest Bidder") for a purchase price of $32,100,000.00, together with a waiver of any and all terms and conditions in its bid relating to the removal of personal property from the Property prior to closing, constituted the second highest bid

3

(the "Second Highest Bid").  Eighteen bids were made by the Second Highest Bidder, and ten were made by the remaining Qualified Bidder.

12.     As required by the Bidding Procedures, the Notice of Designation of Successful Bid and Second Highest Bid at Auction for Sale of the Property was filed on June 24, 2026 [Docket No. 132], as amended and superseded on June 25, 2026 [Docket No. 135], designating the Successful Bid and the Second Highest Bid pursuant to the Bidding Procedures.

***The Proposed Sale to the Successful Bidder Is in the Best Interests of the Estates***

13.     The terms of the proposed Sale to the Successful Bidder are fair and reasonable, and in the best interests of the Debtors and their estates.  The asset purchase agreement with the Successful Bidder (the "Sale Contract") provides for a purchase price of $32.2 million, which is the highest offer I received for the Property and substantially exceeds the original $20 million stalking horse offer.  Pursuant to the Sale Contract, the Property will be sold "AS IS, WHERE IS," without any representations, covenants, guarantees, or warranties of any kind or nature.

14.     I believe that the terms of the proposed Sale to the Successful Bidder are fair, reasonable, and adequately market-tested.  I have determined, in the exercise of my reasonable business judgment and in consultation with the Lender, that proceeding with the proposed Sale is in the best interests of the Debtors and their estates, and represents the best means of maximizing value for creditors and all other parties in interest.

15.     The Sale Contract was negotiated, proposed, and entered into by the Trustee and the Successful Bidder in good faith and at arm's length, and without collusion. The marketing and Auction process was open and fair and was conducted in accordance with the Bidding Procedures.  To my knowledge, the Successful Bidder is

4

not an insider of the Debtors, and its offer was the product of good-faith, arm's-length negotiations.

16. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 1, 2026, in New York, New York.

 /s/ *Albert Togut, as Chapter 7 Trustee*
**ALBERT TOGUT,**
Not Individually But Solely in His Capacity
as Chapter 7 Trustee of the Debtors