UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
: 
In re:                                                          :        Chapter 7
:
MANHATTAN COUNTRY SCHOOL *et al.,*[1]       :        Case No. 25-11009 (DSJ)
:
Debtors.            :        (Jointly Administered)
:
-------------------------------------------------------------------x

## ORDER APPROVING SALE OF PROPERTY
## LOCATED AT 150 WEST 85TH STREET

Upon the *Application for Entry of: (I) an Order Approving (A) Bidding Procedures for the Sale of Real Property, (B) Designation of Stalking Horse Bidder, (C) Bid Protections in Favor of the Stalking Horse Bidder, (D) Date and Time for an Auction and a Hearing for Approval of the Sale, and (E) the Form and Manner of Notice Thereof;  and (II) an Order Approving (A) the Sale of Real Property Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (B) Payment of Broker Commission*, filed on May 19, 2026 [Docket No. 124] (the "Application") on behalf of Albert Togut, not individually but solely in his capacity as the Chapter 7 trustee (in such capacities, as applicable, the "Trustee") of the estates of Manhattan Country School ("MCS") and West 85th Street Owner LLC ("Owner LLC," and, together with MCS, the "Debtors"), by his attorneys, Togut, Segal & Segal LLP, through which the Trustee requested entry of an order pursuant to sections 105(a), 330, and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving (a) the sale (the "Sale") of the Debtors' property located at 150 West 85th Street, New York, New York, 10024

---

[1]   The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Manhattan Country School (6971) (Case No. 25-11009 (DSJ);  and (ii) West 85th Street Owner LLC (6971) (Case No. 25-11922) (DSJ).

(the "Property") to Geneva School of Manhattan, a New York not-for-profit corporation or its permitted assignee or affiliate (the "Purchaser") pursuant to the asset purchase agreement with the Purchaser attached hereto as **Exhibit A** (including any amendments thereto, the "Sale Contract") free and clear of liens, claims, encumbrances, and other interests for a purchase price of $33,200,000 (the "Purchase Price");  and (b) the payment of the Broker Commission (as defined in the Application);  and this Court having reviewed the Application and the Sale Contract;  and upon this Court's prior order, dated May 28, 2026 approving the Bidding Procedures in connection with the Sale [Docket No. 126] (the "Bidding Procedures Order");  and this Court having considered (x) the asset purchase agreement with 150 West 85th LLC (the "Second Highest Bidder"), attached hereto as **Exhibit B** (the "Back-Up APA"), modified by agreement between the Trustee and the Second Highest Bidder at the Auction;  and (y) the Second Highest Bidder's offer of $33,100,000 at the Auction (the foregoing clauses (x) and (y), the "Second Highest Bid");  and upon the declaration of the Trustee (the "Trustee Declaration") filed following the Auction [Docket No. 137];  and good and sufficient notice of the Application, the Bidding Procedures Order, and the Sale having been given to all parties entitled thereto;

NOW, THEREFORE, upon all of the prior pleadings and proceedings in these cases, and after due deliberation thereon and good cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.     This Court has jurisdiction over the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.     The statutory predicates for the relief sought in the Application are

sections 105(a), 330, and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9006.

C.      Proper, timely, adequate, and sufficient notice of the Application and the relief requested therein, the Sale Hearing (as defined in the Bidding Procedures Order), the Sale, and the transaction described in the Sale Contract has been provided by the Trustee in accordance with section 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9006, and Local Rules 2002-1 and 6004-1 in compliance with the Bidding Procedures Order.  Waiver of Local Rule 6004-1(h) is reasonable and appropriate.

D.      As demonstrated by the Trustee Declaration, the Trustee has extensively marketed the Property, the Sale Contract was tested through competitive bidding, and the offer made by the Purchaser, including the Purchase Price, is the highest and best offer made to the Trustee for the Property.

E.      The Trustee has marketed the Property and conducted the Sale in compliance with the Bidding Procedures Order.

F.      Creditors, parties-in-interest, and other entities have been afforded a reasonable opportunity to bid for the purchase of the Property.  A reasonable opportunity to object or be heard regarding the Application and the relief requested therein has been afforded to all interested persons and entities.

G.      The Trustee has the authority to consummate the Sale pursuant to the Sale Contract and all other documents contemplated thereby, and no consents or approvals, other than those expressly provided for in the Sale Contract or as set forth in this Order, are required for the Trustee to consummate the Sale.

H.      The Trustee has provided notice of the Application, the Bidding

Procedures Order, the Auction, the Sale, and the Sale Hearing to the Office of the New York

State Attorney General, Charities Bureau (the "OAGCB"), which had an opportunity to be heard

and did not object to the Sale.  Therefore, the OAGCB is deemed to have consented to the Sale,

and the Sale satisfies section 510 of the New York Not-for-Profit Corporation Law.

I.      Approval of the Sale Contract and the Purchase Price, and consummation

of the Sale, are in the best interests of the Debtors' estates, their creditors, and other parties-in-

interest.

J.      The Trustee has demonstrated (i) good, sufficient, and sound business

purpose and justification, and (ii) compelling circumstances for the Sale pursuant to sections

363(b), (f), and (m) of the Bankruptcy Code.

K.      The Sale Contract was negotiated, proposed and entered into by and

between the Trustee and the Purchaser without collusion, in good faith, and from arm's-length

bargaining positions.  There is no evidence suggesting that the Trustee or the Purchaser have

engaged in any conduct that would cause or permit the avoidance of the Sale Contract or the

consummation of the Sale, or the imposition of costs or damages under section 363(n) of the

Bankruptcy Code.  Accordingly, the transactions contemplated by the Sale Contract may not be

avoided, and no damages may be assessed against the Purchaser, under section 363(n) of the

Bankruptcy Code.

L.      The Purchaser is a good faith purchaser under section 363(m) of the

Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby in that:  (a)

the Purchaser recognized that the Trustee was free to deal with any other party interested in a

transaction regarding the Sale;   (b) the Purchaser agreed to provisions in the applicable Sale

Contract that would enable the Trustee to solicit and accept a higher or better offer in respect of

the Sale;  (c) the Purchaser made the highest and best bid for the Property;   (d) all payments to be made by or to the Purchaser, and other agreements or arrangements entered into by the Purchaser in connection with the transaction have been disclosed;   and (e) the negotiation and execution of the Sale Contract and any other agreements or instruments related thereto were in good faith and constitute arm's-length transactions between the Purchaser and the Trustee. Throughout, Purchaser has acted in good faith and will continue to be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transaction contemplated by the Sale Contract.

M.      The terms and conditions of the Sale Contract are fair and reasonable. The consideration provided by the Purchaser for the Property pursuant to the Sale Contract, including the Purchase Price, (i) is fair and reasonable, (ii) is the highest and best offer for the Property, (iii) will provide a greater recovery for the Debtors' estates than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law.

N.      Neither the Trustee nor the Purchaser are or will be liable to any agent, broker, person or firm acting or purporting to act on behalf of either the Trustee or the Purchaser for any commission, broker's fee or finder's fee respecting the Sale, except as provided in the Sale Contract and this Order.

O.      The Property constitutes property of Owner LLC's estate.  Owner LLC is the sole and lawful owner of the Property and holds good title thereto.  The transfer of the Property by the Trustee to the Purchaser will be a legal, valid, and effective transfer of the Property, and will vest the Purchaser with all right, title, and interest of Owner LLC in and to the Property free and clear of all liens, claims, interests, obligations, rights, charges and

encumbrances, except for permitted exceptions, as specifically provided in the Sale Contract

("Permitted Exceptions").  Purchaser shall have no liability for any claims asserted against or

liabilities of the Debtors or their estates.

P.      The Trustee may sell the Property free and clear of all liens, interests,

obligations, rights, encumbrances, pledges, mortgages, deeds of trust, security interests, claims

(including, any "claim" as defined in section 101(5) of the Bankruptcy Code), charges, options,

rights of first refusal, easements, servitudes, transfer restrictions under any agreement,

judgments, hypothecations, demands, licenses, sublicenses, assignments, debts, obligations,

guaranties, options, contractual commitments, restrictions, environmental liabilities, options to

purchase, and options, in each case of whatever kind, nature, or description in, against or with

respect to the Property, having arisen, existed or accrued prior to and through the Closing,

whether direct or indirect, absolute or contingent, choate or inchoate, fixed or contingent,

matured or unmatured, liquidated or unliquidated, arising or imposed by agreement,

understanding, law, equity, statute or otherwise and whether arising prior to, on or after the

Petition Date (collectively, "Liens, Claims and/or Interests"), except for Permitted Exceptions as

expressly provided in the Sale Contract, because one or more of the standards set forth in section

363(f)(1)–(5) have been satisfied with regard to each such Lien, Claim and/or Interest.  Those

non-debtor parties with Liens, Claims and/or Interests in or with respect to the Property who did

not object, or who withdrew their objections to the Sale or the Application, are deemed to have

consented to the sale of the Property free and clear of those non-debtor parties' Liens, Claims

and/or Interests in the Property pursuant to section 363(f)(2) of the Bankruptcy Code.  Those

non-debtor parties with Liens, Claims and/or Interests in or with respect to the Property who

objected to the Application, but who did not withdraw any such objection, can be compelled to

accept a monetary satisfaction of their liens, claims or interests within the meaning of Section

363(f)(5) of the Bankruptcy Code.

Q.      The requirements of sections 363(b), (f), (m), and (n) of the Bankruptcy

Code and any other applicable law relating to the Sale of the Property have been satisfied.

R.      This Order is consistent with the Stipulation and Agreed Order entered on

July 15, 2025 [Docket No. 69] (the "506(c) Stipulation") by and among the Trustee, the holder of

the secured claims encumbering the Property (the "Lender"), and U.S. Bank National

Association, solely in its capacity as trustee for the Series 2016 Bonds ("U.S. Bank"), pursuant to

which the Lender and U.S. Bank acknowledged that the reasonable and necessary costs,

commissions, compensation, and other expenses incurred by the Trustee and his retained

professionals in connection with the Sale, including customary closing expenses and taxes, are

recoverable under section 506(c) of the Bankruptcy Code from the proceeds of the Sale.

S.      If the Trustee and the Purchaser are unable to consummate the Sale

pursuant to the Sale Contract following entry of this Order, the Trustee may file a notice with the

Court designating the Second Highest Bidder as the "Successful Bid" (the "Back-Up Bid

Implementation Notice") on the docket of the Chapter 7 Cases and seek to consummate the Sale

pursuant to the Back-Up APA;  provided, however, that the Second Highest Bidder has waived

any conditions in the Second Highest Bid relating to the Trustee's obligation to remove personal

property from the Property, including as set forth in Sections 9(d), 12(f) of the Back-Up APA.

Following the filing of the Back-Up Bid Implementation Notice (if any), the Back-Up APA, as

modified by this Order, and the Second Highest Bidder shall be treated as the "Sale Contract"

and the "Purchaser", respectively, for all purposes under this Order and the "Purchase Price" for

the Property shall be $33,100,000.  If the Second Highest Bid is designated as the "Successful

Bid" pursuant to the Back-Up Bid Implementation Notice, the Back-Up APA, as modified by this Order, with a Purchase Price of $33,100,000, shall constitute the better offer for the Property.  Under such circumstances, and taking into consideration all relevant factors and circumstances, consummation of the Sale of the Property pursuant to the Back-Up APA, as modified by this Order, will provide a greater recovery for creditors and stakeholders than would be provided by any other practically available alternative.  The Trustee's determination that the Second Highest Bid is the highest and best offer for the Property under such circumstances constitutes a valid and sound exercise of the Trustee's business judgment.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1.      The Application is GRANTED to the extent set forth herein.

2.      The findings of fact set forth above and conclusions of law set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this case pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3.      All objections, if any, to the Application or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice, and in each case, all parties which asserted such objections and reservations of rights are enjoined from taking any action against the Property as well as the Purchaser or any other purchaser of the Property, their affiliates or any agent of the foregoing in any manner including, without limitation, to recover any claim which such person or entity has solely against the Debtors or their estates.

**Approval of the Sale Contract**

4.      The Sale, and all of the terms and conditions and transactions contemplated by the Sale Contract, are hereby authorized and approved pursuant to sections 105(a) and 363 of the Bankruptcy Code.

5.      Pursuant to section 363 of the Bankruptcy Code, the Trustee is authorized to consummate the Sale pursuant to and in accordance with the terms and conditions of the Sale Contract and shall at all times act in accordance with the terms thereof and this Order.

6.      The Trustee is authorized to expend such funds, and he and his retained attorneys are authorized to execute and deliver, and empowered to perform under, consummate, and implement the Sale Contract, together with all additional instruments and documents that may be reasonably necessary, convenient or desirable to implement the Sale Contract and consummate the Sale pursuant thereto and effectuate the provisions of this Order and the transaction approved hereby, and to take all other actions as may be necessary for the purpose of assigning, transferring, granting, conveying and conferring the Property to the Purchaser, as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Contract and this Order.

**Transfer of the Property**

7.      Except for Permitted Exceptions only as expressly provided in the applicable Sale Contract, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the closing of the Sale (the "Closing"), the Property (and good and marketable title to such) and all of the attendant respective rights, title and interest therein shall be transferred to the Purchaser free and clear of all Liens, Claims and/or Interests, including, without limitation, tax liens, with all such Liens, Claims and/or Interests to attach to the net cash proceeds of the Property in the

order of their priority, with the same validity, force and effect which they now have as against the applicable Property, subject to any claims and defenses, setoffs or rights of recoupment that the Trustee or Owner LLC's estate may possess with respect thereto.

8. Except for Permitted Exceptions, only as expressly provided in the Sale Contract, all persons and entities (and their respective successors and assigns) including, but not limited to, all governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Liens, Claims and/or Interests (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or non-liquidated, senior or subordinated) against, in or with respect to the Trustee, the Debtors' respective estates, and/or the Property arising or accruing under or out of, in connection with, or in any way relating to, the Trustee, the Debtors' respective estates, the Property, or the transfer of the Property to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Liens, Claims and/or Interests against the Property, the Purchaser or any of the Purchaser's affiliates, designees, heirs, successors or assigns. Following the Closing of the Sale under the Sale Contract, no holder of a Lien, Claim and/or Interest shall interfere with the Purchaser's title to or use and enjoyment of the Property based on or related to such Lien, Claim and/or Interest or any actions that the Trustee has taken or may take in the Chapter 7 Cases. Effective upon the Closing, the Purchaser shall have no liability for any Claims (as defined in section 101(5) of the Bankruptcy Code) held by a third party against the Trustee or the Debtors' respective estates concerning the Property.

9. The transfer of the Property to the Purchaser pursuant to the Sale Contract constitutes a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of Owner LLC in and to the applicable Property.

**Additional Provisions**

10.     Without limiting the other terms of this Order, prior to or upon the Closing, the Debtors and each of their creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release their interests in the Property as such Liens, Claims and/or Interests may have been recorded or may otherwise exist.

11.     Except for Permitted Exceptions, only as expressly provided in the Sale Contract, this Order shall be (a) effective as a determination that, upon the Closing, all Liens, Claims and/or Interests existing with respect to the Property prior to the Closing have been unconditionally released, discharged and terminated as to the Purchaser and the Property, and that the conveyances described herein have been effected, and (b) binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Property.

12.     Each and every federal, state, and local governmental agency or department or office is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate to consummate the transaction contemplated by the Sale Contract.

13.     Without limiting the other provisions of this Order, if any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing interests with respect to the Property shall not have delivered to Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties,

termination statements, instruments of satisfaction, releases of all interests which the person or

entity has with respect to the Property or otherwise, then (a) the Trustee is hereby authorized but

not directed to execute and file such statements, instruments, releases and other documents on

behalf of the person or entity with respect to the Property, and (b) the Purchaser and/or the

Trustee are hereby authorized to file, register, or otherwise record a certified copy of this Order,

which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the

release of all Liens, Claims and/or Interests in, against or with respect to the Property.  This

Order is deemed to be in recordable form sufficient to be placed in the filing or recording system

of each and every federal, state, and local  governmental agency, department, or office.

14.    The provisions of this Order authorizing the Sale of the Property free and

clear of Liens, Claims and/or Interests shall be self-executing, and neither the Trustee nor the

Purchaser shall be required to execute or file releases, termination statements, assignments,

consents, or other instruments in order to effectuate, consummate, or implement the provisions of

this Order.

15.    The Sale of the Property is not subject to avoidance, and no damages may

be assessed against the Purchaser or any other party, pursuant to section 363(n) of the

Bankruptcy Code.

**Lender's Liens and Section 506(c) Surcharge**

16.    Upon the Closing, all Liens, Claims and/or Interests of the Lender and

U.S. Bank in or against the Property, if any, shall attach solely to the net proceeds of the Sale, in

the same amount, order, validity, priority, force, and effect that such Liens, Claims and/or

Interests had against the Property immediately prior to the Closing, subject to (a) the rights,

claims, defenses, setoffs, and rights of recoupment of the Trustee and the Debtors' estates, and

(b) the Trustee's surcharge rights under section 506(c) of the Bankruptcy Code as set forth in this Order and the 506(c) Stipulation.  The relative priorities of all Liens, Claims and/or Interests in such proceeds are preserved and unaltered by this Order.

17.     Consistent with the 506(c) Stipulation, the Trustee's rights under section 506(c) of the Bankruptcy Code are expressly preserved.  The reasonable and necessary costs and expenses of preserving, marketing, and disposing of the Property, including, without limitation, the Broker Commission, the allowed statutory commissions and expenses of the Trustee and the fees and expenses of his retained professionals, customary closing costs, and any transfer taxes payable in connection with the Sale, are recoverable under section 506(c) of the Bankruptcy Code and shall be paid from the proceeds of the Sale prior and senior to the Liens, Claims and/or Interests of the Lender and U.S. Bank.  Nothing in this Order, the Sale Contract, or any related document constitutes or shall be deemed a waiver, release, or impairment of the rights of the Trustee or the Debtors estates under section 506(c) of the Bankruptcy Code.

18.     The Property shall be conveyed by the Trustee to, and accepted by the Purchaser "AS IS", "WHERE IS", "WITHOUT FAULTS", "WITHOUT ANY EXPRESS OR IMPLIED WARRANTY OR REPRESENTATION OF ANY KIND", except as expressly provided in the Sale Contract and this Order.  Without limiting the generality of the foregoing, neither the Trustee nor any other person or entity makes any warranty or representation regarding the condition, working order, existence, quantity or location of such assets, and the Purchaser shall have no recourse and may not assert any claim against the Trustee, or his representatives, based on any such warranty or representation.

19.     Notwithstanding the applicability of Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules or Local Rules stating to the contrary, the terms and

conditions of this Order shall be immediately effective and enforceable upon its entry, and any

applicable stay of the effectiveness and enforceability of this Order is hereby waived.

20.  Notwithstanding the applicability of Local Rule 6004-1(h) or any other

provision of the Bankruptcy Rules or Local Rules stating to the contrary, the requirement for

publication notice is hereby waived.

21.  This Court hereby retains exclusive jurisdiction to enforce and implement

this Order, the Sale, the terms and provisions of the Sale Contract, all amendments thereto, any

waivers and consents thereunder, and of each of the agreements executed in connection therewith

in all respects including, but not limited to, retaining jurisdiction to (a) compel compliance with

this Order and the Sale Contract, (b) resolve any dispute, controversy or claim arising under or

related to the Sale Contract or the breach thereof, and (c) interpret, implement, and enforce the

provisions of this Order and resolve any disputes related thereto.

22.  Entry of this Order shall in no way impair the ability of the Court, United

States Trustee or Trustee to implement or enforce other orders of the Court entered in the

Chapter 7 Cases, and all such orders shall continue in full force and effect.

23.  The transaction contemplated by the Sale Contract are undertaken by the

Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code.  The

Purchaser is a purchaser in good faith of the Property and is entitled to all of the protections

afforded by section 363(m) of the Bankruptcy Code.  Accordingly, any reversal or modification

on appeal of the authorization provided herein to consummate the Sale shall not affect the

validity of the Sale to the Purchaser.

24.  The terms and provisions of the Sale Contract and this Order shall be

binding in all respects upon, and shall inure to the benefit of the Trustee, the Debtors' estates, the

Purchaser, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtors' estates' creditors, all prospective and actual bidders for the Property, and all persons and entities receiving notice of the Application and/or the Sale Hearing notwithstanding any subsequent appointment of any examiner(s) or receiver(s) under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtors, their respective estates, or their creditors, or any examiner(s) or receiver(s).

25.     The Broker Commission is fixed and awarded in the amount of $1,328,000, payable to BKREA, half of which (*i.e.*, $664,000) shall be allocated to Denham Wolf Real Estate Services, Inc. (the "Outside Broker"), and the Trustee is authorized to pay and satisfy the Broker Commission to BKREA (and directly to the Outside Broker, if appropriate) from the proceeds of the Sale without further order of this Court.

26.     The failure specifically to include any particular provision of the Sale Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Sale Contract be authorized and approved in its entirety.

[*Remainder of page intentionally blank*]

27.     The Sale Contract and any related agreements, documents, or other instruments may be further modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

DATED:   New York, New York
         July 2, 2026

                                    ___/s/ David S. Jones_____
                                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE