**Presentment Date: August 28, 2026 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: August 25, 2026 at 4:00 p.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Anthony L. Greene
Peter Fishkind

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| MANHATTAN COUNTRY SCHOOL *et al.*, Debtors. | Case No. 25-11009 (DSJ) (Jointly Administered) |

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER STAYING OBJECTION DEADLINE AND HEARING DATE REGARDING MOTION OF LOCAL 2110, TECHNICAL, OFFICE AND PROFESSIONAL UNION, UAW, AFL-CIO FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO SECTIONS 503(b)(1)(A) AND 507 OF THE BANKRUPTCY CODE FILED AS DOCKET NO. 113**

**PLEASE TAKE NOTICE** that the undersigned, on behalf of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate of Manhattan Country School, will present the attached Stipulation and Agreed Order Staying Objection Deadline and Hearing Date (the "Stipulation and Agreed Order") to the Honorable David S. Jones, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in his Chambers at One Bowling Green, Courtroom 701, New York 10004-1408, at **12:00 p.m. (Prevailing Eastern Time) on August 28, 2026.**

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, to the Stipulation and Agreed Order must be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, with a hard copy delivered directly to the Chambers of the Honorable David S. Jones, and shall be served by e-mail upon: (i) Togut, Segal & Segal LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Peter Fishkind, Esq. (pfishkind@teamtogut.com) and Anthony L. Greene, Esq. (agreene@teamtogut.com); (ii) Levy Ratner, P.C., attorneys for Local 2110 UAW, 80 Eighth Avenue, 8th Floor, New York, NY 10011, Attn: Ryan J. Barbur, Esq. (rbarbur@levyratner.com); (iii) the United States Trustee for the Southern District of New York, Alexander Custom House, One Bowling Green, Suite 534, New York, New York 10004, Attn: Mark Bruh, Esq. (Mark.Bruh@usdoj.gov); and (iv) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be actually received by all of them no later than **4:00 P.M. (prevailing Eastern Time), on August 25, 2026** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE THAT** if no objections are received prior to the Objection Deadline, the Court may enter the Stipulation and Agreed Order without a hearing.

Dated: New York, New York
August 11, 2026

ALBERT TOGUT
Not Individually but Solely in His
Capacity as Chapter 7 Trustee
By His Attorneys
TOGUT, SEGAL & SEGAL LLP
By:
*/s/ Peter Fishkind*
PETER FISHKIND
ANTHONY L. GREENE
One Penn Plaza – Suite 3335
New York, New York 10119
(212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Anthony L. Greene
Peter Fishkind

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MANHATTAN COUNTRY SCHOOL *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 25-11009 (DSJ)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER STAYING OBJECTION DEADLINE AND HEARING DATE REGARDING MOTION OF LOCAL 2110, TECHNICAL, OFFICE AND PROFESSIONAL UNION, UAW, AFL-CIO FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO SECTIONS 503(b)(1)(A) AND 507 OF THE BANKRUPTCY CODE FILED AS DOCKET NO. 113**

This stipulation (the "Stipulation") is entered into by and between Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of Manhattan Country School, a/k/a Manhattan Country School, Inc. (the "Debtor") in the above-captioned case, and Local 2110 UAW (the "Union", and with the Trustee, the "Parties").

**WHEREAS,** on May 16, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS,** on June 18, 2025 (the "Conversion Date"), the Court entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; and

**WHEREAS,** on June 18, 2025, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor; he duly qualified and is acting as Trustee herein; and

**WHEREAS,** prior to the Petition Date, the Debtor entered into a collective bargaining agreement with the Union effective as of March 14, 2022, as amended by a Memorandum of Agreement effective as of March 14, 2025 (as so amended, the "Existing Agreement"), setting forth the parties' rights and obligations, all as more fully described in the Existing Agreement; and

**WHEREAS,** the Trustee and the Union entered into that certain Stipulation and Agreed Order Rejecting Union Contracts that was filed on September 4, 2025 as Docket No. 80 (the "Rejection Stipulation"). On September 16, 2025, the Court so ordered the Contracts Stipulation on September 16, 2025 as Docket No. 89.

**WHEREAS**, pursuant to the agreed terms of the Rejection Stipulation, the Existing Agreement and any other agreements that were or may have been in effect between the Parties (collectively, the "Union Contracts") were deemed rejected as of effective as of the Conversion Date.

**WHEREAS,** on October 2, 2025, the Court entered the Notice of Possible Payment of Dividends and of Last Date to File Claims, providing that a Proof of Claim must be filed on or before December 29, 2025.

**WHEREAS,** the Union filed Claim No. 79 on December 24, 2025, asserting a total claim amount of $2,824,989.63.

**WHEREAS,** on December 29, 2025, the Union filed that certain *Motion of Local 2110, Technical, Office and Professional Union, UAW, AFL-CIO for Allowance of Administrative Expense Claims Pursuant to Sections 503(b)(1)(A) and 507 of the Bankruptcy Code* as Docket No. 113 (the "Motion").

**WHEREAS,** the Motion asserts claims of $2,152,027.42 against the Debtor, which the Union argues are entitled to administrative expense priority under section 503(b) of the Bankruptcy Code, and comprising (i) $1,194,151.73 for "Severance"; (ii) $66,732.50 for "Summer Pay"; (iii) $1,250 for "Unpaid Farm Stipends" ; (iv) $12,538.13 for "Other Post-Petition Wages Owed" ; (v) $5,498.26 for "Dues" ; and (vi) $871,856.85 for "NY WARN Act Claims".

**WHEREAS,** the Motion established an objection deadline of February 17, 2026 (the "Original Objection Deadline") and a hearing on the Motion was scheduled for February 24, 2026 (the "Original Hearing Date").

**WHEREAS**, the Trustee and the Union met and conferred regarding the Motion and agreed to continue discussions toward a consensual resolution and jointly request that the Court continue the Original Objection Deadline and Original Hearing Date for one hundred eighty (180) days, without prejudice to either Party's right to seek a further continuance upon mutual agreement.

**WHEREAS,** to effectuate the agreement the Trustee and the Union entered into that certain Stipulation and Agreed Order Staying Objection Deadline and Hearing Date, which was filed on February 6, 2026 as Docket No. 117 (the "Extension Stipulation"). On May 2, 2026, the Court so ordered the Stipulation on as Docket No. 130. The Extension Stipulation set a new objection deadline of August 17, 2026 (the "Objection Deadline") and a new hearing date of August 25, 2026 (the "Hearing Date").

**WHEREAS,** the Trustee and the Union have again met and conferred regarding the Motion and the Extension Stipulation and agreed that: (i) that it is in their respective best interests to enter into discussions with the goal of reaching a consensual resolution of the issues raised in the Motion, and (ii) to request that the Court stay each of the Objection Deadline and the Hearing Date by a period of one hundred eighty (180) days, without prejudice to the Parties' right to request a further continuance and stay of the proceedings, should the Parties agree to do so.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES:**

1. The Recitals set forth above are incorporated herein by reference.

2. This Stipulation shall be effective immediately upon entry by the Court.

3. Following the execution of this Stipulation by the Parties, the Trustee may immediately seek approval of this Stipulation by the Court. During the period between the execution by the Parties and the date that this Stipulation is "So Ordered" by the Court, the Parties agree that this Stipulation shall constitute a binding agreement and they shall do nothing contrary to the terms set forth herein.

4. The Hearing Date is continued to ______.

5. The Objection Deadline is extended to ______.

6. All rights of the Parties related to any claims or defenses concerning the relief sought by the Motion are expressly reserved.

7. Nothing in this Stipulation terminates the Union's status as the exclusive bargaining representative of the bargaining unit members formerly employed by the Debtor.

8. Upon entry of an Order approving this Stipulation, this Stipulation is immediately effective pursuant to F.R.B.P. 6004(h).

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, including any "PDF" counterparts.

10. Each person signing this Stipulation represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party. Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties, nor a waiver of the Union's rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

11. No Party shall be deemed to be the drafter of this Stipulation for any purpose. Accordingly, this Stipulation shall be interpreted and construed in a neutral manner in accordance with the plain meaning of the language contained herein and shall not be presumptively construed against any Party.

12. The Parties are authorized to take all actions necessary to effectuate the relief requested in this Stipulation.

13. The Parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties regarding this Stipulation in accordance with applicable law.

*[Remainder of Page Intentionally Left Blank]*

Dated: New York, New York
August 11, 2026

ALBERT TOGUT
Not Individually But Solely in His
Capacity as Chapter 7 Trustee
By His Attorneys
TOGUT, SEGAL & SEGAL LLP
By:
*/s/ Peter Fishkind*
BRIAN F. MOORE
ANTHONY L. GREENE
PETER FISHKIND
One Penn Plaza – Suite 3335
New York, New York 10119
(212) 594-5000

LOCAL 2110 UAW
By Its Attorneys
LEVY RATNER, P.C.

*/s/ Ryan J. Barbur*
RYAN J. BARBUR
80 Eighth Avenue, 8th Floor
New York, NY 10011
(212) 627-8100

**SO ORDERED**

this __ day of ___________, 2026
in New York, New York

_________________________________________
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE